UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC., :
:
:
                Plaintiff, : CIVIL ACTION NO.:
: 3:02 CV 678 (RNC)
- against - :
:
:
SIRI OSTENSEN, :
:
:
:
                Defendant. :
: December 10, 2004
:
:
---------------------------------------------------------------X

## **JOINT STATUS REPORT**

Pursuant to the Court's Order dated November 23, 2004, the parties hereby submit this joint status report concerning the matters listed in Federal Rule of Civil Procedure 16(c).

(1)    On April 17, 2002, plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO") filed the complaint in this action against defendants Tom Ostensen and Siri Ostensen seeking repayment of monies owing under two promissory notes signed by the defendants.

(2)    On June 20, 2002, Defendants filed their answer to the complaint and asserted counterclaims seeking, among other things, monies allegedly owed them under a qualified pension plan and a non-qualified pension plan. The non-qualified plan contained an arbitration provision requiring all disputes to be resolved before the American Arbitration Association.

1277951.1            1

(3) On October 23, 2002, plaintiff Scandinavian Marine Claims Office, Inc. filed a motion to stay defendants' counterclaims pending arbitration. The motion was referred to Magistrate Judge Martinez.

(4) On December 24, 2002, defendants amended their answer and counterclaims to add SCUA Americas, Inc. ("SCUA"), SMCO A.S. and Norwegian Hull Club ("NHC") under theories of successor liability and piercing the corporate veil.

(5) On April 2, 2003, the parties requested an extension of the discovery deadline through October 31, 2003. The parties requested the extension because the defendants were awaiting service on Norwegian Hull Club and SMCO AS to be completed pursuant to the Hague Convention. SMCO did not engage in discovery for fear of waiving its right to arbitration. On April 11, 2003, the Court extended the deadline to complete discovery to October 31, 2003.

(6) On June 13, 2003, SMCO, SCUA and NHC filed their replies to defendants' counterclaims.

(7) On August 4, 2003, the parties filed a joint status report in which they agreed not to pursue discovery pending a decision of Plaintiff's motion to stay the case pending arbitration and Defendants agreed to dismiss the counterclaim against SMCO A.S. without prejudice.

(8) On September 5, 2003, Magistrate Judge Martinez issued her recommended ruling granting in part and denying in part SMCO's motion to stay the case pending arbitration. The ruling granted a stay with respect to plaintiffs' counterclaims concerning the non-qualified plan and denied a stay with respect to all other claims. The Court adopted the recommended ruling on September 29, 2003. Defendants have not yet commenced an arbitration with respect to the claims regarding the non-qualified plan.

(9)     On October 17, 2003, defendants moved to stay the case on the ground that defendant Tom Ostensen passed away on October 12, 2003. The case was stayed on consent pending the appointment of an executor for the estate. Siri Ostensen needed a substantial amount of time following the death of her husband to open an estate for Mr. Ostensen, become executrix of his estate, organize his affairs, and authorize appearance of counsel for the estate in this matter.

(10)    On October 12, 2004, SMCO moved to substitute Siri Ostensen, as the executrix of the estate of Tom Ostensen, for defendant Tom Ostensen in this action. The Court granted SMCO's motion on October 26, 2004.

(11)    SMCO intends to move as soon as possible for summary judgment on its claims for breach of the two promissory notes.

(12)    No stipulations of fact have been made at this time. The parties may be able to do so as discovery proceeds with respect to defendant's counterclaims not sent to arbitration. The parties will seek to raise evidentiary issues by way of motions in limine to give the Court an opportunity to make rulings in advance of trial.

(13)    The parties are unable to determine whether there will be issues concerning unnecessary proof and cumulative evidence.

(14)    The parties believe that it would be helpful to engage in settlement discussions as soon as possible.

(15)    The parties do not believe any special procedures to address the issues listed in Federal Rule of Civil Procedure 16(c)(12) will be necessary.

(16)    The plaintiff may request an order for a separate trial pursuant to Federal Rule of Civil Procedure 42(b) with respect to particular claims in the case. Defendant expects to move to

consolidate this case with <u>Margaret Killip v. Scandinavian Marine Claims Office Inc.</u>, 3:02 CV 1494 (RNC). Defendant also intends to request the establishment of a discovery schedule, pursuant to Federal Rule of Civil Procedure 16(c)(6), to expedite the resolution of the issue as to whether NHC is liable for the pension obligations of SMCO.

(17) The parties do not anticipate any need for an order of the type listed in Federal Rule of Civil Procedure 16(c)(14).

(18) The parties are unable to estimate the length of trial at this time.

(19) The parties do not wish to raise any other matters regarding the facilitation of a just, speedy and inexpensive disposition of the action at this time.

Dated: December 10, 2004          By:_____
                                  Donald J. Kennedy, Federal Bar No. ct23620
                                  CARTER LEDYARD & MILBURN LLP
                                  2 Wall Street
                                  New York, New York  10005
                                  Telephone:  (212) 732-3200
                                  Facsimile:   (212) 732-3232

                                  Madeleine F. Grossman, Federal Bar No. ct05987
                                  LEVETT ROCKWOOD P.C.
                                  33 Riverside Avenue
                                  Post Office Box 5116
                                  Westport, Connecticut  06880
                                  Telephone: (203) 222-0885
                                  Facsimile: (203) 226-8025

                                  Attorneys for plaintiff Scandinavian Marine Claims
                                  Office, Inc.

Dated:  December 10, 2004         By:_/s/ Jeffrey Eilender_____
                                  Jeffrey M. Eilender, Esq.
                                  Schlam Stone & Dolan LLP
                                  26 Broadway
                                  New York, N.Y. 1004
                                  Attorneys for defendant Siri Ostensen, individually
                                  and as the executrix of the estate of Tom Ostensen

                                  Sharon E. Jaffe, Esq.
                                  Levin & Glasser, P.C.
                                  3 Ledgebrook Court
                                  Weston, Ct.  06883

1277951.1                                     5

Dated: December 10, 2004          By: _____
                                  Donald J. Kennedy, Federal Bar No. ct23620
                                  CARTER LEDYARD & MILBURN LLP
                                  2 Wall Street
                                  New York, New York 10005
                                  Telephone: (212) 732-3200
                                  Facsimile: (212) 732-3232

                                  Madeleine F. Grossman, Federal Bar No. ct05987
                                  LEVETT ROCKWOOD P.C.
                                  33 Riverside Avenue
                                  Post Office Box 5116
                                  Westport, Connecticut 06880
                                  Telephone: (203) 222-0885
                                  Facsimile: (203) 226-8025

                                  Attorneys for Defendants Scandinavian Marine
                                  Claims Office, Inc. SCUA Americas, Inc. and
                                  Norwegian Hull Club


Dated: December 10, 2004          By: _____
                                  Jeffrey M. Eilender, Esq.
                                  Elizabeth Prickett-Morgan
                                  Schlam Stone & Dolan LLP
                                  26 Broadway
                                  New York, N.Y. 1004
                                  Attorneys for third party defendant Tom Ostensen

                                  Sharon E. Jaffe, Esq.
                                  Levin & Glasser, P.C.
                                  3 Ledgebrook Court
                                  Weston, Ct. 06883

1277101.1                                    5