UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., <br><br>Plaintiff, <br><br>- against – <br><br>SIRI OSTENSEN and the ESTATE OF TOM OSTENSEN, <br><br>Defendants, <br><br>- against – <br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, <br><br>Counterclaim and Third-Party Defendants. | CIVIL ACTION NO. 3:02CV678 (RNC) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' UNCONTESTED MOTION TO CONSOLIDATE DISCOVERY**

Defendants Siri Ostensen and the Estate of Tom Ostensen, by their attorneys Schlam Stone & Dolan LLP and Levin & Glasser, P.C., respectfully submit this memorandum of law, together with the Declaration of Jeffrey M. Eilender, in support of their motion, pursuant to FRCP 42, to consolidate this case with *Killip v. Scandanavian Marine Claims Office, Inc., et al.*, 3:02 CV1494 (RNC) (the "Killip Matter") solely for the purposes of taking discovery in determining whether certain affiliates of plaintiff Scandanavian Marine Claims Office ("SMCO") – Third-Party Defendants Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO

A.S., and Norwegian Hull Club (collectively, and without SMCO, the "Related Other Companies") – will be required to arbitrate disputes between SMCO and its employees under the Non-Qualified Pension Plan, on veil-piercing, agency or estoppel theories.

All of the parties in both cases consent to this consolidation.

## **BACKGROUND**

The late Tom Ostensen was employed as the President and manager of SMCO from 1990 through July 1, 2000. SMCO and SMCA were "captive" maritime claims adjustment offices for claims against ocean-going vessels insured by third-party defendant Norwegian Hull Club, which is a marine underwriter. Defendants' amended answer and counterclaims allege that SCUA is the successor of SMCO and its alter ego, and that Norwegian Hull Club is a foreign corporation domiciled in Norway that conducted business in the State of Connecticut through its subsidiaries, SMCO and SCUA, in which Norwegian Hull Club had a controlling interest.

In the instant action, SMCO seeks to enforce two promissory notes signed by Mr. and Mrs. Ostensen. The Ostensens' defenses to the enforcement of these notes are set off and fraudulent inducement. Specifically, the Ostensens contend that SMCO owes them a much larger amount of money than it is seeking from the notes, because SMCO has breached its obligation to comply with and fund the Non-Qualified Pension Plan, which was memorialized by an agreement signed by SMCO and Mr. Ostensen on June 13, 1995. The Ostensens also asserted that they were fraudulently induced into signing the promissory notes based on promises by the individuals and entities that controlled SMCO that: (a) the loan repayments and collateral underlying the notes would be used to fund the Non-Qualified Pension Plan, and (b) SMCO would provide other funds (through insurance policies and other sources) to adequately fund the

00018397.DOC
#38620

2

Non-Qualified Pension Plan. Instead, Third-Party Defendants Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO A.S., and Norwegian Hull Club (collectively, and without SMCO, the "Related Other Companies") asked SMCO to terminate Mr. Ostensen, to disavow any obligation under the Non-Qualified Pension Plan and divest itself of any assets, so as to prevent the Ostensens from being able to enforce the promises made to them.

By report and recommendation (the "Report") dated and filed on September 5, 2003, (Eilender Decl. Ex. 1) this Court held that the arbitration provision in Paragraph 6.4 of the Non-Qualified Pension Plan required the referral to arbitration of any counterclaims asserted by the Ostensens under the Non-Qualified Pension Plan against SMCO.

It is undisputed that SMCO is assetless. Mrs. Ostensen and the Estate contend that the Related Other Companies are required to arbitrate the claims asserted against them by the Ostensens as non-signatories to the Non-Qualified Pension Plan, pursuant to *Thompson-CSF, SA v. American Arbitration Association,* 64 F.3d 773 (2nd Cir. 1995).

Margaret Killip, a former employee of SMCO, has asserted claims against SMCO and the Related Companies identical to the counterclaims and third-party claims asserted by Siri Ostensen and the Estate, and SMCO has asserted counterclaims against her, to enforce a promissory note signed by her, identical to the claim asserted by SMCO against the Ostensens. The same facts and legal issues are common to both cases.

On March 3, 2005, the Court held a settlement conference and (when that proved inconclusive) then a discovery conference with counsel from parties in both the Ostensen and Killip cases. At that conference, counsel for all parties agreed to the consolidation of both cases for the purposes of discovery.

00018397.DOC
#38620

Federal Rule of Civil Procedure 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial…; and may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." F.R.C.P. 42(a).

Consolidation is thus appropriate when it will streamline related matters and spare the resources of the parties and the Court. *See Globe Indem. Co. v. J.T. Falk & Co.*, 1991 WL 243375 (S.D.N.Y. Nov. 8, 1991). Here, it is plain that the fundamental issue in both the Ostensen and Killip matters is whether the Related Other Companies are liable, assuming the defendants in this case and Ms. Killip in her case establish the elements of their claims against SMCO, for SMCO's obligations and omissions.

## CONCLUSION

For the reasons set forth above, the uncontested motion for consolidation should be granted.

Dated:  New York, New York
        March 8, 2005

Respectfully submitted,

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No.          )*
**SCHLAM STONE & DOLAN LLP**
26 Broadway
Suite 1900
New York, NY 10004
Telephone:   (212) 344-5400
Facsimile:   (212) 344-7677

---

* Pro Hac Vice admission pending.
00018397.DOC
#38620

4

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
Telephone:    (203) 221-3008
Fax:              (203) 221-3010

*Attorneys for Defendants/Counterclaim and Third-Party Plaintiffs Siri Ostensen and the Estate of Tom Ostensen*

TO:    Donald J. Kennedy, Esq.
**CARTER LEDYARD & MILBURN, LLP**
2 Wall Street
New York, NY  10005

Madeleine F. Grossman, Esq.
**LEVETT ROCKWOOD, P.C.**
33 Riverside Avenue
Post Office Box 5116
Westport, CT  06880

Charles A. Stewart, III, Esq.
**STEWART OCCHIPINTI & MAKOW, LLP**
1350 Broadway
Suite 2200
New York, N.Y.  10018

00018397.DOC
#38620