UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., <br><br>Plaintiff,<br><br>- against –<br><br>SIRI OSTENSEN and the ESTATE OF TOM OSTENSEN,<br><br>Defendants,<br><br>- against –<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>Counterclaim and Third-Party Defendants. | CIVIL ACTION NO. 3:02CV678 (RNC) |

## DECLARATION OF JEFFREY M. EILENDER

Pursuant to 28 U.S.C. § 1746, JEFFREY M. EILENDER declares, under the penalty of perjury, the following to be true.

1. I am a member of Schlam Stone & Dolan LLP, co-counsel, along with Levin & Glasser, P.C., for Siri Ostensen and the Estate of Tom Ostensen, the defendants in the above-captioned matter.

2. I submit this declaration in support of the uncontested motion by the defendants to consolidate the instant matter with *Killip v. Scandanavian Marine Claims Office,*

*Inc., et al.*, 3:02CV1494 (RNC) (the "Killip Matter") for the purposes of taking discovery and for other pretrial procedures.

3. All the parties in both cases have consented to this consolidation motion. Unless otherwise specified, the matters set forth herein are based upon my personal knowledge.

## BACKGROUND

4. The late Tom Ostensen was employed as the President and manager of SMCO from 1990 through July 1, 2000. SMCO and SMCA were "captive" maritime claims adjustment offices for claims against ocean-going vessels insured by third-party defendant Norwegian Hull Club, which is a marine underwriter. Defendants' amended answer and counterclaims allege that SCUA is the successor of SMCO and its alter ego, and that Norwegian Hull Club is a foreign corporation domiciled in Norway that conducted business in the State of Connecticut through its subsidiaries, SMCO and SCUA, in which Norwegian Hull Club had a controlling interest.

5. In the instant action, SMCO seeks to enforce two promissory notes signed by Mr. and Mrs. Ostensen. The Ostensens' defenses to the enforcement of these notes are set off and fraudulent inducement. Specifically, the Ostensens contend that SMCO owes them a much larger amount of money than it is seeking from the notes, because SMCO has breached its obligation to comply with and fund the Non-Qualified Pension Plan, which was memorialized by an agreement signed by SMCO and Mr. Ostensen on June 13, 1995. The Ostensens also asserted that they were fraudulently induced into signing the promissory notes based on promises by the individuals and entities that controlled SMCO that: (a) the loan repayments and collateral underlying the notes would be used to fund the Non-Qualified Pension Plan, and (b) SMCO

00018403.DOC
#38620

would provide other funds (through insurance policies and other sources) to adequately fund the Non-Qualified Pension Plan. Instead, Third-Party Defendants Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO A.S., and Norwegian Hull Club (collectively, and without SMCO, the "Related Other Companies") asked SMCO to terminate Mr. Ostensen, to disavow any obligation under the Non-Qualified Pension Plan and divest itself of any assets, so as to prevent the Ostensens from being able to enforce the promises made to them.

6. By report and recommendation (the "Report") dated and filed on September 5, 2003, (Eilender Decl. Ex. 1) this Court held that the arbitration provision in Paragraph 6.4 of the Non-Qualified Pension Plan required the referral to arbitration of any counterclaims asserted by the Ostensens under the Non-Qualified Pension Plan against SMCO.

7. It is undisputed that SMCO is assetless. Mrs. Ostensen and the Estate contend that the Related Other Companies are required to arbitrate the claims asserted against them by the Ostensens as non-signatories to the Non-Qualified Pension Plan, pursuant to *Thompson-CSF, SA v. American Arbitration Association*, 64 F.3d 773 (2nd Cir. 1995).

8. Margaret Killip, a former employee of SMCO, has asserted claims against SMCO and the Related Companies identical to the counterclaims and third-party claims asserted by Siri Ostensen and the Estate, and SMCO has asserted counterclaims against her, to enforce a promissory note signed by her, identical to the claim asserted by SMCO against the Ostensens. The same facts and legal issues are common to both cases.

9. On March 3, 2005, the Court held a settlement conference and (when that proved inconclusive) then a discovery conference with counsel from parties in both the Ostensen and Killip cases. At that conference, counsel for all parties agreed to the consolidation of both

00018403.DOC
#38620

cases for the purposes of discovery.

10. The two cases should be consolidated so the parties can take joint discovery on the veil-piercing, estoppel and agency issues.

11. The Ostensens and Mrs. Killip have all asserted that the Related Other Companies are liable for the obligations of SMCO under the Qualified and Non-Qualified Pension Plan based on the veil-piercing agency or estoppel issues. Discovery will be necessary to establish the liability of the related other companies. Because the liability issues of the related other companies are common to both cases, it makes sense to consolidate them for the purposes of conducting joint discovery and then determining the status of the Related Other Companies.

12. Consolidation is thus appropriate when it will streamline related matters and spare the resources of the parties and the Court. Here, it is plain that the fundamental issue in both the Ostensen and Killip matters is whether the Related Other Companies are liable, assuming the defendants in this case and Ms. Killip in her case establish the elements of their claims against SMCO, for SMCO's obligations and omissions.

Dated: New York, New York
       March 8, 2005

_____
JEFFREY M. EILENDER

00018403.DOC
#38620

4