UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>Plaintiff,<br><br>v.<br><br>SIRI OSTENSEN,<br><br>Defendant,<br><br>v.<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>Counterclaim and Third-Party Defendants. | Civil Case No.<br>3:02 CV 678 (RNC)<br><br>April 14, 2005 |

**MEMORANDUM IN SUPPORT OF MOTION OF NON-PARTIES DONALD J. KENNEDY AND CARTER LEDYARD & MILBURN LLP FOR A PROTECTIVE ORDER**

Non-parties Donald J. Kennedy ("Kennedy") and Carter Ledyard & Milburn LLP ("Carter Ledyard") submit this memorandum in support of their motion for a protective order with regard to the subpoenas dated March 31, 2005, that defendant/third-party plaintiff Siri Ostensen ("Ostensen") served on Kennedy and Carter Ledyard. For the reasons stated herein and in the accompanying Affidavit of Donald J. Kennedy (the "Kennedy Affidavit"), Kennedy's and Carter Ledyard's motion should be granted in its entirety.

## STATEMENT OF FACTS

This action was commenced by the plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO") in 2003, seeking to enforce two “Mortgage Notes” totaling $305,000 signed by Tom and Siri Ostensen ("Ostensen") which are in default. The defendants asserted counterclaims against SMCO and third-party claims against a company related to SMCO and one of SMCO’s ultimate shareholders under a veil piercing/alter ego theory. Certain of Ostensen's claims were stayed pending arbitration pursuant to a Court order dated September 30, 2003.

The parties and their counsel attended a mediation conference on March 3, 2005, before Magistrate Judge Martinez. Following the unsuccessful conclusion of the mediation, SMCO informed the Court and counsel for Siri Ostensen in a letter dated March 29, 2005 to Magistrate Judge Martinez that it intends to move for summary judgment on its claim, and requested a pre-filing conference.

On or about March 31, 2005, Ostensen's counsel served on Kennedy and Carter Ledyard the Subpoenas which are the subject of this motion. (Kennedy Aff., ¶ 2 and Exs. 1 and 2). Kennedy, a non-party, is a member of the law firm of Carter Ledyard & Milburn LLP and trial counsel for the plaintiff and counterclaim defendants in this litigation. (Kennedy Aff., ¶ 1).

## ARGUMENT

### GOOD CAUSE EXISTS FOR THE ISSUANCE OF A PROTECTIVE ORDER WITH REGARD TO THE SUBPOENAS

Rule 26(c) of the Federal Rules of Civil Procedure governs the issuance of protective orders and provides in relevant part that "for good cause shown" a court may make "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including that the discovery not be had or that it be had only by a

method other than that selected by the party seeking discovery. See Fed.R.Civ.P. 26(c)(1), (3). Under applicable Second Circuit case law, good cause exists for the issuance of a protective order with regard to the Subpoenas.

The Second Circuit disfavors depositions of opposing counsel. See United States v. Yonkers Bd. Of Educ., 946 F. 2d 180, 185 (2d Cir. 1991). The Court recently explained its approach to lawyer depositions in In re Friedman, 350 F.3d 65, 72 (2d Cir. 2003). In that case, the plaintiff, the Liquidation Trust of Hechinger Investment Company, alleged that the defendants, former directors of the company, had breached fiduciary duties to the company's creditors by approving a merger. The former directors asserted the business judgment rule and reliance on the advice of their counsel, Friedman, as defenses. The plaintiff contended that deposing Friedman was necessary because the directors could not recall whether Friedman had directed the board to consider the creditors' interests. The District Court barred Friedman's deposition because the plaintiff's list of broad subject-matter inquiries did not reveal that an oral deposition was the only practical means of obtaining the information it sought and directed the plaintiff to proceed by written interrogatories.

On appeal, the Second Circuit issued a decision despite the fact that Friedman had consented to the deposition, thereby rendering the appeal moot. Id. at 72. The court ruled that a number of factors must be considered in determining whether a deposition of opposing counsel will be permitted, including: the need to depose the lawyer; the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation; the risk of encountering privilege and work-product issues; and the extent of discovery already conducted. Id. In considering these factors, the court suggested that in certain circumstances interrogatories may be a more appropriate discovery device than a deposition. Id.

In the aftermath of the Friedman decision, District Court cases applying Friedman have granted protection against the depositions of opposing counsel. In Laurin v. Pokoik, 2004 U.S. Dist. LEXIS 15330 (S.D.N.Y. Aug. 6, 2004), the court determined that there was no need to depose opposing counsel because the person with whom the lawyer communicated had been deposed, the lawyer's role was unrelated to the subject matter in issue, there was a significant risk that the deposition would invade the lawyer's strategy and mental impressions, and substantial discovery had already been had. In ResQNet.com v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579 (S.D.N.Y. 2004), the court did not permit the deposition because the information sought could be obtained elsewhere, and the lawyer's importance as a fact witness was minimal. Likewise, in Stauber v. City of New York, 2004 U.S. Dist. LEXIS 7973 (S.D.N.Y. May 7, 2004), the court barred the deposition, relying mainly on defendants' inability to show any real need to depose opposing counsel.

Similarly, here, the depositions of non-parties and trial counsel Kennedy and Carter Ledyard and production of documents should be quashed and/or stayed pending further order of this court for the following reasons: (a) the subpoenas seek testimony and documents from the law firm and trial counsel representing the plaintiff; (b) Ostensen has not established a specific need to seek testimony and documents from opposing counsel; (c) Ostensen has not established that either Kennedy or Carter Ledyard played any role in connection with the transactions underlying the pending litigation; (d) privilege and attorney work-product issues are certain to arise; and (e) Ostensen has not yet taken discovery from the plaintiff or third party defendants, which might be sufficient.

In fact, neither Kennedy nor Carter Ledyard was involved in the issuance of the Mortgage Note in the amount of $180,000 signed by Tom and Siri Ostensen and dated

January 1, 1994, or the Mortgage Note in the amount of $125,000 signed by Tom and Siri Ostensen and dated October 1, 1995, which are the subject of the plaintiff's claims. (Kennedy Aff., ¶ 4). Moreover, neither Kennedy nor Carter Ledyard was involved in the establishment of the so-called Non-Qualified Plan of Tom Ostensen dated June 13, 1995, which is the subject of the Counterclaim. (Kennedy Aff., ¶ 5).

## CONCLUSION

For the foregoing reasons, Kennedy's and Carter Ledyard's motion for a protective order should be granted in its entirety, and the Subpoenas should be quashed and/or stayed pending further order of this Court.

Respectfully submitted,

/s/ Madeleine F. Grossman________

Madeleine F. Grossman
Federal Bar No. ct05987
Frank J. Silvestri
Federal Bar No. ct05367
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Non-parties Donald J. Kennedy and Carter Ledyard & Milburn LLP

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent via Fedex on this the 14th day of April, 2005, to the following counsel of record:

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

Charles A. Stewart, III, Esq.
Stewart Occhipinti & Makow, LLP
1350 Broadway, Suite 2220
New York, NY 10018

/s/ Madeleine F. Grossman
Madeleine F. Grossman

98574