UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
                                                        :
SCANDINAVIAN MARINE CLAIMS OFFICE,                      :
INC.                                                    :
                                                        :
                         Plaintiff,                     :
                                                        :  Civil Case No.
            v.                                          :  3:02 CV 678 (RNC)
                                                        :
SIRI OSTENSEN,                                          :
                                                        :
                         Defendant,                     :
                                                        :
            v.                                          :
                                                        :  **AFFIDAVIT OF DONALD J.**
                                                        :  **KENNEDY**_____
SCANDINAVIAN MARINE CLAIMS                              :
OFFICE, INC., SCANDINAVIAN                              :
UNDERWRITERS AGENCY, SCUA                               :
AMERICAS, INC., S.M.C.O., A.S., AND                     :
NORWEGIAN HULL CLUB,                                    :
                                                        :
    Counterclaim and Third-Party Defendants.            :
---------------------------------------------------------X


STATE OF NEW YORK      )
                       : ss.:
COUNTY OF NEW YORK  )


        Donald J. Kennedy, hereby swears, deposes and says:

        1.    I am a partner at Carter Ledyard & Milburn LLP, trial counsel to the

plaintiff, Scandinavian Marine Claims Office, Inc. ("SMCO") and to certain of the

Counterclaim Defendants. I submit this affidavit in support of my and Carter Ledyard &

Milburn LLP's ("Carter Ledyard") motion for a protective order.

2.      Counsel for defendant/third party plaintiff, Siri Ostensen, served subpoenas on Carter Ledyard and me, copies of which are dated March 31, 2005 and attached as Exhibits 1 and 2.

3.      I and Carter Ledyard served responses and objections to the subpoenas on counsel for defendant, copies of which are dated April 12, 2005 and attached as Exhibits 3 and 4.

4.      I and Carter Ledyard were not involved with the issuance of the Mortgage Note in the amount of $180,000 signed by Tom and Siri Ostensen and dated January 1, 1994 or the Mortgage Note in the amount of $125,000 signed by Tom and Siri Ostensen and dated October 1, 1995. The two Mortgage Notes in favor of Scandinavian Marine Claims Office, Inc. ("SMCO") , are the subject of this litigation.

5.      I and Carter Ledyard were not involved with the establishment of the so-called Non-Qualified Plan between SMCO and Tom Ostensen dated June 13, 1995 which is the subject of various counterclaims in this litigation.

Donald J. Kennedy

Sworn to before me this
12th day of April, 2005

Notary Public

MARITZA LEON
Notary Public, State of New York
No. 01LE6003817
Qualified in Nassau County
Commission Expires March 9, 2006

2

# EXHIBIT 1

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
                        *Plaintiff,*

    v.

SIRI OSTENSEN,
                        *Defendant,*

    v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,
SCANDINAVIAN UNDERWRITERS AGENCY,
SCUA AMERICAS, INC., S.M.C.O., A.S.,
AND NORWEGIAN HULL CLUB,
            *Counterclaim and Third-Party Defendants.*

### SUBPOENA IN A CIVIL CASE

CASE NUMBER:  3:02CV678 (RNC)
United States District Court District of Connecticut

TO:  Carter Ledyard & Milburn, LLP
     Two Wall Street
     New York, NY 10005

☐   YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in the above case. See Schedule A hereto.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 | 10:00 A.M. April 29, 2005 |

☒   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedule B hereto.

| PLACE | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 | 10:00 A.M. April 22, 2005 |

☐   YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorneys for Defendant/Third Party Plaintiff Siri Ostensen | March 31, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
John M. Lundin, Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 (212) 344-5400

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
          DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Carter Ledyard" means Carter Ledyard & Milburn, LLP and any predecessor or affiliated law firms.

3.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

4.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

5.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

6.      "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

7.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

1

8.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SCUA Holdings or any of its affiliates.

9.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SMCO or any of its affiliates.

10.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate,

parent, employee, officer, director, attorney, representative, shareholder, principal, or any person

or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or

any of its affiliates.

## DEPOSITION TOPICS

1.    The roles of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.

in the ownership, finances and management of SMCO.

2.    Financial transactions between or among NHC, SCUA, SCUAA, SCUA

Holdings, SMCO and/or SMCO A.S. including, but not limited to, the payment of debts, or the

guarantee of debts, of one entity by one or more of the others and the transfer of money or assets

between or among those entities.

