UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC. :
:
            Plaintiff, :
   v. :  Civil Case No.
:  3:02 CV 678 (RNC)
SIRI OSTENSEN, :
:
            Defendant, :
:  Magistrate Judge Donna F. Martinez
   v. :
:
SCANDINAVIAN MARINE CLAIMS :
OFFICE, INC., SCANDINAVIAN :
UNDERWRITERS AGENCY, SCUA :
AMERICAS, INC., S.M.C.O., A.S., AND :  May 26, 2005
NORWEGIAN HULL CLUB, :
:
   Counterclaim and Third-Party Defendants. :
------------------------------------------------------------X

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION OF NON-PARTIES
DONALD J. KENNEDY AND CARTER LEDYARD & MILBURN LLP
FOR A PROTECTIVE ORDER**

Non-parties Donald J. Kennedy ("Kennedy") and Carter Ledyard & Milburn LLP ("Carter Ledyard") submit this reply memorandum in further support of their motion for a protective order with regard to the subpoenas, dated March 31, 2005, that defendant/third-party plaintiff Siri Ostensen ("Ostensen") served on Kennedy and Carter Ledyard, and in response to Ostensen's opposition to this motion. For the reasons stated herein, in the accompanying Reply

1

Affidavit of Donald J. Kennedy (the "Kennedy Affidavit"), and in the initial papers submitted in support of this motion, Kennedy's and Carter Ledyard's motion should be granted in its entirety.

## STATEMENT OF FACTS

The relevant facts are set forth in the Affidavit of Donald J. Kennedy, sworn to on April 12, 2005, and the accompanying Reply Affidavit of Donald J. Kennedy, sworn to on May 24, 2005, and will not be repeated except for purposes of amplification.

## ARGUMENT

## POINT I

**CONTRARY TO OSTENSEN'S CONTENTIONS, THE *FRIEDMAN* FACTORS MILITATE AGAINST ALLOWING THE DEPOSITIONS OF KENNEDY AND CARTER LEDYARD TO PROCEED**

Ostensen acknowledges that the standard to be applied in determining whether Kennedy and Carter Ledyard may be deposed is set forth in In re Subpoena Issued to Dennis Friedman, 350 F.3d 65, 72 (2d Cir. 2003). (Ostensen Memo at 10). The so-called "Friedman factors" to be considered by the court are (1) "the need to depose the lawyer," (2) "the lawyer's role in connection with the matter on which discovery is sought," (3) "the risk of encountering privilege and work-product issues," and (4) "the extent of discovery already conducted." 305 F.3d at 72. However, contrary to Ostensen's contentions, application of the factors set forth in Friedman to the facts of this case clearly demonstrates that Ostensen's proposed depositions of Kennedy and Carter Ledyard should not be permitted to proceed and that there is good cause for the issuance of a protective order.

2

A.  **Ostensen Has Failed To Demonstrate A Need To Depose Kennedy Or Carter Ledyard**

Ostensen has failed to establish that it is necessary to depose Kennedy or Carter Ledyard. While Ostensen alleges that Kennedy and Carter Ledyard have "knowledge regarding which entity engaged, paid and directed counsel that provided advice to SMCO" and "evidence regarding the control exercised by the Related Other Companies over SMCO" (Ostensen Memo at 12), Ostensen has failed to demonstrate that it cannot obtain such information from the parties to this lawsuit during discovery. Compare Friedman, 350 F.3d at 72 (plaintiff contended that the deposition of Friedman, the attorney for the defendant directors, was needed because the defendant directors could not recall whether Friedman had directed the Board to consider creditors' interests).

As Ostensen has acknowledged, the discovery demands that were served on SMCO and the Related Other Companies "mirror" the subpoenas served on Kennedy and Carter Ledyard and seek similar information. (Ostensen Memo at 8, 14). Accordingly, because written discovery and document production have only recently commenced and are currently ongoing (Kennedy Reply Aff., ¶ 7), the information and documents that Ostensen seeks in its subpoenas to Kennedy and Carter Ledyard may very well be obtainable from, and provided by, the parties during discovery.

B.  **Neither Kennedy Nor Carter Ledyard Were Involved In The Matter On Which Discovery Is Sought, And Kennedy's And Carter Ledyard's Role As Trial Counsel In This Suit Weigh Against Them Being Deposed**

As of December 2000, when SMCO ceased operating, Carter Ledyard had never provided legal services to SMCO, and Kennedy had not performed any services for SMCO or the

3

Counterclaim Defendants during the previous nine years. (Kennedy Reply Aff., ¶ 11). By the time Kennedy was asked if he was available to assist SMCO in connection with its pension plan in December 2000, SMCO already had a negative shareholder's equity in excess of $3 million and a net loss in excess of $4 million. (Kennedy Reply Aff., ¶¶ 11 and 14).

