UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC. :
:
                Plaintiff, :
    v. : Civil Case No.
: 3:02 CV 678 (RNC)
SIRI OSTENSEN, :
:
                Defendant, :
:
    v. : **REPLY AFFIDAVIT OF**
: **DONALD J. KENNEDY**
SCANDINAVIAN MARINE CLAIMS :
OFFICE, INC., SCANDINAVIAN :
UNDERWRITERS AGENCY, SCUA :
AMERICAS, INC., S.M.C.O., A.S., AND :
NORWEGIAN HULL CLUB, :
:
   Counterclaim and Third-Party Defendants. :
---------------------------------------------------------X

STATE OF NEW YORK  )
                          : ss.:
COUNTY OF NEW YORK  )

    Donald J. Kennedy, hereby swears, deposes and says:

    1.    I am a partner at Carter Ledyard & Milburn LLP, trial counsel to the plaintiff, Scandinavian Marine Claims Office, Inc. ("SMCO") and to certain of the Counterclaim Defendants. I submit this affidavit in further support of my and Carter Ledyard & Milburn LLP's ("Carter Ledyard") motion for a protective order with regard

1

to two subpoenas, dated March 31, 2005, served on me and Carter Ledyard, respectively, by counsel for defendant/third party plaintiff, Siri Ostensen ("Ostensen").

2.  The opposition papers submitted by Ostensen contain a number of factual misstatements and omissions, the most egregious of which are corrected herein.

**The Two-Tiered Discovery Approach Agreed To By The Parties**

3.  Ostensen's assertion that she has been "rebuffed" with regard to the discovery requests that she served on March 31, 2005 on plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO") and the Counterclaim Defendants is completely inaccurate. On April 14, 2005, Ostensen's counsel and I had a telephone conversation during which it was agreed that there would be a two-tiered approach regarding written discovery with respect to SMCO, Norwegian Hull Club ("NHC") and SCUA Americas, Inc. ("SCUAA").[1] Specifically, it was agreed that SMCO, NHC, and SCUAA would initially produce documents responsive to the requests propounded by Ostensen that were not completely objected to, and then Ostensen's counsel would review the document production and confer with me regarding any discovery compliance concerns. Ostensen's counsel acknowledged this two-tiered approach to discovery in his letter of April 18, 2005, a copy of which is attached hereto as Exhibit 1.

4.  On May 2, 2005, within 32 days of receiving Ostensen's discovery requests, SMCO produced 1800+ documents responsive to Ostensen's document

---

[1] Neither SCUA Holdings B.V. nor Scandinavian Underwriters Agency is a party to this case, as they have not been served. Also, Scandinavian Marine Claims Office, Inc. AS ("SMCO AS") is no longer a party to this case.

2

requests, and on May 4, 2005, SMCO served its responses to Ostensen's document requests. SMCO's document production consists of minutes of meetings of SMCO's board of directors, documents regarding the various loans extended to SMCO, SMCO's financial statements, and SMCO's tax returns for the period from 1998 to 2001, among other documents. Also, on May 4, 2005, SMCO served extensive responses to Ostensen's interrogatories, a copy of which is attached as Exhibit 2.

5. On May 16, 2005, NHC produced 300+ documents responsive to Ostensen's document requests, and on May 19, 2005, NHC served its responses to Ostensen's interrogatories and document requests. NHC's document production consists of NHC's annual reports and financial statements for the period from 2001 to 2004, minutes of meetings of NHC's board of directors, and various loan documents, among other documents. Also, on May 19, 2005, NHC served extensive responses to Ostensen's interrogatories, a copy of which is attached as Exhibit 3.

