# EXHIBIT 1

# SCHLAM STONE & DOLAN LLP

PETER R. SCHLAM
HARVEY M. STONE
RICHARD H. DOLAN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JOHN J.D. McFERRIN-CLANCY
JEFFREY M. EILENDER

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400

TELECOPIER: (212) 344-7677

www.schlamstone.com

JOHN M. LUNDIN
ELIZABETH PRICKETT-MORGAN
LEAH M. CAMPBELL

April 18, 2005

**BY FACSIMILE**

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005

Re: *Scandinavian Marine Claims Office Inc. v. Siri Ostensen*, 3:02 CV 678 (RNC)

Dear Mr. Kennedy:

I am writing to follow-up on our April 14, 2005 telephone call regarding discovery in this action.

For the sake of clarity, I have listed below what seem to me to be the key issues we discussed:

**First**, you informed me that it was your understanding that SCUA Holdings, B.V. had never been served and thus was not a party to the *Killip* action and would not respond to discovery demands. Further, you stated that the parties previously had agreed that the claims against S.M.C.O. A.S. would be dismissed without prejudice. You did not mention the status of Scandinavian Underwriters Agency, but did not list them as one of the parties that would be responding to discovery. Could you please let me know your position regarding its participation in this action?

**Second**, I understood you to take the position that Norwegian Hull Club did not exist prior to January 2001, and thus would provide no discovery relating to activities prior to that date. This does not seem reasonable in light of the fact that Norwegian Hull Club is a successor entity to Bergen Hull Club and Unitas and you have not claimed that those entities were uninvolved in the affairs of the other third-party defendants during the period 1990 to 2001. If Norwegian Hull Club possesses relevant discovery, it must produce it, even if the documents or records were created by Norwegian Hull Club's predecessors, including Bergen Hull Club or Unitas. Further, while I appreciate your explanation of the ownership structure of Norwegian Hull Club, we must continue to press our discovery demands relating to its ownership and management.

Donald J. Kennedy, Esq.
April 18, 2005
Page 2 of 3

   **Third,** you mentioned that you would need additional time to respond to some of Mrs. Ostensen's requests. In general, we are amenable to all reasonable extensions, provided that we are able to complete all discovery in the period set by the Court. Indeed, if you need more time than that, we will not oppose any request you might make to the Court for additional time that you may need. Once you know what you need in terms of an extension, please let me know.

   **Fourth,** you stated that in your view most depositions would take place in Norway. As I told you, we understood Magistrate Judge Martinez to have ordered all party depositions—including the depositions of third-party defendants—to be held in Connecticut. We will not agree to deviate from that guidance (except, obviously, to conduct them in New York City instead of Connecticut), absent some agreement that Mrs. Ostensen be reimbursed for the additional costs—including travel and attorneys' fees—of taking depositions in Norway.

   **Fifth,** we agreed that your clients initially would produce documents that—in your view—would reasonably respond to Mrs. Ostensen's requests to which you did not object *in toto*, notwithstanding that those documents will not respond to all of Mrs. Ostensen's requests as written. You further agreed to specify the topics on which your clients were producing documents so that I could assess, after having reviewed your clients' production, whether it was necessary to press for full compliance with Mrs. Ostensen's document demands. It was agreed that this "two-tiered" approach was without prejudice to your clients' right later to object to Mrs. Ostensen's demands or her right later to move to compel compliance with them.

   **Sixth,** you highlighted for me several of Mrs. Ostensen's requests to which your clients objected to responding.

   **Seventh,** we discussed limiting the scope of the requests seeking information on counsel engaged by your clients. I propose that those requests be limited to counsel that simultaneously represented, was engaged by and/or paid by more than one of the third-party defendants. Thus, we do not seek discovery if the litigation or transaction for which counsel was engaged involved only one of the third-party defendants, even if there were other Norwegian Hull Club affiliates involved.

   For example, if SMCO alone engaged counsel to represent it alone, we do not seek discovery on the engagement. Nor would we seek discovery on, for example, a litigation in which Norwegian Hull Club engaged counsel both for itself and a Japanese affiliate, and in which no other third-party defendant was involved. On the other hand, we would demand discovery regarding situations where, for example, SMCO was a party to an action and Norwegian Hull Club engaged and/or paid SMCO's counsel. Please provide me your thoughts on this proposal—including a counter-proposal, if you have one.

Donald J. Kennedy, Esq.
April 18, 2005
Page 3 of 3

       Similarly, with respect to our demands seeking information regarding claims by other parties that SMCO was their agent (or vice versa), we are willing to exclude from that demand evidence relating to claims stating, in substance, nothing more than that SMCO served as an agent for the other third-party defendants for claims adjusting purposes.

       Please let me know if you believe that I have misremembered our conversation or have left out any significant matters that we discussed.

       Very truly yours,

       John M. Lundin

Copies to:

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, CT 06883

Charles A. Stewart, III Esq.
Stewart Occhipinti & Makow, LLP
1350 Broadway
Suite 2200
New York, N.Y. 10018