**EXHIBIT 3**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------------X
                                    :

SCANDINAVIAN MARINE CLAIMS OFFICE,   :
INC.
                                    :

            Plaintiff,                :
      v.                                 :   Civil Case No.
                                     :   3:02 CV 678 (RNC)
SIRI OSTENSEN,                      :

            Defendant,              :
                                    :   Magistrate Judge Donna F. Martinez
      v.                                 :

SCANDINAVIAN MARINE CLAIMS         :
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA       :
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,               :

  Counterclaim and Third-Party Defendants.  :
----------------------------------------------------------X

**NORWEGIAN HULL CLUB'S RESPONSE TO DEFENDANT/THIRD-PARTY PLAINTIFF SIRI OSTENSEN'S FIRST INTERROGATORIES TO NORWEGIAN HULL CLUB**

      Norwegian Hull Club ("NHC"), by its attorneys Carter Ledyard & Milburn LLP and Levett Rockwood P.C., responds as follows to Defendant/Third-Party Plaintiff Siri Ostensen's First Interrogatories to Norwegian Hull Club.

**GENERAL OBJECTIONS**

      1.    NHC reserves all objections at any hearing or trial or on any motion to the use or admissibility of any information, material or documents identified or disclosed.

1309067.1

1

The identification or disclosure of any information, material or documents does not constitute an admission by NHC that such information, material or documents are relevant to the action or admissible in evidence.

2. Inadvertent reliance on or disclosure of any information, material or documents subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such information, material or documents or their subject matter, or of NHC's rights to object to the use of such information, material or documents during this or any later proceeding.

3. NHC reserves the right to modify, supplement or amend any response hereto.

4. The Interrogatories, as recorded herein, have been quoted in substantially the same form as found in Defendant's First Interrogatories to Norwegian Hull Club, dated March 31, 2005.

5. NHC objects to the Interrogatories to the extent that they seek to impose obligations on NHC beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including but not limited to Local Civil Rule 33.3 of the Southern District of New York.

6. Objection to Definitions: NHC objects to the definitions in paragraphs 2,3,5,6,7,8 and 9.

## SPECIFIC OBJECTIONS

1. NHC objects to this Interrogatory to the extent it is unduly burdensome, oppressive and/or harassing, taking into account the needs of the case and the issues

presented, and/or seeks information that is obtainable from some other source that is more convenient, less burdensome or less expensive.

2. NHC objects to this Interrogatory on the ground that it seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

3. NHC objects to this Interrogatory on the ground that it is overly broad.

4. NHC objects to this Interrogatory on the ground that it is unduly vague, ambiguous and unanswerable as propounded.

5. NHC objects to this Interrogatory on the ground that it seeks the discovery of trade secrets or other confidential, sensitive or proprietary information, and NHC will not respond to this Interrogatory unless and until an appropriate confidentiality order is agreed to by the parties and approved by the Court.

6. NHC objects to this Interrogatory to the extent the discovery sought is unreasonably cumulative or duplicative.

7. NHC objects to this Interrogatory on the ground that the information requested is more appropriately discovered through depositions.

8. NHC objects to this Interrogatory on the ground that it seeks information that is protected from discovery by the attorney-client privilege, the work product doctrine and/or other applicable privilege.

## RESPONSES TO INTERROGATORIES

1. **Interrogatory No. 1**:

   Identify all persons who have, or who have had, an ownership interest in NHC any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all person or entities having an ownership interest in NHC, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

**Response to Interrogatory No. 1:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, NHC was established January 1, 2001 as a continuation of the merged entities Bergen Hull Club and Unitas. NHC is owned and governed by its members who are clients that insure hull and machinery risks with NHC. The ownership in NHC changes as insurance policies are entered into throughout the year. As of December 31, 2004 NHC had 237 members. The members of NHC for 2004 have been produced in response to Request No. 2 of Defendant/Third-Party Plaintiff's First Request for Documents, and marked NW 3 to NW 5.

2. **Interrogatory No. 2:**

   Identify NHC's ownership interest in SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of NHC in each entity at the end of each calendar or fiscal year.

**Response to Interrogatory No. 2:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof:

   a) NHC does not have a direct ownership interest in SCUA, SCUAA or SMCO.

   b) NHC owned two thirds of the shares of SMCO AS as of January 1, 2001.

   c) NHC owned two-thirds of the shares of SCUA Holdings from August 2001 to August 2003.

3. **Interrogatory No. 3:**

   Identify each address or location from which NHC and each affiliate of NHC has operated at any time from January 1, 1990 to the present

**Response to Interrogatory No. 3:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, NHC has the following offices in Norway:

   Bergen
   Olav Kyrrersgt. 11
   P.O. Box 75 Sentrum
   NO-5803 Bergen
   Norway

   Oslo
   Rådhusgaten 25
   P.O. Box 1290 Vika
   NO-0111 Oslo
   Norway

1309067.1

>Krisiansand
>Østre Strandgt. 3
>P.O. Box 489
>NO-4664 Kristiansand
>Norway

4. **Interrogatory No. 4**:

>Identify the members of the board of directors or other similar governing body of NHC at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

**Response to Interrogatory No. 4**: Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, the governing bodies of NHC are the Board of Directors, the Committee, the Supervisory Committee, Election Committee and the General Meeting. The names of the members of the Board of Directors, Committee, the Supervisory Committee and Election Committee are included in the NHC Annual Reports and included in Response to Defendant/Third-Party Plaintiff's First Request for Documents, Request No. 6, and marked as document numbers NW 10 to NW 184.

