UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>*Plaintiff,*<br><br>- against -<br><br>SIRI OSTENSEN,<br><br>*Defendant,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>*Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC) (DFM)<br><br>**MEMORANDUM OF LAW IN OPPOSITION TO SMCO'S MOTION FOR CLARIFICATION OR FOR PROTECTIVE ORDER**<br><br>June 16, 2005 |

Defendant Siri Ostensen ("Mrs. Ostensen"), in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen (Mr. Ostensen's estate has been substituted as a party in this action), by her undersigned counsel, submits this memorandum of law, along with the Declaration of John M. Lundin, and the exhibits attached thereto, in opposition to the motion by Plaintiff/Third-Party Defendant Scandinavian Marine Claims Office, Inc. ("SMCO") for clarification of the Court's March 17, 2005 Scheduling Order or, in the alternative, for a protective order limiting the scope of discovery.

**Preliminary Statement**

Mrs. Ostensen opposes SMCO's motion to the extent SMCO seeks to limit the scope of discovery without limiting the issues that the Court will decide at the end of discovery.

SMCO wants to limit the scope of discovery that Mrs. Ostensen can take to a

single issue: "veil piercing." However, at the same time SMCO wants to leave the scope of the issues on which SMCO will seek a decision from the Court unlimited. Indeed, SMCO already has informed the Court of its intention to seek summary judgment on its claims relating to two promissory notes (the "Notes") that Mrs. Ostensen and her late husband, Tom Ostensen, signed. However, the order SMCO seeks would prevent Mrs. Ostensen from taking discovery relating to those notes and her defenses to them.

SMCO's request is patently improper. Indeed, in light of SMCO's refusal to agree that the scope of discovery and the issues to be decided by the Court at the end of such discovery must be congruent, Mrs. Ostensen respectfully suggests that SMCO's sole purpose for bringing this motion was to delay discovery and improperly to impose additional litigation expenses on Mrs. Ostensen.

## Argument

SMCO's motion should be denied for a number of reasons, including the following:

**First**, the Scheduling Order is unambiguous. At the March 3, 2005 mediation, the parties discussed with the Court the scope of discovery. However, the Court did not announce a decision on the scope of discovery and the Scheduling Order does not limit the scope of discovery in any way. (Amended Scheduling Order Regarding Case Management Plan (the "Scheduling Order") at 1, attached as Exhibit 1 to the Declaration of John M. Lundin ("Lundin Decl.") ("**All** discovery, including all discovery relating to expert witnesses, will be completed (not propounded) by September 30, 2005.") (emphasis added).) For that reason, SMCO's claim that the Scheduling Order is ambiguous simply is not true. And for that reason, Mrs. Ostensen has sought discovery on all matters that must be decided by the Court.

2

**Second**, SMCO wants to have its cake and eat it too. SMCO wants to limit discovery to the question of whether the other Third-Party Defendants in this action (the "Other Related Other Companies") should be parties to the arbitration regarding SMCO's obligations to the Ostensens under its non-qualified pension plan (the "Non-Qualified Plan"), yet at the same time seek a decision from the Court on claims that would not be the subject of discovery if SMCO has its way.

SMCO seeks to have discovery limited to what it describes as "veil piercing discovery." (Affidavit of Donald J. Kennedy ("Kennedy Aff.") ¶ 13.) However, at the same time SMCO has stated its intention of moving for summary judgment on its claim relating to the Notes. (Letter from Kennedy to the Court of 3/29/05, Lundin Decl. Ex. 2; Joint Status Report dated June 10, 2005 ¶ 12, Lundin Decl. Ex. 3.) This is improper and unfair.

Mrs. Ostensen is entitled to discover all evidence that is "relevant to the claim[s] or defense[s] of" the parties. Fed. R. Civ. P. 26(b)(1). If SMCO and the Related Other Companies want to seek judgment on their claim related to the Notes, Mrs. Ostensen must have an opportunity to have discovery regarding the Notes and her defenses to them, including set off. As noted in Mrs. Ostensen's letter to the Court regarding SMCO's intended motion, before such a motion could be decided, Mrs. Ostensen is entitled to discovery regarding not just the Notes, but also Mrs. Ostensen's defenses and counterclaims against both SMCO and the Related Other Companies, including:

- SMCO's obligations to Mrs. Ostensen under the Non-Qualified Plan;
- Whether Mr. and Mrs. Ostensen were fraudulently induced to sign the Notes;
- The liability of the Other Related Companies for SMCO's obligations under the Non-Qualified Plan under any of the theories set forth in *Thompson-CSF*;

- The obligations of the Other Related Companies to indemnify Mrs. Ostensen for any liability to SMCO; and

- The obligations of SMCO and the Other Related Companies under Mrs. Ostensen's other counterclaims.

