UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

                Plaintiff,

v.

SIRI OSTENSEN,

                Defendant,

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,

        Counterclaim and Third-Party Defendants.

------------------------------------------------------------X

Civil Case No.
3:02 CV 678 (RNC)

Magistrate Judge Donna F. Martinez

June 21, 2005

**REPLY MEMORANDUM IN SUPPORT OF SMCO'S MOTION FOR CLARIFICATION OR FOR PROTECTIVE ORDER**

This Reply Memorandum is submitted in reply to Siri Ostensen's Opposition to SMCO's Motion for Clarification or for Protective Order and in Support of SMCO's Motion for Clarification of this Court's Amended Scheduling Order Relating to Case Management dated March 17, 2005 or alternatively for a protective order.

There is one issue before the Court on SMCO's motion for Clarification of the Court's March 17, 2005 Scheduling Order: In view of the September 30, 2005 discovery completion date, is discovery to be limited to "veil piercing" discovery? We submit the

1317342.1

answer is yes because counsel for the parties recognized at the March 17th Scheduling Conference that the veil piercing issue may be dispositive of the case. In the event the veil piercing issue is not dispositive of the case there would be additional discovery and another discovery completion date.

Counsel for Ostensen in their opposition papers raise a 'red herring' and argue that SMCO seeks to limit Ostensen's scope of discovery. That is not correct. SMCO seeks to clarify the sequence of discovery not the scope of discovery. SMCO's position was made known to counsel for Ostensen in a short and crystal clear email dated May 19, 2005 at 12:39 p.m. (Lundin Decl, Ex 5).

To further becloud the issues, counsel for Ostensen argues "the order SMCO seeks would prevent Mrs. Ostensen from taking discovery relating to those notes and her defenses to them" (Ostensen Memo in Opposition, pg 2). That is not correct. There was a pre-filing conference about SMCO's intended motion for summary judgment for default on two Mortgage Notes in the face amount of $305,000 plus interest. We are awaiting the Court's follow-up from the conference. After SMCO's motion is made and assuming it is opposed, any issues relating to the appropriateness and/or the scope of discovery about the Mortgage Notes and Ostensen's defenses can be addressed at that time.

Accordingly, we respectfully request that this Court clarify the Scheduling Order to specifically provide (a) that discovery from Counterclaim and Third-Party Defendants is limited to veil piercing discovery and (b) the September 30, 2005 Discovery Deadline in this Court's Scheduling Order applies only to veil piercing discovery subject to further

1317342.1

order of the Court. Alternatively, we request that the subpoenas served on the Benefits Practice and Oppenheimer & Co. and Defendants' Second Document Request be stayed pending determination of the veil piercing issue.

Dated: June 21, 2005
     New York, New York

                         Respectfully submitted,

                         Donald J. Kennedy
                         Federal Bar No. ct23620

CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

                  and

Madeleine F. Grossman
Federal Bar No. ct05987
Frank J. Silvestri, Jr.
Federal Bar No. ct05367

LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

## CERTIFICATION

This is to certify that a copy of the foregoing Reply Memorandum in Support of SMCO's Motion For Clarification or for Protective Order was sent via Federal Express on this 21st day of June, 2005 to the following counsel of record and companies:

Madeleine F. Grossman, Esq.
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Westport, Connecticut 06881

Jeffrey M. Eilender, Esq.
Schlam Stone & Dolan
26 Broadway, 19th Floor
New York, New York 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
P.O. Box 1098
Weston, CT 06883

Charles A. Stewart, III, Esq.
Stewart Occhipinti & Makow, LLP
1350 Broadway, Suite 2220
New York, New York 10018

The Benefits Practice
250 East Hartsdale Avenue
Suite 38
Hartsdale, New York 10530

Oppenheimer & Co.
200 Park Avenue
New York, New York 10166

_____
Donald J. Kennedy

1317429.1