UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.<br><br>Plaintiff,<br><br>v.<br><br>SIRI OSTENSEN,<br><br>Defendant,<br><br>v.<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>Counterclaim and Third-Party Defendants. | Civil Case No.<br>3:02 CV 678 (RNC)<br><br>Magistrate Judge Donna F. Martinez<br><br>JUNE 28, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF SMCO AS's MOTION TO DISMISS THE CLAIMS AGAINST IT FOR LACK OF PERSONAL JURISDICTION**

Scandinavian Marine Claims Office AS ("SMCO AS") submits this memorandum of law in support of its motion to dismiss the defendants' third-party claims against SMCO AS, alleged in the "Counterclaim," dated November 7, 2002.[1] SMCO AS moves to dismiss pursuant to Federal

[1] The pleading in question was improperly labeled as merely a "Counterclaim," as theclaims against SMCO AS are actually third-party claims, and SMCO AS is a third-party defendant. SMCO AS will refer to the claims against it specifically as the Third-Party Claims, but will refer to the entire pleading in question as the Counterclaim, aslabeled by Defendant.

Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks jurisdiction over SMCO AS because SMCO AS does not have the requisite contacts with Connecticut or the United States, the exercise of jurisdiction over SMCO AS would not comport with constitutional due process requirements, and the actions of the plaintiff, Scandinavian Marine Claims Office, Inc. ("SMCO"), cannot be imputed to SMCO AS to establish jurisdiction.

**PRELIMINARY STATEMENT**

On April 17, 2002, SMCO filed a complaint against the defendants Tom Ostensen and Siri Ostensen (collectively the "Ostensens") seeking repayment of $305,000 plus interest owing under two promissory notes they signed. In their answer to the complaint, the Ostensens admitted signing the notes and admitted that the notes have not been fully repaid. See Answer, Affirmative Defenses and Counterclaim which the Ostensens filed on or about June 18, 2002. The Ostensens also asserted a counterclaim against SMCO asserting the following eight causes of action: (1) violation of the Employment Retirement Income Security Act ("ERISA"); (2) breach of an agreement between Tom Ostensen and SMCO, dated June 13, 1995, which allegedly provides Tom Ostensen with certain retirement benefits (the "Non-Qualified Plan"); (3) detrimental reliance on SMCO's alleged representations regarding Tom Ostensen's pension benefits; (4) fraud based on SMCO's alleged representations; 5) violation of the Connecticut Unfair Trade Practices Act based on SMCO's alleged representations; 6) declaratory judgment declaring SMCO liable for pension benefits allegedly due Tom Ostensen in the future; 7) violation of the Connecticut Wage and Hour Laws; and 8) intentional infliction of emotional distress.

On November 7, 2002, the Ostensens filed a Counterclaim against SMCO, and added SMCO AS (the parent company of SMCO), Scua Americas, Inc. ("SCUA") and Norwegian Hull Club ("NHC") as additional third-party defendants to the Counterclaim. The Counterclaim is attached as Exhibit 1 to the accompanying Declaration of Torleiv Aaslestad dated June 23, 2005 ("Aaslestad Decl."). In the November Counterclaim, the Ostensens added the third-party defendants to certain of the eight causes of action alleged in the June Counterclaim and added the following five causes of action: 1) fraudulent transfer of assets from SMCO to SMCO AS, SCUA and NHC; 2) intentional interference with contract by SMCO AS, SCUA and NHC; 3) successor liability against SCUA; 4) operation of an insolvent company against SMCO AS and NHC; and 5) a veil piercing claim on an alter ego theory against SMCO AS, SCUA and NHC.

SMCO AS, a Norwegian corporation, was served outside of the United States in February 2003 [doc. #48]. Counsel agreed that SMCO AS would be dismissed from the case without prejudice [Joint Status Report dated August 1, 2003 doc. #61; Aaslestad Decl. Ex. 2]. However, the most recent Joint Status Report, dated June 10, 2005, counsel for the Ostensens took the position that the defendant "does not intend to dismiss SMCO AS" [Aaslestad Decl. Ex. 3].

