UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------- X

SCANDINAVIAN MARINE CLAIMS OFFICE.
INC.

                  Plaintiff,

        v.

SIRI OSTENSEN.

                  Defendant,

        v.

SCANDINAVIAN MARINE CLAIMS
OFFICE. INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS. INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

   Counterclaim and Third-Party Defendants.

------------------------------------------------------- X

Civil Case No.
3:02 CV 678 (RNC)


Magistrate Judge Donna F. Martinez


DECLARATION OF TORLEIV AASLESTAD IN SUPPORT OF
SCANDINAVIAN MARINE CLAIMS OFFICE AS's
MOTION TO DISMISS THE COUNTERCLAIM OF TOM AND SIRI OSTENSEN

INTRODUCTION

      TORLEIV AASLESTAD declares under the penalty of perjury that the following is

true and correct:

          1.      I am the Chairman of the Board of Directors of Scandinavian Marine Claims

Office AS ("SMCO AS"), a Norwegian corporation. and I submit this declaration in support of

1317101.1



SMCO AS's motion to dismiss the Counterclaim of Tom and Siri Ostensen (collectively the "Ostensens") on the ground that the Court lacks personal jurisdiction over SMCO AS. I am a resident of Oslo, Norway and I am personally familiar with the facts and circumstances set forth herein.

2.    SMCO AS was served in Bergen, Norway on February, 2003 with the Ostensens' Counterclaim, dated November 7, 2002 (Exhibit 1). I was Chairman of SMCO AS at that time. It was my understanding that counsel for the Ostensens agreed to dismiss SMCO AS from the case without prejudice and that agreement was reflected in a Joint Status Report, paragraph 7, dated August 1, 2003 which was submitted to the Court (Exhibit 2). In the most recent Joint Status Report dated June 10, 2005, counsel for the Ostensens takes the position that they "do not intend to dismiss SMCO AS" (Exhibit 3). Accordingly, SMCO AS is moving at this time to dismiss the Counterclaim, dated November 7, 2002.

### Scandinavian Marine Claims Office, AS

3.    SMCO AS is a holding company organized under the laws of Norway with a principal place of business in Norway. In February, 2003, when it was served in this action SMCO AS was owned two-thirds by Norwegian Hull Club ("NHC") which has a principal place of business in Bergen, Norway, and one-third by Gard AS, which has a principal place of business in Arendal, Norway.

4.    SMCO AS is not doing or transacting business in Connecticut or the United States and is not registered to do business in Connecticut or the United States.

1317101.1                                        2



5.    SMCO AS does not have an agent appointed for service of process in Connecticut or in the United States, nor has it appointed any of its subsidiaries or any other entity in Connecticut or the United States as an agent for service of process.

6.    SMCO AS does not have an office in Connecticut or the United States.

7.    SMCO AS does not have employees located in Connecticut or in the United States.

8.    SMCO AS does not own property in Connecticut or in the United States or have any bank accounts in Connecticut on the United States.

9.    SMCO AS does not advertise in Connecticut or in the United States.

10.    The board of directors of SMCO AS has held one directors meeting in Connecticut on September 25, 1997. All other directors meetings during the period from January 1, 1995 to June 22, 2005 were held outside of the United States.

11.    SMCO AS is the parent company of Scandinavian Marine Claims Office, Inc. ("SMCO") and SCUA Americas, Inc. ("SCUA"), and each subsidiary has its own offices and officers. In dealing with its subsidiaries, SMCO AS observes corporate formalities.

12.    The control that is exercised by SMCO AS over SMCO is no more than would normally be expected to be exercised by the parent of a wholly-owned subsidiary. SMCO, when it was actively trading, controlled its own day-to-day operations.

1317101.1

3



13.   SMCO AS has never entered into a contract with Ostensen in Connecticut.

### Scandinavian Marine Claims Office, Inc.

14.   SMCO is a corporation organized under the laws of New York, and prior to August / September 2000, its principal place of business was in Connecticut. SMCO moved its offices from Stamford, Connecticut to Coral Gables, Florida in or around August / September 2000. SMCO is a wholly-owned subsidiary of SMCO AS. SMCO has its own officers and maintains its own corporate records. SMCO ceased trading on December 31, 2000 and has been winding down since that time.

15.   SMCO was financially independent. SMCO prepared its own financial statements and operating expenditure budgets and had its own bank accounts. Its financial statements were prepared by outside accountants. SMCO filed its own tax returns in the United States.

16.   SMCO never transferred any assets to SMCO AS which would render SMCO insolvent and unable to pay its debts.

17.   The employees who were involved in the day-to-day operations of SMCO were not employees of SMCO AS. No officers or employees have ever been transferred between SMCO AS and SMCO. SMCO AS did not become involved in the day to day work of SMCO or its employees.

1317101.1



18.     SMCO AS entered into a management agreement with SMCO to regulate the managerial and corporate governance relationship and exchange of service between SMCO AS and SMCO dated April 20, 1997, a copy of which is attached as Exhibit 4. The agreement is governed by Norwegian law (Agreement, § 4).

## Scua Americas, Inc.

19.     SCUA is a corporation organized under the laws of Delaware and maintains its principal place of business at 250 Catalonia Avenue, Suite 304, Coral Gables, Florida. SCUA is a wholly-owned subsidiary of SMCO AS. SCUA commenced trading in January, 2001 and ceased trading in December, 2004.

20.     SCUA has its own officers and maintains its own corporate records. SCUA is a financially independent corporation.

