UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------- X
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC. :
:
:
Plaintiff, :
v. : Civil Case No.
: 3:02 CV 678 (RNC)
SIRI OSTENSEN, :
:
Defendant, : Declaration of Jorgen Lund
:
v. :
:
SCANDINAVIAN MARINE CLAIMS :
OFFICE, INC., SCANDINAVIAN :
UNDERWRITERS AGENCY, SCUA :
AMERICAS, INC., S.M.C.O., A.S., AND :
NORWEGIAN HULL CLUB, :
:
Counterclaim and Third-Party Defendants. :
---------------------------------------------------------- X

1.  I, Jorgen Lund, am over 18 years of age, a citizen of the Kingdom of Norway and submit this declaration as to Norwegian law in connection with the motion of defendant Scandinavian Marine Claims Office AS (SMCO AS) to dismiss the Counterclaim.

2.  I am a member of the Norwegian law firm of Thommessen Krefting Greve Lund AS and work at its office in Oslo, Norway. I am qualified to practice law in Norway. Attached to this declaration is my CV with further details on my professional background.



3. At the request of SMCO AS, I have been asked to provide an opinion on Norwegian law and in particular, (1) whether a Norwegian corporation that is the shareholder of a corporate subsidiary is subject to liability for the debts of the subsidiary (paragraphs 6 to 8 below) and (2) whether such a liability also would include claims by the former president of the subsidiary corporation (paragraph 9 below).

4. In providing this opinion, I have reviewed the following:

- The Norwegian Act of 13 June 1997 relating to Limited Liability Companies, section 1-2.

- The judicial decisions of the Kingdom of Norway.

- Norwegian legal literature on the law relating to limited liability companies.

5. I attest that the statement about the laws of Norway given by me, Jorgen Lund, is an accurate statement of the law of Norway.

6. A Norwegian shareholder may under Norwegian corporate law as a point of departure not be held liable for the debts of a subsidiary when the latter is incorporated as a company with limited liability (in Norwegian "askjeselskap", abbreviated "AS"). This follows from the Norwegian Act of 13 June 1997 relating to Limited Liability Companies section 1-2 (1): *"The shareholders shall not be liable to creditors for the company's obligations"*. Under this point of departure it does not matter whether the shareholder is a private individual, a company, the sole shareholder, or a minority/majority shareholder.

7. Exceptions from this legal point of departure in the form of a "piercing the corporate veil" doctrine, have been argued before Norwegian courts several times. The

2

Supreme Court has abstained from pronouncing a "piercing the corporate veil" doctrine under Norwegian law, and dismissed the claims against the parent companies. In Norwegian legal literature, scholars have stated on the basis of these Supreme Court awards that no doctrine on piercing the corporate veil exists under Norwegian law.

8. However, there are certain reported Norwegian Supreme Court cases supporting the possible liability of shareholders for the debts of a limited liability company on the basis of general Norwegian tort law. Liability in tort for the debts of the subsidiary then requires that the shareholder by its own negligence has caused the subsidiary's incapacity of paying the debts. Determination of this requirement is according to Norwegian courts based on a broad consideration of various facts. For example, if the parent company in a disloyal manner has drained the subsidiary of its assets to the detriment of the subsidiary's creditors, this could be such a fact establishing liability in tort for the parent company. If, on the other hand, it is established that the shareholder substantially contributed with capital to the subsidiary, the Norwegian courts would not state any liability in tort for the parent company. Although the possibility for holding the shareholders liable for the debts of a limited liability company exists under Norwegian law, the courts rarely award in favor of those bringing actions against the shareholders of a company. This is illustrated by two most recent Supreme Court cases regarding these matters, the "Kongeparken"-case (reported in Rt 1996 p. 672) and the "Minnor"-case (reported in Rt 1996 p. 742). In both of these cases, the parent companies were discharged from the claims for liability in tort brought by the creditors of their subsidiaries. Under any circumstances, the liability of a shareholder must be based on independent liability for negligence, and does in Norwegian law not imply any piercing or lifting of the corporate veil.

3

9. Regarding the liability toward a former President of the subsidiary corporation, it should be emphasized that a party contracting with the subsidiary must be regarded as having assumed the risk if he was aware of the financial capacity of the subsidiary company, a matter that was emphasized by the Supreme Court in a case from 1934 (reported in Rt 1934 p. 412). This case reflects a general principle in Norwegian tort law that no one is liable toward a party having assumed a risk that later materializes. One would normally assume that a President of a corporation is aware of it's financial status. In addition to that, the following clause of a Non-Qualified Pension Plan entered into between the President and the corporation has been submitted to me: "*5.1 The benefits provided by the Company under this Agreement shall be paid out of its general assets. The Company is under no obligation to set aside any assets to provide the benefits hereunder, nor to enter into any funding arrangements to provide the benefits under this Agreement.*" This clause indicates in my opinion that the former President of the corporation, who is making the claim based on the Non-Qualified Pension Plan, according to Norwegian law must be deemed to have assumed the risk of financial liability of the company.

10. Pursuant to 28 U.S.C. § 1746, under penalty of perjury under the laws of the United States of America, I declare that the foregoing is true and correct.

Executed on June 24, 2005

                                       _____
                                       Jorgen Lund

Jørgen Lund is a partner of the lawfirm Thommessen Krefting Greve Lund ("Thommessen") in Oslo, Norway.

**Areas of Practice**

Jørgen Lund is a member of the firm's shipping- and offshore group. His practice encompasses corporate law, mergers and acquisitions, contract law and dispute resolutions particularly within the oil and gas industry and the shipping industry.

**Education**

| | |
|---|---|
| 1979 | Master of International Management, AGSIM, USA |
| 1978 | Law degree, University of Oslo |

**Professional Experience**

| | |
|---|---|
| 2001 – 2005 | Managing Partner Thommessen |
| 1993 | Partner Thommessen |
| 1986 – 1993 | Partner Lund & Co |
| 1980 – 1986 | Attorney-at-law, Northern Shipowners Defence Club |
| 1980 | Associate, the Attorney General |

**Memberships and offices held**

| | |
|---|---|
| Petoro AS | - Vice Chairman of the Board |
| Camillo Eitzen ASA | – Chairman of the Board |
| R.S. Platou Shipbrokers AS | - Board Member |
| The Norwegian War Risk Insurance | – Chairman of the Control Committee |

Member of the Norwegian Bar Association

Member of the Norwegian Maritime Law Association

**Languages**

English and the Scandinavian languages

902144/1

1