UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC. :
:
Plaintiff, :
      v. : Civil Case No.
: 3:02 CV 678 (RNC)
SIRI OSTENSEN, :
:
Defendant, :
: Magistrate Judge Donna F. Martinez
      v. :
:
SCANDINAVIAN MARINE CLAIMS :
OFFICE, INC., SCANDINAVIAN :
UNDERWRITERS AGENCY, SCUA :
AMERICAS, INC., S.M.C.O., A.S., AND : July 21, 2005
NORWEGIAN HULL CLUB, :
:
  Counterclaim and Third-Party Defendants. :
------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF SCANDINAVIAN MARINE CLAIMS OFFICE, INC.'S MOTION FOR SUMMARY JUDGMENT AGAINST SIRI OSTENSEN**

**PRELIMINARY STATEMENT**

      Plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO"), by its attorneys, Levett Rockwood P.C and Carter Ledyard & Milburn LLP, respectfully submits this memorandum of law in support of its motion for summary judgment against the defendant Siri Ostensen ("Ms. Ostensen"). This is a straightforward matter concerning promissory notes. There is no question that Ms. Ostensen signed the notes, received the funds and has not paid the notes. SMCO is entitled to summary judgment on its claim.

## STATEMENT OF FACTS

On or about January 1, 1994, Siri Ostensen, jointly with her husband Tom Ostensen ("Mr. Ostensen"), executed a promissory mortgage note in the amount of $180,000 (the "First Note"). A copy of the First Note is attached as Exhibit 1 to the Affidavit of Donald J. Kennedy, sworn to on July 15, 2005 ("Kennedy Aff."). The First Note provides for payment of interest at the rate of two and one-half (2 ½) percent per annum, payable semi-annually. See Kennedy Aff., Ex. 1.

On or about October 1, 1995, the Ostensens jointly executed a second promissory mortgage note in the amount of $125,000 (the "Second Note," together with the First Note, the "Notes"). A copy of the Second Note is attached as Exhibit 2 to the Kennedy Affidavit. The Second Note provides for payment of interest at the rate equal to the rate on the purchase of short-term United States Treasury Bills at the beginning of each three-month period commencing on October 1, 1995. See Kennedy Aff., Ex. 2.

Both Notes provide for an award of attorneys' fees in the event SMCO brings an action for default. See Kennedy Aff., Exs. 1 and 2. SMCO has made demand on the Ostensens for payment of the Notes in full, but has received no payment. In addition, the Ostensens have not made any interest payments on the Notes since 1999. Kennedy Aff., Ex. 3 ¶ 11 and Ex. 4 ¶ 11.

Accordingly, SMCO filed its complaint against Mr. And Ms. Ostensen on April 17, 2002 for nonpayment of the Notes, attorneys' fees and money had and received. A copy of the complaint is attached as Exhibit 3 to the Kennedy Affidavit. The Ostensens filed an answer, affirmative defenses, set-off and counterclaims on or about June 18, 2002, which was amended on or about November 7, 2002. Copies of the original answer/counterclaim and amended counterclaims are attached as Exhibits 4 and 5 to the Kennedy Affidavit. By way of its amended

counterclaims, the Ostensens added as third-party and counterclaim defendants Scandinavian Underwriters Agency, SCUA Americas, Inc., S.M.C.O., A.S. and Norwegian Hull Club.

The defendants asserted counterclaims for violation of ERISA (Count One), breach of contract (Count Two), detrimental reliance (Count Three), common law fraud (Count Four), violation of Connecticut Unfair Trade Practices Act (Count Five), fraudulent transfer (Count Six), intentional interference with contract as to SCUA, SMCO A.S. and NHC (Count Seven); successor liability of SCUA for SMCO, (Count Eight); declaratory judgment (Count Nine); wages withheld (Count Ten); intentional infliction of emotional distress (Count Eleven); continuing operation of an insolvent company as to the detriment of company's creditors and employees (Count Twelve); and liability of SCUA, SMCO A.S. and NHC, as alter egos of SMCO (Count Thirteen).

On October 23, 2002, SMCO moved to stay all counterclaims pending arbitration before the American Arbitration Association [See Doc. #28].  On September 5, 2003, the Honorable Donna F. Martinez, U.S.M.J., issued a Recommended Ruling that the Court stay Counterclaim Counts One through Six, and Nine through Eleven.  The District Court adopted the ruling on September 29, 2003.  A copy of Magistrate Martinez's Recommended Ruling is attached as Exhibit 6 to the Kennedy Affidavit.  On or about October 20, 2003, following Mr. Ostensen's death, this Court granted Ms. Ostensen's motion to be substituted for Mr. Ostensen as the executrix of his estate.

Ms. Ostensen has not commenced arbitration to prosecute the counterclaims.

# ARGUMENT

The Ostensens have admitted that they received the sums of money specified in the Notes from SMCO and that such sums have not been paid (See Kennedy Aff. Ex. 4 ¶¶ 13, 21); see also Recommended Ruling, Kennedy Aff., Ex. 6 at 2 ("[T]he Ostensens do not dispute they executed the notes and have not paid them."). As joint makers of the Notes, the Ostensens are jointly and severally liable for their full value. Since Ms. Ostensen has no claims or defenses against SMCO that affect liability on the Notes, SMCO is entitled to summary judgment on its claims against her.

