# EXHIBIT 4

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC. | Civil Case No. |
| | 3:02 CV 678 (RNC) |
| Plaintiffs | |
| VS. | |
| TOM OSTENSEN | A JURY TRIAL |
| SIRI OSTENSEN | IS DEMANDED |
| Defendants | June 18, 2002 |

## ANSWER, AFFIRMATIVE DEFENSES, SET-OFF AND COUNTERCLAIM

### BY WAY OF ANSWER

1. Admitted.

2. Admitted

3. Admitted.

4. Admitted.

5. Admitted.

6. The defendants do not respond to the allegations in paragraph 6 as it is introductory.

7. Admitted.

8. Admitted.

9. Admitted that the defendants executed the document annexed to the Complaint as Exhibit A. For the meaning and import of said document, the defendants refer to its terms and the circumstances surrounding its

1

execution, and therefore neither admit nor deny them but leave plaintiff to its proof.

10. Admitted that the defendants executed the document annexed to the Complaint as Exhibit B. For the meaning and import of said document, the defendants refer to its terms and the circumstances surrounding its execution, and therefore neither admit nor deny them but leave plaintiff to its proof.

11. Admitted.

12. See defendants' answers to allegations 9 and 10, *supra*, which are incorporated herein by reference.

13. Defendants admit the allegation that demand has been made, though leave plaintiff to its proof as to the actual date thereof. Defendants admit that the Notes have not been paid, but deny that there are any monies due and owing under the Notes as set forth in the affirmative defense and counterclaim herein.

14. See defendants' answers to allegations 1.-13., *supra*, which are incorporated herein by reference.

15. Denied.

16. See defendants' answers to allegations 1.-13., *supra*, which are incorporated herein by reference.

17. Denied.

18. See defendants' answers to allegations 1.-13., *supra*, which are incorporated herein by reference.

19. For the meaning and import of said documents, the defendants refer to its terms and the circumstances surrounding its execution, and therefore neither admit nor deny them but leave plaintiff to its proof.

20. See defendants' answers to allegations 1.-13., *supra*, which are incorporated herein by reference.

21. Admitted that the defendants received the face amounts of the First and Second Notes but deny that there are any monies due and owing under the Notes as set forth in the affirmative defenses and counterclaim herein. Denied except as expressly admitted herein.

22. Denied.

23. See defendants' answers to allegations 1.-13., *supra*, which are incorporated herein by reference.

24. Admitted that the defendants executed the document annexed to the Complaint as Exhibit A. For the meaning and import of said document, the defendants refer to its terms and the circumstances surrounding its execution, and therefore neither admit nor deny them but leave plaintiff to its proof.

25. Denied.

26. Denied.

## BY WAY OF AFFIRMATIVE DEFENSES, SETOFF AND COUNTERCLAIM

### THE PARTIES

1. At all times relevant hereto, the defendant Tom Ostensen is an individual residing in the Town of Greenwich, State of Connecticut. The defendant Siri Ostensen is the wife of the defendant Tom Ostensen, and they reside together.

2. At all times relevant hereto, the plaintiff Scandinavian Marine Claims Office, Inc. (SMCO) is a New York Corporation, which maintained places of business in Stamford, Connecticut, Coral Gables, Florida, and Houston, Texas.

### JURISDICTION

3. Jurisdiction is properly in this Court by virtue of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq., including under 29 U.S.C. 1132, and by virtue of this case involving the laws of the United States, pursuant to 28 U.S.C. §1331. This Court also has jurisdiction in light of the diversity of citizenship between plaintiffs and defendants (28 U.S.C. §1332), as hereinabove alleged. The amount in controversy, exclusive of interest and costs exceeds $75,000.00.

4. Jurisdiction is also properly in this Court by virtue of F.R.C.P. §13 and 28 U.S.C. 1367(a).

### THE PENSION PLANS

5. At all times relevant hereto, the plaintiff SMCO was directly or indirectly plan administrators for certain qualified and non-qualified benefit pension plans in which the defendant Tom Ostensen participated as an employee.

