# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

*******************************************************************

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC,. | Civil Case No. |
| | 3:02 CV 678 (RNC) |
| Plaintiffs | |
| VS. | |
| | A JURY TRIAL |
| TOM OSTENSEN | IS DEMANDED |
| SIRI OSTENSEN | |
| Defendants | |
| VS | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC,. | |
| SCANDINAVIAN UNDERWRITERS AGENCY, also | |
| Known as SCUA AMERICAS, INC,. S.M.C.O. A.S., | |
| ANDNORWEGIAN HULL CLUB | |
| Defendants on the Counterclaim | November 7, 2002 |

*******************************************************************

## COUNTERCLAIM

THE PARTIES

1.  At all times relevant hereto, the defendant Tom Ostensen is an individual residing in the Town of Greenwich, State of Connecticut. The defendant Siri Ostensen is the wife of the defendant Tom Ostensen, and they reside together.

2.  At all times relevant hereto, the plaintiff Scandinavian Marine Claims Office, Inc. (SMCO) is a New York Corporation, which maintained places of business in Stamford, Connecticut, Coral Gables, Florida, and Houston, Texas.

1

3. At all times relevant hereto, the plaintiff Scandinavian Underwriters Agency also known as Scua Americas, Inc (SCUA) is upon information and belief, a Delaware corporation which maintains its principal places of business in Coral Gables Florida and Houston, Texas. SCUA is also the successor corporation to SMCO, and is its alter ego.

4. At all times relevant hereto, the defendant SMCO A.S. is a foreign corporation domiciled in the City of Bergen, Country of Norway, which owned, operated and controlled SMCO, and now owns, operates and controls SCUA, and upon information and belief maintains offices in the United States, Europe, Middle East and Japan.

5. At all times relevant hereto, the defendant Norwegian Hull Club (NHC) is a corporation domiciled in the City of Bergen, Country of Norway, and did business in the State of Connecticut through its subsidiaries, SMCO A.S., SMCO and SCUA, in which it owns and operates a controlling interest through a two-thirds controlling ownership of SMCO A.S.

JURISDICTION

6. Jurisdiction is properly in this Court by virtue of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§1001 et seq., including under 29 U.S.C. 1132, and by virtue of this case involving the laws of the United States, pursuant to 28 U.S.C. §1331. This Court also has jurisdiction in light of the diversity of citizenship between plaintiffs and defendants (28 U.S.C. §1332), as hereinabove alleged. The amount in controversy, exclusive of interest and costs exceeds $75,000.00.

7. Jurisdiction is also properly in this Court by virtue of F.R.C.P. §13 and 28 U.S.C. 1367(a).

THE PENSION PLANS

8. At all times relevant hereto, the plaintiff SMCO, and the defendants SCUA, SMCO A.S. and NHC were directly or indirectly plan administrators for certain qualified and non-qualified benefit pension plans in which the defendant Tom Ostensen participated as an employee.

9. From October, 1990 through and including December 31, 2000, the defendant Tom Ostensen was employed by the plaintiff SMCO, and from October, 1990 through June 30, 2000, he was its President and manager of its offices. The defendant Tom Ostensen was stationed in SMCO's Connecticut office, at One Landmark Square, Stamford, Connecticut.

10. SMCO, and SCUA, its successor, including its Stamford, Connecticut office, were and are a "captive" maritime claims adjustment office for claims against vessels insured by the NHC, which is a marine underwriter.

11. As an employee of SMCO, the defendant Tom Ostensen was covered by a certain defined benefit pension plan and a money purchase plan, which together are referred to as the Qualified Pension Plan, and which falls within the purview of ERISA, 29 U.S.C.1001 et seq.

12. The defendant was also covered by a certain supplemental or wrap-around defined benefit plan available only to certain select senior management personnel, which is hereinafter referred to as the Non-Qualified Pension Plan. The Non-Qualified Pension Plan was contained in separate written agreements among the plaintiff SMCO and each of the

3

   plaintiff SMCO's senior employees, including the defendant, and which also may fall within the purview of ERISA. A copy of the Non-Qualified Pension Plan is annexed hereto as Exhibit A.

13. As spouse and contingent beneficiary to the defendant Tom Ostensen's pension benefits, the defendant Siri Ostensen was a participant and/or an intended third party beneficiary of said plans.

14. The Non-Qualified Pension Plan was designed to attract and keep top level employees who would not have enough service time at normal retirement age to receive their maximum Qualified Pension Plan benefits, by making it possible to reach a pension benefit equivalent to 60% of their last three years average salary at normal retirement age (Final Average Compensation).

