# EXHIBIT 7

# SCHLAM STONE & DOLAN LLP

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400

TELECOPIER: (212) 344-7677

www.schlamstone.com

PETER R. SCHLAM
HARVEY M. STONE
RICHARD H. DOLAN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JOHN J.D. McFERRIN-CLANCY
JEFFREY M. EILENDER

JOHN M. LUNDIN
ELIZABETH PRICKETT-MORGAN
LEAH M. CAMPBELL

April 7, 2005

**FEDERAL EXPRESS**

Honorable Donna F. Martinez
United States District Court for the District of Connecticut
450 Main Street
Hartford, Connecticut 06103

    Re:    *Scandinavian Marine Claims Office Inc. v. Siri Ostensen*, 3:02 CV 678 (RNC)

Dear Judge Martinez:

    This firm is counsel for Defendant/Third-Party Plaintiff Siri Ostensen in this action. We are writing respectfully to respond to the March 29, 2005 letter from counsel for Plaintiff Scandinavian Marine Claims Office Inc. ("SMCO") requesting a pre-motion conference on SMCO's intended motion for summary judgment to enforce the promissory notes that Mrs. Ostensen and her late husband, Tom Ostensen signed.

    Your Honor already has decided this issue. When the parties met with Your Honor on March 3, 2005 to discuss settlement, SMCO's counsel informed the Court of SMCO's desire to move for summary judgment now, before there has been any discovery. After hearing the specific basis for SMCO's anticipated motion and Mrs. Ostensen's reasons why such a motion would be inappropriate, including that in light of the need to take discovery on her defenses and counterclaims, including fraudulent inducement and set-off, such a motion must be denied under Federal Rule of Civil Procedure 56(f), Your Honor rejected SMCO's request. Rather, Your Honor set a schedule for discovery which envisions the parties taking discovery until August 31, 2005, with dispositive motions following. SMCO's brief note to the Court, which ignores the need for discovery on Mrs. Ostensen's defenses and counterclaims, as well as Your Honor's comments regarding why such a motion would be premature, presents no reason for Your Honor to reconsider your decision.

    While we recognize that the Court cannot prevent SMCO from moving for summary judgment, it can regulate the timing of that motion. *See, e.g., Julian v. Equifax Check Svcs., Inc.*, 178 F.R.D. 10, 15-16 (D. Conn. 1998) (discussing the Court's power under Federal Rule of Civil Procedure 16 to regulate the timing of motions). For the reasons set forth below— which echo those raised at the March 3, 2005 settlement conference—we respectfully suggest

Honorable Donna F. Martinez
April 7, 2005
Page 2 of 5 Pages

that Your Honor adhere to the schedule already set by the Court which recognizes that SMCO's claims cannot be resolved until (1) it is determined whether Mrs. Ostensen's claims against the Related Other Companies related to the Non-Qualified Plan must be arbitrated and (2) her claims against SMCO and the Related Other Companies—which are complete defenses against SMCO's claims and/or represent a set-off against them—are decided.

**Background**

SMCO claims that Mrs. Ostensen owes it money due under promissory notes that Mrs. Ostensen and her late husband, Tom Ostensen, signed (Mr. Ostensen's estate has been substituted as a party in this action). It is on this claim that SMCO seeks summary judgment.

However, SMCO and Third-Party Defendants Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO A.S., and Norwegian Hull Club (collectively, and without SMCO, the "Related Other Companies") owe Mrs. Ostensen a much greater debt. Mr. and Mrs. Ostensen signed the promissory notes to the benefit of SMCO for the express purpose of funding a non-qualified pension plan for senior executives of SMCO, including Mr. Ostensen (the "Non-Qualified Plan"). Rather than keep their promises regarding the Non-Qualified pension plan, the Related Other Companies, which were affiliated with, and dominated, SMCO, looted SMCO, leaving it unable to fund the plan, depriving Mrs. Ostensen of the significant benefits—total payments of well over $2 million between 2009 and 2022—to which she contractually is entitled under the plan, benefits that were the consideration for the Ostensen's execution of the promissory notes at issue. Unfortunately, it is undisputed that the Related Other Companies have left SMCO as little more than an asset-less shell, meaning that any Mrs. Ostensen has little practical ability to recover directly from SMCO on her counterclaims against it.

