Exhibit F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>                                       *Plaintiff,*<br><br>- against -<br><br>SIRI OSTENSEN,<br><br>                                       *Defendant,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>  *Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S FIRST INTERROGATORIES TO NORWEGIAN HULL CLUB** |
| MARGARET KILLIP,<br><br>                                       *Plaintiff,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB,<br><br>  *Defendants and Third-Party Plaintiffs,*<br><br>- against -<br><br>TOM OSTENSEN<br><br>                           *Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S FIRST INTERROGATORIES TO NORWEGIAN HULL CLUB** |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Third-Party Defendant/Third-Party Plaintiff Norwegian Hull Club answer the following Interrogatories no later than May 2, 2005.

## DEFINITIONS

1. The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3. "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4. "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5. "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6. "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

7. "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

8. "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9. "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1. The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. Answer each interrogatory separately and under oath. If any answer is based upon information and belief rather than personal knowledge, such answer shall state that it is made on that basis.

3. If you believe that any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specify each reason for your belief or your inability to

answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

4. In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

5. No request shall be construed to create a limitation upon any other request.

6. The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7. If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the date, author, recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

8. These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

9. Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

## INTERROGATORIES

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that NHC respond to the following interrogatories:

1. Identify all persons who have, or who have had, an ownership interest in NHC any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in NHC, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

2. Identify NHC's ownership interest in SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of NHC in each entity at the end of each calendar or fiscal year.

3. Identify each address or location from which NHC and each affiliate of NHC has operated at any time from January 1, 1990 to the present.

4. Identify the members of the board of directors or other similar governing body of NHC at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5. Identify the officers or managers of NHC at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

6. Identify all accountants or auditors who have performed work for NHC at any time from January 1, 1990 to the present.

7. Identify all legal counsel who have provided legal advice to NHC at any time from January 1, 1990 to the present.

8. List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

9. Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

10. List all assets and obligations of NHC, including real property, chattel, securities, or pledges.

11. Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12. Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

13. Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

14. Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

15. Identify when NHC first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the NHC employees who first learned of the Non-Qualified Plan.

16. Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

Exhibit G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARGARET KILLIP,<br><br>*Plaintiff,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB,<br><br>*Defendants and Third-Party Plaintiffs,*<br><br>- against -<br><br>TOM OSTENSEN<br><br>*Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S FIRST INTERROGATORIES TO SCUA HOLDINGS, B.V.** |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Third-Party Plaintiff SCUA Holdings, B.V. answer the following Interrogatories no later than May 2, 2005.

**DEFINITIONS**

1. The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3. "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person

or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4. "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5. "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6. "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

7. "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

8. "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9. "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person

or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1. The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. Answer each interrogatory separately and under oath. If any answer is based upon information and belief rather than personal knowledge, such answer shall state that it is made on that basis.

3. If you believe that any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specify each reason for your belief or your inability to answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

4. In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

5. No request shall be construed to create a limitation upon any other request.

6. The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7. If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the date, author,

recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

8. These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

9. Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

## INTERROGATORIES

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that SCUA Holdings respond to the following interrogatories:

1. Identify all persons who have, or who have had, an ownership interest in SCUA Holdings any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in SCUA Holdings, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

2. Identify SCUA Holdings' ownership interest in NHC, SCUA, SCUAA, SMCO and SMCO A.S. any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of SCUA Holdings in each entity at the end of each calendar or fiscal year.

3. Identify each address or location from which SCUA Holdings and each affiliate of SCUA Holdings has operated at any time from January 1, 1990 to the present.

4. Identify the members of the board of directors or other similar governing body of SCUA Holdings at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5. Identify the officers or managers of SCUA Holdings at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

6. Identify all accountants or auditors who have performed work for SCUA Holdings at any time from January 1, 1990 to the present.

7. Identify all legal counsel who have provided legal advice to SCUA Holdings at any time from January 1, 1990 to the present.

8. List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

9. Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

10. List all assets and obligations of SCUA Holdings, including real property, chattel, securities, or pledges.

11. Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12. Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

13.     Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

14.     Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

15.     Identify when SCUA Holdings first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the SCUA Holdings employees who first learned of the Non-Qualified Plan.

16.     Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

Dated: New York, New York
       March 31, 2005

_____
Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203) 221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

7