UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------- X
                                                              :
SCANDINAVIAN MARINE CLAIMS OFFICE,   :
INC.                                                          :
                                                              :
                        Plaintiff,          :
                                                              :     Civil Case No.
            v.                                        :     3:02 CV 678 (RNC)
                                                              :
SIRI OSTENSEN,                                   :
                                                              :
                        Defendant,         :     **AFFIDAVIT OF**
                                                              :     **DONALD J. KENNEDY**
            v.                                        :
                                                              :
SCANDINAVIAN MARINE CLAIMS OFFICE,   :
INC., SCANDINAVIAN UNDERWRITERS    :
AGENCY, SCUA AMERICAS, INC., S.M.C.O.,  :     August 1, 2005
A.S., AND NORWEGIAN HULL CLUB,       :
                                                              :
    Counterclaim and Third-Party Defendants.   :
                                                              :
                                                              :
------------------------------------------------------------- X

STATE OF NEW YORK       )
                                        : ss.:
COUNTY OF NEW YORK   )

        Donald J. Kennedy, being duly sworn, deposes and says:

        1.        I am a partner at Carter Ledyard & Milburn LLP, and together with Levett

Rockwood P.C. am counsel to the plaintiff, Scandinavian Marine Claims Office, Inc.

("SMCO") and to certain of the Counterclaim and Third-Party Defendants.  I submit this

affidavit in support of a motion for a protective order and/or an order modifying the

Notice of Depositions for John Wiik, Per Gustav Blom, Erik Kappelin, Arne Selvik,

Torleiv Aaslestad, Jan Lunde, Norwegian Hull Club, SCUA Americas, Inc. and SMCO AS dated June 27, 2005. The Notices of Deposition are attached as Exhibit 1.

## Background

2.    On March 3, 2005, the parties attended a mediation before Magistrate Judge Martinez. As the parties were unable to resolve their disputes, Magistrate Judge Martinez held a scheduling conference immediately following the mediation. At that conference, a discovery deadline of September 30, 2005 was set. The issue of the location of the depositions was raised, among other issues, although no depositions were noticed at that time. We respectfully submit that the Court did not make any ruling as to the location of the depositions to be noticed in the future, as no motion was pending, no briefs were submitted and there was no oral argument. The Amended Scheduling Order Relating to Case Management, dated March 17, 2005 (Scheduling Order) (Exhibit 2) does not refer to depositions or the place of deposition.

## Deposition Notices

3.    Counsel for Ostensen served 10 deposition notices, all dated June 27, 2005, indicating that the depositions would be held in Connecticut. In an effort to resolve the issue of the location of depositions, we proposed to counsel for Ostensen that with the exception of the Plaintiff SMCO and Third-Party Defendant SCUA Americas, Inc. (SCUAA), the depositions be held in Norway because the deposition notices (with the exception of the deposition notices for SMCO and SCUAA) are for non-parties residing in Norway and Third-Party Defendants residing in Norway (Exhibit 3). Counsel for Ostensen rejected that proposal (Exhibit 4).

4.    Below are the names of the individuals whom Ostensen has noticed for depositions, along with their respective countries of residence:

| Name | Residence |
|------|-----------|
| Arne Selvik | - Norway |
| Jan Lunde | - Norway |
| Torleiv Aaslestad | - Norway |
| John Wiik | - Norway |
| Per Gustav Blom | - Norway |
| Erik Kappelin | - USA/Florida |

In addition, Ostensen has noticed depositions pursuant to Federal Rules of Civil Procedure 30 (b)(6) for SMCO, SCUAA, Norwegian Hull Club (NHC) and SMCO AS.

5.    Arne Selvik and Jan Lunde are non-party individuals who reside in Norway, and, upon information and belief, have not been served with a subpoena. Neither of them is a director, officer or consultant to SMCO or any of the Third-Party Defendants. The notices of their depositions should be quashed.

6.    NHC, SCUAA and SMCO AS are Third-Party Defendants. NHC's principal place of business is in Norway. SMCO AS, which has moved to dismiss for lack of jurisdiction has its principal place of business in Norway. SCUAA's principal place of business was in Florida.

7.    In addition, Ostensen served deposition notices upon SMCO's counsel for Torleiv Aaslestad, who is a resident of Norway and Chairman of SMCO AS, John Wiik, who is a resident of Norway and Managing Director of NHC, Per Gustav Blom, who is a resident of Norway and Finance Director of NHC, and Erik Kappelin, who is a resident of Florida and President of SCUAA. None of these individuals are parties. Per Gustav

Blom has been designated as the corporate representative of NHC, and Erik Kappelin as the corporate representative of SCUAA.

