**Exhibit 2**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

2005 MAR 18  P 1: 00

SCANDINAVIAN MARINE CLAIMS          :
OFFICE, INC.,                       :
                                    :
        Plaintiff,                  :
                                    :
        v.                          :   CASE NO.  3:02CV678(RNC)
                                    :
SIRI OSTENSEN,                      :
                                    :
        Defendant.                  :

AMENDED SCHEDULING ORDER REGARDING CASE MANAGEMENT PLAN

The following dates are hereby adopted as reasonable and appropriate to serve the purposes of Fed. R. Civ. P. 1:

**Discovery Deadline:**  All discovery, including all discovery relating to expert witnesses, will be completed (not propounded) by **September 30, 2005.**

**Motions to Compel:**  Any motion for an order compelling disclosure or discovery pursuant to Fed. R. Civ. P. 37(a) must be filed within 30 days after the due date of the response.  Failure to file a timely motion in accordance with this scheduling order constitutes a waiver of the right to file a motion to compel.

**Joint Trial Memorandum:**  A joint trial memorandum in the form described in the attached addendum will be filed on or before **January 3, 2006.**  Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case.

**Trial Ready List:**  The case will be placed on the trial ready

list for **February 2006.**

**Dispositive Motions:**   No dispositive motion will be filed unless a prefiling conference is requested.   Any request for a prefiling conference must be submitted in the form of a letter to the court (with copies to all counsel of record or pro se parties) briefly describing the nature and basis of the proposed motion. Except in cases involving pro se parties, no request for a prefiling conference may be submitted unless the attorney making the request has conferred with other counsel of record and discussed the proposed motion in a good faith effort to clarify the issues, eliminate or reduce the area of controversy and arrive at a mutually satisfactory resolution. <u>Cf</u>. D. Conn. L. Civ. R. 37(2)(requiring counsel to confer before filing motions relating to discovery disputes).  Except in cases involving pro se parties, any request for a prefiling conference must include a statement that the attorney submitting the request has conferred with other counsel and must briefly describe the results of the conference. To be timely, any request for a prefiling conference regarding a motion for summary judgment must be submitted on or before **August 22, 2005.**   Failure to submit a timely request may result in a waiver of the right to file a summary judgment motion.   If a summary judgment motion is filed, the joint trial memorandum will be due 30 days after a ruling on the motion.

**Joint Status Reports of Counsel:**  A joint status report of

2

counsel will be submitted on or before **June 10, 2005**.  The report will address the matters listed in Fed. R. Civ. P. 16(c).   Joint status reports of counsel addressing those matters will be submitted every 90 days thereafter until the matter is resolved.

**Extensions of Time:**  All dates set forth in this order are firm and will be extended only for good cause.  The good cause standard requires a particularized showing that despite due diligence, the party seeking the extension could not comply with this order.  Because of the importance of the discovery deadline to the entire schedule, motions to extend the discovery deadline will be viewed with disfavor.  A motion to extend the discovery deadline will not be granted unless the movant shows that discovery was commenced promptly and pursued with due diligence in a good faith effort to comply with the deadline established by this order.

Counsel will provide their clients with a copy of this order.  It is so ordered.

Dated at Hartford, Connecticut this _17th_ day of March, 2005.

_____
Donna F. Martinez
United States Magistrate Judge

3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Addendum

Case Name:    Scandinavian Marine Claims  Office, Inc. v. Ostensen
Case No.:     3:02CV678(RNC)

1.   Pursuant to the pretrial schedule that has been established for this case, the case should be ready for trial by February 2006.  Counsel should inform their clients that the court intends to try the case at that time or as soon thereafter as possible.

2.   The pretrial schedule is intended to provide sufficient time to enable the parties to properly prepare the case for resolution by trial or settlement.  No deadline set forth in the pretrial schedule will be extended or stayed except by order of the court.  Motions for extension of time pursuant to Fed. R. Civ. P. 6(b) and Local Civil Rule 7(b) will not be granted except for good cause.  Any such motion must be filed in writing at least five days before the deadline in question.

