UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------- X
                                                                 :
SCANDINAVIAN MARINE CLAIMS OFFICE,                               :
INC.                                                             :
                                                                 :
                                                                 :
                         Plaintiff,                              :
            v.                                                   :  Civil Case No.
                                                                 :  3:02 CV 678 (RNC)
SIRI OSTENSEN,                                                   :
                                                                 :
                         Defendant,                              :
                                                                 :
            v.                                                   :
                                                                 :
SCANDINAVIAN MARINE CLAIMS OFFICE,                               :
INC., SCANDINAVIAN UNDERWRITERS                                  :
AGENCY, SCUA AMERICAS, INC., S.M.C.O.,                           :
A.S., AND NORWEGIAN HULL CLUB,                                   :
                                                                 :
    Counterclaim and Third-Party Defendants.                     :  August 1, 2005
                                                                 :
                                                                 :
---------------------------------------------------------------- X


**MEMORANDUM OF LAW OF COUNTERCLAIM/THIRD-PARTY DEFENDANTS SCUA AMERICAS, INC., S.M.C.O., A.S., NORWEGIAN HULL CLUB, AND CERTAIN NON-PARTIES IN SUPPORT OF THEIR MOTION FOR A PROTECTIVE ORDER TO MODIFY THE LOCATION OF THEIR DEPOSITIONS AND FOR A PROTECTIVE ORDER STAYING DISCOVERY OF S.M.C.O., A.S. PENDING A RULING ON S.M.C.O., A.S.' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

1324065.3

## PRELIMINARY STATEMENT

Counterclaim/Third-Party Defendants SCUA Americas, Inc. ("SCUAA"), S.M.C.O., A.S. and Norwegian Hull Club ("NHC") (collectively, the "Third-Party Defendants") and non-parties Arne Selvik and Jan Lunde (the "Non-Parties") submit this memorandum of law in support of their motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), to modify the location of various depositions noticed by Defendant Siri Ostensen ("Ostensen") on June 27, 2005 (the "Notices," attached as Exhibit 1 to the Affidavit of Donald J. Kennedy, sworn to on August 1, 2005 ("Kennedy Aff.")). Specifically, the Third-Party and Non-Party Defendants object to the Notices on the grounds that Ostensen has designated Connecticut as the location of the depositions, thus requiring seven witnesses to travel from Norway and one witness to travel from Florida, to Connecticut to attend, and causing hardship and undue expense to these individuals. Cost, convenience and efficiency dictate that their depositions should be conducted in Norway. In addition, SMCO AS moves for a protective order to stay all discovery pending a ruling on its motion to dismiss for lack of personal jurisdiction.

## FACTS

On March 3, 2005, the parties attended a mediation before Magistrate Judge Martinez. As the parties were unable to resolve their disputes, Magistrate Judge Martinez held a scheduling conference immediately following the mediation (Id. ¶ 2). At that conference, a discovery deadline of September 30, 2005 was set, and the issue of where depositions would be held was raised, among other issues (Id. ¶ 2). The Court, however, did not make any ruling as to the location of the depositions to be noticed in the future, as no motion was pending, no briefs were submitted and there was no oral argument (Id. ¶ 2). The Amended Scheduling Order Relating to

1324065.3                                   1

Case Management, dated March 17, 2005 (Scheduling Order) (Kennedy Aff., Exhibit 2) does not refer to depositions or their locations.

On or about June 27, 2005, Ostensen's counsel served the 10 Notices for the depositions of John Wiik, Per Gustav Blom, Erik Kappelin, Arne Selvik, Torleiv Aaslestad, Jan Lunde, SMCO, NHC, SCUAA and SMCO AS (Kennedy Aff., Exh. 1). The Notices all designated Connecticut as the location for the depositions. In an effort to resolve the issue of the location of depositions, counsel for Plaintiff and the Third-Party/Non-Party witnesses proposed to Ostensen's counsel that, with the exception of the Plaintiff SMCO[1] and Third-Party Defendant SCUA Americas, Inc.,[2] the depositions be held in Norway because (1) the deponents are Non-Parties or Third-Party Defendants, and all reside in Norway (Exhibit 3). Counsel for Ostensen rejected that proposal (Kennedy Aff., Exhibit 4).

Ostensen has noticed the following individuals for depositions in Connecticut:

| Name | Country of Residence |
|---|---|
| Arne Selvik | Norway |
| Jan Lunde | Norway |
| Torleiv Aaslestad | Norway |
| John Wiik | Norway |
| Per Gustav Blom | Norway |
| Erik Kappelin | USA/Florida |

In addition, Ostensen has noticed depositions of company representatives, pursuant to Fed. R. Civ. P. 30(b)(6), for Scandinavian Marine Claims Office, Inc. ("SMCO"), SCUAA, NHC and SMCO AS.

---

[1] SMCO does not object to its notice of deposition.

