UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., <br><br>         Plaintiff, <br><br>- against - <br><br> SIRI OSTENSEN, <br><br>         Defendant, <br><br>- against - <br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, <br><br>  Counterclaim and Third-Party Defendants. | Civil Action No. 3:02CV678 (RNC) (DFM) <br><br>DECLARATION OF JOHN M. LUNDIN <br><br>August 15, 2005 |

Pursuant to 28 U.S.C. § 1746, JOHN M. LUNDIN hereby declares:

1. I am an associate of the firm of Schlam Stone & Dolan LLP, counsel for Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen ("Mrs. Ostensen") in this action. I submit this declaration in opposition to the motion by Third-Party Defendant SMCO A.S. to dismiss the claims against it for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2)..

2. The matters stated herein are based upon my personal knowledge or a review of my files.

**The Status of SMCO A.S. as a Party**

3. Mrs. Ostensen has asserted counterclaims against both SMCO A.S. and SCUA.

4. In August 2003, the parties agreed that Mrs. Ostensen would dismiss the

entity denominated SMCO A.S. without prejudice, provided that Mrs. Ostensen reserved the right later to "add SMCO AS as a party *nunc pro tunc*." (Joint Status Report dated August 1, 2003.) SCUA never appeared in this action; the dismissal was not filed. Notwithstanding, relying on the parties' 2003 agreement, SMCO counsel informed me counsel that neither SCUA nor SMCO A.S. would not provide discovery in this action. It was Mrs. Ostensen's insistence that SMCO's corporate parent, however denominated, participate in this action that led SMCO A.S. to move to be dismissed from this action approximately two years after having been served.

**Mrs. Ostensen's Allegations**

    5.  Mrs. Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, asserted counterclaims against SMCO A.S. for detrimental reliance, (Counterclaim ¶ 42), fraud, (*id.* ¶ 46), fraudulent transfer, (*id.* ¶ 56), tortious interference with contract, (*id.* ¶ 62), withheld wages, (*id.* ¶ 72), and intentional infliction of emotional distress, (*id.* ¶ 76). Further, the Counterclaim alleges that SMCO A.S. is liable for SMCO's misconduct, including its breach of its contract to provide benefits to the Ostensen's under the Qualified and Unqualified Plans because SMCO A.S. and NHC so dominated and controlled SMCO that it was acting as a mere instrumentality of SMCO A.S. and NHC when it breached its obligations to the Ostensens. (*Id.* ¶ 86.)

    6.  Mrs. Ostensen has alleged, and I have a good faith belief that:

    a. Mr. Ostensen (and Mrs. Ostensen, as his widow) were entitled to benefits under a non-qualified pension plan for senior executives of SMCO (the "Non-Qualified Plan"), as well as a qualified pension plan (the "Qualified Plan"). (Counterclaim ¶¶ 8-16.) Mr. Ostensen continued his employment with SMCO, and did not take advantage of other employment and investment opportunities, in reliance on promises regarding the benefits he and

Mrs. Ostensen would receive under those plans made to him by both the directors of SMCO and officers and the directors of SMCO A.S and NHC. (*Id.* ¶¶ 42, 46.)

      b. NHC and SMCO A.S., which dominated SMCO, forced SMCO to renege on its promises to the Ostensens regarding the Non-Qualified Plan and when SMCO made decisions regarding the disposition of its assets—rendering it unable to pay its obligations to the Ostensen's under the Non-Qualified Plan—or decisions regarding the payments of its obligations to Mr. Ostensen—such as those under the Non-Qualified and Qualified Plans or wages and vacation pay due to Mr. Ostensen—SMCO was acting as a mere instrumentality of SMCO A.S.. (*Id.* ¶¶ 39, 63, 86-88.)

      c. In 2001, SMCO, A.S. decided to: (1) close SMCO's headquarters, firing SMCO management; (2) form a new company, SCUA Americas, Inc., to take over the business of SMCO's Houston and Miami offices; and (3) sell SMCO's subsidiary, SMQI, Inc. (*Id.* ¶¶ 23-27.)

      d. Even though SMCO made provisions to fund its obligations under the Non-Qualified Plan, SMCO A.S. instead directed SMCO management to liquidate those assets and use them to pay other obligations—as directed by SMCO A.S.—but not SMCO's obligations to the Ostensens. (*Id.* ¶¶ 18-22.)

      e. SMCO A.S. required SMCO to provide NHC and its other shareholders with services at rates that were too low to allow SMCO consistently to earn a profit.

      f. SMCO A.S. made loans to SMCO that SMCO A.S. insisted that SMCO repay rather than pay its obligations to the Ostensens.

