# EXHIBIT 22

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>*Plaintiff,*<br><br>- against -<br><br>SIRI OSTENSEN,<br><br>*Defendant,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>*Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S SECOND REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS** |
| MARGARET KILLIP,<br><br>*Plaintiff,*<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB,<br><br>*Defendants and Third-Party Plaintiffs,*<br><br>- against -<br><br>TOM OSTENSEN<br><br>*Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC)<br><br>**THIRD-PARTY DEFENDANT'S SECOND REQUEST FOR DOCUMENTS TO DEFENDANTS AND THIRD-PARTY PLAINTIFFS** |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Scandinavian Marine Claims Office, Inc., Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO., A.S., SCUA Holdings, B.V. and Norwegian Hull Club, produce the following documents at the offices of Mrs. Ostensen's counsel, Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 no later than June 20, 2005.

## DEFINITIONS

1. The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3. "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4. "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5. "Notes" means the promissory notes referred to in the Complaint.

6. "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7. "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

8. "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

9. "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

10. "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

11. "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1. The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. No request shall be construed to create a limitation upon any other request.

3. Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

4. Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5. Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6. The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7. In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8. With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9. This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10. Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests the following documents:

1. All documents relating to or concerning the Qualified Pension Plan.

2. All documents relating to or concerning the Notes including, but not limited to, all documents computing or estimating obligations due under the Notes and payments received by SMCO relating to the Notes (whether directly or as part of the settlement of claims relating to the Notes or the Non-Qualified Plan).

3. All documents relating to or concerning the Non-Qualified Plan, including, but not limited to, all documents computing or estimating obligations due to any recipient under the plan and payments made to any recipient under the plan (whether directly or as part of the settlement of claims relating to the Notes or the plan).

4. All documents relating to or concerning the salary and benefits, including vacation pay and reimbursable expenses, received by Tom Ostensen from SMCO during the period 1995 to the end of his employment, including, but not limited to, any severance pay.

5. All documents relating to or concerning SMCO's sale of SMQI, Inc. including, but not limited to, any valuations of SMQI, Inc.

5

6. All documents relating to or concerning the transfer of SMCO's business, employees, assets or other things of value to SUCA Americas, Inc. including, but not limited to, any valuations of that business or assets.

7. All documents relating to or concerning the transfer of SMCO's business, employees, assets or other things of value to SMQI, Inc. including, but not limited to, any valuations of that business or assets.

8. All documents relating to or concerning the transfer of SMCO's business, employees, assets or other things of value to any entity other than SUCA Americas, Inc. or SMQI, Inc. including, but not limited to, any valuations of that business or assets.

9. Documents sufficient to show all payments made by or on behalf or SMCO to any person or entity during the period January 1, 2000 to the present.

10. All documents relating to or concerning the decision to pay certain debts of SMCO, but not to pay SMCO's obligations to Tom Ostensen under the Non-Qualified Plan.

11. All documents relating to or concerning any of investigation of Tom Ostensen conducted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S including, but not limited to, the investigation by Arthur Andersen.

12. All documents relating to or concerning any of investigation regarding, or evaluation of, the Non-Qualified Plan conducted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S including, but not limited to, the investigation by Arthur Andersen.

13. All documents relating to or concerning the setting of SMCO's rates for its services including, but not limited to, the involvement of NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S in the setting of such rates.

14. All documents provided to SMCO's auditors or accountants during the period 1997 to the present.

15. All documents relating to or concerning communications between NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S. on the one hand and Tom Ostensen or Siri Ostensen on the other hand concerning the Qualified Pension Plan or the Non-Qualified Plan.

16. All documents relating to or concerning communications between NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S. on the one hand and Tom Ostensen or Siri Ostensen on the other hand concerning the Notes.

17. All documents relating to or concerning communications between NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S. on the one hand and Tom Ostensen on the other hand concerning Tom Ostensen's employment by SMCO including, but not limited to, his recruitment, retention and termination.

Dated: New York, New York
May 16, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN, LLP**
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203) 221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

# EXHIBIT 23

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>SIRI OSTENSEN,<br><br>*Defendant,*<br><br>- *against* -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>*Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS**<br><br>**July 5, 2005** |
| MARGARET KILLIP,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB,<br><br>*Defendants and Third-Party Plaintiffs,*<br><br>- *against* -<br><br>TOM OSTENSEN<br><br>*Third-Party Defendant.* | Civil Action No. 3:02 CV1494 (RNC)<br><br>**THIRD-PARTY DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO DEFENDANTS AND THIRD-PARTY PLAINTIFFS**<br><br>**July 5, 2005** |

Defendant Siri Ostensen, in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 34, that Scandinavian Marine Claims Office, Inc., SCUA Americas, Inc., SMCO., A.S., and Norwegian Hull Club, produce the following documents at the offices of Mrs. Ostensen's counsel, Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 no later than August 5, 2005.

## DEFINITIONS

1. The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3. "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4. "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5. "Notes" means the promissory notes referred to in the Complaint.

6. "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7. "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

8. "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9. "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1. The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2. No request shall be construed to create a limitation upon any other request.

3. Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

4. Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5. Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6. The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7. In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8. With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9. This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10. Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests the following documents:

1. All documents relating to or concerning SMCO A.S.'s contacts with the United States, including, but not limited to:

   a. All documents relating to or concerning contracts entered into between SMCO A.S. and persons or entities located in the United States, including, but not limited to, contracts between SMCO A.S. and SMCO or SCUAA.

   b. All documents relating to or concerning contracts entered into by SMCO A.S. that SMCO A.S. performed—at least in part—in the United States, including, but not limited to, contracts between SMCO A.S. and SMCO or SCUAA.

   c. All documents relating to or concerning investments made by SMCO A.S. in the United States, including, but not limited to, SMCO A.S.'s ownership of the stock of SMCO and/or SCUAA.

   d. All documents relating to or concerning real property owned by SMCO A.S. in the United States.

   e. All documents relating to or concerning property other than real property owned by SMCO A.S. in the United States.

2. All documents relating to or concerning the assumption, payment and/or guarantee by SMCO A.S. of the debts or other financial obligations of any person or entity in the United States including, but not limited to, SMCO and SCUAA.

3. All documents relating to or concerning advertising by or on behalf of SMCO A.S. directed toward the United States.

4. All documents relating to or concerning the solicitation of business in the United States by SMCO A.S.

5. All documents relating to or concerning communications by SMCO A.S. with persons or entities in the United States.

6. All pleadings, orders, decisions, judgments, settlement agreements and/or other papers submitted by or on behalf of SMCO A.S. in actions in any court in the United States, except the actions in which this request is being propounded.

7. All documents relating to or concerning financial transaction conducted by SMCO A.S. in the United States including, but not limited to, loans, bonds, bank accounts, guarantees, commercial paper and/or any other deposit, pledge or encumbrance of the assets of SMCO A.S.

8. All documents relating to or concerning the negotiation, execution and performance of the Management Agreement between SMCO and SMCO A.S. dated April 1997, attached as Exhibit 4 to the Declaration of Torleiv Aaslestad dated June 23, 2005, submitted in this action.

9. All documents relating to or concerning travel to the United States by officers, directors or other managers of SMCO A.S. in connection with the business of SMCO, SCUAA, SMCO A.S., SCUA Holdings, B.V. and/or NHC, including, but not limited to, the payment by SMCO for such travel, entertainment, lodging and associated expenses.

10. Documents sufficient to identify all accountants or auditors who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the amount paid for such services.

11. Documents sufficient to identify all attorneys who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the amount paid for such services.

12. Documents sufficient to identify all consultants who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the amount paid for such services.

13. Documents sufficient to identify all persons, other than those identified in requests number 10-12, *supra*, including, but not limited to, marine surveyors and insurance adjusters, brokers or agents, who have performed work for SMCO A.S. in the United States, including the date and the scope and purpose of the engagement and the monies paid for such services.

Dated: New York, New York
      July 5, 2005

                                                                    _____
                                          Jeffrey M. Eilender (Bar. No. CT 25177)
                                          John M. Lundin (Bar No. phv0185)
                                          **SCHLAM STONE & DOLAN**, LLP
                                          26 Broadway, Suite 1900
                                          New York, NY 10004
                                          (212) 344-5400 (Telephone)
                                          (212) 344-7677 (Facsimile)
                                          *Attorneys for Siri Ostensen*

                                          Sharon E. Jaffe (Bar. No. CT. 04623)
                                          **LEVIN & GLASSER, PC**
                                          P.O. Box 1098
                                          Weston, CT 06883
                                          (203) 221-3008 (Telephone)
                                          (203)221-3010 (Facsimile)
                                          *Attorneys for Siri Ostensen*

+

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK )
) ss.:
COUNTY OF NEW YORK )

**Mark L. Williams**, being duly sworn, deposes and states:

I am over 18 years of age, I am not a party to the within action, and I reside in New York, New York.

On July 5, 2005 I served a true and complete copy of the foregoing **DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS** upon:

**MADELEINE F. GROSSMAN, ESQ.**
**LEVETT ROCKWOOD, P.C.**
**33 Riverside Avenue**
**Westport, CT 06880**

by placing the **DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS**, in a postage paid, sealed **FEDERAL EXPRESS** envelope and depositing the envelope into a **FEDERAL EXPRESS** mail depository, causing the **DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS**, to be delivered via **OVERNIGHT-NEXT DAY DELIVERY** to the above-named persons at the above listed addresses.

_____
Mark L. Williams

Sworn to before me this
5th day of July, 2005

_____
Notary Public

JOHN M. LUNDIN
Notary Public, State of New York
No. 02LU6117627
Qualified in New York County
Commission Expires 10/25/2008

*00018531.doc*

+

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

    **Mark L. Williams**, being duly sworn, deposes and states:

    I am over 18 years of age, I am not a party to the within action, and I reside in New York, New York.

    On July 5, 2005 I served a true and complete copy of the foregoing **DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS** upon:

**DONALD J. KENNEDY, ESQ.**
**CARTER LEDYARD & MILBURN LLP**
**2 Wall Street**
**New York, New York 10005**

by personally hand delivering the **DEFENDANT'S THIRD REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS** to the above address, received by H. Joyner.

The person who received service (H. Joyner) is a 28-32 year old African American male who was working the front desk for incoming packages.

                                                                       Mark L. Williams

Sworn to before me this
5th day of July, 2005

_____
Notary Public

JOHN M. LUNDIN
Notary Public, State of New York
No. 02LU6117627
Qualified in New York County
Commission Expires 10/25/2008

*00018531.doc*