UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>SIRI OSTENSEN,<br><br>Defendant,<br><br>- against -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>Counterclaim and Third-Party Defendants. | Civil Action No. 3:02CV678 (RNC) (DFM)<br><br>DECLARATION OF JOHN M. LUNDIN<br><br>August 22, 2005 |

Pursuant to 28 U.S.C. § 1746, JOHN M. LUNDIN hereby declares:

1. I am an associate of the firm of Schlam Stone & Dolan LLP, counsel for Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen ("Mrs. Ostensen") in this action. I submit this declaration in opposition to the motion by Third-Party Defendants SCUA Americas, Inc. ("SCUAA"), SMCO A.S., Norwegian Hull Club ("NHC") (collectively, the "Related Other Companies") and certain non-parties for a protective order changing the location of certain depositions and staying discovery of SMCO A.S.

2. The matters stated herein are based upon my personal knowledge or a review of my files.

**The Status of SMCO A.S. as a Party**

3. Mrs. Ostensen has asserted counterclaims against both SMCO A.S. and

SCUA.

4. In August 2003, the parties agreed that Mrs. Ostensen would dismiss the entity denominated SMCO A.S. without prejudice, provided that Mrs. Ostensen reserved the right later to "add SMCO AS as a party *nunc pro tunc*." (Joint Status Report dated August 1, 2003.) SCUA never appeared in this action; the dismissal was not filed. Notwithstanding, relying on the parties' 2003 agreement, SMCO counsel informed me counsel that neither SCUA nor SMCO A.S. would not provide discovery in this action. It was Mrs. Ostensen's insistence that SMCO's corporate parent, however denominated, participate in this action that led SMCO A.S. to move to be dismissed from this action approximately two years after having been served.

**Discovery**

5. Mrs. Ostensen has served three document demands upon SMCO A.S. SMCO A.S. has refused to respond to those demands.

6. Neither SMCO nor the Related Other Companies have responded to Mrs. Ostensen's Third Request for Documents, which sought discovery related specifically to the issue of whether the Court has personal jurisdiction over SMCO A.S.

**The March 3, 2005 Mediation**

7. One of the issues brought up by the court at the March 3, 2005 settlement conference was the location of depositions. Counsel for SMCO and the Related Other Companies stated that many of the witnesses lived in Norway, and that their depositions should be conducted there. However, the Court ordered that depositions of all party-affiliated witnesses would take place in Connecticut.

**Documents**

8. Attached hereto as Exhibit 1 is a true and complete copy of my affirmation dated August 15, 2005 submitted in opposition to SMCO A.S.'s Motion to Dismiss.

9. Attached hereto as Exhibit 2 is a true and complete copy of Mrs. Ostensen's Memorandum of Law in Opposition to SMCO A.S.'s Motion to Dismiss dated August 15, 2005.

10. Attached hereto as Exhibit 3 is a true and complete copy of a document located at http://www.norclub.no relating to NHC's history.

11. Attached hereto as Exhibit 4 is a true and complete copy the NHC 2000 Annual Report.

12. Attached hereto as Exhibit 5 is a true and complete copy of the NHC Articles of Association.

13. Attached hereto as Exhibit 6 is a true and complete copy of the NHC 2001 Annual Report.

14. Attached hereto as Exhibit 7 is a true and complete copy of the NHC Board Meeting Minutes dated February 27, 2001.

15. Attached hereto as Exhibit 8 is a true and complete copy of the NHC Board Meeting Minutes dated December 13, 2001.

16. I declare under penalty of perjury that the foregoing is true and correct. Executed on August 22, 2005

_____
JOHN M LUNDIN