# EXHIBIT 5

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2003 AUG -4  A 11: 16

US DISTRICT COURT
HARTFORD CT

-------------------------------------X

SCANDINAVIAN MARINE CLAIMS OFFICE,
INC.,

                    Plaintiff,

     - against -

TOM OSTENSEN AND SIRI OSTENSEN,

                   Defendants.

CIVIL ACTION NO.:
3.02 CV 678 (RNC)

August 1, 2003

-------------------------------------X

## JOINT STATUS REPORT

Pursuant to the Court's Order Regarding Case Management Plans dated August 8, 2002 and April 10, 2003, the parties hereby submit this joint status report concerning the matters listed in Federal Rule of Civil Procedure 16(c).

(1)    On October 23, 2002, plaintiff Scandinavian Marine Claims Office, Inc. filed a motion to stay the counterclaims of defendant Tom Ostensen pending arbitration. The motion was referred to Magistrate Judge Martinez and is still pending. The parties will continue to seek simplification and narrowing of the issues as the case proceeds.

(2)    In accordance with the Court's August 8, 2002 Order, motions to amend the pleadings were filed by November 8, 2002.

1182408.1

1

(3)    No stipulations of fact have been made at this time. The parties may be able to do so as discovery proceeds. The parties will seek to raise evidentiary issues by way of motions in limine to give the Court an opportunity to make rulings in advance of trial.

(4)    The parties are unable to determine whether there will be issues concerning unnecessary proof and cumulative evidence.

(5)    The parties are unable to determine whether they will request summary adjudication of any of the issues under Federal Rule of Civil Procedure 56 at this time.

(6)    The parties have exchanged initial disclosures and may supplement such disclosures as the case proceeds. On April 2, 2003, the parties requested an extension of the discovery deadline through October 31, 2003. The parties requested the extension because the defendants were awaiting service on Norwegian Hull Club and SMCO AS to be completed pursuant to the Hague Convention and SMCO has not engaged in discovery for fear of waiving its right to arbitration. Magistrate Martinez granted the request for an extension of the discovery deadline through October 31, 2003.

(7)    Defendants' have agreed to dismiss its counterclaims against SMCO AS without prejudice reserving its right to later add SMCO AS as a party nunc pro tunc.

(8)    The current date for trial readiness is February 2004. The parties have not yet formulated lists of potential witnesses or exhibits for trial and will be in a better position to do so after the completion of discovery.

(9)    Plaintiff's motion for a stay pending arbitration has been referred to Magistrate Judge Martinez. The parties have agreed not to pursue discovery pending a decision of Plaintiff's motion.

(10)    The plaintiffs believe that it may be helpful to engage in settlement discussions after the resolution of plaintiff's motion for a stay pending arbitration and the jurisdictional issues relating to Norwegian Hull Club and SMCO AS have been resolved.  The defendants believe that it may be helpful to engage in settlement discussions as soon as possible.

(11)    The current deadline for filing the joint trial memorandum is January 30, 2004.

(12)    The parties await a decision on plaintiff's motion for a stay pending arbitration.

(13)    The parties do not believe any special procedures to address the issues listed in Federal Rule of Civil Procedure 16(c)(12) will be necessary.

(14)    The plaintiff may request an order for a separate trial pursuant to Federal Rule of Civil Procedure 42(b) with respect to particular claims in the case.  The defendants expect to move or consolidate this case with two cases also pending in this Court, to wit:  Manuel R. Llorca v. Scandinavian Marine Claims Office, Inc., 3:02 CV 1145 (RNC) and Margaret Killip v. Scandinavian Marine Claims Office Inc., 3:02 CV 1494 (RNC).

(15)    The parties do not anticipate any need for an order of the type listed in Federal Rule of Civil Procedure 16(c)(14).

(16)    The parties are unable to estimate the length of trial at this time.

(17)    The parties do not wish to raise any other matters regarding the facilitation of a just, speedy and inexpensive disposition of the action at this time.

Dated: August 1, 2003

By: _____
Donald J. Kennedy, Federal Bar No. ct23620
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York  10005
Telephone:  (212) 732-3200
Facsimile:  (212) 732-3232

Madeleine F. Grossman, Federal Bar No. ct05987

Dorit S. Heimer, Federal Bar No. ct01219
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for plaintiff Scandinavian Marine Claims
Office, Inc.

