UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------X
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC. :
:
              Plaintiff, :
    v. : Civil Case No.
: 3:02 CV 678 (RNC)
SIRI OSTENSEN, :
:
              Defendant, :
: Magistrate Judge Donna F. Martinez
    v. :
:
SCANDINAVIAN MARINE CLAIMS OFFICE, :
INC., SCANDINAVIAN UNDERWRITERS :
AGENCY, SCUA AMERICAS, INC., S.M.C.O., : SEPTEMBER 9, 2005
A.S., AND NORWEGIAN HULL CLUB, :
:
    Counterclaim and Third-Party Defendants. :
:
:
------------------------------------------------------------X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SMCO AS's
MOTION TO DISMISS THE CLAIMS AGAINST IT FOR
<u>LACK OF PERSONAL JURISDICTION</u>**

Scandinavian Marine Claims Office AS ("SMCO AS") submits this reply memorandum of law in response to Defendant's opposition and in further support of its motion to dismiss Defendant's third-party claims against SMCO AS, alleged in the "Counterclaim," dated November 7, 2002. SMCO AS moves to dismiss pursuant to Federal

Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks jurisdiction over SMCO AS because SMCO AS does not have the requisite contacts with Connecticut or the United States, the exercise of jurisdiction over SMCO AS would not comport with constitutional due process requirements, and the actions of the plaintiff, Scandinavian Marine Claims Office, Inc. ("SMCO"), cannot be imputed to SMCO AS to establish jurisdiction.

## PRELIMINARY STATEMENT

Defendant's opposition to this motion fails to make the requisite prima facie showing that is necessary to justify the exercise of personal jurisdiction over SMCO AS in Connecticut. As set forth in Point I, supra, Defendant does not dispute that for jurisdictional purposes, the veil between a parent and a subsidiary will not be pierced as long as the corporate formalities are observed. As such, because the record demonstrates that SMCO AS and SMCO observed the corporate formalities, the corporate veil between them should not be pierced for the purpose of vesting this Court with personal jurisdiction over SMCO AS.

Moreover, there is no direct personal jurisdiction over SMCO AS, as Defendant has failed to demonstrate that the Court's exercise of personal jurisdiction over SMCO AS meets either the requirements of the Connecticut long-arm statute or constitutional due process. As demonstrated in Point II, supra, because Defendant's claims against SMCO AS do not arise out of any contract made or performed in Connecticut or any tortious conduct in Connecticut, there is no basis for jurisdiction over SMCO AS under Connecticut's long-arm statute. Moreover, the contacts that Defendant alleges that SMCO AS had with Connecticut -- i.e., a Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank -- are insufficient to satisfy the due process requirement for personal jurisdiction over SMCO AS and

in no way indicate that SMCO AS and SMCO acted as anything other than separate corporate entities within the parent-subsidiary relationship between them.

Finally, as emphasized in Point III, supra, Defendant's contentions concerning SMCO AS's refusal to provide discovery has no bearing on this motion, as it is well-settled that a claimant, such as Defendant, who cannot establish a prima facie case for exercising personal jurisdiction over a non-resident is not permitted to take jurisdictional discovery. In any event, considerable documentation regarding SMCO AS has already been produced to Defendant during discovery, and none of those materials support the exercise of personal jurisdiction over SMCO AS in Connecticut or the United States.

For the foregoing reasons, it is respectfully requested that the Court grant SMCO AS's motion to dismiss.

