UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------X

SCANDINAVIAN MARINE CLAIMS OFFICE,
INC.

               Plaintiff,

    v.

SIRI OSTENSEN,

               Defendant,

    v.

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

    Counterclaim and Third-Party Defendants.

---------------------------------------------------------X

Civil Case No.
3:02 CV 678 (RNC)

Magistrate Judge Donna F. Martinez

### DECLARATION OF ARNE SELVIK IN SUPPORT OF
### SCANDINAVIAN MARINE CLAIMS OFFICE AS's
### MOTION TO DISMISS THE COUNTERCLAIM OF TOM AND SIRI OSTENSEN

#### INTRODUCTION

ARNE SELVIK declares under the penalty of perjury that the following is true and correct:

1.    I was the Chairman of the Board of Directors of Scandinavian Marine Claims Office AS ("SMCO AS"), a Norwegian corporation, from February 14, 1997 to June 13, 2001,

1329485.1



Chairman of the Board of Directors of Scandinavian Marine Claims Office, Inc. ("SMCO"), a New York corporation, effectively during the same period, and I submit this declaration in support of SMCO AS's motion to dismiss the Counterclaim of Tom and Siri Ostensen (collectively, the "Ostensens") on the ground that the Court lacks personal jurisdiction over SMCO AS. I am a resident of Bergen, Norway and am personally familiar with the facts and circumstances set forth herein.

2.  I am a Senior Consultant with AFF at The Norwegian School of Economics and Business Administration in Bergen, Norway. I have been employed here since January 18, 1993. Prior to that I was the Chief Principal Officer of the Municipal Administration of the City of Bergen. At AFF my work includes executive and management training and corporate governance.

### Scandinavian Marine Claims Office, AS

3.  SMCO AS is a holding company organized under the laws of Norway with a principal place of business in Norway.

4.  During the period of time when I was Chairman of SMCO AS, SMCO AS was not doing or transacting business in Connecticut or the United States and was not registered to do business in Connecticut or the United States. SMCO AS had no business in the United States other than its ownership in SMCO and indirectly, its subsidiary, SMQI, Inc.

5.  All of my visits and meetings in the United States during my tenure were in my capacity as Chairman of SMCO.

6. The control that was exercised by SMCO AS over SMCO is no more than what would normally be expected to be exercised by the parent of a wholly-owned subsidiary. SMCO, when it was actively trading, controlled its own day-to-day operations.

7. SMCO AS never entered into a contract with Ostensen in Connecticut.

### Scandinavian Marine Claims Office, Inc.

8. SMCO is a corporation organized under the laws of New York, and prior to August / September 2000, its principal place of business was in Connecticut. SMCO moved its offices from Stamford, Connecticut to Coral Gables, Florida in or around August / September 2000. SMCO is a wholly-owned subsidiary of SMCO AS. SMCO has its own officers and maintains its own corporate records. SMCO ceased trading on December 31, 2000 and has been winding down since that time.

9. SMCO was financially independent. SMCO prepared its own financial statements and operating expenditure budgets and had its own bank accounts. Its financial statements were prepared by outside accountants. SMCO filed its own tax returns in the United States.

10. While I was Chairman of SMCO, SMCO never transferred any assets to SMCO AS which would have rendered SMCO insolvent and unable to pay its debts.

11. The employees who were involved in the day-to-day operations of SMCO were not employees of SMCO AS. As a matter of fact, SMCO AS never has any employees. No

officers or employees have ever been transferred between SMCO AS and SMCO. SMCO AS did not become involved in the day to day work of SMCO or its employees.

12. SMCO AS entered into a Management Agreement with SMCO dated April 20, 1997, a copy of which is attached as Exhibit 1 to regulate the managerial and corporate governance relationship and exchange of service between SMCO AS and SMCO. Similar agreements were made at the same time with our subsidiaries in Japan and Europe. The agreement is governed by Norwegian law (Management Agreement, § 4).

13. I was the person responsible for providing services on behalf of SMCO AS to SMCO under the Management Agreement. My services included:

- serving as Chairman of SMCO
- review of financial information from SMCO
- making recommendations to the management of SMCO.

All of the services I provided were from Norway. The fees for my services were invoiced from AFF to SMCO AS in Norway.

### Conclusion

14. It is respectfully requested that SMCO AS be dismissed from the case because it is not subject to jurisdiction in Connecticut or in the United States.

### Declaration pursuant to 28 U.S.C. § 1746

I declare under penalty of perjury that the foregoing is true and correct.

1329485.1

4

Executed on August 25, 2005
Bergen, Norway

_____
ARNE SELVIK

1329485.1

5



## MANAGEMENT AGREEMENT

between

**SCANDINAVIAN MARINE CLAIMS OFFICE AS (SMCO AS)**
(Org. No. 930059749)

and

**SCANDINAVIAN MARINE CLAIMS OFFICE, Inc. (SMCO Inc.)**

### § 1

This agreement regulates the managerial and corporate governance relationship and exchange of services between SMCO AS and SMCO Inc.

### § 2

SMCOAS is, under this agreement, obliged to render managerial support, consulting services, and maintain board-to-board relationship to SMCO Inc. SMCO AS shall charge an annual management fee for these services, based on the time and type of services delivered.

### § 3

SMCO Inc. shall keep SMCO AS management and board regularly informed of its plans and activities, and shall bring all major policy issues to the attention of the the board secretariat.

### § 4

Any disputes under this agreement shall be handled by negotiations and arbitration between the parties. If not solved, any legal issues shall be regulated by Norwegian law and brought before the Bergen Byrett.

Stamford, Conn., April 20, 1997
for SMCO Inc

_____
Tom Østensen
President

Bergen, April 15, 1997
For SMCO AS

_____
Arne Selvik
Chairman

SM 000565

## CERTIFICATION

This is to certify that a copy of the foregoing Declaration of Arne Selvik, sworn to on August 25, 2005, was sent by Federal Express on this the 8th day of September, 2005, to the following counsel of record:

Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

_____
Mark R. Zancolli

1332214.1