3.    The involvement of NHC, SCUA, SCUAA, SCUA Holdings and/or

SMCO A.S. in the provision of legal counsel or accounting services to SMCO including, but not

limited to, the engagement of, and/or payment for, services received by SMCO by NHC, SCUA,

2

SCUAA, SCUA Holdings and/or SMCO A.S. or the joint use and/or payment for legal or accounting services by NHC, SCUA, SCUAA, SCUA Holdings, SMCO and/or SMCO A.S.

4.      SMCO's legal expenses from January 1, 1990 to the present including, but not limited to, the identity of the firm providing the legal work, the general subject matter of the work, the amount of each bill for legal work and the person or entity that paid each such bill.

5.      Potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

6.      The Non-Qualified Plan including, but not limited to, the communication of information regarding the Non-Qualified Plan to NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.

7.      The funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of information regarding funding for the Non-Qualified Plan to NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.

8.      The ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

9.      Public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

10.     The assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations.

3

## SCHEDULE B

## DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Carter Ledyard" means Carter Ledyard & Milburn, LLP and any predecessor or affiliated law firms.

3.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

4.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

5.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

6.      "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

7.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

1

8.     "SCUA Holdings" means SCUA Holdings, B.V. and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SCUA Holdings or any of its affiliates.

9.     "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SMCO or any of its affiliates.

10.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate,

parent, employee, officer, director, attorney, representative, shareholder, principal, or any person

or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or

any of its affiliates.

## INSTRUCTIONS

1.     The rules of construction of Local Civil Rule 26(d) of the United States

District Court for the District of Connecticut are incorporated herein by reference.

2.     No request shall be construed to create a limitation upon any other request.

3.     Each document responsive to these requests is to be produced, along with

any non-identical version thereof, including drafts.

4.     Except as discussed below with respect to audio and video files,

documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be

printed and produced in printed form. If it is not possible to produce such documents in printed

form, the documents should be produced on compact disk in a format that is readable and

searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk

2

shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5.    Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6.    The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.    In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8.    With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9.    This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10.    Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to or concerning the selection of the members of the board of directors or other similar governing body, officers or managers of SMCO including, but not limited to, the role of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. in such selection.

3

2.    All documents relating to or concerning payments or guarantees of the debts of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any of their employees, directors, or officers, including but not limited to their ability to issue or to honor such a guarantee.

3.    All documents relating to or concerning the payment or guarantee by NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. of the debt of any other entity or individual.

4.    All documents relating to or concerning the communications from the board of directors or other similar governing body, officers or managers of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. to Carter Ledyard or the board of directors or other similar governing body, officers or managers of SMCO regarding the business of SMCO.

5.    Documents sufficient to identify all legal counsel who have provided legal advice to NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. regarding any transaction, litigation or other proceeding involving SMCO at any time from January 1, 1990 to the present, including, but not limited to, the identification of the entities who sought, received and paid for such advice.

·    6.    Documents sufficient to all legal expenses for SMCO from January 1, 1990 to the present including, but not limited to, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill.

7.    All documents relating to or concerning any potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

4

8.      All documents relating to or concerning the Non-Qualified Plan that were communicated to Carter Ledyard, NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

9.      All documents relating to or concerning the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

10.     All documents relating to or concerning the ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

11.     All documents relating to or concerning public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

12.     All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

13.     All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations other than the Non-Qualified Plan.

5

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>*Plaintiff,*<br><br>- against -<br><br>SIRI OSTENSEN.<br><br>*Defendant,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br>SCANDINAVIAN UNDERWRITERS AGENCY, SCUA<br>AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN<br>HULL CLUB,<br><br>*Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC) |
| MARGARET KILLIP,<br><br>*Plaintiff,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br>SCANDINAVIAN UNDERWRITERS AGENCY, SCUA<br>AMERICAS, INC., SCUA HOLDINGS, B.V., AND<br>NORWEGIAN HULL CLUB,<br><br>*Defendants and Third-Party Plaintiffs,*<br><br>- against -<br>TOM OSTENSEN<br><br>*Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC) |

---

## SUBPOENA TO CARTER LEDYARD & MILBURN LLP.

---

# SCHLAM STONE & DOLAN LLP

Jeffrey M. Eilender, Esq.
John M. Lundin, Esq.
26 Broadway
New York, New York 10004
(212) 344-5400

*Attorneys for Defendant*
*Siri Ostensen*

# EXHIBIT 2

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
*Plaintiff,*

v.