Ostensen erroneously contends that Kennedy and Carter Ledyard "provided advice to SMCO and the Related Other Companies on a variety of matters, including transactions in which the Related Other Companies transferred SMCO's business to other entities, leaving it an asset-less shell." (Ostensen Memo at 13). As explained in the accompanying Kennedy Reply Affidavit, and as documents produced by SMCO and NHC to Ostensen during discovery clearly demonstrate (1) financial assistance in excess of $2.6 million was provided to SMCO in 2000 and (2) SMCO incurred over $4 million in losses in 2000 and had a negative shareholder's equity. (Kennedy Reply Aff., ¶¶ 13-14).

To be sure, this is not a case where the attorney whose deposition is sought took part in "significant relevant pre-litigation events," as in the case of Bogan v. Northwestern Mutual Life Ins. Co., 152 F.R.D. 9 (S.D.N.Y. 1993) cited by Ostensen. It was not until December 2000, when SMCO already was deeply in debt and had ceased operating, that Kennedy was asked if he was available to assist SMCO in connection with its pension plan. (Kennedy Reply Aff., ¶¶ 11, 13-14). Because Kennedy and Carter Ledyard did not provide any advice to SMCO and the Related Other Companies with regard to allegedly "rendering SMCO without assets," Kennedy and Carter Ledyard had no involvement with respect to the matters regarding which Ostensen seeks discovery, and this factor weighs against permitting the deposition of Kennedy or Carter Ledyard to go forward.

Furthermore, the fact that Kennedy and Carter Ledyard are trial counsel to SMCO and certain of the Counterclaim Defendants in this lawsuit is a circumstance to be considered by this court in determining whether to allow the depositions of Kennedy and Carter Ledyard to proceed (Friedman, 350 F.3d at 72), especially given the enormous risk of encountering privilege and work product issues, as set forth in Point I.C., infra.

C.  **Depositions Of Kennedy And Carter Ledyard Would Inevitably Encroach Areas That Are Protected By The Attorney-Client Privilege And The Attorney Work Product Doctrine**

Ostensen's conclusory assertion that "there is little danger of the disclosure of privileged information or work product" (Ostensen Memo at 14) is completely baseless. As Ostensen acknowledges, Kennedy and Carter Ledyard have provided legal advice to SMCO and the Related Other Companies on various topics and have acted solely as legal counsel.[1] (Ostensen Memo at 12). Ostensen has not identified any pertinent, non-privileged information in the possession of Kennedy or Carter Ledyard.

Accordingly, there is a great risk that allowing the deposition of Kennedy or Carter Ledyard to proceed would invade the protections afforded by the attorney-client privilege and work product doctrine, and it would needlessly disrupt the attorney-client relationship between Kennedy and Carter Ledyard, on the one hand, and SMCO and the Counterclaim Defendants represented by Carter Ledyard, on the other.[2]

---

[1] Although Kennedy served as Secretary of SMCO until April 1991, the matters on which Ostensen seeks discovery in the subpoenas to Kennedy and Carter Ledyard do not relate to the time period during which Kennedy served as SMCO's Secretary, but a time period over 9 years later.

[2] While Ostensen's brief asserts that "SMCO and the Related Other Companies can hardly claim that communications in which Mr. Ostensen took part are privileged as to his estate, which is a party to this action" (Ostensen Memo at 14), it is unclear what Ostensen meant by that statement as no authority or explanation is provided.

5

>    D.  **Because Written Discovery Is At A Nascent Stage And Currently Ongoing, Ostensen Has Failed To Establish That The Information She Seeks Through The Subpoenas To Kennedy And Carter Ledyard Is Unavailable From The Parties**

As emphasized in the initial papers submitted in support of this motion, courts have precluded depositions of counsel where the information sought could be obtained from another source. See, e.g., ResQNet.com v. Lansa, Inc., 2004 U.S. Dist. LEXIS 13579 (S.D.N.Y. 2004); Stauber v. City of New York, 2004 U.S. Dist. LEXIS 7973 (S.D.N.Y. 2004). Here, because written discovery is at an early stage and currently ongoing, the information that Ostensen seeks by way of the subpoenas to Kennedy and Carter Ledyard may very well be available from, and provided by, the parties during discovery.

Ostensen relies on Alcon Laboratories, Inc. v. Pharmacia Corp., 235 F.Supp.2d 340 (S.D.N.Y. 2002) and United States Fidelity & Guaranty Co. v. Brasperto Oil Services Co., 2000 WL 1253262 (S.D.N.Y. 2000), but those cases are clearly distinguishable from this case, as the information sought from the attorneys served with subpoenas in those cases could not be obtained from another source. In Alcon Laboratories, Inc., the court permitted the deposition of counsel for one of the defendants where that counsel had been solely responsible for the prosecution before the Patent and Trademark Office of the patent at issue in the lawsuit and there was evidence that that counsel was the only source for much of the information sought by the plaintiff. 235 F. Supp.2d at 343. Likewise, in United States Fidelity & Guaranty Co., the court permitted depositions of counsel for certain of the parties where those counsel were not trial counsel in the lawsuit, there was evidence that those counsel played a "business-actor role" in the matters in dispute, and there was evidence that those counsel were the only ones present for certain meetings and therefore the information sought from them could not be obtained elsewhere. 2000 WL 1253262 at *1-4.