6. We expect to serve SCUAA's responses to Ostensen's interrogatories and produce some documents by May 27, 2005.

7. Based on the fact that (1) written discovery and document production is currently ongoing and (2) Ostensen's counsel and I have yet to confer regarding his discovery compliance concerns with regard to SMCO, NHC and SCUAA, Ostensen has failed to establish that the information she seeks by way of the subpoenas served on Carter Ledyard and me is unavailable from the parties or that depositions of Carter Ledyard and me are needed. Indeed, the fact that Ostensen's counsel served subpoenas

on Carter Ledyard and me at the same time that it served discovery demands on SMCO and the Counterclaim Defendants suggests that Ostensen issued the subpoenas for the purpose of submitting Carter Ledyard and me to depositions regardless of whether the information it seeks from Carter Ledyard and me is available from SMCO and the Counterclaim Defendants. Tellingly, Ostensen's counsel has yet to request the deposition of anyone except non-parties including Carter Ledyard and me.

8. The only documents that Carter Ledyard has in connection with the veil piercing issue are documents it obtained from its clients in connection with this litigation and are duplicates of the documents that have been produced to the extent that there have been no objections.

9. Although I have received a number of self-serving letters from Ostensen's counsel with regard to discovery, I have been devoting my attention to responding to Ostensen's discovery requests instead of responding to Ostensen's counsel's letters, and I plan to confer with Ostensen's counsel regarding any remaining discovery concerns he may have.

**The Involvement Of Carter Ledyard And Me As Counsel**

10. As stated in my April 12, 2005 affidavit in support of this motion, neither Carter Ledyard nor I were involved in (1) the issuance of the two Mortgage Notes in favor of SMCO that are the subject of this litigation or (2) the establishment of the so-called Non-Qualified Plan between SMCO and Tom Ostensen, dated June 13, 1995, which is the subject of various counterclaims in this litigation.

11. I served as SMCO's Secretary until approximately April 1991 at which time Tom Ostensen, who became president of SMCO in January, 1991, replaced me. It was not until December 2000 that I was asked if I was available to assist SMCO in connection with its pension plan. Prior to December, 2000, Carter Ledyard never provided legal services to SMCO. To the best of my recollection, during the nine years prior to December 2000, I did not perform any services for SMCO or the Counterclaim Defendants.

### Ostensen's Allegation That SMCO A.S. and NHC Rendered SMCO Without Assets Is Patently False

12. Ostensen's opposition alleges, incorrectly, that SMCO A.S. and NHC "rendered SMCO without assets." (Ostensen Memo at 12). Counsel for Ostensen irresponsibly makes this allegation notwithstanding the fact that documents produced to Ostensen during discovery clearly establish that this allegation is false.

13. In that regard, during SMCO's final year of operations in 2000, SMCO's shareholders made in excess of $2.6 million in financial assistance available to SMCO at SMCO's request. Specifically, (1) a $1,000,000 Overdraft Facility was provided to SMCO in May 2000 (Bates Nos. SM 1135-1194 and NW 331 to NW 336), (2) $1,075,200 was loaned to SMCO in August 2000 by Bergen Hull Club and Unitas (the predecessors of Norwegian Hull Club) (Bates Nos. NW 321 to NW 327), and (3) $600,000 was loaned to SMCO in November 2000 by Bergen Hull Club and Unitas (Bates Nos. NW 327 to NW 330), none of which was repaid by SMCO.

5

14. SMCO's financial statement for the period ending December 31, 2000, a copy of which is annexed hereto as Exhibit 4, shows a negative shareholder's equity of $3,961,011 and net loss of $4,387,906 (Bates Nos. SM 1423 to SM 1435). Thus, there were no assets to transfer when SMCO ceased operating on December 31, 2000.

_____
Donald J. Kennedy

Sworn to before me this
24th day of May, 2005

_____
Notary Public

Carol Antoci
Notary Public, State of New York
No. 01AN6113971
Qualified in Richmond County
Commission Expires, August 9, 2008

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via Fedex on this the 26th day of May, 2005, to the following counsel of record:

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, New York 10005

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

Charles Stewart, III, Esq.
Stewart Occhipinti & Makow, LLP
1350 Broadway, Suite 2220
New York, NY 10018

_____
Madeleine F. Grossman

00081899