5. **Interrogatory No. 5**:

>Identify the officers or managers of NHC at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

**Response to Interrogatory No. 5**: Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, the officers of NHC in 2004 were:

>Managing Director - John Wiik
>Claims Director - Jostein Egeland
>Finance Director - Per Gustav Blom
>Business Intelligence Director - Christian Irgens
>Director Oslo - Ole Wikborg

6. **Interrogatory No. 6**:

>Identify all accountants or auditors who have performed work for NHC at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 6:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, KPMG performed work for NHC from 2001 to 2004.

1309067.1

5

7.  **Interrogatory No. 7**:

   Identify all legal counsel who have provided legal advice to NHC at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 7:** Specific Objection Nos. 1-4, 7 and 8. Subject to the foregoing objections and without waiver thereof, NHC is an insurance company and is involved with claims settlements with the assistance of counsel in various jurisdictions throughout the world. The following counsel have provided legal advice to NHC:

Wikborg, Rein & Co.
Kronprinsesse Märthas plass 1
P.O. Box 1513 Vika
NO – 0117 Oslo
Norway

Carter Ledyard & Milburn LLP
Two Wall Street
New York, New York 10005

Advokatfirma Bahr
Stranden 1
P.O. Box 1524 Vika
NO – 0117 Oslo
Norway

Levett Rockwood P.C.
33 Riverside Avenue
Westport, Connecticut 06880

Advikatfirma Harris
Dreggsalmenning 10/12
P.O. Box 4115 Dreggen
5835 Bergen
Norway

8.  **Interrogatory No. 8**:

   List all funds or other assets transferred between or among SMCO, on the one hand, and NHC; SCUA, SCUAA, SCUA Holdings or SMCO A.S. on the other, at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 8:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, NHC is an insurance company and in connection with the claims settlement process makes various payments in settlement of claims. See NHC's Response to Defendant/Third-Party Plaintiff's First Request For Documents, Request No. 10.

9.  **Interrogatory No. 9**:

   Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

1309067.1

**Response to Interrogatory No. 9:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, upon information and belief, the most knowledgeable persons with regard to this Interrogatory prior to January 1, 2001 are:

| | |
|---|---|
| Robert Jones | Treasurer, SMCO<br>1991 to May 2000 |
| Håvar Poulsson -<br>Managing Director<br>Assuranceforeninngen Skulds<br>Oslo, Norway | Chairman, SMCO<br>June 1991 to June 1995 |
| Jan Lunde<br>Unitas Gjensiderig Assuranceforening<br>Oslo, Norway | Chairman, SMCO<br>July 1995 to March 1997 |
| Arne Selvik<br>Bergen, Norway | Chairman, SMCO<br>April 1997 to December 2000 |
| Erik Kappelin | Acting President, SMCO<br>June 2000 |

10. **Interrogatory No. 10:**

    List all assets and obligations of NHC, including real property, chattel, securities, or pledges.

    **Response to Interrogatory No. 10:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, see NHC's Annual Reports for 2001, 2002, 2003 and 2004 included in NHC's Response to Defendant/Third-Party Plaintiff's First Request for Documents, Request No. 6, and marked as documents NW 10 to NW 184.

11. **Interrogatory No. 11:**

    Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

    **Response to Interrogatory No. 11:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, NHC has not assumed any obligation of SMCO. NHC is a 2/3 shareholder of SMCO AS and together with the other shareholder has assisted in the orderly winding down of SMCO. NHC together with the other

shareholder has funded the shortfall or underfunding in the SMCO Qualified Pension Plan. See also document NW 19.

12. **Interrogatory No. 12:**

   Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

   **Response to Interrogatory No .12:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, NHC did not assume any obligations of SMCO. The persons knowledgeable are:

   Robert Jones
   Håvar Poulsson
   Arne Selvik

   Per Gustav Blom
   Norwegian Hull Club
   Bergen, Norway

13. **Interrogatory No. 13:**

   Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

   **Response to Interrogatory No. 13:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, none of the obligations of NHC have been assumed by SMCO.

14. **Interrogatory No. 14:**

   Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

   **Response to Interrogatory No. 14:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, SMCO has not assumed any obligations of NHC. The persons most knowledgeable are:

   Robert Jones - Treasurer of SMCO

   Arne Selvik

1309067.1

8

>Kjetil Eivindstad
>Gard Services
>
>Per Gustav Blom - Financial Director
>Norwegian Hull Club
>Bergen, Norway

15. **Interrogatory No. 15**:

    Identify when NHC first learned of the existence and terms of the Non-Qualified Plan, including the identity of the NHC employees who first learned of the Non-Qualified Plan.

**Response to Interrogatory No. 15:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, the NHC was established on January 1, 2001 as a continuation of the Bergen Hull Club. The Bergen Hull Club first learned of the existence of Non-Qualified Plan after Karl Hystad, an employee of Bergen Hull Club, became a member of the SMCO Board of Directors in 1997.

16. **Interrogatory No. 16**:

    Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of the information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

**Response to Interrogatory No. 16:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, there was no obligation for SMCO to enter into any funding arrangement to provide benefits under Non-Qualified Plan. The individuals most knowledgeable about it are:

> Robert Jones
> Kevin Sweeney
> Håvar Poulsson
> Arne Selvik
> Erik Kappelin

Dated: May 19, 2005

CARTER LEDYARD & MILBURN LLP

By: _____
Donald J. Kennedy
Federal Bar No. ct23620
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Madeleine F. Grossman
Federal Bar No. ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

1309067.1

10

## VERIFICATION

PER GUSTAV BLOM, being Financial Director of Norwegian Hull Club, a legal entity organized under the laws of the Kingdom of Norway and a Counterclaim and Third-Party Defendant herein; verifies that he has read the foregoing Responses to Interrogatories and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

I declare, verify, under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 19, 2005

_____
PER GUSTAV BLOM

1309067.1

11