(Letter from Lundin to the Court of 4/7/05, Lundin Decl. Ex. 4.)

On the other hand, if the current discovery period is to be limited to the issue of whether the Other Related Companies should be made parties to the arbitration between SMCO and Mrs. Ostensen, then that is the **only** issue that the Court should decide at the end of the current discovery period. Indeed, when SMCO asked whether Mrs. Ostensen would consent to SMCO's motion, Mrs. Ostensen agreed not to oppose the motion, provided that it was agreed that the scope of discovery would match the scope of the issues that the Court would decide. (E-mail from Lundin to Kennedy of 5/19/05, Lundin Decl. Ex. 5.) SMCO refused. (E-mail from Kennedy to Lundin of 5/19/05, Lundin Decl. Ex. 5.)

**Third**, SMCO's description of the issues that must be decided prior to the arbitration is misleading.

By a Report and Recommendation dated September 5, 2003, the Court interpreted the arbitration provision in Paragraph 6.4 of the Non-Qualified Plan broadly, requiring Mrs. Ostensen to arbitrate almost all of her counterclaims against SMCO. Further, because the Other Related Companies are liable for, among other things, SMCO's obligations under the Non-Qualified Plan under alter-ego or agency principles, they also should be parties to the arbitration.

The bases on which the Other Related Companies may be compelled to submit to arbitration related to the Non-Qualified Plan are set forth in *Thompson-CSF, S.A. v. American Arbitration Association*, 64 F.3d 773, 776 (2d Cir. 1995) (Under the Federal Arbitration Act, non-signatory parties may be bound to an arbitration agreement if so dictated by "ordinary

4

principles of contract and agency," including, inter alia, the piercing of the corporate veil.). Thus, "piercing the corporate veil" is but one of several theories regarding which Mrs. Ostensen is entitled to—and intends to—seek discovery.

**Fourth**, even if discovery is to be limited to the issue of whether the Other Related Companies should be made parties to the arbitration between SMCO and Mrs. Ostensen, SMCO's motion seeks improperly to deny Mrs. Ostensen access to relevant discovery.

SMCO seeks a protective order to relieve it from its obligation to respond to Mrs. Ostensen's Second Request for Documents to Plaintiff and Third-Party Defendants (the "Second Document Demand"). However, almost all of the documents sought in that request relate to the issue of whether the Other Related Companies should be made parties to the arbitration between SMCO and Mrs. Ostensen. (Second Document Demand, Lundin Decl. Ex. 6.)

The Second Document Demand sought evidence regarding the Related Other Companies' assumption of SMCO's obligations under the Non-Qualified Plan, (*see* Second Document Demand, Request Nos. 3 and 15), SMCO A.S.'s and NHC's domination of SMCO and their role in the disposition of its assets, (*see id.* Request Nos. 5-13), and SMCO's finances, (*see id.* Request No. 14). All of those topics relate to the issue of whether the Other Related Companies should be made parties to the arbitration between SMCO and Mrs. Ostensen, and thus are proper subjects for discovery, even as SMCO claims to conceive it. Similarly, SMCO seeks to relieve third parties Oppenheimer & Co. and the Benefits Practice from their obligation to respond to Mrs. Ostensen's subpoenas to them, even though some of that discovery relates to the Non-Qualified Plan.[1] (*See, e.g.*, Subpoena in a Civil Case to The Benefits Practice, Request

---

[1] Significantly, neither Oppenheimer & Co. nor the Benefits Practice have objected to Mrs. Ostensen's subpoenas nor sought relief from the Court regarding them.

Nos. 4 and 7, Lundin Decl. Ex. 7; Subpoena in a Civil Case to Oppenheimer & Co., Request Nos. 4 and 7, Lundin Decl. Ex. 8.)

## Conclusion

For the reasons set forth above, Mrs. Ostensen respectfully requests that the Court deny SMCO's motion for clarification of the Court's March 17, 2005 Scheduling Order or, in the alternative, for a protective order limiting the scope of discovery.

Dated: New York, New York
June 16, 2005

Jeffrey M. Eilender (Bar No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*