The Ostensens assert that the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question), 29 U.S.C. §§ 1001, et seq. (ERISA), 28 U.S.C. § 1332 (diversity of citizenship), Fed. R. Civ. P. 13 (joinder of additional parties on counterclaims) and 28 U.S.C. § 1367(a) (supplemental jurisdiction) (Counterclaim ¶¶ 6-7). The Ostensens assert personal jurisdiction as to SMCO AS alleging, incorrectly, that it maintains offices in the United States, that it "controlled" SMCO and that it now controls SCUA (Id. ¶ 4).

This Court, however, does not have personal jurisdiction of SMCO AS. SMCO AS is neither registered to do nor has it ever conducted business in Connecticut or in the United States. It has no offices, employees or agents for service of process in Connecticut or in the United States. It also does not own property in Connecticut or in the United States, have any bank accounts in Connecticut or in the United States, or advertise in Connecticut or in the United States. [Aaslestad Decl.]. Accordingly, SMCO AS does not have the minimum contacts with Connecticut or the United States that are required by constitutional due process.

By way of their Counterclaim, the Ostensens seek to establish jurisdiction over SMCO AS based on their conclusory allegation that SMCO AS "exercised complete domination and control over the finances, policy and business practices of SMCO so that SMCO was a mere instrumentality" of SMCO AS [Counterclaim ¶¶ 86-87, Aaslestad Decl. Ex.1]. As explained below, the naked allegation that one corporation is the "mere instrumentality" of another is insufficient to establish personal jurisdiction.

Moreover, contrary to the Ostensens' conclusory allegations, SMCO is not a "mere instrumentality" of SMCO AS. SMCO AS is a Norwegian holding company. It is the parent company of SMCO as well as a subsidiary in Florida. SMCO AS's subsidiaries control their own day-to-day operations. [Aaslestad Decl.]. SMCO, which was organized under the laws of New York, had its own officers, bank accounts, financial statements and tax returns. [Aaslestad Decl., ¶15.]

Aside from their conclusory and incorrect allegation of control, the Ostensens have provided no basis for piercing the corporate veil of SMCO and no basis on which this Court can exercise jurisdiction of SMCO AS.

## ARGUMENT

The plaintiff bears the burden of proof on a motion to dismiss for lack of personal jurisdiction Metropolitan Life Insurance Company v. Robertson – Ceco Corporation, 84 F. 3d 560, 566 (2d Cir. 1996), cert. denied, 519 U.S. 1006 (1996); American Wholesalers Underwriting, Ltd. v. American Wholesale Insurance Group, Inc., 312 F. Supp. 2d 247, 251 (D. Conn. 2004).

A motion to dismiss for lack of personal jurisdiction often is a test of the claimant's actual proof. Bowman v. Grolsche Bierbroywerij B.V., 474 F. Supp. 725, 728 (D. Conn. 1979). The party asserting personal jurisdiction must allege specific facts, not mere conclusions, in support of the exercise of personal jurisdiction. The district court will consider affidavits and supporting materials and will deny the motion only where the party opposing the motion can establish at least a prima facie showing sufficient to justify the exercise of personal jurisdiction. Id.; Savage v. Scripto-Tokai Corp., 147 F. Supp. 2d 86, 88 (D. Conn. 2001).

The Ostensens have not pled and cannot prove the facts necessary to meet the burden of establishing personal jurisdiction over SMCO AS. To meet that burden, the Ostensens first must show that SMCO AS is amenable to service of process; they then must show that the assertion of jurisdiction over SMCO AS comports with constitutional due process requirements. Since the Ostensens clearly cannot meet these burdens, they must resort to "piercing the veil" between SMCO, which does not contest jurisdiction, and its shareholder, SMCO AS. Under well-established law governing piercing the veil for jurisdictional purposes, however, the Ostensens cannot meet this burden either. Accordingly, the motion to dismiss should be granted.

## I. There Is No Direct Personal Jurisdiction of SMCO AS.

The Ostensens purport to assert both federal question jurisdiction, presumably on the basis of their ERISA claims, and diversity jurisdiction. The Counterclaim, however, does not state an ERISA claim against SMCO AS. The ERISA claim is addressed to SMCO.