21.     SCUA prepares its own financial reports and operating and capital expenditure budgets and has its own bank accounts. SCUA filed its own tax return in the United States.

22.     The employees who were involved in the day-to-day operations of SCUA are not employees of SMCO AS. Neither officers nor employees have ever been transferred between SMCO AS and SCUA. Nor does SMCO AS in any way become involved in the day to day work of SCUA or its employees.

## Conclusion

23.     SMCO AS should be dismissed from the case because it is not subject to jurisdiction in Connecticut or in the United States.

## **Declaration pursuant to 28 U.S.C. § 1746**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 23, 2005
Oslo, Norway

_____
TORLEIV AASLESTAD

1317101.1

6

Index to Exhibits to Aaslestad Declaration

Exhibit 1     Counterclaim dated November 7, 2002

Exhibit 2     Joint Status Report dated August 1, 2003

Exhibit 3     Joint Status Report dated June 10, 2005

Exhibit 4     Management Agreement dated April 20, 1997

1317101.1

<u>UNITED STATES DISTRICT COURT</u>
<u>DISTRICT OF CONNECTICUT</u>

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC,. | Civil Case No. |
| Plaintiffs | 3:02 CV 678 (RNC) |
| VS. | |
| TOM OSTENSEN<br>SIRI OSTENSEN | A JURY TRIAL<br>IS DEMANDED |
| Defendants<br>VS | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC,.<br>SCANDINAVIAN UNDERWRITERS AGENCY, also<br>Known as SCUA AMERICAS, INC,. S.M.C.O. A.S.,<br>AND NORWEGIAN HULL CLUB | |
| Defendants on the Counterclaim | November 7, 2002 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>COUNTERCLAIM</u>

<u>THE PARTIES</u>

1.     At all times relevant hereto, the defendant Tom Ostensen is an individual residing in the Town of Greenwich, State of Connecticut. The defendant Siri Ostensen is the wife of the defendant Tom Ostensen, and they reside together.

2.     At all times relevant hereto, the plaintiff Scandinavian Marine Claims Office, Inc. (SMCO) is a New York Corporation, which maintained places of business in Stamford, Connecticut, Coral Gables, Florida, and Houston, Texas.

1

3.    At all times relevant hereto, the plaintiff Scandinavian Underwriters Agency also known as Scua Americas, Inc (SCUA) is upon information and belief, a Delaware corporation which maintains its principal places of business in Coral Gables Florida and Houston, Texas. SCUA is also the successor corporation to SMCO, and is its alter ego.

4.    At all times relevant hereto, the defendant SMCO A.S. is a foreign corporation domiciled in the City of Bergen, Country of Norway, which owned, operated and controlled SMCO, and now owns, operates and controls SCUA, and upon information and belief maintains offices in the United States, Europe, Middle East and Japan.

5.    At all times relevant hereto, the defendant Norwegian Hull Club (NHC) is a corporation domiciled in the City of Bergen, Country of Norway, and did business in the State of Connecticut through its subsidiaries, SMCO A.S., SMCO and SCUA, in which it owns and operates a controlling interest through a two-thirds controlling ownership of SMCO A.S.

JURISDICTION

6.    Jurisdiction is properly in this Court by virtue of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq., including under 29 U.S.C. 1132, and by virtue of this case involving the laws of the United States, pursuant to 28 U.S.C. §1331. This Court also has jurisdiction in light of the diversity of citizenship between plaintiffs and defendants (28 U.S.C. §1332), as hereinabove alleged. The amount in controversy, exclusive of interest and costs exceeds $75,000.00.

2

7.     Jurisdiction is also properly in this Court by virtue of F.R.C.P. §13 and 28

U.S.C. 1367(a).

THE PENSION PLANS

8.     At all times relevant hereto, the plaintiff SMCO, and the defendants SCUA,

SMCO A.S. and NHC were directly or indirectly plan administrators for

certain qualified and non-qualified benefit pension plans in which the

defendant Tom Ostensen participated as an employee.

9.     From October, 1990 through and including December 31, 2000, the

defendant Tom Ostensen was employed by the plaintiff SMCO, and from

October, 1990 through June 30, 2000, he was its President and manager

of its offices. The defendant Tom Ostensen was stationed in SMCO's

Connecticut office, at One Landmark Square, Stamford, Connecticut.

10.    SMCO, and SCUA, its successor, including its Stamford, Connecticut

office, were and are a "captive" maritime claims adjustment office for

claims against vessels insured by the NHC, which is a marine underwriter.

11.    As an employee of SMCO, the defendant Tom Ostensen was covered by

a certain defined benefit pension plan and a money purchase plan, which

together are referred to as the Qualified Pension Plan, and which falls

within the purview of ERISA, 29 U.S.C.1001 et seq.

12.    The defendant was also covered by a certain supplemental or wrap-

around defined benefit plan available only to certain select senior

management personnel, which is hereinafter referred to as the Non-

Qualified Pension Plan. The Non-Qualified Pension Plan was contained in

separate written agreements among the plaintiff SMCO and each of the

plaintiff SMCO's senior employees, including the defendant, and which also may fall within the purview of ERISA. A copy of the Non-Qualified Pension Plan is annexed hereto as Exhibit A.

13.    As spouse and contingent beneficiary to the defendant Tom Ostensen's pension benefits, the defendant Siri Ostensen was a participant and/or an intended third party beneficiary of said plans.

14.    The Non-Qualified Pension Plan was designed to attract and keep top level employees who would not have enough service time at normal retirement age to receive their maximum Qualified Pension Plan benefits, by making it possible to reach a pension benefit equivalent to 60% of their last three years average salary at normal retirement age (Final Average Compensation).