## I.     Standard of Review

In order to prevail on a motion for summary judgment, the movant must demonstrate "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court views the facts in the light most favorable to the non-movant. Goins v. Brandon, 367 F. Supp. 2d 240, 243 (D. Conn. 2005). Viewing the facts in the light most favorable to Ms. Ostensen, SMCO is entitled to judgment as a matter of law on its claims against her.

## II.    SMCO Is Entitled To Summary Judgment Against Siri Ostensen For Nonpayment Of The Notes

### A.    There is No Genuine Issue of Material Fact Regarding Ms. Ostensen's Liability

Under Conn. Gen. Stat. § 42a-3-308(b), if the validity of the signatures to an instrument is admitted, a party producing a promissory note is entitled to payment if the party proves entitlement to enforce the instrument and the defendant does not prove a defense or recoupment. The Connecticut Bank & Trust Co. v. Dadi, 182 Conn. 530, 531 (1980). Here, as the Court has

recognized, Ms. Ostensen has admitted to signing the Notes and failing to pay them. In addition, Ms. Ostensen has not alleged and could not prove facts which would constitute a sufficient defense or recoupment.

Moreover, when two or more parties jointly execute a promissory note, they are jointly and severally liable for the full value of the note. Conn. Gen. Stat. Sec. 42a-3-116. It is undisputed that the Ostensens jointly executed the Notes, received the value of the Notes and have not paid the Notes in full. SMCO is, therefore, entitled to summary judgment for nonpayment of the Notes against Ms. Ostensen.

### B. There Is No Genuine Issue Of Fact Regarding The Total Amount Due On The Notes

There have been no interest payments on the Notes since 1999. Exhibit 7 to the Kennedy Affidavit sets forth a calculation of interest due on both Notes, measured from January 1, 2000, through September 1, 2005.[1] On the First Note, the total interest on the $180,000 principal at 2.5% per annum is $25,875 for a total amount due and owing of **$205,875.00**. Id. On the Second Note, the interest is calculated using a floating rate interest equal to short-term U.S. Treasury Bills, with the June 2005 rate applied for July through September.[2] The total interest due and owing on the $125,000 principal, through September 1, 2005, is **$143,991.10.** Therefore, the total damages on the Notes through September 1, 2005, is **$349,866.10.**

### C. SMCO Is Entitled To Attorneys' Fees On Its Claim

The Notes provide for "reasonable fees of the attorney of the holder [SMCO] . . . in any

---

[1] SMCO anticipates that the instant motion will be heard in or around early September. If necessary, SMCO will request the Court's permission to update these figure accordingly.
[2] The July 2005 rate is not currently available. If necessary, SMCO will request the Court's permission to update the current amount due and owing by applying the current interest rate.

5

. . . action instituted to enforce the payment of this note . . . ." (Kennedy Aff., Exs. 1 and 2); see also <u>Pacelli Bros. Transp., Inc. v. Pacelli</u>, 189 Conn. 401, 415 (1983) (trial court was required to award reasonable attorneys' fees pursuant to an express provision contained in a note). Should the Court award summary judgment in favor of SMCO, its attorneys will submit documentation of the legal expenses incurred in prosecuting its claim.

### D.  Ms. Ostensen's Counterclaims Do Not Affect SMCO's Right To Summary Judgment

In the past Ms. Ostensen has argued that her counterclaims somehow render summary judgment inappropriate. <u>See</u> Attorney Lundin's letter to Magistrate Judge Martinez which is Exhibit 7 to the Kennedy Affidavit. This is incorrect.

For example, in <u>EMI Music Marketing v. Avatar Records, Inc.</u>, 317 F. Supp. 2d 412 (S.D.N.Y. 2004), the court rejected a similar attempt to avoid summary judgment on an account stated claim. The court noted that the defendant's counterclaim, although nonfrivolous, "does not negate the absence of any dispute on [the plaintiff's] account stated claim." Citing both Second Circuit and Supreme Court authority, the court held that, even though the claims and counterclaims arose from the same set of underlying facts, the plaintiff's claim was analytically distinct. The court directed entry of a final judgment on that claim. The same result is appropriate in this case.

## CONCLUSION

For the foregoing reasons, plaintiff respectfully requests that this Court:

(1)  grant plaintiff's motion for summary judgment;

(2)  award plaintiff attorneys' fees; and

(3)  award such other and further relief as this Court deems just and proper.

        Respectfully submitted,


By: /s/ Madeleine F. Grossman
    Madeleine F. Grossman
    Federal Bar No. ct05987
    Frank J. Silvestri, Jr.
    Federal Bar No. ct05367
    LEVETT ROCKWOOD P.C.
    33 Riverside Avenue
    Post Office Box 5116
    Westport, Connecticut  06880
    Telephone:   (203) 222-0885
    Facsimile:    (203) 226-8025

    Donald Kennedy
    Federal Bar No. ct23620
    CARTER LEDYARD & MILBURN LLP
    2 Wall Street
    New York, New York  10005
    Telephone:  (212) 732-3200
    Facsimile:  (212) 732-3232

    Attorneys for Scandinavian Marine
    Claims Office, Inc.

103032/2