6. From October, 1990 through and including July 1, 2000, the defendant Tom Ostensen was employed by the plaintiff SMCO as its President and manager of its offices. The defendant Tom Ostensen was stationed in SMCO's Connecticut office, at One Landmark Square, Stamford, Connecticut.

7. SMCO, including its Stamford, Connecticut office, was a maritime claims adjustment office for claims against ocean going shipping vessels.

8. As an employee of SMCO, the defendant Tom Ostensen was covered by a certain defined benefit pension plan and a money purchase plan, which together are referred to as the Qualified Pension Plan, and which falls within the purview of ERISA, 29 U.S.C.1001 *et seq.*

9. The defendant was also covered by a certain supplemental or wrap-around defined benefit plan available only to certain select senior management personnel, which is hereinafter referred to as the Non-Qualified Pension Plan. The Non-Qualified Pension Plan was contained in separate written agreements among the plaintiff SMCO and each of the plaintiff SMCO's senior employees, including the defendant, and which also may fall within the purview of ERISA. A copy of the Non-Qualified Pension Plan is annexed hereto as Exhibit A.

10. The Non-Qualified Pension Plan was designed to attract and keep top level employees who would not have enough service time at normal retirement age to receive their maximum Qualified Pension Plan benefits, by making it possible to reach a pension benefit equivalent to 60% of their last three years average salary at normal retirement age.

11. The Non-Qualified Pension Plan was adopted by SMCO on October 19, 1992.

12. In maintaining his employment with SMCO, the defendant Tom Ostensen, relied on the benefits promised by both the Qualified and Non-Qualified Pension plans, and had foregone other employment and investment opportunities in reliance of the promise of said benefits.

13. In accordance with the plan, the Non-Qualified Plan was to be funded through life insurance purchased by SMCO, the business assets and revenues of SMCO, and obligations owed to SMCO under certain "housing loans" made to the plans' participants.

14. The "housing loans" that funded the Non-Qualified Plan included the "first note" and "second note", annexed to the plaintiff's complaint as Exhibits A, and B, respectively

15. The defendant Tom Ostensen's "housing loans" were outstanding to SMCO at the time of the termination of his employment, as were "housing loans" to the other participant members of the Non-Qualified Pension Plan and other employees of the company, all of which "housing loans" funded in part, the Non-Qualified Pension Plan.

16. Further, upon information and belief, SMCO and/or one or more of its parents or affiliated companies, including NHC, acting on their own behalf or on behalf of SMCO, wrongfully cancelled the life insurance policies which also funded the Non-Qualified Pension Plan.

## THE PURPORTED DISSOLUTION OF SMCO

17. On March 3, 1998, the plaintiff SMCO at the direction of the plaintiff NHC decided to downsize the Stamford SMCO office.

18. On June 21, 2000, the directors of the plaintiff SMCO determined and resolved, among other things, that the Stamford SMCO office would be closed, that SMCO would then change its name to SCUA, and that the defendant Tom Ostensen would be terminated as president of SMCO effective July 1, 2000, but would remain on its payroll through December 31, 2000.

19. Also, on or about June 21, 2000, it was determined that the name SMCO would cease to exist but that certain select creditors, but not including the plaintiffs or employees similarly situated, would be paid and compensated out of its assets.

20. Also on or after June 21, 2000, said certain select creditors were paid and compensated, but the defendant Tom Ostensen was not, and SMCO otherwise dispossessed itself of all of its business, corporate assets and bank accounts.

21. The defendant Tom Ostensen and other employees similarly situated as participants in said Non-Qualified Pension Plans, have been informed that

7

their pension rights would not be honored due to the purported insolvency of SMCO.