15. Under the Pension Plans, the defendant Tom Ostensen was entitled to receive up on reaching normal retirement age an annual dollar amount equal to 60% of his Final Average Compensation. As explained in SMCO's Consolidated Financial Statements, the funding of the Non-Qualified Plan as based on amounts collected from Mortgage notes receivable from related parties (also referred to as "housing loans"), certain insurance polices, plus an additional funding as required from time to time as advised by the Plan Administrator.

16. The Non-Qualified Pension Plan was adopted by SMCO on October 19, 1992.

4

17. In maintaining his employment with SMCO, the defendant Tom Ostensen, relied on the benefits promised by both the Qualified and Non-Qualified Pension plans, and had foregone other employment and investment opportunities in reliance of the promise of said benefits.

18. In accordance with the plan, the Non-Qualified Plan was to be funded through life insurance purchased by SMCO, the business assets and revenues of SMCO, and obligations owed to SMCO under certain "housing loans" made to the plans' participants.

19. The "housing loans" that funded in part the Non-Qualified Plan included the "first note" and "second note", annexed to the plaintiff's complaint as Exhibits A, and B, respectively

20. The defendant Tom Ostensen's "housing loans" were outstanding to SMCO at the time of the termination of his employment, as were "housing loans" to the other participant members of the Non-Qualified Pension Plan and other employees of the company, all of which "housing loans" funded in part, the Non-Qualified Pension Plan.

21. Further, upon information and belief, SMCO and/or one or more of its parents or affiliated companies, including SMCO A.S., and NHC, acting on their own behalf or on behalf of SMCO, wrongfully cancelled the life insurance policies, which also funded the Non-Qualified Pension Plan.

THE PURPORTED DISSOLUTION OF SMCO

22. On March 3, 1998, the plaintiff SMCO at the direction of the defendant NHC decided to downsize the Stamford SMCO office.

23. On June 21, 2000, the directors of the plaintiff SMCO and the defendant SMCO A.S. who are controlled by NHC, determined and resolved, among other things, that the Stamford SMCO office would be closed, that SMCO would then change its name to SCUA, and that the defendant Tom Ostensen would be terminated as president of SMCO effective July 1, 2000, but would remain on its payroll through December 31, 2000.

24. Also on or about June 21, 2000, the directors of SMCO, acting at the direction of SMCO A.S. and NHC, resolved that final proposals for severance packages, including pension agreements would be presented for "Board Sanction".

25. Also, on or about June 21, 2000, it was determined that the name SMCO would cease to exist but that certain select creditors, with whom SCUA, SMCO A.S. and NHC would continue to do business or whom had personal or corporate or other guaranty's, but not including the defendants Tom and Siri Ostensen or other employees or beneficiaries of said pension plans similarly situated, would be paid and compensated out of its assets and/or the assets of SCUA, SMCO A.S, and NHC.

26. Also on or after June 21, 2000, said certain select creditors were paid and compensated, but the defendant Tom Ostensen was not, and SMCO, at the direction of NHC and SMCO A.S., otherwise dispossessed itself of all of its business, corporate assets and bank accounts, transferring same to SCUA, and/or SMCO A.S. and/or NHC.

27. Sometime after December 31, 2000, since SMCO's business and assets were transferred to SCUA and/or NHC, the defendant Tom Ostensen and other employees similarly situated as participants in said Non-Qualified Pension Plans, including their General Counsel, Manuel Llorca, and Margaret Killip, have been informed by personnel at SMCO, SMCO A.S., and NHC, that their pension rights would not or may not be honored due to the purported insolvency of SMCO.

28. The defendant Tom Ostensen has been further informed some time after December 31, 2000, that SMCO will not credit his prior years of service with Marine Defense Group, a company he owned and with whom he was employed until it was acquired by SMCO in 1990, despite having previously being assured by the Qualified Plan Administrators and the Non-Qualified plan administrators that such credit would be given.

29. Further, the defendant Tom Ostensen has been informed some time after December 31, 2000, that SMCO will not properly credit his years of service with SMCO under the defined benefit plan at the previously agreed rate of 2.75% of Final Average Compensation, but that his defined benefit plan payment shall be calculated at 2.00% of Final Average Compensation.

30. Further, the defendant Tom Ostensen has been informed some time after December 31, 2000, that the Qualified Benefits to which he and the defendant Siri Ostensen are entitled shall be substantially less than as is called for under the terms of the Qualified Plans.