By a Report and Recommendation (the "Report") dated and filed on September 5, 2003, the Court interpreted the arbitration provision in Paragraph 6.4 of the Non-Qualified Plan broadly, requiring Mrs. Ostensen to arbitrate almost all of her counterclaims against SMCO. Further, because the Related Other Companies are liable for, among other things, SMCO's obligations under the Non-Qualified Plan under alter-ego or agency principles, they also should be parties to the arbitration. *See Thompson-CSF, S.A. v. American Arbitration Association*, 64 F.3d 773, 776 (2d Cir. 1995) (Under the Federal Arbitration Act, non-signatory parties may be bound to an arbitration agreement if so dictated by "ordinary principles of contract and agency," including, *inter alia*, the piercing of the corporate veil.). Indeed, making all parties to this action parties to the arbitration between SMCO and Mrs. Ostensen would allow all of the parties' claims and defenses to be resolved at one time in one place, rather than having this action proceed piecemeal—with part of the claims being decided in the arbitration and part being decided in this action.

Honorable Donna F. Martinez
April 7, 2005
Page 3 of 5 Pages

      Recognizing the need for discovery both on whether the Related Other Companies are subject to the arbitration provision of the Non-Qualified Plan and on Mrs. Ostensen's counterclaims, which are inextricably related to SMCO's claims against her, at the March 3, 2005 settlement conference Your Honor set a schedule for Mrs. Ostensen to have discovery related to her claims and defenses, including, in particular, to show that the Related Other Companies knew about, and are liable for SMCO's obligations under, the Non-Qualified Plan.

### SMCO's Premature Motion for Summary Judgment

      SMCO seeks to move for summary judgment on its claims against Mrs. Ostensen before Mrs. Ostensen has the opportunity to take discovery regarding her claims and defenses. Such a motion would necessarily be denied under Federal Rule of Civil Procedure 56(f), and would represent a waste of the parties' and the Court's resources and should not be allowed.

      **First**, SMCO ignores that SMCO's claims cannot fully and finally be decided until after the arbitration of Mrs. Ostensen's claims against it and the Related Other Companies because her claims rely on the same facts as her defense of set-off and her counterclaims. Thus, SMCO's motion must be delayed until the arbitration of Mrs. Ostensen's defenses and counterclaims is complete. Indeed, it was SMCO that insisted that Mrs. Ostensen's defenses and counterclaims be arbitrated. It can hardly complain now that the procedure of its own choosing inevitably has delayed the decision of its claims against Mrs. Ostensen.

      In fact, the arbitration likely will resolve all claims—both SMCO's and Mrs. Ostensen's—making further proceedings in this Court unnecessary. In addition, even if the Court ultimately concluded that Other Related Companies are not subject to the arbitration clause of the Non-Qualified Plan, Mrs. Ostensen would still be entitled to litigate the potential liability of the Other Related Companies to indemnify Mrs. Ostensen because of their tortious interference with her contractual relationship with SMCO as well as her defenses and counterclaims against SMCO. None of those issues can be resolved now.

      Indeed, what SMCO seeks is the "absurdity of making" Mrs. Ostensen "pay" SMCO "when" SMCO "owes" Mrs. Ostensen. *Valley Disposal Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 113 F.3d 357, 362, 2d Cir. 1997). The law avoids this "absurdity" by prohibiting summary judgment where there are facts in dispute regarding a claim for set-off—whether directly or as a counterclaim. *See, e.g., RPJ Sportswear, Inc. v. Xylo Tex, Ltd.*, 681 F. Supp. 225, 228 (S.D.N.Y. 1988) (summary judgment cannot be granted where a counterclaim is "inextricably interwoven with the underlying cause of action" if there are issues of fact regarding those claims); *In re Colonial Realty Co.*, 208 B.R. 616, 619 (Bankr. D. Conn. 1997) (denying summary judgment where there was an issue of fact regarding a claim for set-off).