8.     I have been informed that Torleiv Aaslestad, Chairman of SMCO AS and an employee of NHC, has a medical condition which prevents him from traveling from Norway to the United States.

9.     SMCO AS filed a Motion To Dismiss for lack of personal jurisdiction and objects to producing documents in response to Defendant's Third Request for Documents (Exhibit 5) or producing a representative for a deposition pursuant to Fed. R. Civ. P. 30(b)(6) pending a ruling from this Court on its Motion to Dismiss.  In any event, any deposition of SMCO AS should be taken in Norway, as discussed in the accompanying Memorandum of Law.

DONALD J. KENNEDY

Sworn to before me this
1st day of August, 2005.

Notary Public

MARITZA LEON
Notary Public, State of New York
No. 01LE6003817
Qualified in Nassau County
Commission Expires March 9, 2006

1323852.2                              4

**Exhibit 1**

**OFFICE COPY**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- *against* -

SIRI OSTENSEN,

*Defendant,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

MARGARET KILLIP,

*Plaintiff,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and  Third-Party Plaintiffs,*

- *against* -

TOM OSTENSEN

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF JOHN
WIIK**

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF JOHN
WIIK**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of John Wiik.

The deposition will commence on 10:00 A.M., September 13, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
          June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

**OFFICE COPY**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

                              *Plaintiff,*

        - *against* -

SIRI OSTENSEN,

                              *Defendant,*

        - *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

   *Counterclaim and Third-Party Defendants.*

MARGARET KILLIP,

                              *Plaintiff,*

        - *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

   *Defendants and  Third-Party Plaintiffs,*

        - *against* -

TOM OSTENSEN,

              *Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF PER GUSTAV BLOM**

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF PER GUSTAV BLOM**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Per Gustav Blom.

The deposition will commence on 10:00 A.M., August 9, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

OFFICE COPY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- *against* -

SIRI OSTENSEN,

*Defendant,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

MARGARET KILLIP,

*Plaintiff,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and  Third-Party Plaintiffs,*

- *against* -

TOM OSTENSEN

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF ERIK
KAPPELIN**

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF ERIK
KAPPELIN**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Erik Kappelin.

The deposition will commence on 10:00 A.M., August 25, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
       June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

# OFFICE COPY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- *against* -

SIRI OSTENSEN,

*Defendant,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF ARNE SELVIK**

MARGARET KILLIP,

*Plaintiff,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and Third-Party Plaintiffs,*

- *against* -

TOM OSTENSEN

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF ARNE SELVIK**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Arne Selvik.

The deposition will commence on 10:00 A.M., August 30, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
      June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203) 221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., *Plaintiff,* - against - SIRI OSTENSEN, *Defendant,* - against - SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, *Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC) **NOTICE OF DEPOSITION OF TORLEIV AASLESTAD** |
| MARGARET KILLIP, *Plaintiff,* - against - SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB, *Defendants and Third-Party Plaintiffs,* - against - TOM OSTENSEN *Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC) **NOTICE OF DEPOSITION OF TORLEIV AASLESTAD** |

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Torleiv Aaslestad.

The deposition will commence on 10:00 A.M., September 1, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
     June 27, 2005

Jeffrey M. Eitender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

OFFICE COPY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- *against* -

SIRI OSTENSEN,

*Defendant,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF JAN
LUNDE**

---

MARGARET KILLIP,

*Plaintiff,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and  Third-Party Plaintiffs,*

- *against* -

TOM OSTENSEN,

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF JAN
LUNDE**

PLEASE TAKE NOTICE that, pursuant to Rule 30 of the Federal Rules of Civil Procedure, Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Jan Lunde.

The deposition will commence on 10:00 A.M., August 2, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
       June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

OFFICE COPY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

                              *Plaintiff,*

         - *against* -

SIRI OSTENSEN,

                              *Defendant,*          Civil Action No. 3:02CV678 (RNC)

         - *against* -                              **NOTICE OF DEPOSITION OF**
                                                    **NORWEGIAN HULL CLUB**
SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

    *Counterclaim and Third-Party Defendants.*

MARGARET KILLIP,

                              *Plaintiff,*

         - *against* -

SCANDINAVIAN MARINE CLAIMS                          Civil Action No. 3:02CV678 (RNC)
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA                           **NOTICE OF DEPOSITION OF**
AMERICAS, INC., SCUA HOLDINGS, B.V.,                **NORWEGIAN HULL CLUB**
AND NORWEGIAN HULL CLUB,

    *Defendants and  Third-Party Plaintiffs,*

         - *against* -

TOM OSTENSEN

                    *Third-Party Defendant.*

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Norwegian Hull Club, by and through one or more of its officers, directors, managing agents or other persons to be designated by Norwegian Hull Club, as to the matters set forth in Schedule A hereto.