3.   Before a party files a motion to dismiss, motion for summary judgment or motion for partial summary judgment, a prefiling conference will be held.  A party wishing to file such a motion will submit a letter to chambers requesting a conference no later than 45 days before the discovery deadline.  No such request will be granted unless the attorney making the request has conferred with other counsel beforehand.   At the prefiling

4

conference, consideration will be given to the timing and appropriateness of the motion, formulation and simplification of the issues encompassed by the motion, avoidance of unnecessary motion practice and other matters that might facilitate the just, speedy and inexpensive determination of the action. The conference may be conducted by telephone.

4.    On or before **January 6, 2006**, the parties will jointly prepare and file for approval by the Court a joint trial memorandum. Counsel signing the memorandum must certify that it is the product of consultation between the lawyers who will be trying the case. The memorandum will be in the form prescribed by the District Court's Standing Order Regarding Trial Memoranda in Civil Cases (see Local Rules of Civil Procedure), and must be certified that it is a joint product of consultation between the lawyers trying the case, with the following modifications:

a.    **Witnesses**: Set forth the name and address of each witness to be called at trial. Provide a brief summary of the anticipated testimony of each witness and an estimate of the probable duration of his or her testimony (e.g. less than one hour, two to three hours, one full day). For each expert witness, set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection

5

must be stated in this section of the joint memorandum so that it can be addressed prior to trial.

b.   **Exhibits**:   The parties will prepare the list of exhibits required by the Standing Order.   The list must specifically identify each exhibit by providing a brief description of the exhibit.   The exhibits will be listed in numerical order starting with Plaintiff's Exhibit 1 and Defendant's Exhibit 1.   If a party has an objection with regard to a designated exhibit, the objection must be stated in this section of the joint memorandum or it will be waived.   Each party will prepare an original set of exhibits, plus a duplicate copy for the Court and every other party, marked with exhibit tags provided by the Clerk.   The duplicate sets of exhibits must be submitted to the Court not later than the day before the final pretrial conference.   Counsel will retain the original set of exhibits for use at trial.

c.   **Jury Instructions**:   In jury cases, the parties will meet and confer for the purpose of preparing and filing tailored jury instructions on the elements of the parties' claims and defenses.   The proposed instructions will be submitted as an attachment to the joint trial memorandum.   If the parties cannot agree as to the appropriateness of a particular instruction, each party must submit a proposed instruction supported by a brief explanation of its position, including citation to applicable authority.

d. **Anticipated Evidentiary Problems**: The parties will attach motions in limine with memoranda of law concerning any anticipated evidentiary problems.

e. **Verdict Form**: In jury cases the parties will submit as an exhibit to the joint trial memorandum a proposed verdict form suitable for submission to a jury. The form may require the jury to return a special verdict with special findings as permitted by Fed. R. Civ. P. 49(a) or a general verdict with or without written interrogatories as permitted by Fed. R. Civ. P. 49(b). If the parties are unable to agree as to the appropriateness of a proposed form, the objecting party must state the basis for the objection and provide an alternative proposal

RECRUITS

**Exhibit 3**

# CARTER LEDYARD & MILBURN LLP

### *Counselors at Law*

**Donald J. Kennedy**
*Partner*
•
*Direct Dial: 212-238-8707*
*E-mail: kennedy@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*1401 Eye Street, N.W.*
*Washington, DC 20005*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022*
*(212) 371-2720*

July 19, 2005

**<u>By Facsimile</u>**

John M. Lundin, Esq.
Schlam Stone & Dolan
26 Broadway, Suite 1900
New York, New York 10004

<u>SMCO/Ostensen</u>
Our File No. BER39-003

Dear John:

We refer to the ten deposition notices dated June 27, 2005 and propose that the depositions, with the exception of Erik Kappelin's deposition, be taken in Norway at a mutually convenient time. We also note that we are not agreeing to the 30(b)(6) deposition of SMCO AS and await a ruling from the Court on the pending Motion to Dismiss.