[2] SCUAA's principal place of business is located in Florida, and its designated representative, Erik Kappelin resides in Florida. As set forth below, SCUAA submits that Mr. Kappelin's deposition should take place in Florida.

1324065.3                                      2

Arne Selvik and Jan Lunde

Arne Selvik and Jan Lunde are non-party individuals, residents of Norway, and, upon information and belief, have not been served with a subpoena (Kennedy Aff., ¶ 5). Neither of them is a director, officer or consultant to Plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO") or any of the Third-Party Defendants (Id., ¶ 5).

Torleiv Aaslestad, John Wiik, Per Gustav Blom and Erik Kappelin

Torleiv Aaslestad, John Wiik, Per Gustav Blom and Erik Kappelin have not been named as defendants personally. Torleiv Aaslestad is a resident of Norway and Chairman of SMCO AS, John Wiik is a resident of Norway and Managing Director of NHC, Per Gustav Blom is a resident of Norway and Finance Director of NHC, and Erik Kappelin is a resident of Florida and President of SCUAA. None of these individuals are parties. Per Gustav Blom has also been designated as the corporate representative of NHC, and Erik Kappelin for SCUAA (Id., ¶ 7). Erik Kappelin resides in Florida.

Counsel for Third-Party Defendants have been informed that Torleiv Aaslestad, Chairman of SMCO AS and an employee of NHC, has a medical condition which prevents him from traveling from Norway to the United States (Kennedy Aff. ¶8).

30(b)(6) Deposition Notices to NHC, SCUA Americas, Inc. and SMCO AS

NHC, SCUA Americas, Inc. and SMCO AS are Third-Party Defendants. NHC's principal place of business in Norway. The principal place of business of SMCO AS, which has moved to dismiss for lack of jurisdiction, is also in Norway. SCUAA's principal place of business was in Florida (Id., ¶ 6).

1324065.3                                3

SMCO AS filed a Motion to Dismiss for lack of personal jurisdiction and objects to producing documents in response to Defendants Third Request For Documents or producing a representative for a deposition pursuant to Fed. R. Civ. P. 30(b)(6) before the Court has ruled on its pending Motion to Dismiss. In any event, any deposition of SMCO AS should be taken in Norway, as discussed below.

I.

### THE THIRD-PARTY AND NON-PARTY WITNESSES TO THIS ACTION SHOULD NOT BE REQUIRED TO TRAVEL FROM NORWAY TO CONNECTICUT TO ATTEND THEIR DEPOSITIONS

SMCO acknowledges that as plaintiff it selected Connecticut as the forum for the adjudication of its case and is prepared to answer a notice of deposition in that locality.[3] However, NHC, SCUAA and SMCO AS as Third-Party Defendants are not before this Court by choice and did not voluntarily appear in Connecticut.[4] Courts have long followed the general presumption that a defendant's deposition will be held in the district of his residence. Fed. Deposit Ins. Co. v. La Antillana, S.A., No. 88 Civ. 2670 (JFK), 1990 WL 155727, at *2 (S.D.N.Y. Oct. 5, 1990) (following presumption and ordering that defendants be deposed in Argentina, where they reside); Deep S. Oil Co. of Tex. v. Met. Life Ins. Co., 21 F.R.D. 340, 342 (S.D.N.Y. 1958) (applying presumption); see also Buryan v. Max Factor & Co., 41 F.R.D. 330 (S.D.N.Y. 1967) (following general rule that proper place for taking deposition of a corporate defendant is corporation's place of business or at officer's residence); Kurt M. Jachmann Co. v. Hartley, Cooper & Co., Ltd., 16 F.R.D. 565 (S.D.N.Y.1954) (vacating plaintiff's notices to

---

[3] Although, as a practice matter, SMCO had no choice of forum because the Ostensens were residents of Connecticut.

[4] NHC and SMCO AS were served in Norway pursuant to the Hague Convention.

1324065.3                                    4

depose defendants, British subjects residing in England, in New York)); accord Farquhar v. Sheldon, 116 F.R.D. 70, 72 (E.D. Mich. 1987); Zuckert v. Berkliff Corp., 96 F.R.D. 161, 162 (N.D. Ill. 1982) (holding that defendant's objections to alternate deposition location should be sustained unless unusual circumstances exist which justify defendant's inconvenience).

A plaintiff seeking to depart from this presumption "has the affirmative burden of demonstrating 'peculiar' circumstances which compel the Court to suspend the general rule and to order that depositions be held in the other location." Fed. Deposit Ins. Co., 1990 WL 155727, at *1. The rationale is that a defendant, unlike a plaintiff who has chosen to bring claims in the forum, did not voluntarily choose the forum and is not before the Court by choice. Id.