**Discovery**

      7. Mrs. Ostensen has served three document demands upon SMCO A.S.

SMCO A.S. has refused to respond to those demands.

8.      Neither SMCO nor the Related Other Companies have responded to Mrs. Ostensen's Third Request for Documents, which sought discovery related specifically to the issue of whether the Court has personal jurisdiction over SMCO A.S.

**Documents**

9.      Attached hereto as Exhibit 1 is a true and complete copy of Plaintiff Scandinavian Marine Claims Office, Inc.'s Response to Defendant Siri Ostensen's First Interrogatories.

10.     Attached hereto as Exhibit 2 is a true and complete copy of SMCO A.S. Board Meeting Minutes dated September 9, 1999.

11.     Attached hereto as Exhibit 3 is a true and complete copy of Mrs. Ostensen's Counterclaim.

12.     Attached hereto as Exhibit 4 is a true and complete copy of the docket sheet in this action as of August 13, 2005.

13.     Attached hereto as Exhibit 5 is a true and complete copy of the Joint Status Report dated August 1, 2003.

14.     Attached hereto as Exhibit 6 is a true and complete copy of the Minutes of the SMCO AS Board Meeting, dated May 23, 2000.

15.     Attached hereto as Exhibit 7 is a true and complete copy of the SMCO A.S. Board Meeting Minutes dated June 21, 2001.

16.     Attached hereto as Exhibit 8 is a true and complete copy of the SMCO Financial Statements December 31, 1997.

17.     Attached hereto as Exhibit 9 is a true and complete copy of the

Management Agreement dated April 1997.

       18.    Attached hereto as Exhibit 10 is a true and complete copy of a Letter from Haakon Lund, GSK, to Tom Ostensen, President of SMCO (December 31, 1997).

       19.    Attached hereto as Exhibit 11 is a true and complete copy of the minutes of the SMCO AS Board Meeting – Bergen, 2 April 1997.

       20.    Attached hereto as Exhibit 12 is a true and complete copy of the SMCO A.S. Board Meeting Minutes of November 20, 1997.

       21.    Attached hereto as Exhibit 13 is a true and complete copy of a Letter from Jon Heimset of Wikborg, Rein & Co. to Tom Ostensen of SMCO (December 22, 1993).

       22.    Attached hereto as Exhibit 14 is a true and complete copy of a Letter Agreement dated November 12, 1993.

       23.    Attached hereto as Exhibit 15 is a true and complete copy of a Letter Agreement dated September 21, 1994.

       24.    Attached hereto as Exhibit 16 is a true and complete copy of a Letter from John Wiik of SMCO A.S. to Robert Jones of SMCO (February 7, 1995).

       25.    Attached hereto as Exhibit 17 is a true and complete copy of a Letter from Cassandra Polhemus of Fleet Bank to Robert Jones of SMCO (April 16, 1995).

       26.    Attached hereto as Exhibit 18 is a true and complete copy of a Letter Agreement dated April 25, 1995.

       27.    Attached hereto as Exhibit 19 is a true and complete copy of a Letter from John Wiik of SMCO A.S. to Robert Jones of SMCO (July 3, 1995).

       28.    Attached hereto as Exhibit 20 is a true and complete copy of a Letter Agreement dated April 30, 1998.

29. Attached hereto as Exhibit 21 is a true and complete copy of Defendant's First Request for Documents to Plaintiff and Third-Party Defendants.

30. Attached hereto as Exhibit 22 is a true and complete copy of Defendant's Second Request for Documents to Plaintiff and Third-Party Defendants.

31. Attached hereto as Exhibit 23 is a true and complete copy of Defendant's Third Request for Documents to Plaintiff and Third-Party Defendants.

32. I declare under penalty of perjury that the foregoing is true and correct. Executed on August 15, 2005

*JOHN M LUNDIN* (signature)