Dated:  August 1, 2003

By:

Sharon E. Jaffe, Esq.
Levin & Glasser, P.C.
3 Ledgebrook Court
Weston, Ct. 06883

Jeffrey M. Eilender, Esq.
Schlam Stone & Dolan LLP
26 Broadway
New York, N.Y. 1004
Attorneys for defendants Tom Ostensen
and Siri Ostensen

1182408.1                                    4

# EXHIBIT 6

**Minutes of the SMCO AS Board Meeting**
**Bergen Hull Club - Bergen, 23rd May 2000**

**Present:**      Arne Selvik, Chairman
                  Fred Benjaminsen
                  Morten Hjemsæter
                  Karl Hystad
                  Tom Midttun
                  Håvar Poulsson
                  Gunnar Topland
                  Torleiv Aaslestad
                  David Bellamy, Secretary to the Board

The Chairman opened the meeting at 10.05 hours.

The running order of the meeting was not strictly followed in order that Item 2. could be comprehensively addressed.

**2. Organisation, Operation and Financing of SMCO Inc.**
This item also constituted the board meeting for SMCO Inc., the minutes of which have been produced as a separate document. The Board resolution can be summarised as follows.

Discussions in respect of the reorganisation of the global network of claims agencies continued from previous meetings. The offices have experienced many changes in recent years as a result of meeting the global challenges facing the organisation.

Following such discussions the Board has decided to take further action in the US market. Despite changes already made at the Stamford office, involving the closing down of the P&I department and relocating to new premises, the amount of work for SMCO Inc. no longer warrants head office functions.

Consequently the Board has resolved:

  i.   to close down the head office functions of SMCO Inc. in Stamford Connecticut. This will regrettably affect head office management, administrative and secretarial staff in the form of redundancies.

  ii.  to maintain the claims offices in Houston and Miami as part of the long-term commitment to the US market. Staffing requirements of these offices will be examined in order to meet market demands.

  iii. to sell the non-core activity of SMQI Inc.

  iv.  that the claims offices in Miami and Houston shall participate in global SCUA branding and invoicing.

SM 000738

The Chairman, Arne Selvik, has been authorised to implement these decisions in the most effective way possible.

### 6. SMCO AS 1999 Annual Report and Accounts
The 1999 Annual Report and Accounts were approved and signed.

For sake of good order the Chairman will investigate details of the entry "Other Financial Costs" totalling NOK61.140. It is probably related to commission paid on bank guarantees that Bergen Hull Club provides for SCUA Far East.

### 1. Minutes of the Board Meeting 3rd March 2000
The revised minutes of the Board Meeting 3rd March 2000 were approved and signed.  Two changes were made:
Item 5:
The section in brackets covering the Geilo seminar shall be deleted from the minutes.  A separate memo from the seminar shall be prepared.  Before the
Item 6:
This sentence shall be added before the last section: The board decided to continue its discussion in its next board meeting.

### 5. Common Pricing Policy for the Agencies
The Board noted the contents of the Fee Scale Memo dated 18th May 2000. It was decided to postpone any in-depth discussions and thereby conclusions until the next board meeting.

### 3. Agency Quarterly Reports
The Board noted the contents of the quarterly reports with the following comments:
Arne, her overlater jeg ordet til deg!

### 4. 1st Quarter Income Statements and Revised Budgets for Rotterdam and London
The Board noted the contents of the above named documents with the following comments:
Arne, her overlater jeg ordet til deg!

### 7. Appointment of a Surveyor in Dubai
The Board sanctioned the employment of Raymond Caldwell at the Dubai office as presented by Patrick Cannie in his report to the Board.
Arne, her overlater jeg ordet til deg!

### 8. Ownership Composition of SMCO AS
Arne, her overlater jeg ordet til deg!

### 9. Board Composition and Workings
Arne, her overlater jeg ordet til deg!

SM 000739

**10. A.O.B.**
It was decided to hold the next Board Meeting, and at the same time Annual General Meeting, on
21ⁿᵈ June in Oslo at Unitas' offices.