## ARGUMENT

As emphasized in SMCO AS's initial brief, the plaintiff bears the burden of proof on a motion to dismiss for lack of personal jurisdiction. Metropolitan Life Insurance Company v. Robertson – Ceco Corporation, 84 F. 3d 560, 566 (2d Cir. 1996), cert. denied, 519 U.S. 1006 (1996); American Wholesalers Underwriting, Ltd. v. American Wholesale Insurance Group, Inc., 312 F. Supp. 2d 247, 251 (D. Conn. 2004). In that regard, the party asserting personal jurisdiction must allege specific facts, not mere conclusions, in support of the exercise of personal jurisdiction. The district court will consider affidavits and supporting materials and will deny the motion only where the party opposing the motion can establish at least a prima facie showing sufficient to justify the exercise of personal jurisdiction. Bowman v. Grolsche Bierbroywerij B.V., 474 F. Supp. 725, 728 (D. Conn. 1979); Savage v. Scripto-Tokai Corp., 147

F. Supp. 2d 86, 88 (D. Conn. 2001). As demonstrated below, Defendant has failed to make the showing required to justify the Court's exercise of personal jurisdiction over SMCO AS.

### I. Defendant Does Not Dispute That There Is No Personal Jurisdiction Over SMCO AS Under A Veil Piercing Theory

Defendant does not rebut SMCO AS's argument that for jurisdictional purposes, the veil between parent and subsidiary will not be pierced, as long as corporate formalities are observed. (See SMCO AS's Initial Brief, Point II). In her Opposition Brief, Defendant does not mention or attempt to distinguish the legal authorities relied upon by SMCO AS in support of this argument-- namely, Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333 (1925), McPheran v. Penn Central Transportation Co., 390 F. Supp. 943 (D. Conn. 1975), and Savage v. Scripto-Tokai, 147 F. Supp. 2d 86, 93 (D. Conn. 2001). (See SMCO AS's Initial Brief, pages 9-10). Defendant cannot dispute that SMCO observed the corporate formalities because she is on notice that SMCO observed the corporate formalities. Specifically, SMCO produced to Defendant a copy of ten years of its financial statements and more than ten years of minutes of the meetings of its Board of Directors (Zancolli Decl.,[1] ¶ 5), as well as identified the shareholders, the office location, the members of the Board of Directors and the officers and managers of SMCO over a ten-year period (Lundin Dec., Ex. 1, SMCO's Responses to Interrogatories Nos. 1-4). Such documents and information are compelling proof that SMCO observed the corporate formalities and operated as a corporate entity separate from SMCO AS within their parent-subsidiary relationship.

SMCO AS, a Norwegian corporation with an office and principal place of business in

---

[1] References in the form "Zancolli Decl., ___" are to the Declaration of Mark R. Zancolli, sworn to on September 8, 2005.

Norway, owned all of the stock of SMCO. (Selvik Decl.,[2] ¶¶ 3 and 8). However, that fact alone does not warrant the exercise of jurisdiction over SMCO AS, and the fact that SMCO AS observed the corporate formalities requires that SMCO AS be dismissed. See McPheran, 390 F. Supp. at 956.

In that regard, Defendant's assertions throughout its opposition papers that Exhibit 7 to the Lundin Declaration are SMCO AS Board Minutes is patently incorrect, as the first line of those minutes clearly indicates that they are "MINUTES of a Meeting of the Board of Directors of Scandinavian Marine Claims Office, Inc...." Thus, the following assertions in Defendant's opposition papers are all incorrect, as they are based on the erroneous assumption that Exhibit 7 are SMCO AS Board Minutes:

> "Further, on June 21, 2001, the SMCO A.S. Board recommended 'to the ultimate shareholders that they provide the capital necessary to liquidate' SMCO 'based on full payment of all obligations except balances with Mr. Ostensen.' (SMCO A.S. Board Meeting Minutes dated June 21, 2001 at 3, Lundin Decl. Ex. 7 (emphasis added).)" [Def. Opp. Br. at 4]
>
> "...SMCO A.S. instead directed SMCO management to liquidate those assets and use them to pay other obligations--as directed by SMCO A.S.--but not SMCO's obligations to the Ostensens (SMCO A.S. Board Meeting Minutes dated June 21, 2001, Lundin Decl. Ex. 7 at 3 ..." [Def. Opp. Br. at 4]
>
> "...SMCO A.S. dominated SMCO and that when SMCO made decisions regarding the disposition of its assets--rendering it unable to pay its obligations to the Ostensen's under the Non-Qualified Plan-- or decisions regarding the payments of its obligations to Mr. Ostensen-- such as those under the Non-Qualified and Qualified Plans or wages and vacation pay due to Mr. Ostensen-- SMCO was acting as a mere instrumentality of SMCO A.S. (SMCO A.S. Board Meeting Minutes dated June 21, 2001 at 3, Lundin Decl. Ex. 7.)" [Def. Opp. Br. at 6]
>
> "Attached hereto as Exhibit 7 is a true and complete copy of the SMCO