SIRI OSTENSEN,
*Defendant,*

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,
SCANDINAVIAN UNDERWRITERS AGENCY,
SCUA AMERICAS, INC., S.M.C.O., A.S.,
AND NORWEGIAN HULL CLUB,
*Counterclaim and Third-Party Defendants.*

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:   3:02CV678 (RNC)
United States District Court District of Connecticut

TO:     Donald J. Kennedy, Esq.
Carter Ledyard & Milburn, LLP
Two Wall Street
New York, NY 10005

☐  YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 | 10:00 A.M. April 28, 2005 |

☐  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐  YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorneys for Defendant/Third Party Plaintiff Siri Ostensen | March 31, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
John M. Lundin, Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 (212) 344-5400

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
       DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

    (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

    (2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

    (2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

    (3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

      (i) fails to allow reasonable time for compliance;

      (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a

person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

      (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

      (iv) subjects a person to undue burden.

    (B) If a subpoena

      (i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

      (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

      (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

    (1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

    (2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF CONNECTICUT**

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., | |
| *Plaintiff,* | |
| - against - | |
| SIRI OSTENSEN, | |
| *Defendant,* | Civil Action No. 3:02CV678 (RNC) |
| - against - | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, | |
| *Counterclaim and Third-Party Defendants.* | |
| MARGARET KILLIP, | |
| *Plaintiff,* | |
| - against - | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB, | Civil Action No. 3:02CV678 (RNC) |
| *Defendants and  Third-Party Plaintiffs,* | |
| - against - | |
| TOM OSTENSEN | |
| *Third-Party Defendant.* | |



## SUBPOENA TO DONALD J. KENNEDY

# SCHLAM STONE & DOLAN LLP

Jeffrey M. Eilender, Esq.
John M. Lundin, Esq.
26 Broadway
New York, New York 10004
(212) 344-5400

*Attorneys for Defendant*
*Siri Ostensen*

# EXHIBIT 3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
                                                           :
SCANDINAVIAN MARINE CLAIMS OFFICE,                         :
INC.                                                       :
                                                           :
                              Plaintiff,                   :
                                                           :
               v.                                          :    Civil Case No.
                                                           :    3:02 CV 678 (RNC)
SIRI OSTENSEN,                                             :
                                                           :    United States District Court
                              Defendant,                   :    District Of Connecticut
                                                           :
               v.                                          :    Magistrate Judge Donna F. Martinez
                                                           :
SCANDINAVIAN MARINE CLAIMS                                 :
OFFICE, INC., SCANDINAVIAN                                 :
UNDERWRITERS AGENCY, SCUA                                  :
AMERICAS, INC., S.M.C.O., A.S., AND                        :
NORWEGIAN HULL CLUB,                                       :
                                                           :
     Counterclaim and Third-Party Defendants.              :
-----------------------------------------------------------X

### CARTER LEDYARD & MILBURN LLP'S
### RESPONSES AND OBJECTIONS TO SUBPOENA

Non-party Carter Ledyard & Milburn LLP ("Carter Ledyard") hereby responds and objects to the Subpoena, dated March 31, 2005 ("Subpoena") served by counsel for defendant/third party plaintiff Siri Ostensen, requesting a videotaped deposition and the production of documents, as follows:

### GENERAL STATEMENT AND OBJECTIONS

The following statements and objections apply to and are expressly incorporated into all of Carter Ledyard's responses to the foregoing Subpoena.

A.      Carter Ledyard objects to the Subpoena because it seeks testimony and requests documents from a non-party who are attorneys and trial counsel in the captioned litigation.  Ostensen has not established a specific need to seek testimony and documents from Carter Ledyard or concerning Carter Ledyard's role in connection with the matter on which discovery is sought and in relation to the pending litigation.  Privilege and attorney work-product issues are certain to arise and Ostensen has not taken discovery from the plaintiff or third party defendants.

B.      All the following responses are based solely upon such information and documents that are presently available to and specifically known to Carter Ledyard.

C.      Carter Ledyard objects to the Subpoena to the extent that it seeks to impose obligations upon it that exceed, or are inconsistent with, the requirements of the Federal Rules of Civil Procedure.

D.      Carter Ledyard objects to the Subpoena, because the time period for documents sought pursuant to the Subpoena is overbroad.

E.      Objection to Schedule A Definitions: Carter Ledyard objects to the definitions in paragraphs 2,3,4,6,7,8,9, and 10.

F.      Objection to Schedule B Definitions: Carter Ledyard objects to the definitions in paragraphs 2,3,4,6,7,8,9 and 10.