Ostensen's opposition does not even mention the two-tiered discovery agreed to by the parties. On April 14, 2005, counsel for the parties agreed that there would be a two-tiered approach regarding written discovery with respect to SMCO, Norwegian Hull Club ("NHC") and SCUA Americas, Inc. ("SCUAA").[3] (Kennedy Reply Aff., ¶ 3). Specifically, counsel agreed that SMCO, NHC, and SCUAA would initially produce documents responsive to the requests propounded by Ostensen that were not completely objected to, and then Ostensen's counsel would review the document production and confer with counsel for SMCO, NHC and SCUAA regarding any discovery compliance concerns. (Kennedy Reply Aff., ¶ 3). Ostensen's counsel acknowledged this two-tiered approach in his letter of April 18, 2005, a copy of which is attached as Exhibit 1 to the accompanying Kennedy Reply Affidavit.

As set forth in detail in the accompanying Kennedy Reply Affidavit, SMCO and NHC have provided extensive discovery responses, and SCUAA is preparing responses to be served shortly. (Kennedy Reply Aff., ¶¶ 4-6).

Based on the fact that (1) written discovery and document production is currently ongoing and (2) counsel have yet to confer regarding Ostensen's counsel's discovery compliance concerns with regard to SMCO, NHC and SCUAA, Ostensen has failed to establish that the information she seeks by way of the subpoenas served on Kennedy and Carter Ledyard is unavailable from the parties. Accordingly, because Ostensen has failed to show that the information she seeks through the subpoenas to Kennedy and Carter Ledyard cannot be obtained from other sources, the depositions of Kennedy and Carter Ledyard should not be permitted to go forward.

---

[3] Neither SCUA Holdings B.V. nor Scandinavian Underwriters Agency is a party to this case, as they have not been served. Also, Scandinavian Marine Claims Office, Inc. AS ("SMCO AS") is no longer a party to this case.

Indeed, the fact that Ostensen's counsel served subpoenas on Kennedy and Carter Ledyard at the same time that it served discovery demands on SMCO and the Related Other Companies suggests that Ostensen issued the subpoenas in bad faith for the improper purpose of submitting Kennedy and Carter Ledyard to depositions regardless of whether the information it seeks from Kennedy and Carter Ledyard is available from SMCO and the Related Other Companies.

For the foregoing reasons, the depositions of Kennedy and Carter Ledyard should not be permitted to go forward. Moreover, Kennedy and Carter Ledyard should not be required to produce documents in response to the subpoenas, as the only documents they have in connection with the veil piercing issue are documents that they obtained from their clients in connection with this litigation and which have already been produced to the extent that there have been no objections. (Kennedy Reply Aff., ¶ 8).

## POINT II

### OSTENSEN'S CONTENTION THAT THERE IS A POSSIBILITY THAT KENNEDY AND CARTER LEDYARD MAY HAVE TO BE DISQUALIFIED IS COMPLETELY WITHOUT MERIT AND DOES NOT SERVE AS A BASIS FOR ALLOWING THE DEPOSITIONS OF KENNEDY OR CARTER LEDYARD

As emphasized in Point I.B., supra, Kennedy and Carter Ledyard had no involvement with respect to the matters underlying this litigation. Thus, there is no need for Kennedy or Carter Ledyard to testify as fact witnesses in this matter, and it is highly unlikely that Kennedy and Carter Ledyard will have to be disqualified from serving as counsel in this matter. It is well-settled that disqualifying an attorney is a remedy that is "not to be lightly imposed" (Bogan, 152 F.R.D. at 14). Ostensen's contention that there is a possibility that Kennedy and Carter Ledyard

may have to be disqualified is, at best, highly speculative and does not warrant the depositions of Kennedy and Carter Ledyard going forward.

## CONCLUSION

For the foregoing reasons, Kennedy's and Carter Ledyard's motion for a protective order should be granted in its entirety, and the subpoenas should be quashed and/or stayed pending further order of this Court.

Respectfully submitted,

Madeleine F. Grossman
Federal Bar No. ct05987
Frank J. Silvestri, Jr.
Federal Bar No. ct05367
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Non-parties Donald J. Kennedy
and Carter Ledyard & Milburn LLP

100592

# CERTIFICATION

This is to certify that a copy of the foregoing was sent via Fedex on this the 26th day of May, 2005, to the following counsel of record:

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

Charles A. Stewart, III, Esq.
Stewart Occhipinti & Makow, LLP
1350 Broadway, Suite 2220
New York, NY 10018

_____
Madeleine F. Grossman