Even if there were an ERISA claim against SMCO AS, however, this Court would not have personal jurisdiction with respect to that claim. SMCO AS was served in Norway. With regard to jurisdiction over any federal question claims, Fed. R. Civ. P. 4(K) governs extraterritorial service. Pursuant to Rule 4(K), service would only be sufficient to establish personal jurisdiction in this Court for federal question claims if SMCO could be subject to jurisdiction in the courts of Connecticut, the state where this district court is located (Fed. R. Civ. P. 4(k)(1)(A)); or if no state court could exercise jurisdiction but the exercise of jurisdiction is consistent with the Constitution and laws of the United States (Fed. R. Civ. P. 4 (K)(2)).[2] In either case, the Ostensens also must prove that the exercise of personal jurisdiction would be constitutional. Well-established law holds that the due process clauses of the Fifth and Fourteenth Amendments limit the power of a forum to assert personal jurisdiction over a nonresident. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

To assert personal jurisdiction of SMCO AS with respect to claims asserted pursuant to the Court's diversity jurisdiction, the Ostensens must have served SMCO AS in accordance with the Connecticut long arm statute and constitutional requirements.

> In a diversity action the federal court must apply the state standards for determining a defendant's amenability to service of process, so long as those standards are not inconsistent with constitutional due process requirements.

---

[2] Rule 4 (K)(1)(D) is not applicable, because the ERISA statutes provide only for nationwide not worldwide service and, therefore, no federal statute authorizes the service in Norway.

McPherson v. Penn Central Transportation Co., 390 F. Supp. 943, 948 (D. Conn. 1975) (citing Arrowsmith v. United Press International, 320 F. 2d 219 (2d Cir. 1963).

Accordingly, meeting the constitutional due process requirement is a sine qua non for establishing personal jurisdiction. For federal question jurisdiction, the due process constitutional limitations on the exercise of personal jurisdiction arise from the Fifth Amendment and for diversity jurisdiction from the Fourteenth Amendment. See Advisory Committee Notes to 1993 Amendments, Rule 4(K). The due process analysis under the Fifth Amendment looks to a party's contacts with the United States, while the Fourteenth Amendment analysis focuses on the contacts with the forum state. See Wright & Miller, Federal Practice and Procedure: Civil 3d § 1068.1. Except for this difference, the due process analysis is basically the same under the Fifth and Fourteenth Amendments. Chew v. Dietrich, 143 F. 3d 24, 28 n. 4 (2d Cir. 1998), cert. denied 525 U.S. 948 (1998).

The due process requirements have been well-established by International Shoe Co. v. Washington, supra, and its progeny. A forum may only exercise personal jurisdiction over a nonresident with whom it has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940) and International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The Ostensens must first show that their claim arises out of SMCO AS's contacts with the forum; that SMCO AS purposefully availed itself of the privilege of doing business in the forum and could foresee being "haled into court" there. If the Ostensens satisfy these requirements, they then must show that the assertion of jurisdiction comports with traditional notions of fair play and substantial justice. Chew v.

Dietrich, supra, at p. 28, quoting Chaiken v. VV Pub. Corp., 119 F. 3d. 1018, 1027 (2d Cir. 1997).

This case does not require a close analysis of the nature of the contacts between SMCO AS and Connecticut or the United States, or of whether those contacts are sufficient to establish personal jurisdiction, because there simply are no such relevant contacts. See Aalestad Decl. Except for ownership of U.S. subsidiaries, SMCO AS has basically no contact with the United States or Connecticut. And mere ownership of a subsidiary in the forum does not subject the parent to personal jurisdiction. Savage v. Scripto-Tokai Corp., 147 F. Supp. 2d 86, 93 (D. Conn 2001). This principle is well-established.

> We join other courts in finding that stock ownership in or affiliation with a corporation, without more, is not a sufficient minimum contact.

Central State, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corporation, 230 F. 3d 934, 943 (7th Cir. 2000) (collecting cases), cert. denied 532 U.S. 943 (2001).