15.    Under the Pension Plans, the defendant Tom Ostensen was entitled to receive up on reaching normal retirement age an annual dollar amount equal to 60% of his Final Average Compensation. As explained in SMCO's Consolidated Financial Statements, the funding of the Non-Qualified Plan as based on amounts collected from Mortgage notes receivable from related parties (also referred to as "housing loans"), certain insurance polices, plus an additional funding as required from time to time as advised by the Plan Administrator.

16.    The Non-Qualified Pension Plan was adopted by SMCO on October 19, 1992.

17.     In maintaining his employment with SMCO, the defendant Tom Ostensen, relied on the benefits promised by both the Qualified and Non-Qualified Pension plans, and had foregone other employment and investment opportunities in reliance of the promise of said benefits.

18.     In accordance with the plan, the Non-Qualified Plan was to be funded through life insurance purchased by SMCO, the business assets and revenues of SMCO, and obligations owed to SMCO under certain "housing loans" made to the plans' participants.

19.     The "housing loans" that funded in part the Non-Qualified Plan included the "first note" and "second note", annexed to the plaintiff's complaint as Exhibits A, and B, respectively

20.     The defendant Tom Ostensen's "housing loans" were outstanding to SMCO at the time of the termination of his employment, as were "housing loans" to the other participant members of the Non-Qualified Pension Plan and other employees of the company, all of which "housing loans" funded in part, the Non-Qualified Pension Plan.

21.     Further, upon information and belief, SMCO and/or one or more of its parents or affiliated companies, including SMCO A.S., and NHC, acting on their own behalf or on behalf of SMCO, wrongfully cancelled the life insurance policies, which also funded the Non-Qualified Pension Plan.

THE PURPORTED DISSOLUTION OF SMCO

22.     On March 3, 1998, the plaintiff SMCO at the direction of the defendant NHC decided to downsize the Stamford SMCO office.

23. On June 21, 2000, the directors of the plaintiff SMCO and the defendant SMCO A.S. who are controlled by NHC, determined and resolved, among other things, that the Stamford SMCO office would be closed, that SMCO would then change its name to SCUA, and that the defendant Tom Ostensen would be terminated as president of SMCO effective July 1, 2000, but would remain on its payroll through December 31, 2000.

24. Also on or about June 21, 2000, the directors of SMCO, acting at the direction of SMCO A.S. and NHC, resolved that final proposals for severance packages, including pension agreements would be presented for "Board Sanction".

25. Also, on or about June 21, 2000, it was determined that the name SMCO would cease to exist but that certain select creditors, with whom SCUA, SMCO A.S. and NHC would continue to do business or whom had personal or corporate or other guaranty's, but not including the defendants Tom and Siri Ostensen or other employees or beneficiaries of said pension plans similarly situated, would be paid and compensated out of its assets and/or the assets of SCUA, SMCO A.S, and NHC.

26. Also on or after June 21, 2000, said certain select creditors were paid and compensated, but the defendant Tom Ostensen was not, and SMCO, at the direction of NHC and SMCO A.S., otherwise dispossessed itself of all of its business, corporate assets and bank accounts, transferring same to SCUA, and/or SMCO A.S. and/or NHC.

27.    Sometime after December 31, 2000, since SMCO's business and assets were transferred to SCUA and/or NHC, the defendant Tom Ostensen and other employees similarly situated as participants in said Non-Qualified Pension Plans, including their General Counsel, Manuel Llorca, and Margaret Killip, have been informed by personnel at SMCO, SMCO A.S., and NHC, that their pension rights would not or may not be honored due to the purported insolvency of SMCO.

28.    The defendant Tom Ostensen has been further informed some time after December 31, 2000, that SMCO will not credit his prior years of service with Marine Defense Group, a company he owned and with whom he was employed until it was acquired by SMCO in 1990, despite having previously being assured by the Qualified Plan Administrators and the Non-Qualified plan administrators that such credit would be given.

29.    Further, the defendant Tom Ostensen has been informed some time after December 31, 2000, that SMCO will not properly credit his years of service with SMCO under the defined benefit plan at the previously agreed rate of 2.75% of Final Average Compensation, but that his defined benefit plan payment shall be calculated at 2.00% of Final Average Compensation.

30.    Further, the defendant Tom Ostensen has been informed some time after December 31, 2000, that the Qualified Benefits to which he and the defendant Siri Ostensen are entitled shall be substantially less than as is called for under the terms of the Qualified Plans.

<u>FIRST CAUSE OF ACTION (VIOLATION OF ERISA)</u>

31.   Paragraphs 1.-30 are hereby realleged and incorporated in this Paragraph 31. of this, the FIRST CAUSE OF ACTION.

32.   On divers times and occasions, by words and deeds, the plaintiff SMCO has repudiated their obligations to the defendant Tom Ostensen under the Qualified and Non-Qualified Pension plans.

33.   Upon information and belief, plaintiff has manipulated the acts of and/or information utilized by and/or instructions given to purportedly independent auditors and others in order to present false and/or misleading statements of benefits due to the defendant Tom Ostensen, in an attempt to induce him to rely upon such false or misleading statements and accept benefits much smaller than those to which he is entitled pursuant to the provisions of the Qualified and Non-Qualified Pension plans hereinabove alleged.

34.   Plaintiff has by virtue of the above enumerated and other acts and/or omissions, violated various provisions of ERISA, including but not limited to ERISA §§510, 29 U.S.C. 1140, entitling the defendants Tom Ostensen and Siri Ostensen to relief under the provisions of ERISA, including, but not limited to ERISA §502, 29 U.S.C. §1132.