### FIRST CAUSE OF ACTION (VIOLATION OF ERISA)

22. Paragraphs 1.-21 are hereby realleged and incorporated in this Paragraph 22. of this, the *FIRST CAUSE OF ACTION*.

23. On divers times and occasions, by words and deeds, the plaintiff SMCO has repudiated their obligations to the defendant Tom Ostensen under the Qualified and Non-Qualified Pension plans.

24. Upon information and belief, plaintiff has manipulated the acts of and/or information utilized by and/or instructions given to purportedly independent auditors and others in order to present false and/or misleading statements of benefits due to the defendant Tom Ostensen, in an attempt to induce him to rely upon such false or misleading statements and accept benefits much smaller than those to which he is entitled pursuant to the provisions of the Qualified and Non-Qualified Pension plans hereinabove alleged.

25. Plaintiff has by virtue of the above enumerated and other acts and/or omissions, violated various provisions of ERISA, including but not limited to ERISA §§510, 29 U.S.C. 1140, entitling the defendant Tom Ostensen to relief under the provisions of ERISA, including, but not limited to ERISA §502, 29 U.S.C. §1132.

26. As a result of said wrongful acts, omissions and repudiation, the defendant has suffered damages and will continue to do so into the future.

27. As a further result of said wrongful acts, omissions and repudiation of the Qualified and Non-Qualified Pension Plans, the defendants have incurred counsel fees.

### SECOND CAUSE OF ACTION (BREACH OF CONTRACT)

28. Paragraphs 1.-27 are hereby realleged and incorporated in this Paragraph 28. of this, the SECOND CAUSE OF ACTION.

29. The Non-Qualified Pension plan constitutes a contract between the plaintiff and defendant Tom Ostensen.

30. The plaintiff has anticipatorily repudiated said contract.

31. As a result of said repudiation, the defendant Tom Ostensen has suffered damages and will suffer damages in the future.

### THIRD CAUSE OF ACTION (DETRIMENTAL RELIANCE)

32. Paragraphs 1.-31 are hereby realleged and incorporated in this Paragraph 32. of this, the THIRD CAUSE OF ACTION.

33. The defendant relied upon the promises and representations made by the plaintiff SMCO, that the Qualified and Non-Qualified Pension Plans would fund the defendant Tom Ostensen's retirement to the extent and manner provided in said plans, respectively.

34. Said reliance was reasonable, and such reliance was intended by the plaintiffs to encourage the defendant Tom Ostensen to forego other employment and investment opportunities.

35. The defendant Tom Ostensen has suffered damages by virtue of his reliance on said promises and representations.

9

### FOURTH CAUSE OF ACTION (COMMON LAW FRAUD)

36. Paragraphs 1.-39 are hereby realleged and incorporated in this Paragraph 36. of this, the FOURTH CAUSE OF ACTION.

37. Despite assurances, promises and representations made to the defendant Tom Ostensen in 2000 by SMCO, that the downsizing and eventual extinguishment of SMCO would not result in a loss of his pension benefits, by divers words and deeds since, the plaintiffs have manifested an intent to avoid said obligations.

38. Upon information and belief, said assurances, promises and representations made by the plaintiffs were knowingly false and fraudulent when made.

39. As a result of the plaintiff's false and fraudulent representations, the defendant has suffered damages.

40. As a further result of the plaintiff's false and fraudulent representations the defendant Tom Ostensen is entitled to common law punitive damages.

### FIFTH CAUSE OF ACTION (CUTPA)

41. Paragraphs 1.-40 are hereby realleged and incorporated in this Paragraph 41. of this, the FIFTH CAUSE OF ACTION.

42. The plaintiffs' false and misleading representations were deceitful, fraudulent, and unfair within the meaning of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a et seq, and it thereby violated said statute.

43. As a result of said false and misleading representations, the defendant Tom Ostensen has suffered an ascertainable loss.

44. As a further result of said false and misleading representations, the defendants have incurred counsel fees.

45. As a further result of said false and misleading representations, the defendants are entitled to statutory punitive damages.