FIRST CAUSE OF ACTION (VIOLATION OF ERISA)

31. Paragraphs 1.-30 are hereby realleged and incorporated in this Paragraph 31. of this, the FIRST CAUSE OF ACTION.

32. On divers times and occasions, by words and deeds, the plaintiff SMCO has repudiated their obligations to the defendant Tom Ostensen under the Qualified and Non-Qualified Pension plans.

33. Upon information and belief, plaintiff has manipulated the acts of and/or information utilized by and/or instructions given to purportedly independent auditors and others in order to present false and/or misleading statements of benefits due to the defendant Tom Ostensen, in an attempt to induce him to rely upon such false or misleading statements and accept benefits much smaller than those to which he is entitled pursuant to the provisions of the Qualified and Non-Qualified Pension plans hereinabove alleged.

34. Plaintiff has by virtue of the above enumerated and other acts and/or omissions, violated various provisions of ERISA, including but not limited to ERISA §§510, 29 U.S.C. 1140, entitling the defendants Tom Ostensen and Siri Ostensen to relief under the provisions of ERISA, including, but not limited to ERISA §502, 29 U.S.C. §1132.

35. As a result of said wrongful acts, omissions and repudiation, the defendant has suffered damages and will continue to do so into the future.

36. As a further result of said wrongful acts, omissions and repudiation of the Qualified and Non-Qualified Pension Plans, the defendants have incurred counsel fees.

SECOND CAUSE OF ACTION (BREACH OF CONTRACT)

37. Paragraphs 1.-36 are hereby realleged and incorporated in this Paragraph 37. of this, the SECOND CAUSE OF ACTION.

38. The Non-Qualified Pension plan constitutes a contract between the plaintiff and defendant Tom Ostensen.

39. The plaintiff has anticipatorily repudiated said contract.

40. As a result of said repudiation, the defendants Tom Ostensen and Siri Ostensen have suffered damages and will suffer damages in the future.

THIRD CAUSE OF ACTION (DETRIMENTAL RELIANCE)

41. Paragraphs 1.-40 are hereby realleged and incorporated in this Paragraph 36. of this, the THIRD CAUSE OF ACTION.

42. The defendants Tom and Siri Ostensen relied upon the promises and representations made by the plaintiff SMCO, as well as the defendants SMCO A.S., NHC and SCUA that the Qualified and Non-Qualified Pension Plans would fund the defendant Tom Ostensen's and his beneficiary, the defedant Siri Ostensen's retirement to the extent and manner provided in said plans, respectively.

43. Said reliance was reasonable, and such reliance was intended by the plaintiffs to encourage the defendant Tom Ostensen to forego other employment and investment opportunities.

44. The defendant Tom Ostensen has suffered damages by virtue of his reliance on said promises and representations.

FOURTH CAUSE OF ACTION (COMMON LAW FRAUD)

45. Paragraphs 1.-44 are hereby realleged and incorporated in this Paragraph 40. of this, the FOURTH CAUSE OF ACTION.

46. Despite assurances, promises and representations made to the defendant Tom Ostensen in 2000 by SMCO, SCUA, SMCO A.S. and NHC, that the downsizing and eventual extinguishment of SMCO would not result in a loss of his pension benefits, by divers words and deeds since, the plaintiffs have manifested an intent to avoid said obligations.

47. Upon information and belief, said assurances, promises and representations made by the plaintiffs were knowingly false and fraudulent when made.

48. As a result of the plaintiff's false and fraudulent representations, the defendant has suffered damages.

49. As a further result of the plaintiff's false and fraudulent representations the defendant Tom Ostensen is entitled to common law punitive damages.

FIFTH CAUSE OF ACTION (CUTPA)

50. Paragraphs 1.-49 are hereby realleged and incorporated in this Paragraph 50. of this, the FIFTH CAUSE OF ACTION.

51. The plaintiffs' false and misleading representations were deceitful, fraudulent, and unfair within the meaning of the Connecticut Unfair Trade Practices Act, C.G.S. §42-110a et seq, and it thereby violated said statute.

52. As a result of said false and misleading representations, the defendants Tom & Siri Ostensen have suffered an ascertainable loss.

53. As a further result of said false and misleading representations, the defendants have incurred counsel fees.

54. As a further result of said false and misleading representations, the defendants are entitled to statutory punitive damages.

SIXTH CAUSE OF ACTION (FRAUDULENT TRANSFER)

55. Paragraphs 1.-54 are hereby realleged and incorporated in this Paragraph 55. of this, the SIXTH CAUSE OF ACTION.

56. Upon information and belief, and based upon such information and belief, the defendants allege, that SMCO has conveyed, transferred and/or secreted the assets of SMCO to said SCUA, SMCO A.S. and NHC, so that SMCO is unable to pay its debts as they mature, including, but not limited to, the Non-Qualified Pension Plan.