Honorable Donna F. Martinez
April 7, 2005
Page 4 of 5 Pages

**Second**, and as Your Honor already has held, there is relevant discovery yet to be taken before the issue of Mrs. Ostensen's liability and the related issues of her defense of off-set and her counterclaims against SMCO and the Related Other Companies. Attached as Exhibits A though I are Mrs. Ostensen's currently-outstanding discovery demands. We anticipate that other demands will be forthcoming in the next few weeks, with depositions to follow.

Indeed, as we pointed out at the March 3, 2005 settlement conference when the parties discussed this matter, any motion for summary judgment by SMCO prior to the end of discovery will be met by a motion under Federal Rule of Civil Procedure 56(f) for discovery on Mrs. Ostensen's defenses and counterclaims, including the issue of the liability of the Other Related Companies to SMCO's obligations under the Non-Qualified Plan. Significantly, SMCO's letter to the Court ignores this issue. The issues on which Mrs. Ostensen requires discovery include:

- SMCO's obligations to Mrs. Ostensen under the Non-Qualified Plan;
- Whether Mr. and Mrs. Ostensen were fraudulently induced to sign the promissory notes;
- The liability of the Other Related Companies for SMCO's obligations under the Non-Qualified Plan under any of the theories set forth in *Thompson-CSF*;
- The obligations of the Other Related companies to indemnify Mrs. Ostensen for any liability to SMCO;
- The obligations of SMCO and the Other Related companies under Mrs. Ostensen's other counterclaims.

Indeed, to the extent SMCO seeks an immediate decision from the Court on its claim; Mrs. Ostensen must be allowed to take discovery relating to her defenses and counterclaims notwithstanding the Court's order that issues relating to the Non-Qualified Plan be arbitrated. This simply highlights the impropriety of SMCO's intended motion.

**Conclusion**

For the foregoing reasons, Your Honor should not allow SMCO to move for summary judgment now, before discovery has been completed and before Mrs. Ostensen's claims and defenses are ripe for decision.

Respectfully Submitted,

John M. Lundin

Honorable Donna F. Martinez
April 7, 2005
Page 5 of 5 Pages


Encls.

Copies to:

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, CT 06883

Charles A. Stewart, III Esq.
Stewart Occhipinti & Makow, LLP
1350 Broadway
Suite 2200
New York, N.Y. 10018

Exhibit A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., <br><br> *Plaintiff,* <br><br> - against - <br><br> SIRI OSTENSEN, <br><br> *Defendant,* <br><br> - against - <br><br> SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, <br><br> *Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC) <br><br> **DEFENDANT'S FIRST REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS** |
| MARGARET KILLIP, <br><br> *Plaintiff,* <br><br> - against - <br><br> SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB, <br><br> *Defendants and Third-Party Plaintiffs,* <br><br> - against - <br><br> TOM OSTENSEN <br><br> *Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC) <br><br> **THIRD-PARTY DEFENDANT'S FIRST REQUEST FOR DOCUMENTS TO DEFENDANTS AND THIRD-PARTY PLAINTIFFS** |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Scandinavian Marine Claims Office, Inc., Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO., A.S., SCUA Holdings, B.V. and Norwegian Hull Club, produce the following documents at the offices of Mrs. Ostensen's counsel, Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 no later than May 2, 2005.

## DEFINITIONS

1. The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3. "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4. "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5. "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6. "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

7. "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

8. "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9. "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1. The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. No request shall be construed to create a limitation upon any other request.

3. Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

4. Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5. Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6. The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7. In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8. With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9. This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10. Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests the following documents:

1. Documents sufficient to show the organization of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at all times from January 1, 1990 to the present, including, but not limited to, organization charts for each entity.

2. Documents sufficient to show the ownership of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. including, but not limited to, the names of all persons or entities having an ownership interest in those parties at any time from January 1, 1990 to the present, when that interest was acquired and the percentage ownership of each entity at the end of each calendar or fiscal year.

3. All documents relating to or concerning the business plans or strategic planning for NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at all times from January 1, 1990 to the present.

4. All documents relating to or concerning the ownership of SMCO including, but not limited to, the names of all persons or entities having an ownership interest in SMCO at any time from January 1, 1990 to the present, when that interest was acquired and the percentage ownership of each entity at the end of each calendar or fiscal year.

5. Documents sufficient to identify each address or location from which NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. and each affiliate of those entities has operated at any time from January 1, 1990 to the present.

6. Documents sufficient to identify the members of the board of directors or other similar governing body of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO

A.S. at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

7.  Documents sufficient to identify the officers or managers of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

8.  All documents relating to or concerning the selection of the members of the board of directors or other similar governing body, officers or managers of SMCO including, but not limited to, the role of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. in such selection.

9.  The minutes of all meetings of the board of directors or other similar governing body of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. from January 1, 1990 to the present.

10. All documents relating to or concerning payments or guarantees of the debts of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any of their employees, directors, or officers, including but not limited to their ability to issue or to honor such a guarantee.

11. All documents relating to or concerning the payment or guarantee by NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. of the debt of any other entity or individual.

12. All documents relating to or concerning the communications from the board of directors or other similar governing body, officers or managers of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. to the board of directors or other similar governing body, officers or managers of SMCO regarding the business of SMCO.

13. All financial statements, whether audited or unaudited, of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. from January 1, 1990 to the present.

14. Documents sufficient to identify all accountants or auditors who have performed work for NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present.

15. All communications between NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. and any accountant or auditor engaged by any of them.

16. All tax returns for NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. from January 1, 1990 to the present from January 1, 1990 to the present.

17. All documents submitted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S. to a lender or creditor (whether actual or prospective) pursuant to or as part of an application or request for a loan, credit or financing of any kind.

18. All documents relating to or concerning the finances of SMCO from January 1, 1990 to the present.

19. All communications relating to or concerning the capitalization or financial status of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S, including but not limited to their solvency or insolvency.

20. All documents relating to or concerning the transfer of funds or other assets between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present, regardless of whether such transfer was carried out.

21. Documents sufficient to identify every asset, including real property, chattel, securities, or pledges of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S., or any of their affiliates.

22. All bank statements, checks, drafts, wire transfer requests, vouchers, agreements, or other documents concerning the financial dealings between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present.

23. Documents sufficient to identify all legal counsel who have provided legal advice to NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. regarding any transaction, litigation or other proceeding involving SMCO at any time from January 1, 1990 to the present, including, but not limited to, the identification of the entities who sought, received and paid for such advice.

24. Documents sufficient to all legal expenses for SMCO from January 1, 1990 to the present including, but not limited to, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill.

25. All documents relating to or concerning any transactions between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any affiliates of those entities, including but not limited to agreements, contracts, invoices, bills, purchase orders and/or work orders, estimates, bank statements, wire transfer requests, vouchers, checks, drafts, promissory notes, loans, security agreements, liens, and attachments at any time from January 1, 1990 to the present.

26. All documents relating to or concerning any potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

27. All documents relating to or concerning the Non-Qualified Plan that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

28. All documents relating to or concerning the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

29. All documents relating to or concerning the ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

30. All documents relating to or concerning public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

31. All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

32. All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations other than the Non-Qualified Plan.

Dated: New York, New York
       March 31, 2005

                                                       /s/
Jeffrey M. Eilender (Bar No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203) 221-3010 (Facsimile)
*Attorneys for Siri Ostensen*