The deposition will commence on 10:00 A.M., August 4, 2005, at 191 Post Road West, Westport, CT 06880.  The deposition, which will be recorded by stenographic means, will continue from day to day until completed.  You are invited to attend and cross-examine.

Dated: New York, New York
       June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

## SCHEDULE A

1.     The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.     "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.     "NHC" means Norwegian Hull Club and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.     "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.     "Notes" means the promissory notes referred to in the Complaint.

6.     "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.     "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

8.     "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

10.    "SMQI" means SMQI, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMQI, Inc. or any of its affiliates.

## TOPICS FOR DEPOSITION

1.    The source and authenticity of the documents produced in response to Mrs. Ostensen's discovery demands in this action.

2.    The search for, and production of, evidence in response to Mrs. Ostensen's discovery demands in this action.

3.    The ownership and organization of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

4.    The process for the selection of the members of the board of directors or other similar governing body, officers and managers of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

5.    The expenses incurred by SMCO or SCUAA for the travel, entertainment or other support or services to the NHC or SMCO A.S. board of directors or management.

6.    The role of SMCO A.S. and NHC in the management of SMCO and SCUAA including, but not limited to, their involvement in (1) the selection of managers or other employees, (2) determining each entity's capitalization, organization and business objectives, (3)

2

setting budgets, salaries and fees for services, (4) deciding on the payment of dividends, and (5) defining the customer base, area of service and priority of services to NHC and SMCO A.S.'s other shareholders.

      7.    The identity of all auditors, accountants or legal counsel who have provided legal advice to NHC, SMCO A.S., SMCO or SCUAA regarding any transaction, litigation or other proceeding involving SMCO or SCUAA including, but not limited to, the identification of the entities who sought, received and paid for such advice, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill, where counsel simultaneously represented more than one party.

      8.    The sale of SMQI including, but not limited to, any valuations of SMQI.

      9.    The disposition of SMCO's business, customers and assets including, but not limited to, the transfer of SMCO's business, customers and assets to SCUAA and/or SMQI and the valuation of that business, customers and assets.

      10.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO, SCUAA or SMCO A.S. by NHC.

      11.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO or SCUAA by SMCO A.S.

      12.    The transfer of assets and/or obligations between or among SMCO, SMQI, SCUAA, SMCO A.S. and NHC.

      13.    The expansion, acquisition, downsizing, termination or relocation of the operations of SMCO, SMQI or SCUAA during the period January 1, 1997 through the present, including, but not limited to, the dissolution and liquidation of SMCO and SCUAA including all

3

liquidation expenses such as, but not limited to, the expenses for accountants, auditors, legal counsel or other consultants.

14.     The Notes including all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Notes.

15.     The Qualified Plan including, but not limited to, the basis for the computation of the payments being made to Mrs. Ostensen under the Qualified Plan.

16.     The calculation and payment to Tom Ostensen of his salary and benefits in the final three years of his employment by SMCO including, but not limited to, vacation pay, reimbursable expenses and severance pay.

17.     The Non-Qualified Plan, including, but not limited to, its negotiation, funding, the ability of SMCO, SMCO A.S. or NHC to meet their obligations under the Non-Qualified Plan and all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Non-Qualified Plan.

18.     The role of SMCO as an agent of SMCO A.S. and/or NHC including, but not limited to, the scope of such agency.

19.     The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

20.     The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations other than under the Non-Qualified Plan.

21.     The decision by SMCO A.S. and/or NHC to pay certain debts of SMCO, but not to pay SMCO's obligations to Tom Ostensen under the Non-Qualified Plan or his full pay and benefits.

22.    Tom Ostensen's employment by SMCO including, but not limited to, his recruitment, retention and termination.

OFFICE COPY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- *against* -

SIRI OSTENSEN,

*Defendant,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF SCUA
AMERICAS, INC.**

MARGARET KILLIP,

*Plaintiff,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and  Third-Party Plaintiffs,*

- *against* -

TOM OSTENSEN

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF SCUA
AMERICAS, INC.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of SCUA Americas, Inc., by and through one or more of its officers, directors, managing agents or other persons to be designated by SCUA Americas, Inc., as to the matters set forth in Schedule A hereto.