Below is the country of residence of the following individuals whose depositions have been noticed.

| | |
|---|---|
| Arne Selvik | - Norway |
| Jan Lunde | - Norway |
| Torleiv Aaslestad | - Norway |
| John Wiik | - Norway |
| Per Gustav Blom | - Norway |
| Erik Kappelin | - USA/Florida |

The non-party individuals (assuming they have been served with a subpoena) should be deposed in Norway.

The corporate representative for the plaintiff, SMCO, for the 30(b)(6) deposition is Erik Kappelin. We acknowledge that, as the plaintiff's corporate representative, he has to appear in Connecticut for his deposition.

The corporate representative for the Third-Party Defendants for 30(b)(6) depositions are as follows:

1321398.3

John M. Lundin, Esq.                                                                            -2-
Schlam Stone & Dolan

SCUA Americas, Inc.              - Erik Kappelin
Norwegian Hull Club             - Per Gustav Blom
SMCO AS                          - Motion to Dismiss for Lack
                                    of Jurisdiction pending

  The Third-Party Defendants are not obliged to appear in Connecticut for a deposition and those depositions should be taken at the locations of their respective places of business. SCUA America's principal place of business is in Florida and the Norwegian Hull Club's principal place of business is in Bergen, Norway.

  For your information, Arne Selvik, the former Chairman of SMCO and Jan Lunde are not employees of SMCO or any of the Third-Party Defendants. Erik Kappelin's principal place of business is in Florida.

  Due to vacation and travel plans, Erik Kappelin is not available for a deposition until early September. Since Erik Kappelin will be the corporate representative for SMCO and SCUA Americas, Inc., it makes sense to us to schedule them on consecutive days in Connecticut. I do not know the availability of the others for deposition but I am seeking that information.

  If you intend, as I assume you do, to take five depositions of Norwegian nationals, that could be done cost effectively and most likely in one week in Norway. Kindly let me know if that is acceptable to you.

Very truly yours,

Donald J. Kennedy

DJK/hcu

cc: Madeleine F. Grossman, Esq. (By Fax)
  Levett Rockwood P.C.

  Sharon E. Jaffe, Esq. (By Fax)
  Levin & Glasser, P.C.

1321398.3

# CARTER LEDYARD & MILBURN LLP
### *Counselors at Law*

**Donald J. Kennedy**
*Partner*
•
*Direct Dial: 212-238-8707*
*E-mail: kennedy@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*1401 Eye Street, N.W.*
*Washington, DC 20005*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022*
*(212) 371-2720*

July 22, 2005

**By Facsimile**

John M. Lundin, Esq.
Schlam Stone & Dolan
26 Broadway, Suite 1900
New York, New York  10004

SMCO/Ostensen
Our File No. BER39-003

Dear John:

I refer to your letter of July 21st and write to advise you that Mr. Kappelin is available for deposition on September 13, 14, 15 and 16.

Very truly yours,

Donald J. Kennedy

DJK/hcu

cc:     Madeleine F. Grossman, Esq. (By Fax)
        Levett Rockwood P.C.

        Sharon E. Jaffe, Esq. (By Fax)
        Levin & Glasser, P.C.

1323348.1

# CARTER LEDYARD & MILBURN LLP

### Counselors at Law

**Donald J. Kennedy**
*Partner*
•
*Direct Dial: 212-238-8707*
*E-mail: kennedy@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*1401 Eye Street, N.W.*
*Washington, DC 20005*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022*
*(212) 371-2720*

July 26, 2005

**By Facsimile**

John M. Lundin, Esq.
Schlam Stone & Dolan
26 Broadway, Suite 1900
New York, New York  10004

<u>SMCO/Ostensen</u>
Our File No. BER39-003

Dear John:

I refer to your letter of July  21, 2005 and confirm that neither Arne Selvik or Mr. Lunde are directors or officers of SMCO or any of the Third-Party Defendants, nor do they have any relationship with them.  Mr. Lunde is retired from Unitas.