Here, Ostensen will be unable to demonstrate any peculiar circumstances compelling the Court to depart from this well-established rule. Assuming she does, the circumstances in this case nonetheless clearly dictate that the required depositions should be taken in Norway. First, all but one of the witnesses reside in Norway. It is inconvenient for each of the seven Norwegian witnesses to have to spend two days traveling to and from the United States for a one-day deposition, particularly when all of the depositions could be taken in Norway at the same time, saving considerable time and expense. Id. at *3. Counsel can travel to Norway. As regards Torleiv Aaslestad specifically, he has a medical condition which prevents him from traveling from Norway to the United States (Kennedy Aff., ¶ 8).

Additionally, under the same principles, the deposition of Erik Kappelin should take place in Florida. Mr. Kappelin resides in Florida, where SCUAA's principal place of business is located. Mr. Kappelin will be deposed in Connecticut as the corporate representative of SMCO. However, since he is also the corporate representative of SCUAA and mindful of cost,

convenience and efficiency, SCUAA has offered to be deposed in Connecticut on the day before or after the SMCO deposition.

Assuming arguendo that the Third-Party Defendants and/or their designees should appear in Connecticut for their depositions, certainly Ostensen can point to no reason why Arne Selvik and Jan Lunde -- neither of whom have any affiliation with any of the parties to this action -- should travel from Norway to Connecticut for their depositions. As Selvik's and Lunde's depositions will most certainly take place in Norway, the cost and efficiency of the litigation, and convenience to the parties, would weigh in favor of deposing the remaining witnesses in Norway, notwithstanding whether Ostensen is able to overcome the presumption set forth above.

## II

### THIS COURT SHOULD GRANT A PROTECTIVE ORDER TO STAY ALL DISCOVERY OF SMCO AS PENDING A RULING ON SMCO AS' MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

The Court of Appeals for the Second Circuit has refused to permit jurisdictional discovery to plaintiffs who cannot establish a *prima facie* case for personal jurisdictional over a non-resident defendant. Jazini v. Nissan Motor Co., 148 F.3d 181, 186 (2nd Cir. 1998); Sodepac, S.A. v. CHOYANG PARK IN REM, 2002 WL 31296341 (S.D.N.Y. 2002). In Jazini, the Second Circuit confirmed the practice of federal courts with respect to jurisdictional discovery over foreign corporations:

> If [Plaintiff's] allegations were sufficient to establish a prima facie case of jurisdiction over [Defendant], and thus subject the latter to discovery - which the [Plaintiff] stated at the district court hearing would be rather extensive - it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts of New York, to make similar conclusory non-fact-specific jurisdictional allegations and thus obtain extensive discovery on that issue. This would require the federal courts to conduct substantial jurisdictional discovery

> over foreign corporations - a practice in which they have not hitherto engaged. We decline to require that step.

Id. at 185 (emphasis added). For the reasons discussed in SMCO AS's Main Brief in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction, Third-Party Plaintiff has failed to make the showing required by Jazini. Therefore, SMCO AS respectfully requests a protective order to stay discovery until such time as the Court has issued its ruling on the pending motion to dismiss the Counterclaim/Third Party Complaint as against SMCO AS.

In a recent ruling directly on point, a defendant's motion for a protective order was granted pending a ruling from the district court on a motion to dismiss for lack of personal jurisdiction. Estate of Luis A. Nunez-Polance a/k/a Luis A. Nunez, by Michael Shapiro, Administrator v. Bosch Toyota, Inc. et al., No. 3:03 CV 2251 (WWE), Slip op. at p. 1 (D. Conn. July 21, 2004) (citing Jazini 148 F.3d t 186). In that wrongful death case, the plaintiff, a resident of New York, filed a complaint against a Massachusetts corporation, which on its face was insufficient to allege jurisdiction under Connecticut's long-arm statute, Gen. Stat. Sect. 33-411 (c). Because both plaintiff and defendant were non-residents, the court held there was sufficient basis for the district court to grant the pending motion to dismiss for lack of personal jurisdiction, and issued a protective order staying discovery. Id.

## CONCLUSION

For the foregoing reasons, the Third-Party Defendants and Non-Party witnesses respectfully submit that their motion for a protective order be granted in full, and that they be deposed in the locations where they reside, work and operate.

Respectfully submitted,

Donald J. Kennedy
Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232


Madeleine F. Grossman
Federal Bar No. ct05987
Dorit S. Heimer
Federal Bar No. ct01219
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Scandinavian Marine Claims Office, Inc.
SCUA Americas, Inc., SMCO AS and Norwegian Hull Club

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by Federal Express on this the 1st day of August, 2005, to the following counsel of record:

Jeffrey M. Eilender, Esq.
Schlam Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, Connecticut 06883

Madeleine F. Grossman
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Westport, Connecticut 06880

　　　　　　　　　　　　　　　　　　　　/s/ Donald J. Kennedy
　　　　　　　　　　　　　　　　　　　　Donald J. Kennedy

1324065.3                              9