The meeting was closed at 17.15hrs.

David Bellamy
Secretary to the Board


Arne Selvik          Fred Benjaminsen          Morten Hjemsæter


                     Karl Hystad          Tom Midttun


Håvar Poulsson          Gunnar Topland          Torleiv Aaslestad

SM 000740

# EXHIBIT 7

23/10 '01 09:49 FAX 55559555          BERGEN HULL CLUB          - SMCO CORAL GABLE    @002

MINUTES of a Meeting of the Board of Directors of **Scandinavian Marine Claims Office, Inc.** held on Thursday 21 June 2001 at 11.00 a.m. at the offices of Norwegian Hull Club, Bergen, Norway.

Present:          Mr. Karstein J. Espelid. Chairman
                  Mr. Tom Midttun
                  Mr. Per Gustav Blom

**1.    Formalities.**

Karstein Espelid took the Chair and Per Gustav Blom agreed to act as Secretary to the Meeting.

**2.    Approval of minutes from Meeting held 1 February and 6 April, 2001.**

The minutes from Meeting held on 1 February 2001 were approved and signed. The minutes from the Meeting held on 6 April 2001 were not available and will be distributed separately to the Directors.

**3.    Sale of SMQI Inc. – present position – financial consequences.**

Mr. Arne Selvik has informed the Chairman that the Stock Purchase Agreement with Hudson Marine Management Service has been signed subject to certain conditions being fulfilled. A copy of the agreement was tabled and considered by the Directors.

Without any supporting documentation, the exact consequences of a number of the clauses were unclear. The Chairman would therefore send a letter to Mr. Selvik asking for clarification of these clauses and Mr. Blom would check a number of issues separately with Mr. Erik Kappelin.

When these issues have been clarified, the Directors will consider whether execution of the agreement can be recommended to the ultimate shareholders of the Company.

Mr. Blom then tables a draft statement which the Company's auditor's has proposed be issued by the Board regarding the sale of SMQI, Inc. and the 2000 accounts. Pending clarification of the sale and exact implications of the Stock Purchase Agreement, the Directors are not in a position to sign this statement.

**4.    Relationship to former employees – offer for final settlement.**

The Chairman referred to the developments since the last Meeting, including advise from the US counsel that loans owed by former employees can be offset against their claims for pensions under the Non Qualified Pension Plan ("NQPP") and the reduction in service period assumed for two of the former employees.



SM 000783

2

The net effect of these developments, excluding the balances due from and owed to the former President, is that the Company's obligation has increased by about USD 37,000. The relation to the former President was discussed under item 5. It was

RESOLVED to recommend to the ultimate shareholders that outstanding balances to and from former employees, excluding the former President, be settled 100 % based on the calculation of pension obligations received from the actuary on 1 June 2001 and set out in a separate spreadsheet "SMCO Inc.: Outstanding balances NQPP personnel 01.06.01". A copy of this spreadsheet is annexed to these Minutes. It was further RESOLVED to recommend the ultimate shareholders to provide the necessary capital to implement such settlement.


5.    Alternatives for enforcing claims against the former President of the Company.

Per Gustav Blom informed the Meeting of the meeting that had taken place between Mr. John Wiik and Mr. Blom, acting for the Company, and Mr. Tom Østensen on 8 June and subsequent correspondence. No agreement had yet been reached. The positions can be summarised as follows:

- The Company's proposal was that all outstanding balances and issues would be settled by Mr. Østensen paying USD 150,000.

- Mr. Østensen has stated he will consider an agreement whereby he receives holiday pay due (USD 20 840) and all other balances and issues are offset.


# Redacted


. The ultimate shareholders will thereafter be asked to establish their minimum requirements for an agreement with Mr. Østensen.


6.    Dispute with Coiffi and Hudson.

The Chairman summarised the case. With reference to the resolution passed on 1 February 2001, it was

RESOLVED that the Company will not pursue or in any way engage in the lawsuit against Coiffi, Hudson or any other former employees of SMQI, Inc.