---

[2] References in the form "Selvik Decl., ___" are to the Declaration of Arne Selvik, dated August 25, 2005.

A.S. Board Meeting Minutes dated June 21, 2001." [Lundin Decl. ¶15] Thus, Defendant's reliance on Exhibit 7 for the proposition that SMCO AS somehow "dominated" SMCO is sorely misplaced.[3]

## II.   There Is No Direct Personal Jurisdiction Over SMCO AS

As stated in SMCO AS's Initial Brief, well-established law holds that the due process clauses of the Fifth and Fourteenth Amendments limit the power of a forum to assert personal jurisdiction over a nonresident such as SMCO AS. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). To assert personal jurisdiction over SMCO AS with respect to claims asserted pursuant to the Court's diversity jurisdiction, Defendant must have served SMCO AS in accordance with the Connecticut long arm statute and constitutional requirements.

> In a diversity action the federal court must apply the state standards for determining a defendant's amenability to service of process, so long as those standards are not inconsistent with constitutional due process requirements.

McPherson v. Penn Central Transportation Co., 390 F. Supp. 943, 948 (D. Conn. 1975) (citing Arrowsmith v. United Press International, 320 F. 2d 219 (2d Cir. 1963). As shown below, Defendant has failed to demonstrate that the Court's exercise of personal jurisdiction over SMCO AS meets either the requirements of the Connecticut long-arm statute or constitutional due process.

---

[3] Indeed, this is not the first misrepresentation that Defendant has made in a court filing in this case, as Defendant's counsel, in an April 7, 2005 letter to Judge Martinez, irresponsibly asserted that Norwegian Hull Club and SCUA Americas, Inc. "looted SMCO." Those charges were both unsubstantiated and false, as SMCO's financial statements demonstrate that money was put into the company, and no money was taken out. See SMCO financial statements, Zancolli Decl., Ex. 8.

A.      **Connecticut's Long-Arm Statute**

Defendant contends that SMCO AS is subject to personal jurisdiction under Conn. Gen. Stat. §§ 33-929(f)(1) and 33-929(f)(4) (Def's Opp. Br. at 10), which provide as follows:

> (f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; ... or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f)(1), (4). However, because Defendant's claims against SMCO AS do not arise out of any contract made or performed in Connecticut or any tortious conduct in Connecticut, there is no basis for jurisdiction over SMCO AS under Connecticut's long-arm statute.

Defendant's Counterclaim contains only one breach of contract claim (i.e., the Second Cause of Action), and that claim is only against SMCO, not SMCO AS. See Lundin Decl., Ex. 3 at ¶¶ 37-40. Moreover, although Defendant contends that the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank were contracts to be performed in Connecticut under the long-arm statute, Defendant's Counterclaim does not contain any claims against SMCO AS arising from them. See Lundin Decl., Ex. 3. Defendant cites the cases of Combustion Engineering, Inc. v. NEI International Combustion, 798 F. Supp. 100 (D.Conn. 1992) and Bowman v. Grolsche Bierbrouwerij B.V., 474 F.Supp. 725 (D.Conn. 1979) in support of its contention that contracts entered into by SMCO AS that were allegedly to be performed in Connecticut are sufficient to

7

confer personal jurisdiction over SMCO AS in Connecticut. However, those cases are clearly distinguishable because in each case the cause of action arose directly out of the contract performed in Connecticut. That is not the case here. Accordingly, Section 33-929(f)(1) does not provide a basis for jurisdiction over SMCO AS.