### SPECIFIC OBJECTIONS

1.      Carter Ledyard objects to the Subpoena to the extent that it seeks information that may be derived or ascertained from the records of the party on whose behalf the Subpoena was issued.

2

2.      Carter Ledyard objects to the Subpoena to the extent that it seeks information that is not within its possession, custody or control.

3.      Carter Ledyard objects to the Subpoena to the extent that it seeks the discovery of information which Carter Ledyard considers to be confidential, sensitive, or proprietary.

4.      Carter Ledyard objects to the Subpoena to the extent that it is unduly vague, ambiguous or unanswerable as propounded.

5.      Carter Ledyard objects to the Subpoena to the extent it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

6.      Carter Ledyard objects to the Subpoena to the extent that it is calculated to cause annoyance and to the extent that it subjects Carter Ledyard to an undue burden and expense.

7.      Carter Ledyard objects to the Subpoena to the extent that it seeks documents protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:**

All documents relating to or concerning the selection of the members of the board of directors or other similar governing body, officers or managers of SMCO including, but not limited to, the role of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. in such selection.

3

**Response to Request No. 1:**

Carter Ledyard objects to Request No. 1 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

**Request No. 2:**

> All documents relating to or concerning payments or guarantees of the debts of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any of their employees, directors, or officers, including but not limited to their ability to issue or to honor such a guarantee.

**Response to Request No. 2:**

Carter Ledyard objects to Request No. 2 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protection and immunities.

4

**Request No. 3:**

> All documents relating to or concerning the payment or guarantee by
> NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. of the
> debt of any other entity or individual.

**Response to Request No. 3:**

Carter Ledyard objects to Request No. 3 on the grounds that (a) it is overly broad,
unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it
calls for the production of documents that are not relevant to the subject matter of the
above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it
unnecessarily seeks the production of documents protected by others' rights to
confidentiality and protection from disclosure; (e) it seeks documents which can be more
easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and
(f) it requests documents protected from disclosure by the attorney-client privilege, the
work product doctrine, or any other applicable privileges, protections and immunities.

5

**Request No. 4:**

> All documents relating to or concerning the communications from the board of directors or other similar governing body, officers or managers of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. to Carter Ledyard or the board of directors or other similar governing body, officers or managers of SMCO regarding the business of SMCO.

**Response to Request No. 4:**

Carter Ledyard objects to Request No. 4 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

Carter Ledyard further objects to this request because it subjects Carter Ledyard to undue burden and expense in violation of Federal Rule of Civil Procedure 45(c)(1).

**Request No. 5:**

> Documents sufficient to identify all legal counsel who have provided legal advice to NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. regarding any transaction, litigation or other proceeding involving SMCO at any time from January 1, 1990 to the present, including, but not limited to, the identification of the entities who sought, received and paid for such advice.

**Response to Request No. 5:**

Carter Ledyard objects to Request No. 5 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

Carter Ledyard further objects to this request because it subjects Carter Ledyard to undue burden and expense in violation of Federal Rule of Civil Procedure 45(c)(1).

7

**Request No. 6:**

> Documents sufficient to all legal expenses for SMCO from January 1,
> 1990 to the present including, but not limited to, the identity of the firm
> providing the legal work, the general subject matter of the work, the date
> and amount of each bill for legal work and the person or entity that paid
> each such bill.

**Response to Request No. 6:**

Carter Ledyard objects to Request No. 6 on the grounds that (a) it is overly broad,
unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it
calls for the production of documents that are not relevant to the subject matter of the
above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it
unnecessarily seeks the production of documents protected by others' rights to
confidentiality and protection from disclosure; (e) it seeks documents which can be more
easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and
(f) it requests documents protected from disclosure by the attorney-client privilege, the
work product doctrine, or any other applicable privileges, protections and immunities.

Carter Ledyard further objects to this request because it subjects Carter Ledyard
to undue burden and expense in violation of Federal Rule of Civil Procedure 45(c)(1).

8

**Request No. 7:**

> All documents relating to or concerning any potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

**Response to Request No. 7:**

Carter Ledyard objects to Request No. 7 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

9

**Request No. 8:**

> All documents relating to or concerning the Non-Qualified Plan that were communicated to Carter Ledyard, NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

**Response to Request No. 8:**

Carter Ledyard objects to Request No. 1 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

**Request No. 9:**

> All documents relating to or concerning the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

**Response to Request No. 9:**

Carter Ledyard objects to Request No. 9 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

11

**Request No. 10:**

> All documents relating to or concerning the ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

**Response to Request No. 10:**

Carter Ledyard objects to Request No. 10 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

Carter Ledyard further objects to this request because it subjects Carter Ledyard to undue burden and expense in violation of Federal Rule of Civil Procedure 45(c)(1).