Since asserting jurisdiction in this case would not meet the constitutional test, it is not necessary to consider the specifics of the Connecticut long arm statute. In any event, that statute would not help the Ostensens. It provides that a foreign corporation is subject to suit on any cause of action arising: (1) out of any contract made or to be performed in the state; (2) out of any business solicited in the state by mail or otherwise if the corporation has repeatedly solicited business; (3) out of the production, manufacture or distribution of goods by the corporation in certain circumstances; or (4) out of tortious conduct in the state. Conn. Gen. Stat. § 33-929(f). It does not extend jurisdiction to the full extent permissible under the due process clause. Savage

v. Scripto-Tokai, supra, 147 F. Supp. 2d at 91. The Counterclaim does not include sufficient allegations concerning SMCO AS to justify Connecticut long arm service.

Therefore, the Ostensens cannot establish direct jurisdiction over SMCO AS. If there is jurisdiction, it must be based on somehow piercing SMCO's corporate veil to reach its shareholder, SMCO AS. As the following section of this memorandum demonstrates, the Ostensens have not provided any basis for piercing the veil.

## II. There Is No Personal Jurisdiction of SMCO AS Under A Veil-Piercing Theory

The law on veil piercing in a jurisdictional context is distinct from and narrower than the law on veil piercing to establish liability. The leading case on piercing to assert jurisdiction is Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333 (1925). That case concerned an attempt to assert personal jurisdiction over a Maine corporation in a North Carolina court on the basis that the defendant was doing business in the state through a wholly-owned subsidiary.

The Supreme Court found that the parent owned the entire capital stock of the subsidiary, dominated it, and exerted control both commercially and financially. The court also found, however, that the subsidiary was a distinct corporate entity, which kept separate books and maintained corporate separation.

In these circumstances the Supreme Court held that it would be inappropriate to subject the parent to the jurisdiction of North Carolina because it had chosen to do business in the state through a subsidiary.

> The corporate separation, though perhaps merely formal, was real. It was not pure fiction.

267 U.S. at 336-37.

Thus, Cannon stands for the proposition that, for jurisdictional purposes, the veil between parent and subsidiary will not be pierced, so long as the corporate formalities are observed.

Cannon remains the controlling law in this court. In McPheron v. Penn Central Transportation Co., 390 F. Supp. 943 (D. Conn. 1975), the court refused to pierce a corporate veil for jurisdictional purposes citing Cannon. The court noted that the parent not only owned all of the subsidiary's stock but also occupied the same offices, shared officers and controlled the subsidiary's board. The Court held that "these facts alone are not sufficient; there is no evidence of confusion of books, records or accounts nor any other similar indication that the formalities of separate corporate existence were ignored by either parent or subsidiary." 390 F. Supp. at 956. See also Savage v. Scripto-Tokai, 147 F. Supp. 2d 86, 93 (D. Conn. 2001) (parent is not subject to jurisdiction on basis of subsidiary's presence in forum, even when separation between parent and subsidiary is merely formal as long as it is real.)

The issues involved in piercing a corporate veil for jurisdictional purposes are not the same as those considered when piercing to establish liability. The jurisdictional consideration raises constitutional due process issues. As the court noted in McPheron, supra, cases concerning substantive rights have no application to the question of whether the corporate entity may be ignored for purposes of jurisdiction. 390 F. Supp. at 953.

There is absolutely no basis for any claim that SMCO AS and SMCO did not observe the requirements of corporate separateness. SMCO controlled its own day to day activities, had its own officers, maintained separate books and records and filed its own tax returns. These were separate and distinct entities.

In this case the reasons for refusing to ignore the formal separateness of SMCO AS are particularly cogent. SMCO AS is a Norwegian company. Norwegian law does not recognize a doctrine of piercing the corporate veil, but only holds limited liability companies responsible for their own tortious acts. See Declaration of Jorgen Lund dated June 24, 2005, which accompanies this memorandum. Accordingly, SMCO AS could hardly have anticipated being "haled" into a Connecticut court in a suit by the former president of a subsidiary asserting rights to a pension from the subsidiary.

## CONCLUSION

For the foregoing reasons, the motion of SMCO AS to dismiss should be granted.

SCANDINAVIAN MARINE CLAIMS OFFICE, AS

By: ______________________________

Donald J. Kennedy
Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Madeleine F. Grossman
Federal Bar No. ct05987
Frank J. Silvestri, Jr.
Federal Bar No. ct05367
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Scandinavian Claim Office, AS

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent on this the 28th day of June, 2005, to the following counsel of record:

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

Donald J. Kennedy