35.   As a result of said wrongful acts, omissions and repudiation, the defendant has suffered damages and will continue to do so into the future.

36.   As a further result of said wrongful acts, omissions and repudiation of the Qualified and Non-Qualified Pension Plans, the defendants have incurred counsel fees.

SECOND CAUSE OF ACTION (BREACH OF CONTRACT)

37.  Paragraphs 1.-36 are hereby realleged and incorporated in this Paragraph 37. of this, the SECOND CAUSE OF ACTION.

38.  The Non-Qualified Pension plan constitutes a contract between the plaintiff and defendant Tom Ostensen.

39.  The plaintiff has anticipatorily repudiated said contract.

40.  As a result of said repudiation, the defendants Tom Ostensen and Siri Ostensen have suffered damages and will suffer damages in the future.

THIRD CAUSE OF ACTION (DETRIMENTAL RELIANCE)

41.  Paragraphs 1.-40 are hereby realleged and incorporated in this Paragraph 36. of this, the THIRD CAUSE OF ACTION.

42.  The defendants Tom and Siri Ostensen relied upon the promises and representations made by the plaintiff SMCO, as well as the defendants SMCO A.S., NHC and SCUA that the Qualified and Non-Qualified Pension Plans would fund the defendant Tom Ostensen's and his beneficiary, the defedant Siri Ostensen's retirement to the extent and manner provided in said plans, respectively.

43.  Said reliance was reasonable, and such reliance was intended by the plaintiffs to encourage the defendant Tom Ostensen to forego other employment and investment opportunities.

44.  The defendant Tom Ostensen has suffered damages by virtue of his reliance on said promises and representations.

FOURTH CAUSE OF ACTION (COMMON LAW FRAUD)

45.    Paragraphs 1.-44 are hereby realleged and incorporated in this Paragraph 40. of this, the FOURTH CAUSE OF ACTION.

46.    Despite assurances, promises and representations made to the defendant Tom Ostensen in 2000 by SMCO, SCUA, SMCO A.S. and NHC, that the downsizing and eventual extinguishment of SMCO would not result in a loss of his pension benefits, by divers words and deeds since, the plaintiffs have manifested an intent to avoid said obligations.

47.    Upon information and belief, said assurances, promises and representations made by the plaintiffs were knowingly false and fraudulent when made.

48.    As a result of the plaintiff's false and fraudulent representations, the defendant has suffered damages.

49.    As a further result of the plaintiff's false and fraudulent representations the defendant Tom Ostensen is entitled to common law punitive damages.

FIFTH CAUSE OF ACTION (CUTPA)

50.    Paragraphs 1.-49 are hereby realleged and incorporated in this Paragraph 50. of this, the FIFTH CAUSE OF ACTION.

51.    The plaintiffs' false and misleading representations were deceitful, fraudulent, and unfair within the meaning of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a et seq, and it thereby violated said statute.

52.    As a result of said false and misleading representations, the defendants Tom & Siri Ostensen have suffered an ascertainable loss.

53. As a further result of said false and misleading representations, the defendants have incurred counsel fees.

54. As a further result of said false and misleading representations, the defendants are entitled to statutory punitive damages.

SIXTH CAUSE OF ACTION (FRAUDULENT TRANSFER)

55. Paragraphs 1.-54 are hereby realleged and incorporated in this Paragraph 55. of this, the SIXTH CAUSE OF ACTION.

56. Upon information and belief, and based upon such information and belief, the defendants allege, that SMCO has conveyed, transferred and/or secreted the assets of SMCO to said SCUA, SMCO A.S. and NHC, so that SMCO is unable to pay its debts as they mature, including, but not limited to, the Non-Qualified Pension Plan.

57. Said conveyances and transfers of assets were made for the purpose of frustrating the purposes of the Non-Qualified Pension Plans, and were designed to unfund it, thereby depriving the defendant and others similarly situated of their rightful compensation and benefits.

58. Said conveyances and transfers also rendered SMCO insolvent as defined in §52-552a et seq., of the Connecticut General Statutes, said statute being also known as the Connecticut Uniform Fraudulent Transfer Act.

59. Said conveyances and transfers were fraudulent and without fair consideration and violate the provisions of said Connecticut Uniform Fraudulent Transfer Act.

60. The defendants are entitled to have said conveyances and transfers set aside and to have damages and attorneys fees assessed against SMCO.

SEVENTH CAUSE OF ACTION (INTENTIONAL INTERFERENCE WITH CONTRACT AS TO SCUA, SMCO A.S. & NHC)

61. Paragraphs 1.-60 are hereby realleged and incorporated in this Paragraph 61. of this, the SEVENTH CAUSE OF ACTION.

62. At all times relevant hereto, SCUA, SMCO A.S, and NHC. have been aware of the existence of the Non-Qualified Pension Plan, and SMCO's corresponding obligations to the defendants.

63. In directing the closure of SMCO, the transfer and conveyance of all of the assets of SMCO and the payment of creditors other than the beneficiaries of the Non-Qualified and Qualified Pension Plans, the defendants SCUA, SMCO A.S, and NHC have tortiously interfered with the contractual relations of the defendant Tom Ostensen with SMCO.