## SIXTH CAUSE OF ACTION (DECLARATORY JUDGMENT AS TO ALL PLAINTIFFS)

46. Paragraphs 1.-45 are hereby realleged and incorporated in this Paragraph 46. of this, the SIXTH CAUSE OF ACTION.

47. The rights accruing to defendant Tom Ostensen under the Qualified and Non-Qualified Pension plans entitles him to payments of benefits in the future

48. The plaintiff has anticipatorily repudiated said payments of benefits.

49. The defendant Tom Ostensen seeks and is entitled to a declaratory judgment affirming the obligations of SMCO, as said benefits fall due.

## SEVENTH CAUSE OF ACTION (TOM OSTENSEN V. ALL PLAINTIFFS- WAGES WITHHELD)

50. Paragraphs 1.-49 are hereby realleged and incorporated in this Paragraph 50. of this, the SEVENTH CAUSE OF ACTION.

51. The plaintiff has failed to pay the defendant Tom Ostensen his full compensation, including salary and reimbursable expenses, accrued and incurred, respectively, during his tenure at SMCO.

52. Said compensation constitutes wages within the meaning of the Connecticut Wage and Hour Laws, including C.G.S. §31-72, et seq.

53. As a result of said failure, the defendant Tom Ostensen is entitled to damages, double damages and attorneys fees, pursuant to said statute.

### EIGHTH CAUSE OF ACTION ( BOTH DEFENDANTS V. PLAINTIFFS) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

54. Paragraphs 1.-53 are hereby realleged and incorporated in this Paragraph 54. of this, the *EIGHTH CAUSE OF ACTION*.

55. In denying the defendants their Qualified and/or Non-Qualified Pension benefits, the plaintiff intended to inflict emotional distress on the defendants, or they knew, or should have known, that emotional distress was the likely result of their conduct.

56. The repudiation of pension benefits to long-standing employees of advancing years such as the defendant Tom Ostensen and his spouse, Siri Ostensen is extreme and outrageous conduct.

57. The defendants have in fact suffered severe emotional distress as a result of the plaintiff's repudiation of his pension benefits.

58. As a result thereof, the defendants have suffered damages.

WHEREFORE, the defendants claim:

1. A Judgment dismissing the plaintiff's complaint.

2. A Set-Off of against any monies due SMCO under the "housing loans" alleged in plaintiff's complaint in the amount of damages due the defendants for, among other claims set forth above, the Non-Qualified Pension Plan.

3. Money damages.

4. Counsel fees under ERISA.

5. Common law punitive damages.

6. Punitive damages and counsel fees under CUTPA, Connecticut General Statutes §42-110a et seq.

7. A declaratory judgment fixing the rights and responsibilities of the parties to the Qualified and Non-Qualified Pension Plans.

8. That all fraudulent transfers between the defendants be set aside.

9. Such other relief as in law or equity as may appertain.

10. Money damages for wages and reimbursable expenses withheld.

11. Double damages and counsel fees pursuant to Connecticut General Statutes §31-72.

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile (203) 357-7208

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Proposed Answer, Affirmative Defense and Counterclaim was mailed first class mail, postage pre-paid to the following on the 18th June, 2002.

Dorit S. Heimer
Madeline F. Grossman
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06880

Donald J. Kennedy
Roxanna D. Nazari
Carter, Ledyard & Milburn
2 Wall Street
NY, NY 10005

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile  (203) 357-7208

14

## CERTIFICATION OF SERVICE
## ERISA COMPLAINT PURSUANT TO
## 29 U.S.C. 1132 (h)

I hereby certify that a copy of the foregoing Answer, Affirmative Defense and Counterclaim was mailed by certified mail, return receipt requested postage pre-paid to the following on the 19th day of June, 2002.

Hon. Elaine L. Chao
Secretary of Labor
200 Constitution Avenue NW
Washington, D.C. 20210

Hon. Paul H. O'Neill
Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile  (203) 357-7208

15