57. Said conveyances and transfers of assets were made for the purpose of frustrating the purposes of the Non-Qualified Pension Plans, and were designed to unfund it, thereby depriving the defendant and others similarly situated of their rightful compensation and benefits.

58. Said conveyances and transfers also rendered SMCO insolvent as defined in §52-552a et seq., of the Connecticut General Statutes, said statute being also known as the Connecticut Uniform Fraudulent Transfer Act.

59. Said conveyances and transfers were fraudulent and without fair consideration and violate the provisions of said Connecticut Uniform Fraudulent Transfer Act.

11

60. The defendants are entitled to have said conveyances and transfers set aside and to have damages and attorneys fees assessed against SMCO.

SEVENTH CAUSE OF ACTION (INTENTIONAL INTERFERENCE WITH CONTRACT AS TO SCUA, SMCO A.S. & NHC)

61. Paragraphs 1.-60 are hereby realleged and incorporated in this Paragraph 61. of this, the SEVENTH CAUSE OF ACTION.

62. At all times relevant hereto, SCUA, SMCO A.S, and NHC. have been aware of the existence of the Non-Qualified Pension Plan, and SMCO's corresponding obligations to the defendants.

63. In directing the closure of SMCO, the transfer and conveyance of all of the assets of SMCO and the payment of creditors other than the beneficiaries of the Non-Qualified and Qualified Pension Plans, the defendants SCUA, SMCO A.S, and NHC have tortiously interfered with the contractual relations of the defendant Tom Ostensen with SMCO.

64. As a result of said tortious interference with contractual relations, the defendants have suffered damages.

EIGHTH CAUSE OF ACTION (SCUA AS LIABLE SUCCESSOR TO SMCO)

65. Paragraphs 1.-64 are hereby realleged and incorporated in this Paragraph 65. of this, the EIGHTH CAUSE OF ACTION.

66. SCUA and/or NHC, as successor to the assets and obligations of SMCO, are liable to the plaintiffs for all obligations, debts and claims for which SMCO would have been liable to them, including but not limited to, payment of plaintiffs' Pension benefits hereinabove alleged.

NINTH CAUSE OF ACTION (DECLARATORY JUDGMENT AS TO ALL PARTIES)

67. Paragraphs 1.-66 are hereby realleged and incorporated in this Paragraph 67. of this, the NINTH CAUSE OF ACTION.

68. The rights accruing to defendant Tom Ostensen and Siri Ostensen under the Qualified and Non-Qualified Pension plans entitles them to payments of benefits in the future

69. The plaintiffs have anticipatorily repudiated said payments of benefits.

70. The defendant Tom Ostensen seeks and is entitled to a declaratory judgment affirming the obligations of SMCO, SCUA, SMCO A.S, and NHC as said benefits fall due.

TENTH CAUSE OF ACTION (TOM OSTENSEN V. SMCO, SCUA, SMCO A.S, and NHC -WAGES WITHHELD)

71. Paragraphs 1.-70 are hereby realleged and incorporated in this Paragraph 71. of this, the TENTH CAUSE OF ACTION.

72. The plaintiff, and as plaintiff's alter ego and/or successors, SCUA, SMCO A.S, and NHC have failed to pay the defendant Tom Ostensen his full compensation, including salary and reimbursable expenses, accrued and incurred, respectively, during his tenure at SMCO.

73. Said compensation constitutes wages within the meaning of the Connecticut Wage and Hour Laws, including C.G.S. §31-72, et seq.

74. As a result of said failure, the defendant Tom Ostensen is entitled to damages, double damages and attorneys fees, pursuant to said statute.

ELEVENTH CAUSE OF ACTION ( BOTH DEFENDANTS V. SMCO, SCUA, SMCO A.S, and NHC) INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

75. Paragraphs 1.-74 are hereby realleged and incorporated in this Paragraph 75. of this, the ELEVENTH CAUSE OF ACTION.

76. In denying the defendants their Qualified and/or Non-Qualified Pension benefits, the plaintiff intended to inflict emotional distress on the defendants, or they knew, or should have known, that emotional distress was the likely result of their conduct.

77. The repudiation of pension benefits to long-standing employees of advancing years such as the defendant Tom Ostensen and his spouse, Siri Ostensen is extreme and outrageous conduct.

78. The defendants have in fact suffered severe emotional distress as a result of the plaintiff's repudiation of his pension benefits.