The deposition will commence on 10:00 A.M., August 23, 2005, at 191 Post Road West, Westport, CT 06880.  The deposition, which will be recorded by stenographic means, will continue from day to day until completed.  You are invited to attend and cross-examine.

Dated: New York, New York
      June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

## SCHEDULE A

1.     The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.     "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.     "NHC" means Norwegian Hull Club and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.     "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.     "Notes" means the promissory notes referred to in the Complaint.

6.     "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.     "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

8.     "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

10.    "SMQI" means SMQI, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMQI, Inc. or any of its affiliates.

## TOPICS FOR DEPOSITION

1.    The source and authenticity of the documents produced in response to Mrs. Ostensen's discovery demands in this action.

2.    The search for, and production of, evidence in response to Mrs. Ostensen's discovery demands in this action.

3.    The ownership and organization of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

4.    The process for the selection of the members of the board of directors or other similar governing body, officers and managers of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

5.    The expenses incurred by SMCO or SCUAA for the travel, entertainment or other support or services to the NHC or SMCO A.S. board of directors or management.

6.    The role of SMCO A.S. and NHC in the management of SMCO and SCUAA including, but not limited to, their involvement in (1) the selection of managers or other employees, (2) determining each entity's capitalization, organization and business objectives, (3)

2

setting budgets, salaries and fees for services, (4) deciding on the payment of dividends, and (5) defining the customer base, area of service and priority of services to NHC and SMCO A.S.'s other shareholders.

7.    The identity of all auditors, accountants or legal counsel who have provided legal advice to NHC, SMCO A.S., SMCO or SCUAA regarding any transaction, litigation or other proceeding involving SMCO or SCUAA including, but not limited to, the identification of the entities who sought, received and paid for such advice, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill, where counsel simultaneously represented more than one party.

8.    The sale of SMQI including, but not limited to, any valuations of SMQI.

9.    The disposition of SMCO's business, customers and assets including, but not limited to, the transfer of SMCO's business, customers and assets to SCUAA and/or SMQI and the valuation of that business, customers and assets.

10.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO, SCUAA or SMCO A.S. by NHC.

11.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO or SCUAA by SMCO A.S.

12.    The transfer of assets and/or obligations between or among SMCO, SMQI, SCUAA, SMCO A.S. and NHC.

13.    The expansion, acquisition, downsizing, termination or relocation of the operations of SMCO, SMQI or SCUAA during the period January 1, 1997 through the present, including, but not limited to, the dissolution and liquidation of SMCO and SCUAA including all

3

liquidation expenses such as, but not limited to, the expenses for accountants, auditors, legal counsel or other consultants.

14.    The Notes including all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Notes.

15.    The Qualified Plan including, but not limited to, the basis for the computation of the payments being made to Mrs. Ostensen under the Qualified Plan.

16.    The calculation and payment to Tom Ostensen of his salary and benefits in the final three years of his employment by SMCO including, but not limited to, vacation pay, reimbursable expenses and severance pay.

17.    The Non-Qualified Plan, including, but not limited to, its negotiation, funding, the ability of SMCO, SMCO A.S. or NHC to meet their obligations under the Non-Qualified Plan and all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Non-Qualified Plan.

18.    The role of SMCO as an agent of SMCO A.S. and/or NHC including, but not limited to, the scope of such agency.

19.    The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

20.    The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations other than under the Non-Qualified Plan.

21.    The decision by SMCO A.S. and/or NHC to pay certain debts of SMCO, but not to pay SMCO's obligations to Tom Ostensen under the Non-Qualified Plan or his full pay and benefits.

22.    Tom Ostensen's employment by SMCO including, but not limited to, his recruitment, retention and termination.

OFFICE COPY

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., <br><br> *Plaintiff,* <br><br> - *against* - <br><br> SIRI OSTENSEN, <br><br> *Defendant,* <br><br> - *against* - <br><br> SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, <br><br> *Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC) <br><br> **NOTICE OF DEPOSITION OF SMCO A.S.** |
| MARGARET KILLIP, <br><br> *Plaintiff,* <br><br> - *against* - <br><br> SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB, <br><br> *Defendants and Third-Party Plaintiffs,* <br><br> - *against* - <br><br> TOM OSTENSEN <br><br> *Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC) <br><br> **NOTICE OF DEPOSITION OF SMCO A.S.** |

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of SMCO A.S., by and through one or more of its officers, directors, managing agents or other persons to be designated by SMCO A.S., as to the matters set forth in Schedule A hereto.