In my letter of July 22, 2005, I confirmed Mr. Kappelin's availability for a deposition during the period September 13 to 16, 2005.  Kindly let me know if we can schedule his deposition for two consecutive days during that period as suggested in my letter of July 19th.

I look forward to hearing from you.

Very truly yours,

Donald J. Kennedy

DJK/hcu

cc:     Madeleine F. Grossman, Esq. (By Fax)
        Levett Rockwood P.C.

        Sharon E. Jaffe, Esq. (By Fax)
        Levin & Glasser, P.C.

1323968.1

**Exhibit 4**

# SCHLAM STONE & DOLAN LLP

PETER R. SCHLAM
HARVEY M. STONE
RICHARD H. DOLAN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JOHN J.D. McFERRIN-CLANCY
JEFFREY M. EILENDER

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

JOHN M. LUNDIN

July 21, 2005

**BY FACSIMILE**

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005

Re:   *Scandinavian Marine Claims Office Inc. v. Siri Ostensen*, 3:02 CV 678 (RNC)

Dear Don:

I am writing to respond to your letter of July 19, 2005 regarding depositions in this action and to raise another discovery-related issue.

As you know, the Court ordered that party depositions would be taken in Connecticut. Your refusal to abide by that order is one of the subjects of Mrs. Ostensen's pending motion to compel. Obviously, we are going to await the Court's decision on our motion before discussing the location of party depositions, except to the extent you agree that they will be held in Connecticut or New York City.

Your letter is ambiguous regarding the status of Mr. Selvik and Mr. Lunde. You state that they are not employees of SMCO or any of the Third-Party Defendants. Please let us know promptly what, if any, relationship they currently have with SMCO and the Third-Party Defendants, whether it be consultant, director, officer or otherwise.

As you know, SMCO A.S.'s pending motion to dismiss does not exempt it from participating in discovery. At any rate, its refusal to provide discovery is one of the subjects of Mrs. Ostensen's pending motion to compel; we can discuss deposition scheduling for SMCO A.S. with the Court when the motion is argued.

Please let us know when Mr. Kappelin is available for deposition in September. We are not available the week of September 5, 2005.

With respect to the location of depositions which we agree are being held locally, I suggest that we agree to hold them in New York City, which is more convenient for both of our

Donald J. Kennedy, Esq.
July 21, 2005
Page 2 of 2

firms, and likely is more convenient for witness traveling from out of town as well. Please let
me know your views on this.

      Implicit in your letter is that your clients do not intend to appear for deposition on
the dates on which the depositions have been noticed. Our willingness to discuss deposition
scheduling is without prejudice to our right to insist that you produce the witness we have
requested and, if we cannot agree on dates, to insist that they appear at the date and time of our
choosing.

      Finally, on a different note, in Mark Zancolli's letter to me of July 7, 2005, he
indicated that Norwegian Hull Club might be producing additional documents. Is any more
evidence going to be forthcoming from it or any other of your clients? As we agreed to do in our
motion to compel, we are going to inform the Court of additional evidence that has been
produced after the filing of that motion. However, I would prefer to do so only once, when I
know that all evidence that you intend to produce has been produced. Please let me know where
things stand in this regard.

Sincerely,

John M. Lundin

Copies to:

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, CT 06883

Madeleine F. Grossman, Esq.
Levett Rockwood, P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, CT 06880



**Exhibit 5**

OFFICE COPY

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- against -

SIRI OSTENSEN,

*Defendant,*

- against -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC)

**DEFENDANT'S THIRD REQUEST FOR
DOCUMENTS TO PLAINTIFF AND
THIRD-PARTY DEFENDANTS**

**July 5, 2005**

MARGARET KILLIP,

*Plaintiff,*

- against -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and Third-Party Plaintiffs,*

- against -

TOM OSTENSEN

*Third-Party Defendant.*

Civil Action No. 3:02 CV1494 (RNC)

**THIRD-PARTY DEFENDANT'S THIRD
REQUEST FOR DOCUMENTS TO
DEFENDANTS AND THIRD-PARTY
PLAINTIFFS**

**July 5, 2005**

Defendant Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 34, that Scandinavian Marine Claims Office, Inc., SCUA Americas, Inc., SMCO., A.S., and Norwegian Hull Club, produce the following documents at the offices of Mrs. Ostensen's counsel, Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 no later than August 5, 2005.

## DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.      "Notes" means the promissory notes referred to in the Complaint.

6.      "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

2

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

       8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

       9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

       1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

       2.    No request shall be construed to create a limitation upon any other request.

       3.    Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

       4.    Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

3

5.    Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6.    The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.    In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8.    With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9.    This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10.    Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests the following documents:

1.    All documents relating to or concerning SMCO A.S.'s contacts with the United States, including, but not limited to:

4

a. All documents relating to or concerning contracts entered into between SMCO A.S. and persons or entities located in the United States, including, but not limited to, contracts between SMCO A.S. and SMCO or SCUAA.

b. All documents relating to or concerning contracts entered into by SMCO A.S. that SMCO A.S. performed—at least in part—in the United States, including, but not limited to, contracts between SMCO A.S. and SMCO or SCUAA.

c. All documents relating to or concerning investments made by SMCO A.S. in the United States, including, but not limited to, SMCO A.S.'s ownership of the stock of SMCO and/or SCUAA.

d. All documents relating to or concerning real property owned by SMCO A.S. in the United States.

e. All documents relating to or concerning property other than real property owned by SMCO A.S. in the United States.

2. All documents relating to or concerning the assumption, payment and/or guarantee by SMCO A.S. of the debts or other financial obligations of any person or entity in the United States including, but not limited to, SMCO and SCUAA.

3. All documents relating to or concerning advertising by or on behalf of SMCO A.S. directed toward the United States.

4. All documents relating to or concerning the solicitation of business in the United States by SMCO A.S.

5. All documents relating to or concerning communications by SMCO A.S. with persons or entities in the United States.

5

6.     All pleadings, orders, decisions, judgments, settlement agreements and/or other papers submitted by or on behalf of SMCO A.S. in actions in any court in the United States, except the actions in which this request is being propounded.

7.     All documents relating to or concerning financial transaction conducted by SMCO A.S. in the United States including, but not limited to, loans, bonds, bank accounts, guarantees, commercial paper and/or any other deposit, pledge or encumbrance of the assets of SMCO A.S.

8.     All documents relating to or concerning the negotiation, execution and performance of the Management Agreement between SMCO and SMCO A.S. dated April 1997, attached as Exhibit 4 to the Declaration of Torleiv Aaslestad dated June 23, 2005, submitted in this action.

9.     All documents relating to or concerning travel to the United States by officers, directors or other managers of SMCO A.S. in connection with the business of SMCO, SCUAA, SMCO A.S., SCUA Holdings, B.V. and/or NHC, including, but not limited to, the payment by SMCO for such travel, entertainment, lodging and associated expenses.

10.     Documents sufficient to identify all accountants or auditors who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the amount paid for such services.

11.     Documents sufficient to identify all attorneys who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the amount paid for such services.

6

12.    Documents sufficient to identify all consultants who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the amount paid for such services.

13.    Documents sufficient to identify all persons, other than those identified in requests number 10-12, *supra*, including, but not limited to, marine surveyors and insurance adjusters, brokers or agents, who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the monies paid for such services.

Dated: New York, New York
       July 5, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

7

**CERTIFICATION**

This is to certify that a copy of the foregoing was sent on this the 1st day of August, 2005, to the following counsel of record by Federal Express:

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, Connecticut 06883

Madeleine F. Grossman
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Westport, Connecticut 06880

Donald J. Kennedy