7.    Dispute with Nayyar.

The Chairman summarised the position. Mr. Nayyar lost his lawsuit against the Company and has not appealed. The Company does not have any obligation to take any further action in this case.

3

The Directors took due notice of the case which was closed unless Mr. Nayyar takes further action.

**8.      Proposal for liquidation of SMCO Inc.**

The Directors discussed the Company's position and various issues relating to the liquidation thoroughly. After careful consideration, the Directors

RESOLVED to recommend to the ultimate shareholders that they provide the capital necessary to liquidate the company based on full payment of all obligations except balances with Mr. Tom Østensen and subject to a satisfactory agreement regarding the sale of SMQI, Inc. This recommendation is based on the assumption that the Company's obligations are as set out in the enclosed table labelled "SMCO Inc. obligations 21.06.2001". Based on the documentation available, it is estimated that the Company will need a further USD 328,000 in capital in order to be liquidated, excluding the settlement with Mr. Østensen.

The Directors wish to present an offer for settlement to former employees excluding Mr. Østensen and to continue negotiations with Mr. Østensen in order to reach an agreement out of court.

The Company's US counsel will be asked to present a legal opinion on the Company's position versus Mr. Østensen and to prepare offers to the other former employees.

**9.      Any other business.**

Per Gustav Blom informed the Meeting of the recent development regarding two widows of former SMCO employees who have been receiving pensions from a Trust Fund established in 1959. This fund has been exhausted and was to be terminated in December 2000. Gard Services and Norwegian Hull Club, as ultimate shareholders, have decided they will honour these pensions obligations directly. The Directors took notice of this information.

Mr. Blom tabled draft accounts for the Company for 2000 prepared by the auditors. The Board will need specification of the various items on the balance sheet before considering the accounts.

## Redacted

There being no further business, the proceedings then concluded.

_Karstein J. Espelid_

Karstein J. Espelid

(Chairman)

_Tom Midttun_

Tom Midttun

_Per Gustav Blom_

Per Gustav Blom

SM 000785

# EXHIBIT 8

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

FINANCIAL STATEMENTS

DECEMBER 31, 1997

# GORDON, LAMARCO, BARON & ORBUCH, LLC

## CERTIFIED PUBLIC ACCOUNTANTS

SM 001371

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
TABLE OF CONTENTS
DECEMBER 31, 1997

|                                               | Page |
|-----------------------------------------------|------|
| Report of Independent Accountants             | 1    |
| Balance Sheet                                 | 2    |
| Statement of Operations and Retained Earnings | 3    |
| Statement of Cash Flows                       | 4    |
| Schedule of Operating Expenses                | 5    |
| Notes to Financial Statements                 | 6-9  |

SM 001372

# GORDON, LAMARCO, BARON & ORBUCH, LLC

### CERTIFIED PUBLIC ACCOUNTANTS

To the Board of Directors
Scandinavian Marine Claims Office, Inc.
Stamford, CT  06912

### REPORT OF INDEPENDENT ACCOUNTANTS

We have audited the accompanying balance sheet of Scandinavian Marine Claims Office, Inc. as of December 31, 1997, and the related statements of operations and retained earnings, cash flows, and schedule of operating expenses for the year then ended. These financial statements are the responsibility of the Company's management. Our responsibility is to express an opinion on these financial statements based on our audit.

Except as discussed in the following paragraph, we conducted our audit in accordance with generally accepted auditing standards. Those standards require that we plan and perform the audit to obtain reasonable assurance about whether the financial statements are free of material misstatement. An audit includes examining, on a test basis, evidence supporting the amounts and disclosures in the financial statements. An audit also includes assessing the accounting principles used and significant estimates made by management, as well as evaluating the overall financial statement presentation. We believe that our audit provides a reasonable basis for our opinion.

The company's treatment of its wholly-owned, unconsolidated subsidiaries, is at variance with generally accepted accounting principles. The company carries its investment of its subsidiaries under the equity method of accounting rather than being consolidated. In consolidated financial statements the details of all entities are reported in full and intercompany transactions are eliminated.