Furthermore, there is no basis for jurisdiction over SMCO AS under Section 33-929(f)(4) because none of Defendant's claims against SMCO AS arise out of or even allege any tortious conduct by SMCO AS in Connecticut. Instead, Defendant appears to contend that SMCO AS's alleged tortious conduct is deemed to have occurred in Connecticut because SMCO and Defendant were both located there when SMCO allegedly breached its obligation to Defendant. (Def's Opp. Br. at 12). However, such allegations concerning where the injury is felt as opposed to where the alleged tortious conduct actually occurred are insufficient to establish jurisdiction under Section 33-929(f)(4). The statute requires tortious conduct in Connecticut. See American Wholesalers Underwriting, Ltd. v. American Wholesalers Ins. Group, Inc., 312 F.Supp.2d 247, 253-254 (D. Conn. 2004). Because Defendant's Counterclaim contains no factual allegations concerning tortious conduct by SMCO AS in Connecticut, there is no basis for asserting jurisdiction over SMCO AS under Section 33-929(f)(4).

For the foregoing reasons, there is no basis for the Court to exercise jurisdiction over SMCO AS under Connecticut's long-arm statute, and SMCO AS's motion to dismiss the Counterclaim should be granted. However, even if the Court determines that the long-arm statute provides a basis for exercising jurisdiction over SMCO AS, SMCO AS's motion to dismiss should be granted because exercising jurisdiction over SMCO AS would violate the due process clause.

### B.  Due Process

The due process clause only permits a Court to exercise personal jurisdiction over a nonresident with whom it has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940) and International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Either 'specific' jurisdiction or 'general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum." Milne v. Catuogno Court Reporting Services, 239 F.Supp.2d 195, 203 (D.Conn. 2002) (citation omitted). In that regard,

> Where the claim arises out of, or relates to, the defendant's contacts with the forum--i.e., specific jurisdiction--minimum contacts exist where the defendant purposely availed itself of the privilege of doing business in the forum and could foresee being haled into court there. . . . A state may assert general jurisdiction--i.e., jurisdiction irrespective of whether the claim arises from or relates to the defendant's forum contacts--only where these contacts are continuous and systematic.

Id. (citations and quotation marks omitted). In this case, there is neither general nor specific jurisdiction.

SMCO AS was not doing or transacting business in Connecticut or the United States, was not registered to do business in Connecticut or the United States, and had no business in the United States other than its ownership in SMCO and indirectly, its subsidiary, SMQI, Inc. (Selvik Decl., ¶ 4). The contacts that Defendant alleges that SMCO AS had with Connecticut -- i.e., the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank (Defendant's Opp. Brief, pages 2, 10-11) -- are

9

not "continuous and systematic." Accordingly, there can be little dispute that SMCO AS is not subject to general jurisdiction in Connecticut.

Likewise, SMCO AS is not subject to specific jurisdiction because (1) SMCO AS did not purposely avail itself of the privilege of doing business in Connecticut and (2) Defendant's claims against SMCO AS do not arise out of or relate to SMCO AS's contacts with Connecticut.

As emphasized above, SMCO AS did not conduct or transact business in the United States, and had no business in the United States other than its ownerhip in SMCO and indirectly its subsidiary, SMQI. Moreover, while Defendant points to the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank as the contacts between SMCO AS and Connecticut, Defendant's Counterclaim does not contain any claims against SMCO AS arising from these alleged contacts. Defendants' Counterclaim arises out of the employment relationship between Tom Ostensen and SMCO. Accordingly, SMCO AS is not subject to specific jurisdiction in this lawsuit.