12

**Request No. 11:**

> All documents relating to or concerning public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

**Response to Request No. 11:**

Carter Ledyard objects to Request No. 11 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

Carter Ledyard further objects to this request because it subjects Carter Ledyard to undue burden and expense in violation of Federal Rule of Civil Procedure 45(c)(1).

13

**Request No. 12:**

> All documents relating to or concerning the assumption by NHC, SCUA,
> SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations under
> the Non-Qualified Plan.

**Response to Request No. 12:**

Carter Ledyard objects to Request No. 12 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

**Request No. 13:**

All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations other than the Non-Qualified Plan.

**Response to Request No. 13:**

Carter Ledyard objects to Request No. 13 on the grounds that (a) it is overly broad, unreasonable, unduly burdensome, and oppressive; (b) it is vague and ambiguous (c) it calls for the production of documents that are not relevant to the subject matter of the above-captioned litigation or likely to lead to the discovery of admissible evidence; (d) it unnecessarily seeks the production of documents protected by others' rights to confidentiality and protection from disclosure; (e) it seeks documents which can be more easily obtained from a party to this lawsuit or third parties other than Carter Ledyard; and (f) it requests documents protected from disclosure by the attorney-client privilege, the work product doctrine, or any other applicable privileges, protections and immunities.

Dated: April 12, 2005
       New York, New York

Mark R. Zancolli (MZ-7459)
Carter Ledyard & Milburn LLP
Two Wall Street
New York, New York 10005-2072
Tel. (212) 238-8735
Attorneys for non-party
Carter Ledyard & Milburn LLP

15

# EXHIBIT 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

SCANDINAVIAN MARINE CLAIMS OFFICE,
INC.

                 Plaintiff,

       v.

SIRI OSTENSEN,

                 Defendant,

       v.

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

      Counterclaim and Third-Party Defendants.

------------------------------------------------------------X

Civil Case No.
3:02 CV 678 (RNC)

United States District Court
District Of Connecticut

Magistrate Judge Donna F. Martinez

### NON-PARTY DONALD J. KENNEDY'S
### RESPONSES AND OBJECTIONS TO SUBPOENA

Donald J. Kennedy ("Kennedy") hereby responds and objects to the Subpoena,
dated March 31, 2005 ("Subpoena") served by counsel for defendant/third party plaintiff
Siri Ostensen requesting a videotaped deposition:

### GENERAL STATEMENT AND OBJECTIONS

The following statements and objections apply to and are expressly incorporated
into all of Donald J. Kennedy's responses to the foregoing Subpoena.

A.      Kennedy objects to the Subpoena because it seeks testimony from a non-party who is an attorney and trial counsel in the captioned litigation. Ostensen has not established a specific need to seek testimony from Kennedy or concerning Kennedy's role in connection with the matter on which discovery is sought and in relation to the pending litigation. Privilege and attorney work-product issues are certain to arise and Ostensen has not taken discovery from the plaintiff or third party defendants.

B.      All the following objections are based solely upon such information and documents that are presently available to and specifically known to Kennedy.

C.      Kennedy objects to the Subpoena to the extent that it seeks to impose obligations upon him that exceed, or are inconsistent with, the requirements of the Federal Rules of Civil Procedure.

## SPECIFIC OBJECTIONS

1.      Kennedy objects to the Subpoena to the extent that it seeks information that may be derived or ascertained from the records of the party on whose behalf the Subpoena was issued.

2.      Kennedy objects to the Subpoena to the extent that it seeks information that is not within his possession, custody or control.

3.      Kennedy objects to the Subpoena to the extent that it seeks the discovery of information which Kennedy considers to be confidential, sensitive, or proprietary.

4.      Kennedy objects to the Subpoena to the extent it is overly broad, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence.

2

5. Kennedy objects to the Subpoena to the extent that it is calculated to cause annoyance and to the extent that it subjects Kennedy to an undue burden and expense.

6. Kennedy objects to the Subpoena to the extent that it seeks information protected from discovery by the attorney-client privilege, the work product doctrine or any other applicable privilege.

Dated: April 12, 2005
New York, New York

Mark R. Zancolli (MZ-7459)
Carter Ledyard & Milburn LLP
Two Wall Street
New York, New York 10005-2072
Tel. (212) 238-8735
Attorneys for non-party
Donald J. Kennedy