64. As a result of said tortious interference with contractual relations, the defendants have suffered damages.

EIGHTH CAUSE OF ACTION (SCUA AS LIABLE SUCCESSOR TO SMCO)

65. Paragraphs 1.-64 are hereby realleged and incorporated in this Paragraph 65. of this, the EIGHTH CAUSE OF ACTION.

66. SCUA and/or NHC, as successor to the assets and obligations of SMCO, are liable to the plaintiffs for all obligations, debts and claims for which SMCO would have been liable to them, including but not limited to, payment of plaintiffs' Pension benefits hereinabove alleged.

NINTH CAUSE OF ACTION (DECLARATORY JUDGMENT AS TO ALL PARTIES)

67.    Paragraphs 1.-66 are hereby realleged and incorporated in this Paragraph

67. of this, the NINTH CAUSE OF ACTION.

68.    The rights accruing to defendant Tom Ostensen and Siri Ostensen under

the Qualified and Non-Qualified Pension plans entitles them to payments

of benefits in the future

69.    The plaintiffs have anticipatorily repudiated said payments of benefits.

70.    The defendant Tom Ostensen seeks and is entitled to a declaratory

judgment affirming the obligations of SMCO, SCUA, SMCO A.S, and NHC

as said benefits fall due.

TENTH CAUSE OF ACTION (TOM OSTENSEN V. SMCO, SCUA, SMCO A.S, and NHC -WAGES WITHHELD)

71.    Paragraphs 1.-70 are hereby realleged and incorporated in this Paragraph

71. of this, the TENTH CAUSE OF ACTION.

72.    The plaintiff, and as plaintiff's alter ego and/or successors, SCUA, SMCO

A.S, and NHC have failed to pay the defendant Tom Ostensen his full

compensation, including salary and reimbursable expenses, accrued and

incurred, respectively, during his tenure at SMCO.

73.    Said compensation constitutes wages within the meaning of the

Connecticut Wage and Hour Laws, including C.G.S. §31-72, et seq.

74.    As a result of said failure, the defendant Tom Ostensen is entitled to

damages, double damages and attorneys fees, pursuant to said statute.

ELEVENTH CAUSE OF ACTION ( BOTH DEFENDANTS V. SMCO, SCUA, SMCO A.S, and NHC) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

13

75.   Paragraphs 1.-74 are hereby realleged and incorporated in this Paragraph

75. of this, the ELEVENTH CAUSE OF ACTION.

76.   In denying the defendants their Qualified and/or Non-Qualified Pension

benefits, the plaintiff intended to inflict emotional distress on the

defendants, or they knew, or should have known, that emotional distress

was the likely result of their conduct.

77.   The repudiation of pension benefits to long-standing employees of

advancing years such as the defendant Tom Ostensen and his spouse,

Siri Ostensen  is extreme and outrageous conduct.

78.   The defendants have in fact suffered severe emotional distress as a result

of the plaintiff's repudiation of his pension benefits.

79.   As a result thereof, the defendants have suffered damages.

TWELFTH CAUSE OF ACTION ( BOTH DEFENDANTS V. SMCO, SCUA,
SMCO A.S, and NHC) CONTINUING OPERATION OF AN INSOLVENT
COMPANY TO THE DETRIMENT OF COMPANY'S CREDITORS AND
EMPLOYEES

80    Paragraphs 1.-79 are hereby realleged and incorporated in this

Paragraph 80. of this, the TWELFTH CAUSE OF ACTION.

81    Upon information and belief, plaintiff SMCO was technically insolvent

as of approximately 1991, but was kept in operation to service the

needs of NHC and SMCO A.S.

82    Plaintiff's insolvency was hidden from the defendant Tom Ostensen, as

well as other employees and creditors of SMCO.

83    Defendant Tom Ostensen was encouraged to continue employment with SMCO as a result of NHC, SMCO A.S., and SMCO's continued operation of SMCO and their continued non-disclosure about the fact that it was insolvent and would be unable to pay its retirement benefits under the Non-Qualified Plan.

84    By reason of the foregoing, the defendants Ostensen have been damaged in an amount to be established at trial, but in excess of $75,000.

THIRTEENTH CAUSE OF ACTION ( BOTH DEFENDANTS V. SCUA, SMCO A.S, and NHC) LIABILITY AS ALTER EGOS OF SMCO

85    Paragraphs 1.-84 are hereby realleged and incorporated in this Paragraph 85. of this, the THIRTEENTH CAUSE OF ACTION.

86    At all relevant times, the defendants SCUA, SMCO A.S., and NHC exercised complete domination and control over the finances, policy and business practices of SMCO so that SMCO was a mere instrumentality of said defendants, and had no separate mind, will or existence of its own. SMCO existed solely to serve the business interests in the United States of defendants SCUA, SMCO A.S., and NHC.

87    The domination and control by defendants SCUA, SMCO A.S., and NHC was used to commit fraud and wrong, and to perpetrate the violation of statutory and other legal duties owed to the defendants Tom and Siri Ostensen and others similarly situated.

88    By reason of the foregoing, the defendants Tom and Siri Ostensen

have incurred damages in an amount to be established at trial, but in

excess of $75,000.00.

WHEREFORE, the defendants claim as to SMCO, SMCO A.S., SCUA and NHC:

1.    A Judgment dismissing the plaintiff's complaint.

2.    A Set-Off of against any monies due SMCO under the "housing loans" alleged in plaintiff's complaint in the amount of damages due the defendants for, among other claims set forth above, the Non-Qualified Pension Plan.

3.    Money damages.

4.    Counsel fees under ERISA.

5.    Common law punitive damages.

6.    Punitive damages and counsel fees under CUTPA, Connecticut General Statutes §42-110a et seq.

7.    A declaratory judgment fixing the rights and responsibilities of the parties to the Qualified and Non-Qualified Pension Plans.