79. As a result thereof, the defendants have suffered damages.

TWELFTH CAUSE OF ACTION ( BOTH DEFENDANTS V. SMCO, SCUA, SMCO A.S, and NHC) CONTINUING OPERATION OF AN INSOLVENT COMPANY TO THE DETRIMENT OF COMPANY'S CREDITORS AND EMPLOYEES

80   Paragraphs 1.-79 are hereby realleged and incorporated in this Paragraph 80. of this, the TWELFTH CAUSE OF ACTION.

81   Upon information and belief, plaintiff SMCO was technically insolvent as of approximately 1991, but was kept in operation to service the needs of NHC and SMCO A.S.

82   Plaintiff's insolvency was hidden from the defendant Tom Ostensen, as well as other employees and creditors of SMCO.

83  Defendant Tom Ostensen was encouraged to continue employment with SMCO as a result of NHC, SMCO A.S., and SMCO's continued operation of SMCO and their continued non-disclosure about the fact that it was insolvent and would be unable to pay its retirement benefits under the Non-Qualified Plan.

84  By reason of the foregoing, the defendants Ostensen have been damaged in an amount to be established at trial, but in excess of $75,000.

THIRTEENTH CAUSE OF ACTION ( BOTH DEFENDANTS V. SCUA, SMCO A.S, and NHC) LIABILITY AS ALTER EGOS OF SMCO

85  Paragraphs 1.-84 are hereby realleged and incorporated in this Paragraph 85. of this, the THIRTEENTH CAUSE OF ACTION.

86  At all relevant times, the defendants SCUA, SMCO A.S., and NHC exercised complete domination and control over the finances, policy and business practices of SMCO so that SMCO was a mere instrumentality of said defendants, and had no separate mind, will or existence of its own. SMCO existed solely to serve the business interests in the United States of defendants SCUA, SMCO A.S., and NHC.

87  The domination and control by defendants SCUA, SMCO A.S., and NHC was used to commit fraud and wrong, and to perpetrate the violation of statutory and other legal duties owed to the defendants Tom and Siri Ostensen and others similarly situated.

88   By reason of the foregoing, the defendants Tom and Siri Ostensen have incurred damages in an amount to be established at trial, but in excess of $75,000.00.

WHEREFORE, the defendants claim as to SMCO, SMCO A.S., SCUA and NHC:

1. A Judgment dismissing the plaintiff's complaint.

2. A Set-Off of against any monies due SMCO under the "housing loans" alleged in plaintiff's complaint in the amount of damages due the defendants for, among other claims set forth above, the Non-Qualified Pension Plan.

3. Money damages.

4. Counsel fees under ERISA.

5. Common law punitive damages.

6. Punitive damages and counsel fees under CUTPA, Connecticut General Statutes §42-110a et seq.

7. A declaratory judgment fixing the rights and responsibilities of the parties to the Qualified and Non-Qualified Pension Plans.

8. That all fraudulent transfers between the defendants be set aside.

9. Such other relief as in law or equity as may appertain.

10. Money damages for wages and reimbursable expenses withheld.

11. Double damages and counsel fees pursuant to Connecticut General Statutes §31-72.

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile (203) 357-7208

CERTIFICATION OF SERVICE

I hereby certify that a copy of the foregoing Proposed Counterclaim was mailed first class mail, postage pre-paid to the following on the 7th of November, 2002.

Dorit S. Heimer
Madeline F. Grossman
Levett Rockwood P.C.
33 Riverside Avenue
P.O. Box 5116
Westport, CT 06880

Donald J. Kennedy
Roxanna D. Nazari
Carter, Ledyard & Milburn
2 Wall Street
NY, NY 10005

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile  (203) 357-7208

## CERTIFICATION OF SERVICE
## ERISA COMPLAINT PURSUANT TO
## 29 U.S.C. 1132 (h)

I hereby certify that a copy of the foregoing Proposed Counterclaim was mailed by certified mail, return receipt requested postage pre-paid to the following on the day of         , 2002.

Hon. Elaine L. Chao
Secretary of Labor
200 Constitution Avenue NW
Washington, D.C. 20210

Hon. Paul H. O'Neill
Secretary of the Treasury
1500 Pennsylvania Avenue, NW
Washington, D.C. 20220

THE DEFENDANTS
TOM OSTENSEN
SIRI OSTENSEN

BY: _____
THOMAS M. CASSONE
BELLO, LAPINE & CASSONE
600 Summer Street
Stamford, CT 06901
Federal Bar No. ct 06827
Telephone (203) 348-4244
Facsimile (203) 357-7208

19