The deposition will commence on 10:00 A.M., July 29, 2005, at 191 Post Road West, Westport, CT 06880. The deposition, which will be recorded by stenographic means, will continue from day to day until completed. You are invited to attend and cross-examine.

Dated: New York, New York
      June 27, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

2

## SCHEDULE A

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.      "NHC" means Norwegian Hull Club and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.      "Notes" means the promissory notes referred to in the Complaint.

6.      "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

8.      "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.      "SMCO A.S." means SMCO A.S. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

10.     "SMQI" means SMQI, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMQI, Inc. or any of its affiliates.

## TOPICS FOR DEPOSITION

1.      The source and authenticity of the documents produced in response to Mrs. Ostensen's discovery demands in this action.

2.      The search for, and production of, evidence in response to Mrs. Ostensen's discovery demands in this action.

3.      The ownership and organization of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

4.      The process for the selection of the members of the board of directors or other similar governing body, officers and managers of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

5.      The expenses incurred by SMCO or SCUAA for the travel, entertainment or other support or services to the NHC or SMCO A.S. board of directors or management.

6.      The role of SMCO A.S. and NHC in the management of SMCO and SCUAA including, but not limited to, their involvement in (1) the selection of managers or other employees, (2) determining each entity's capitalization, organization and business objectives, (3)

2

setting budgets, salaries and fees for services, (4) deciding on the payment of dividends, and (5) defining the customer base, area of service and priority of services to NHC and SMCO A.S.'s other shareholders.

7.    The identity of all auditors, accountants or legal counsel who have provided legal advice to NHC, SMCO A.S., SMCO or SCUAA regarding any transaction, litigation or other proceeding involving SMCO or SCUAA including, but not limited to, the identification of the entities who sought, received and paid for such advice, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill, where counsel simultaneously represented more than one party.

8.    The sale of SMQI including, but not limited to, any valuations of SMQI.

9.    The disposition of SMCO's business, customers and assets including, but not limited to, the transfer of SMCO's business, customers and assets to SCUAA and/or SMQI and the valuation of that business, customers and assets.

10.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO, SCUAA or SMCO A.S. by NHC.

11.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO or SCUAA by SMCO A.S.

12.    The transfer of assets and/or obligations between or among SMCO, SMQI, SCUAA, SMCO A.S. and NHC.

13.    The expansion, acquisition, downsizing, termination or relocation of the operations of SMCO, SMQI or SCUAA during the period January 1, 1997 through the present, including, but not limited to, the dissolution and liquidation of SMCO and SCUAA including all

liquidation expenses such as, but not limited to, the expenses for accountants, auditors, legal counsel or other consultants.

14.     The Notes including all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Notes.

15.     The Qualified Plan including, but not limited to, the basis for the computation of the payments being made to Mrs. Ostensen under the Qualified Plan.

16.     The calculation and payment to Tom Ostensen of his salary and benefits in the final three years of his employment by SMCO including, but not limited to, vacation pay, reimbursable expenses and severance pay.

17.     The Non-Qualified Plan, including, but not limited to, its negotiation, funding, the ability of SMCO, SMCO A.S. or NHC to meet their obligations under the Non-Qualified Plan and all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Non-Qualified Plan.

18.     The role of SMCO as an agent of SMCO A.S. and/or NHC including, but not limited to, the scope of such agency.

19.     The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

20.     The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations other than under the Non-Qualified Plan.

21.     The decision by SMCO A.S. and/or NHC to pay certain debts of SMCO, but not to pay SMCO's obligations to Tom Ostensen under the Non-Qualified Plan or his full pay and benefits.

4

22.    Tom Ostensen's employment by SMCO including, but not limited to, his recruitment, retention and termination.

OFFICE COPY

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- *against* -

SIRI OSTENSEN,

*Defendant,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF
SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.**

MARGARET KILLIP,

*Plaintiff,*

- *against* -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and  Third-Party Plaintiffs,*

- *against* -

TOM OSTENSEN

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**NOTICE OF DEPOSITION OF
SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.**

PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Defendant/Third-Party Plaintiff Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her attorneys, will take the deposition upon oral examination, before a notary public or other officer authorized by law to administer oaths, of Scandinavian Marine Claims Office, Inc., by and through one or more of its officers, directors, managing agents or other persons to be designated by Scandinavian Marine Claims Office, Inc., as to the matters set forth in Schedule A hereto.