In our opinion, except for the unconsolidated subsidiaries which have not been accounted for in accordance with generally accepted accounting principles as described in the preceding paragraph, the financial statements referred to above present fairly, in all material respects, the financial position of Scandinavian Marine Claims Office, Inc., as of December 31, 1997 and the results of its operations and its cash flows for the year then ended in conformity with generally accepted accounting principles.

Our audit was made for the purpose of forming an opinion on the financial statements taken as a whole. The schedule of operating expenses is presented for purposes of additional analysis and is not a required part of the basic financial statements. Such information has been subjected to the auditing procedures applied in the audit of the basic financial statements and, in our opinion, is fairly stated in all material respects in relation to the financial statements taken as a whole.

*Gordon, LaMarco, Baron & Orbuch*

Cos Cob, Connecticut
March 9, 1998

962 E. Putnam Avenue, Cos Cob, CT 06807   (203) 869-4373   Fax (203) 869-4412
1100 Summer Street, Stamford, CT 06905   (203) 967-3083   Fax (203) 348-5600
*New York office:* 6080 Jericho Turnpike, Suite 208, Commack, NY 11725

SM 001373

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
BALANCE SHEET
DECEMBER 31, 1997

## ASSETS

|  | 1997 |
|---|---|
| **Current Assets** | |
| Cash and Cash Equivalents | $ 171,117 |
| Accounts Receivable | 419,760 |
| Mortgage Notes Receivable from Related Parties | 65,055 |
| Advances for Surveys | 20,725 |
| Other Receivables | 44,592 |
| Advances Due from Subsidiaries | 147,475 |
| Prepaid Expenses | 104,432 |
| Total Current Assets | 973,156 |
| **Property and Equipment** | |
| Furniture and Equipment | 674,155 |
| Leasehold Improvements | 70,582 |
| Telecom System | 35,703 |
| Total Property and Equipment | 780,440 |
| Less: Accumulated Depreciation | 473,281 |
| Net Property and Equipment | 307,159 |
| **Other Assets** | |
| Deposits | 11,278 |
| Other Receivables | 23,000 |
| Investments in Subsidiaries | 122,488 |
| Mortgage Notes Receivable from Related Parties | 827,714 |
| Trust Accounts - Restricted Cash/Contra | 123,874 |
| Total Other Assets | 1,108,354 |
| **Total Assets** | $ 2,388,669 |

## LIABILITIES AND STOCKHOLDER'S EQUITY

|  | |
|---|---|
| **Current Liabilities** | |
| Notes and Accounts Payable | $ 409,122 |
| Total Current Liabilities | 409,122 |
| **Long Term Liabilities** | |
| Notes Payable | 930,000 |
| Trust Accounts Payable/Contra | 123,874 |
| Total Long Term Liabilities | 1,053,874 |
| **Stockholder's Equity** | |
| Common Stock, No Par Value, Authorized | |
| 900 Shares; 3 Shares Issued and Outstanding | 88,000 |
| Contributed Capital | 400,000 |
| Retained Earnings | 437,673 |
| Total Stockholder's Equity | 925,673 |
| **Total Liabilities and Stockholder's Equity** | $ 2,388,669 |

The accompanying notes are an integral part of these statements.

-2-

SM 001374

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
STATEMENT OF OPERATIONS AND RETAINED EARNINGS
FOR THE YEAR ENDED DECEMBER 31, 1997

|  | Hull | P & I | Total |
|---|---|---|---|
| **Fee Revenues** | | | |
| Hull | $1,942,499 | $ | $1,942,499 |
| P & I-Skuld | | 1,560,768 | 1,560,768 |
| P & I-Trade | | 13,295 | 13,295 |
| Total Fee Revenues | 1,942,499 | 1,574,063 | 3,516,562 |
| **Operating Expenses** | | | |
| Hull | 2,294,892 | | 2,294,892 |
| P & I | | 1,434,624 | 1,434,624 |
| Total Operating Expenses | 2,294,892 | 1,434,624 | 3,729,516 |
| **Less:Net Charges to Clients** | | | |
| Hull | 128,455 | | 128,455 |
| P & I-Skuld | | 51,633 | 51,633 |
| P & I-Trade | | 15,905 | 15,905 |
| Total Net Charges to Clients | 128,455 | 67,538 | 195,993 |
| Net Operating Expenses | 2,166,437 | 1,367,086 | 3,533,523 |
| Loss from Operations | (223,938) | 206,977 | (16,961) |
| **Other Income** | | | |
| Interest Income | 21,669 | 23,698 | 45,367 |
| Income from Subsidiaries | (33,499) | (33,499) | (66,998) |
| Miscellaneous | (5,503) | (5,503) | (11,006) |
| Total Other Income | (17,333) | (15,304) | (32,637) |
| Loss Before Income Taxes | (241,271) | 191,673 | (49,598) |
| Income Taxes | 3,655 | | 3,655 |
| Net Loss | (244,926) | 191,673 | (53,253) |
| Retained Earnings - Beginning | 1,328,963 | (838,037) | 490,926 |
| Retained Earnings - End | $1,084,037 | $ (646,364) | $ 437,673 |