In sum, SMCO AS's contacts with Connecticut and the United States are insufficient to establish personal jurisdiction over SMCO AS. Except for ownership of U.S. subsidiaries, SMCO AS has basically no contact with the United States or Connecticut (Selvik Aff., ¶ 4), and mere ownership of a subsidiary in the forum does not subject the parent to personal jurisdiction. See Savage v. Scripto-Tokai Corp., 147 F. Supp. 2d 86, 93 (D. Conn 2001). Moreover, Defendant's contention that, from 1997 to 2000, SMCO AS's board of directors acted as SMCO's board of directors (Defendant's Opp. Brief, page 6) is of no consequence here, as the fact that a non-resident parent has the same board of directors as its subsidiary in the forum state is insufficient to confer personal jurisdiction over the parent in the forum state. See Berkman v.

Ann Lewis Shops, 142 F. Supp. 417, 421-422 (S.D.N.Y. 1956) (ruling that there was no basis for exercising personal jurisdiction over a Delaware corporation in Florida on the ground that it shared the same Board of Directors as its wholly-owned Florida subisidiary, even where the parent and subsidiary had substantially the same officers, the parent had a central buying agency for the subsidiary, and the parent guaranteed a lease of the subsidiary). Accordingly, since asserting personal jurisdiction over SMCO AS in this case would not meet the requirements of the Connecticut long-arm statute or constitutional due process, the Counterclaim should be dismissed as against SMCO AS.

### III. SMCO AS Was Not Required To Respond To Defendant's Document Requests, Yet Documents Regarding SMCO AS Have Been Produced To Defendant An Do Not Support The Exercise Of Personal Jurisdiction Over SMCO AS

It is undisputed that Defendant agreed to dismiss SMCO AS from this case (Lundin Decl., Ex. 5, paragraph 7).[4] Therefore, SMCO AS was not required to respond to Defendant's discovery requests. Immediately after Defendant made it known that she no longer agreed to dismiss SMCO AS, SMCO AS moved to be dismissed and sought a protective order because the Second Circuit has refused to permit jurisdictional discovery to plaintiffs who cannot establish a prima facie case for exercising personal jurisdiction over a non-resident defendant. Janzi v. Nissan Motor Co., 148 F. 3d 181, 186 (2nd Cir. 1998). Defendant has not established a prima facie case for the Court's exercise of personal jurisdiction over SMCO AS, a non-resident defendant, and should therefore be precluded from conducting jurisdictional discovery with regard to SMCO AS.

---

[4] Scandinavian Underwriters Agency was not served with process in this case. Therefore, it was under no obligation to respond to discovery requests as it is not a party.

In any event, Defendant has received substantial documentation regarding SMCO AS in the documents produced by NHC and SMCO. The documents that have been produced include minutes of SMCO AS's Board of Directors meetings (for example, Lundin Decl., Exs. 2, 6, 11 and 12), SMCO AS's financial statements (Bates Nos. NW 907-962), various correspondence (for example, Lundin Decl., Exs. 13, 16 and 19), and emails. None of these materials even suggest that SMCO AS did not observe the corporate formalities or that Defendant's claims arise out of SMCO AS's contacts with Connecticut.

## CONCLUSION

For the foregoing reasons, the motion of SMCO AS to dismiss should be granted.

Respectfully submitted,

SCANDINAVIAN MARINE CLAIMS OFFICE, AS

By: _____
Donald J. Kennedy
Federal Bar No. ct23620
Mark R. Zancolli
Federal Bar No. phv0498
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Madeleine F. Grossman
Federal Bar No. ct05987
Frank J. Silvestri, Jr.
Federal Bar No. ct05367
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Scandinavian Marine Claims
Office, AS

**CERTIFICATION**

*By Federal Express* ~~1412~~

This is to certify that a copy of the foregoing was sent on this the 8th day of September, 2005, to the following counsel of record:

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

_____
Mark R. Zancolli

14