8.    That all fraudulent transfers between the defendants be set aside.

9.    Such other relief as in law or equity as may appertain.

10.   Money damages for wages and reimbursable expenses withheld.

11.   Double damages and counsel fees pursuant to Connecticut General Statutes §31-72.

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT  06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile  (203) 357-7208

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Proposed Counterclaim was mailed first class mail, postage pre-paid to the following on the 7th of November, 2002.

Dorit S. Heimer
Madeline F. Grossman
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06880

Donald J. Kennedy
Roxanna D. Nazari
Carter, Ledyard & Milburn
2 Wall Street
NY, NY 10005

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN


BY:
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile (203) 357-7208

18

CERTIFICATION OF SERVICE
ERISA COMPLAINT PURSUANT TO
29 U.S.C. 1132 (h)

I hereby certify that a copy of the foregoing Proposed Counterclaim was mailed

by certified mail, return receipt requested postage pre-paid to the following on the

day of        , 2002.

Hon. Elaine L. Chao
Secretary of Labor
200 Constitution Avenue NW
Washington, D.C. 20210

Hon. Paul H. O'Neill
Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____

THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile (203) 357-7208

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X

SCANDINAVIAN MARINE CLAIMS OFFICE,
INC.,

                        Plaintiff,

        - against -

TOM OSTENSEN AND SIRI OSTENSEN,

                        Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

CIVIL ACTION NO.:
3:02 CV 678 (RNC)

August 1, 2003

-------------------------------------------------------------X

## JOINT STATUS REPORT

Pursuant to the Court's Order Regarding Case Management Plans dated August 8, 2002 and April 10, 2003, the parties hereby submit this joint status report concerning the matters listed in Federal Rule of Civil Procedure 16(c).

(1)    On October 23, 2002, plaintiff Scandinavian Marine Claims Office, Inc. filed a motion to stay the counterclaims of defendant Tom Ostensen pending arbitration. The motion was referred to Magistrate Judge Martinez and is still pending. The parties will continue to seek simplification and narrowing of the issues as the case proceeds.

(2)    In accordance with the Court's August 8, 2002 Order, motions to amend the pleadings were filed by November 8, 2002.

(3)    No stipulations of fact have been made at this time.  The parties may be able to do so as discovery proceeds.  The parties will seek to raise evidentiary issues by way of motions in limine to give the Court an opportunity to make rulings in advance of trial.

(4)    The parties are unable to determine whether there will be issues concerning unnecessary proof and cumulative evidence.

(5)    The parties are unable to determine whether they will request summary adjudication of any of the issues under Federal Rule of Civil Procedure 56 at this time.

(6)    The parties have exchanged initial disclosures and may supplement such disclosures as the case proceeds.  On April 2, 2003, the parties requested an extension of the discovery deadline through October 31, 2003.  The parties requested the extension because the defendants were awaiting service on Norwegian Hull Club and SMCO AS to be completed pursuant to the Hague Convention and SMCO has not engaged in discovery for fear of waiving its right to arbitration.  Magistrate Martinez granted the request for an extension of the discovery deadline through October 31, 2003.

(7)    Defendants' have agreed to dismiss its counterclaims against SMCO AS without prejudice reserving its right to later add SMCO AS as a party nunc pro tunc.

(8)    The current date for trial readiness is February 2004.  The parties have not yet formulated lists of potential witnesses or exhibits for trial and will be in a better position to do so after the completion of discovery.

(9)    Plaintiff's motion for a stay pending arbitration has been referred to Magistrate Judge Martinez.  The parties have agreed not to pursue discovery  pending a decision of Plaintiff's motion.

(10)    The plaintiffs believe that it may be helpful to engage in settlement discussions after the resolution of plaintiff's motion for a stay pending arbitration and the jurisdictional issues relating to Norwegian Hull Club and SMCO AS have been resolved.  The defendants believe that it may be helpful to engage in settlement discussions as soon as possible.

(11)    The current deadline for filing the joint trial memorandum is January 30, 2004.

(12)    The parties await a decision on plaintiff's motion for a stay pending arbitration.

(13)    The parties do not believe any special procedures to address the issues listed in Federal Rule of Civil Procedure 16(c)(12) will be necessary.

(14)    The plaintiff may request an order for a separate trial pursuant to Federal Rule of Civil Procedure 42(b) with respect to particular claims in the case.  The defendants expect to move or consolidate this case with two cases also pending in this Court, to wit:  Manuel R. Llorca v. Scandinavian Marine Claims Office, Inc., 3:02 CV 1145 (RNC) and Margaret Killip v. Scandinavian Marine Claims Office Inc., 3:02 CV 1494 (RNC).

(15)    The parties do not anticipate any need for an order of the type listed in Federal Rule of Civil Procedure 16(c)(14).

(16)    The parties are unable to estimate the length of trial at this time.

(17)    The parties do not wish to raise any other matters regarding the facilitation of a just, speedy and inexpensive disposition of the action at this time.

Dated: August 1, 2003

By:  _____

Donald J. Kennedy, Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
Telephone:  (212) 732-3200
Facsimile:  (212) 732-3232

Madeleine F. Grossman, Federal Bar No. ct05987

1182408.1                                3

Dorit S. Heimer, Federal Bar No. ct01219
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut  06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for plaintiff Scandinavian Marine Claims
Office, Inc.