The deposition will commence on 10:00 A.M., July 28, 2005, at 191 Post Road West, Westport, CT 06880.  The deposition, which will be recorded by stenographic means, will continue from day to day until completed.  You are invited to attend and cross-examine.

Dated: New York, New York
      June 27, 2005

Jeffrey M. Eikender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

## SCHEDULE A

1.    The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.    "NHC" means Norwegian Hull Club and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.    "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.    "Notes" means the promissory notes referred to in the Complaint.

6.    "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.    "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.     "SMCO A.S." means SMCO A.S. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

10.    "SMQI" means SMQI, Inc. and any agent, subsidiary, predecessor, successor, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMQI, Inc. or any of its affiliates.

## TOPICS FOR DEPOSITION

1.     The source and authenticity of the documents produced in response to Mrs. Ostensen's discovery demands in this action.

2.     The search for, and production of, evidence in response to Mrs. Ostensen's discovery demands in this action.

3.     The ownership and organization of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

4.     The process for the selection of the members of the board of directors or other similar governing body, officers and managers of NHC, SMCO A.S., SMCO and SCUAA at all times from January 1, 1990 to the present.

5.     The expenses incurred by SMCO or SCUAA for the travel, entertainment or other support or services to the NHC or SMCO A.S. board of directors or management.

6.     The role of SMCO A.S. and NHC in the management of SMCO and SCUAA including, but not limited to, their involvement in (1) the selection of managers or other employees, (2) determining each entity's capitalization, organization and business objectives, (3)

2

setting budgets, salaries and fees for services, (4) deciding on the payment of dividends, and (5) defining the customer base, area of service and priority of services to NHC and SMCO A.S.'s other shareholders.

7.    The identity of all auditors, accountants or legal counsel who have provided legal advice to NHC, SMCO A.S., SMCO or SCUAA regarding any transaction, litigation or other proceeding involving SMCO or SCUAA including, but not limited to, the identification of the entities who sought, received and paid for such advice, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill, where counsel simultaneously represented more than one party.

8.    The sale of SMQI including, but not limited to, any valuations of SMQI.

9.    The disposition of SMCO's business, customers and assets including, but not limited to, the transfer of SMCO's business, customers and assets to SCUAA and/or SMQI and the valuation of that business, customers and assets.

10.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO, SCUAA or SMCO A.S. by NHC.

11.    The payment, forgiveness or guarantee of the debts or other obligations of SMCO or SCUAA by SMCO A.S.

12.    The transfer of assets and/or obligations between or among SMCO, SMQI, SCUAA, SMCO A.S. and NHC.

13.    The expansion, acquisition, downsizing, termination or relocation of the operations of SMCO, SMQI or SCUAA during the period January 1, 1997 through the present, including, but not limited to, the dissolution and liquidation of SMCO and SCUAA including all

3

liquidation expenses such as, but not limited to, the expenses for accountants, auditors, legal counsel or other consultants.

14.     The Notes including all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Notes.

15.     The Qualified Plan including, but not limited to, the basis for the computation of the payments being made to Mrs. Ostensen under the Qualified Plan.

16.     The calculation and payment to Tom Ostensen of his salary and benefits in the final three years of his employment by SMCO including, but not limited to, vacation pay, reimbursable expenses and severance pay.

17.     The Non-Qualified Plan, including, but not limited to, its negotiation, funding, the ability of SMCO, SMCO A.S. or NHC to meet their obligations under the Non-Qualified Plan and all statements made by directors, officers, employees and/or agents of SMCO, SMCO A.S. and/or NHC to Tom or Siri Ostensen regarding the Non-Qualified Plan.

18.     The role of SMCO as an agent of SMCO A.S. and/or NHC including, but not limited to, the scope of such agency.

19.     The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

20.     The assumption by NHC, SCUAA, or SMCO A.S. of SMCO's obligations other than under the Non-Qualified Plan.

21.     The decision by SMCO A.S. and/or NHC to pay certain debts of SMCO, but not to pay SMCO's obligations to Tom Ostensen under the Non-Qualified Plan or his full pay and benefits.

4

22.     Tom Ostensen's employment by SMCO including, but not limited to, his recruitment, retention and termination.