The accompanying notes are an integral part of these statements.
-3-

SM 001375

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
STATEMENT OF CASH FLOWS
FOR THE YEAR ENDED DECEMBER 31, 1997

|  | 1997 |
|---|---:|
| **Cash Flows from Operating Activities:** | |
| Net Loss | $  (53,253) |
| Adjustments to Reconcile Net Loss to Net | |
| Cash Used in Operating Activities: | |
| Depreciation and Amortization | 99,442 |
| Decrease in Accounts Receivable | 510,729 |
| Increase in Advances for Surveys | (20,201) |
| Decrease in Other Receivables | 10,527 |
| Increase in Prepaid Expenses | (40,739) |
| Increase in Advances  Due from Subsidiaries | (41,338) |
| Decrease in Investments in Subsidiaries | 66,997 |
| Decrease in Deposits | 825 |
| Increase in Accounts Payable and Accrued | |
| Expenses | 8,270 |
| Total Adjustments | 594,512 |
| Net Cash Used in by Operating Activities | 541,259 |
| | |
| **Cash Flows from Investing Activities:** | |
| Payments Received on Mortgage Notes Receivable | 22,094 |
| Capital Expenditures | (95,909) |
| Net Cash Provided by Investing Activities | (73,815) |
| | |
| **Cash Flows from Financing Activities:** | |
| Proceeds from Capital Contributions | 400,000 |
| Proceeds from Notes Payable | 800,000 |
| Principal Payments under Notes Payable | (1,500,000) |
| Net Cash Used in by Financing Activities | (300,000) |
| | |
| Net Increase in Cash and Cash Equivalents | 167,444 |
| | |
| Cash and Cash Equivalents - Beginning of Year | 3,673 |
| | |
| Cash and Cash Equivalents - End of Year | $  171,117 |
| | |
| Supplemental Disclosures of Cash Flow Information: | |
| Cash Paid During the Year for: | |
| Interest | $     57,494 |
| Income Taxes | 3,655 |

The accompanying notes are an integral part of these statements.

-4-

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
SCHEDULE OF OPERATING EXPENSES
FOR THE YEAR ENDED DECEMBER 31, 1997