Dated:  August 1, 2003                    By: _____

Sharon E. Jaffe, Esq.
Levin & Glasser, P.C.
3 Ledgebrook Court
Weston, Ct.  06883

Jeffrey M. Eilender, Esq.
Schlam Stone & Dolan LLP
26 Broadway
New York, N.Y. 1004
Attorneys for defendants Tom Ostensen
and Siri Ostensen

## **CERTIFICATION**

The undersigned hereby certifies that a copy of the foregoing Joint Status Report was sent

via first-class mail, postage pre-paid, on this the 1st day of August, 2003, to the following:

      Donald J. Kennedy, Esq.
      Carter Ledyard & Milburn, LLP
      2 Wall Street
      New York, NY 10005

      Madeleine F. Grossman, Esq.
      Dorit S. Heimer, Esq.
      Levett Rockwood, P.C.
      33 Riverside Avenue
      Post Office Box 5116
      Westport, Ct 06880

      Thomas M. Cassone, Esq.
      Bello, Lapine & Cassone, L.L.P.
      600 Summer Street
      Stamford, CT 06901

                              Sharon E. Jaffe

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------ X

SCANDINAVIAN MARINE CLAIMS OFFICE,
INC.

                     Plaintiff,

       v.

SIRI OSTENSEN,

                     Defendant,

       v.

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

          Counterclaim and Third-Party Defendants.

------------------------------------------------ X

Civil Case No.
3:02 CV 678 (RNC)

June 10, 2005

## JOINT STATUS REPORT

       Pursuant to the Court's Order dated March 17, 2005, the parties hereby submit this joint

status report concerning the matters listed in Federal Rule of Civil Procedure 16(c).

       (1)     On April 17, 2002, plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO")

filed the complaint in this action against defendants Tom Ostensen and Siri Ostensen seeking

repayment of monies owing under two promissory notes signed by the defendants.

       (2)     On June 20, 2002, Defendants filed their answer to the complaint and asserted

counterclaims seeking, among other things, monies allegedly owed them under a qualified

1315033.2

1

pension plan and a non-qualified pension plan. The non-qualified plan contained an arbitration provision requiring all disputes to be resolved before the American Arbitration Association.

(3)    On October 23, 2002, plaintiff Scandinavian Marine Claims Office, Inc. filed a motion to stay defendants' counterclaims pending arbitration. The motion was referred to Magistrate Judge Martinez.

(4)    On December 24, 2002, defendants amended their answer and counterclaims to add SCUA Americas, Inc. ("SCUA"), SMCO A.S. and Norwegian Hull Club ("NHC") under theories of successor liability and piercing the corporate veil.

(5)    On April 2, 2003, the parties requested an extension of the discovery deadline through October 31, 2003. The parties requested the extension because the defendants were awaiting service on Norwegian Hull Club and SMCO AS to be completed pursuant to the Hague Convention. SMCO did not engage in discovery for fear of waiving its right to arbitration. On April 11, 2003, the Court extended the deadline to complete discovery to October 31, 2003.

(6)    On June 13, 2003, SMCO, SCUA and NHC filed their replies to defendants' counterclaims.

(7)    On August 4, 2003, the parties filed a joint status report in which they agreed not to pursue discovery pending a decision of Plaintiff's motion to stay the case pending arbitration and Defendants agreed to dismiss the counterclaim against SMCO A.S. without prejudice.

(8)    On September 5, 2003, Magistrate Judge Martinez issued her recommended ruling granting in part and denying in part SMCO's motion to stay the case pending arbitration. The ruling granted a stay with respect to defendant's counterclaims concerning the non-qualified plan and denied a stay with respect to all other claims. The Court adopted the recommended

ruling on September 29, 2003. Defendants have not yet commenced an arbitration with respect to the claims regarding the non-qualified plan.

(9)     On October 17, 2003, defendants moved to stay the case on the ground that defendant Tom Ostensen passed away on October 12, 2003. The case was stayed on consent pending the appointment of an executor for the estate. Siri Ostensen needed a substantial amount of time following the death of her husband to open an estate for Mr. Ostensen, become executrix of his estate, organize his affairs, and authorize appearance of counsel for the estate in this matter.

(10)     On October 12, 2004, SMCO moved to substitute Siri Ostensen, as the executrix of the estate of Tom Ostensen, for defendant Tom Ostensen in this action. The Court granted SMCO's motion on October 26, 2004.

(11)     A mediation conference was held on March 3, 2005 in this case before Magistrate Judge Martinez. Counsel and the parties attended the mediation conference. The case was not settled, and a Scheduling Order dated March 17, 2005 was issued.

(12)     SMCO informed the Court and counsel for Siri Ostensen in a letter dated March 29, 2005 to Magistrate Judge Martinez that it intends to move for summary judgment for the default on the two promissory notes in the face amount of $305,000 and requested a pre-filing conference. A pre-filing conference was held on May 10, 2005 via telephone. After the conference, counsel for the parties submitted letters to the Court. We are awaiting a response from the Court.

(13)     The parties are currently in the midst of discovery; however, there are several discovery issues that need to be resolved, and the parties are scheduled to meet and confer regarding those issues on June 13, 2005.

(14)    On or about April 15, 2005, non-parties Donald J. Kennedy and Carter Ledyard & Milburn LLP filed a motion for a protective order with regard to subpoenas, dated March 31, 2005, served on them by Siri Ostensen. Oral argument of that motion is scheduled for June 21, 2005.