|  | Hull | P & I | Total |
|---|---|---|---|
| **Operating Expenses** |  |  |  |
|  |  |  |  |
| **Salaries and Social Expenses** |  |  |  |
| Salaries | $1,112,010 | $ 742,792 | $1,854,802 |
| Employee Benefits | 129,108 | 64,630 | 193,738 |
| Unemployment Taxes | 4,546 | 2,834 | 7,380 |
| Pension Expense | 177,874 | 37,136 | 215,010 |
| Interest Expense | 38,340 | 19,154 | 57,494 |
| Social Security Taxes | 60,204 | 39,005 | 99,209 |
|  | 1,522,082 | 905,551 | 2,427,633 |
|  |  |  |  |
| **Travel and Entertainment** |  |  |  |
| Corporate Travel | 112,920 | 61,429 | 174,349 |
| Corporate Entertainment | 31,210 | 14,104 | 45,314 |
|  | 144,130 | 75,533 | 219,663 |
|  |  |  |  |
| **Rent, Electricity and Insurance** |  |  |  |
| Rent and Electricity | 140,637 | 147,002 | 287,639 |
| General Insurance | 83,110 | 40,174 | 123,284 |
|  | 223,747 | 187,176 | 410,923 |
|  |  |  |  |
| **Communications** |  |  |  |
| Telephone and Telegraph | 86,927 | 48,781 | 135,708 |
|  |  |  |  |
| **Stationery, Maintenance and Other** |  |  |  |
| Printing Stationery and Supplies | 19,997 | 11,712 | 31,709 |
| Postage | 27,338 | 12,189 | 39,527 |
| Copier Rental and Supplies | 20,152 | 13,766 | 33,918 |
| Subscriptions and Publications | 10,563 | 10,531 | 21,094 |
| Equipment Maintenance | 14,385 | 8,243 | 22,628 |
|  | 92,435 | 56,441 | 148,876 |
|  |  |  |  |
| **Depreciation and Amortization** |  |  |  |
| Depreciation-Furniture and Equipment | 50,533 | 35,290 | 85,823 |
| Amortization-Leasehold Improvements | 8,171 | 5,448 | 13,619 |
|  | 58,704 | 40,738 | 99,442 |
|  |  |  |  |
| **Taxes** |  |  |  |
| Personal Property Tax | 4,561 | 4,743 | 9,304 |
|  |  |  |  |
| **Other Expenses** |  |  |  |
| General Office Expense | 45,877 | 39,271 | 85,148 |
| Professional Services | 32,094 | 57,575 | 89,669 |
| Contributions | 372 | 240 | 612 |
| Bank Charges | 10,225 | 3,832 | 14,057 |
| Dues | 13,250 | 3,892 | 17,142 |
| Moving Expenses | 18,616 | 5,546 | 24,162 |
| Training | 41,872 | 4,510 | 46,382 |
| Consultants |  | 795 | 795 |
|  | 162,306 | 115,661 | 277,967 |
|  |  |  |  |
| **Total Operating Expenses** | $2,294,892 | $1,434,624 | $3,729,516 |

The accompanying notes are an integral part of these statements.

-5-

SM 001377

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
NOTES TO FINANCIAL STATEMENTS

NOTE 1

Summary of Significant Accounting Policies

Description of Business - the company is a wholly-owned subsidiary of Scandinavian Marine Claims Office A/S, a foreign corporation. The company represents Scandinavian underwriters surveying marine casualties and estimating damages to hull and machinery. The company charges the underwriters fees for these services, and is reimbursed for expenses.

Cash Equivalents - the company defines cash equivalents as all highly liquid investments with a maturity of less than three months. Cash equivalents are stated at cost, which approximates market.

Accounts Receivable - uncollectible accounts are written off and charged to operations when no recovery is expected by management.

Property and Equipment - property and equipment is stated at cost. Depreciation expense is determined by the straight-line method. The estimated useful lives of property and equipment are as follows:

|  | Years |
|---|---|
| Furniture and Equipment | 5-7 |
| Leasehold Improvements | 4-11 |
| Telecom System | 5 |

Fee Revenues and Operating Expenses Recognition - hull fee revenues are recognized when jobs are completed and P & I fees are recognized on a monthly basis. These methods have been the consistent policy of the company and industry. All operating expenses are charged to operations as incurred.

Income Taxes - the company's federal taxable net income and its state taxable net income are taxed at statutory rates.

NOTE 2

Mortgage Notes Receivable from Related Parties

Mortgage notes receivable are due from employees and one former employee of the corporation which consists of the following:

|  | 1997 |
|---|---|
| Mortgage notes receivable - (A) | $ 305,000 |
| Mortgage notes receivable - (B) | 429,217 |
| Mortgage note receivable - (C) | 143,708 |
| Mortgage note receivable - (D) | 14,844 |
| Total mortgage notes receivable | 892,769 |
| Less: current portion | 65,055 |
| Long term portion | $ 827,714 |

(A) - Payable on demand after three months notice, secured by personal residence, interest only due semi-annually.

(B) - Payable within six months of termination of employment, secured by personal residence, principal and interest due monthly.

(C) - Remaining balance due from former employees, secured by personal residence, interest paid annually.

(D) - Remaining balance due from former employee.