(15)    On or about May 27, 2005, SMCO filed a motion to clarify the Scheduling Order dated March 17, 2005 to specifically provide (a) that discovery from Counterclaim and Third-Party Defendants is limited to veil piercing discovery and (b) the September 30, 2005 discovery deadline in the Scheduling Order applies only to veil piercing discovery. Alternatively, SMCO's motion seeks a protective order with respect to (1) the subpoenas Siri Ostensen served on The Benefits Practice and Oppenheimer & Co. and (2) Defendant's Second Request for Documents to Plaintiff and Third-Party Defendants. Answering papers are due on June 17, 2005.

(16)    As discussed in paragraph 12 above, plaintiff intends to move for summary judgment. Without further discovery, defendant is unable to determine whether she too will move for summary judgment.

(17)    No stipulations of fact have been made at this time. The parties may be able to do so as discovery proceeds with respect to defendant's counterclaims not sent to arbitration. The parties will seek to raise evidentiary issues by way of motions in limine to give the Court an opportunity to make rulings in advance of trial.

(18)    The parties are unable to determine whether there will be issues concerning unnecessary proof and cumulative evidence.

(19)    The parties do not believe any special procedures to address the issues listed in Federal Rule of Civil Procedure 16(c)(12) will be necessary.

(20)    The plaintiff may request an order for a separate trial pursuant to Federal Rule of Civil Procedure 42(b) with respect to particular claims in the case.

(21)    The parties do not anticipate any need for an order of the type listed in Federal Rule of Civil Procedure 16(c)(14).

(22)    The parties are unable to estimate the length of trial at this time.

(23)    The parties do not wish to raise any other matters regarding the facilitation of a just, speedy and inexpensive disposition of the action at this time.

In order to comply with the Court's request to submit a "joint" status report, defendant has agreed to the foregoing with the following caveats, and asserts that the following issues remain in dispute:

(24)    With respect to paragraphs (1) and (12), defendant does not agree that any monies are owed under the notes, or that she is in default.

(25)    With respect to paragraph (7), the Court should be advised that SMCO A.S. has not been dismissed from this action, and defendant does not intend to dismiss SMCO A.S. Further, there is a dispute as to whether SMCO A.S. should be obliged to provide discovery.

(26)    With respect to paragraph (8), defendant objects to plaintiff's characterization of defendant's "counterclaims 1-6, 9-11 against SMCO," see Recommended Ruling on Plaintiff's Motion for Stay Pending Arbitration at 14, as limited to the non-qualified plan. Further, because plaintiff reminded the Court that arbitration has not been commenced, defendant is compelled to remind the Court of the reason therefore:  Because SMCO has no assets, arbitration against SMCO alone would be futile; and the issue of whether the third-party defendants should be parties to the arbitration has not been determined.

In order to comply with the Court's request to submit a "joint" status report, plaintiff has the following responses to the "caveats" that defendant has added to the report:

(27)     Counsel for Defendants agreed to dismiss the counterclaim against SMCO A.S. without prejudice, and that is reflected in the prior Joint Status Report, dated December 10, 2004, that was submitted to the Court.

(28)     Counsel for the parties will be meeting on June 13, 2005 to determine whether there are any discovery disputes and whether the Court's assistance will be necessary to resolve them.

Dated: June 10, 2005

By: _____

Donald J. Kennedy, Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
Telephone:  (212) 732-3200
Facsimile:  (212) 732-3232

Madeleine F. Grossman, Federal Bar No. ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut  06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for plaintiff Scandinavian Marine Claims
Office, Inc.

Dated:  June 10, 2005

John M. Lundin, Federal Bar No. phv 0185
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, N.Y. 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
Attorneys for defendant Siri Ostensen, individually
and as the executrix of the estate of Tom Ostensen

By: _____

Sharon E. Jaffe, Federal Bar No. ct04623
LEVIN & GLASSER, P.C.
P.O. Box 1098
Weston, Ct.  06883
Telephone: (203) 221-3008
Facsimile: (203) 221-3010

1315033.2

7

Dated: June 10, 2005

By:_____

Donald J. Kennedy, Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Madeleine F. Grossman, Federal Bar No. ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for plaintiff Scandinavian Marine Claims
Office, Inc.


Dated: June 10, 2005

John M. Lundin, Federal Bar No. phv 0185
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, N.Y. 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677
Attorneys for defendant Siri Ostensen, individually
and as the executrix of the estate of Tom Ostensen

By:_____

Sharon E. Jaffe, Federal Bar No. ct04623
LEVIN & GLASSER, P.C.
P.O. Box 1098
Weston, Ct. 06883
Telephone: (203) 221-3008
Facsimile: (203) 221-3010

1315033.2                        7

# MANAGEMENT AGREEMENT

### between

## SCANDINAVIAN MARINE CLAIMS OFFICE AS (SMCO AS)
(Org. No. 930059749)

### and

## SCANDINAVIAN MARINE CLAIMS OFFICE, Inc. (SMCO Inc.)

### § 1

This agreement regulates the managerial and corporate governance relationship and exchange of services between SMCO AS and SMCO Inc.

### § 2

SMCOAS is, under this agreement, obliged to render managerial support, consulting services, and maintain board-to-board relationship to SMCO Inc. SMCO AS shall charge an annual management fee for these services, based on the time and type of services delivered.

### § 3

SMCO Inc. shall keep SMCO AS management and board regularly informed of its plans and activities, and shall bring all major policy issues to the attention of the the board secretariat.

### § 4

Any disputes under this agreement shall be handled by negotiations and arbitration between the parties. If not solved, any legal issues shall be regulated by Norwegian law and brought before the Bergen Byrett.


Stamford, Conn., April 20, 1997
for SMCO Inc

_____
Tom Østensen
President

Bergen, April 15, 1997
For SMCO AS

_____
Arne Selvik
Chairman