The above mortgages are restricted for the funding of the non-qualified Retirement Plan (Note 4).

-6-

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
NOTES TO FINANCIAL STATEMENTS

NOTE 3

Notes Payable

Notes payable consists of the following:

|  | 1997 |
|---|---|
| Bank - $800,000 revolving line of credit due on demand, expiring on May 1, 1998, bearing interest at the banks prime rate plus .50% due in monthly installments of interest only, secured by all of the company assets. | $  800,000 |
| Bergens Skib et al Trust - unsecured note payable on demand, bearing interest at 8% due in semiannual installments of $6,000 representing interest only. | 130,000 |
| Total notes payable | 930,000 |

-7-

SM 001379

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
NOTES TO FINANCIAL STATEMENTS

NOTE 4

Retirement Plans

The company maintains a defined contribution and defined benefit pension plans that are non-contributing retirement plans, which covers all eligible full time employees. Eligibility to participate in the plans is age twenty-one and completion of twelve months of service. The company's contribution for the plan year ending December 31, 1997 is $71,500. The company also has a non-qualified pension plan which covers certain senior employees of the company. The funding of this plan is based on mortgage notes receivable from related parties (Note 2), and certain insurance policies, plus an additional annual funding as required from time to time as advised by Comprehensive Employee Plans.

The plan sponsor's funding policy has been to make annual contributions ranging from the amount sufficient to satisfy the minimum funding standards prescribed by the Employees Retirement Security Act ("ERISA"), as set forth in Internal Revenue Code Section 412, and the maximum amount deductible in accordance with Internal Revenue Code Section 404.

The following schedules set forth the amounts recognized in the company's financial statements and the estimated fund status of the plan at December 31, 1997:

|  | 1997 |
|---|---|
| Service cost | $ 98,866 |
| Interest cost | 192,659 |
| Expected return on assets | (243,595) |
| Amortization of net transition asset | (32,317) |
| Net pension expense | $ 15,613 |
| Total projected obligation | $ 2,524,610 |
| Plan assets at fair value | 3,473,097 |
| Plan assets in excess of Projected Benefit Obligation | 948,487 |
| Unrecognized net transition (asset) | (17,381) |
| Unrecognized prior service cost | 106,191 |
| Unrecognized net gain | (1,280,013) |
| Pension liability | $ 242,716 |

The weighted average discount rate used to measure the projected benefit obligation is 8.5%, the rate of increase in future compensation levels is 6%, and the expected long term rate on assets is 8.5%.

The company has a 401(K) trusteed profit-sharing plan which covers all full-time employees who elect to participate in and who are over the age of twenty-one with one year of service. The plan provides for a deferred compensation and a company discretionary matching provision. Under this provision eligible employees are permitted to contribute up to 15% of gross compensation into the retirement plan which is limited to $9,500 in 1997. The employees' contributions were $84,410 in 1997.

-8-

SM 001380

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
NOTES TO FINANCIAL STATEMENTS

NOTE 5

Income Taxes

The income taxes are calculated as follows:

|  | Federal | State |
|---|---|---|
| Loss before income taxes | (49,598) | (49,598) |
| Items non-deductible for taxpayers | 55,192 | 58,847 |
| Taxable income | $ 5,594 | $ 9,249 |
| Income tax expense | $ -0- | $ 3,655 |

NOTE 6

Leases

The company leases an office in Connecticut, Florida, and an office in Texas. The company is currently renegotiating its Connecticut's office lease. The company is also responsible for its allocable share of increases due to escalation of real estate taxes and operating expenses.

The future minimum rent lease payments are as follows:

| Year ending December 31, | |
|---|---|
| 1998 | $   432,225 |
| 1999 | 352,248 |
| 2000 | 143,060 |

NOTE 7

Contingencies

At December 31, 1997, the company was contingently liable for one outstanding letter of credit totaling $27,778 as security for its performance of the terms of the rent lease.

NOTE 8

Trust Accounts - Restricted Cash and Trust Accounts Payable

These amounts represent the undisbursed amounts which have been advanced by various insurance carriers that the company represents. These funds are used primarily for the settlement of claims and are held in escrow until disbursement.

-9-

SM 001381