UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ X
                                                                        :

SCANDINAVIAN MARINE CLAIMS OFFICE,  :
INC.
                                                          :

                       Plaintiff,              :
         v.                                        :   Civil Case No.
                                                          :   3:02 CV 678 (RNC)
SIRI OSTENSEN,                                :

                    Defendant,           :

        v.                                        :

SCANDINAVIAN MARINE CLAIMS OFFICE,  :
INC., SCANDINAVIAN UNDERWRITERS
AGENCY, SCUA AMERICAS, INC., S.M.C.O.,  :
A.S., AND NORWEGIAN HULL CLUB,

   Counterclaim and Third-Party Defendants.   :   SEPTEMBER 16, 2005

------------------------------------------------------------ X

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE MOTION OF COUNTERCLAIM/THIRD-PARTY DEFENDANTS SCUA AMERICAS, INC., S.M.C.O., A.S., NORWEGIAN HULL CLUB, AND CERTAIN NON-PARTIES FOR A PROTECTIVE ORDER TO MODIFY THE LOCATION OF THEIR DEPOSITIONS AND FOR A PROTECTIVE ORDER STAYING DISCOVERY OF S.M.C.O., A.S. PENDING A RULING ON S.M.C.O., A.S.'s MOTION TO <u>DISMISS FOR LACK OF PERSONAL JURISDICTION</u>**

1332773.1

Counterclaim/Third-Party Defendants SCUA Americas, Inc. ("SCUAA"), S.M.C.O., A.S. and Norwegian Hull Club ("NHC") (collectively, the "Third-Party Defendants") and non-parties Arne Selvik and Jan Lunde (the "Non-Parties"; together with the Third-Party Defendants, the "Movants") submit this reply memorandum of law in response to Defendant's opposition and in further support of their motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), to modify the location of various depositions noticed by Defendant Siri Ostensen ("Ostensen") on June 27, 2005 (the "Notices," attached as Exhibit 1 to the Affidavit of Donald J. Kennedy, sworn to on August 1, 2005 ("Kennedy Aff.")) and to stay all discovery of SMCO AS pending a ruling on its motion to dismiss for lack of personal jurisdiction.

## PRELIMINARY STATEMENT

Defendant's opposition to this motion fails to make the required showing of "peculiar circumstances" necessary to overcome the presumption that the Movants be deposed in Norway, where they reside.[1] Defendant acknowledges that its Notices to the Non-Parties are invalid and that those witnesses will need to be served with Rule 45 subpoenas. (Def's Opp Br. at 14). Because those subpoenas will invariably require the Non-Parties to appear for depositions in Norway and for Defendant's counsel to travel to Norway to conduct those depositions, it would clearly make more sense for Defendant's counsel to make one trip to Norway to conduct the depositions of <u>both</u> the Non-Parties <u>and</u> the Third-Party Defendants residing in Norway than it would for each of those witnesses to make a separate trip from Norway to Connecticut to be deposed. For these and other reasons stated in Point I, <u>infra,</u> there is good cause for the issuance

---

[1] Although SCUAA has its principal place of business in Florida and its corporate representative, Eric Kappelin, resides in Florida, they have agreed to be deposed in Connecticut on the day after the deposition of SMCO because Mr. Kappelin will also be deposed in Connecticut as the corporate representative of Plaintiff SMCO. Mr. Kappelin's and SCUAA's decision to be deposed in Connecticut was made without prejudice to the rights of the rest of the Movants to be deposed in Norway, where they reside.

1332773.1                                1

of a protective order requiring the depositions of the Third-Parties residing in Norway to be conducted in Norway.

Likewise, there is good cause for the issuance of a protective order staying all discovery of SMCO AS pending the Court's decision with regard to SMCO AS's motion to dismiss for lack of personal jurisdiction. As demonstrated in Point II, supra, because Defendant has not established a prima facie case for personal jurisdiction over SMCO AS, a protective order staying discovery of SMCO AS pending a determination of its motion to dismiss is justified.

## ARGUMENT

### I.

### A PROTECTIVE ORDER MODIFYING THE LOCATION OF THE NOTICED DEPOSITIONS OF THE THIRD-PARTY AND NON-PARTY WITNESSES RESIDING IN NORWAY IS WARRANTED

A. **Defendant's Attempt to Categorize the Instant Motion as an Untimely Motion for Reconsideration is Without Merit**

As stated in the Movants' Initial Brief, on March 3, 2005, the Court held a scheduling conference during which the issue of the location of depositions was raised, among other issues, although no depositions were noticed at that time. The ensuing Amended Scheduling Order, dated March 17, 2005 (the "Scheduling Order," a copy of which is attached as Exhibit 2 to the Kennedy Affidavit) does not refer to depositions or the location of depositions. Accordingly, the instant motion is not a motion for reconsideration, as it is respectfully submitted that the Court did not make any ruling as to the location of depositions to be noticed in the future because no motion was pending, no briefs were submitted, and there was no oral argument.

Even if this motion were a motion for reconsideration (which it is not), Defendant's contention that this motion is untimely is without merit, as no decision or order was ever filed with regard to the location of depositions. Motions for reconsideration are governed by Local Civil Rule 7(c), which provides in relevant part that "[m]otions for reconsideration shall be filed and served within ten (10) days of the filing of the decision or order from which such relief is sought . . ." L. Civ. R. 7(c) (emphasis added). Because the filing of an adverse decision or order triggers the ten-day time period during which a motion for reconsideration is to be filed and served, no such time limit applies here because no decision or order was ever filed with regard to the location of depositions.

For the foregoing reasons, the Court should reject Defendant's attempt to characterize this motion as an untimely motion for reconsideration.

B.  **There is Good Cause for the Issuance of a Protective Order Modifying the Location of the Noticed Depositions of the Third-Party and Non-Party Witnesses Residing in Norway**

Federal Rule of Civil Procedure 26(c) requires that there be "good cause" for the issuance of a protective order. The "good cause" requirement is satisfied here by the presumption that the noticed depositions of five witnesses residing in Norway, and two Third-Party Defendants with their respective principal places of business in Norway,[2] should be conducted in Norway not Connecticut.

As emphasized in the Movants' Initial Brief, courts have long followed the general presumption that a defendant's deposition will be held in the district of his residence. Remarkably, Defendant contends that the cases cited in Movants' Initial Brief -- which follow

---

[2] Arne Selvik, Jan Lunde, Torleiv Aaslestad, John Wiik, and Per Gustav Blom are the five witnesses residing in Norway; NHC and SMCO AS are the two Third-Party Defendants with a principal place of business in Norway. (Kennedy Aff., ¶¶ 4 and 6). Defendant has conceded that Arne Selvik and Jan Lunde will need to be served with Rule 45 subpoenas. (Def.'s Opp. Br. at 14).

1332773.1                                3

the well-established presumption that depositions are to be conducted where a defendant resides -- are somehow "not the law" because none of those cases is less than fifteen years old and "modern cases" indicate that the presumption is "merely a decision rule that facilitiates determination when other relevant factors do not favor one side or the other." (Def.'s Opp. Br. at 10-11). However, Defendant's "old is wrong" argument is thoroughly discredited by the fact that modern courts continue to routinely apply the presumption in favor of conducting depositions of defendants at the place where they reside.[3] In that regard, Magistrate Judge Thomas P. Smith's unreported decision in the case of <u>Ronald P. Morin, Sr. v. Nationwide Federal Credit Union,</u> Civil Action No. 3:03CV277 (CFD) (TPS) (D.Conn. Aug. 2, 2005) is instructive. (A copy of the <u>Morin</u> decision is attached as Exhibit 1 to the accompanying Declaration of Mark R. Zancolli, sworn to on September 15, 2005 (the "Zancolli Decl."). In that decision, which was rendered just a few weeks ago, the plaintiffs noticed the deposition of the vice president of the defendant corporation -- which has its principal place of business in Ohio -- to take place at plaintiffs' counsel's office in Connecticut, and the defendants moved for a protective order requiring that the deposition be conducted in Ohio. <u>Id.</u> at 1. In granting defendants' motion, Judge Smith followed a line of modern cases -- with dates ranging from 1979 to 2004 -- which support the presumption that a defendant's deposition is to be conducted where the defendant resides. <u>Id.</u> at 2-3. Moreover, Judge Smith ruled that the plaintiffs had failed to meet their burden of showing "peculiar circumstances" to overcome the presumption by stating in relevant part:

---

[3] Defendants also contend that the presumption should not apply in this case because the so-called "Related Other Companies" (i.e., SCUAA, SMCO AS, and NHC) allegedly "caused the events that gave rise to Mrs. Ostensen's counterclaims in the forum SMCO chose." (Def.'s Opp. Br. at 11). This argument is without merit, however, because, but for Defendant's Counterclaim, the Related Other Companies would not be parties to this action. As such, because the Related Other Companies are not voluntarily parties to this lawsuit, the presumption applies with regard to the location of their depositions.

1332773.1                                    4

> It appears that the plaintiffs wish to depose Mr. Weisenburger [the defendant's vice president] in Connecticut for valid but seemingly unremarkable reasons, including the 'additional expense for the plaintiffs who are not in as good a position as the defendants to bear the expense[,]' and convenience to 'both the plaintiffs' attorney and the defendants' attorneys who are located in Connecticut.' (Pl.'s Mem. Opp'n Mot. at 4-5). However, it is the plaintiff who is generally required to 'bear any reasonable burdens of inconvenience that the action represents.' Fed. Deposit Ins. Co., 1990 U.S. Dist. LEXIS 13246, at *4. Moreover, 'the convenience of counsel is less compelling than any hardship to the witnesses.' Devlin v. Transp. Communications Int'l Union, No. 95-CV0742, 2000 U.S. Dist. LEXIS 264, at *11 (S.D.N.Y. Jan. 13, 2000). While travel for depositions is expected of litigators, Mr. Weisenburger states in his sworn affidavit that he travels on business 'very infrequently', and 'being required to travel to Connecticut to be deposed would result in disrupting [his] department, causing significant burdens and hardship to not only [him]self, but [his] staff as well . . . .' (Weisenburger Aff., 6/2/05, ¶¶ 8-9). While cognizant of the fact that travel to Ohio is both costly and time-consuming, the court finds that the plaintiffs have failed to describe any peculiar reasons why the depositions should not take place at the deponent's principal place of business.

Id. at 3-4.

Likewise, here, Defendant's alleged reasons for seeking to conduct depositions in Connecticut of the Third-Party witnesses that reside in Norway and Florida -- namely, that the Related Other Companies "are better positioned to bear the cost of sending party-affiliated witnesses to Connecticut than [Defendant] is to pay counsel to travel to Norway," that conducting depositions in Connecticut "would be vastly more convenient for counsel," and that it would be more efficient to conduct depositions in the United States (Def.'s Opp. Br. at 12-13) -- are the same as, or similar to, the "unremarkable" arguments made by the plaintiffs, and rejected by Judge Smith, in the Morin case. In that regard, Defendants' contention that the Related Other Companies are in a better position to bear the expense of sending witnesses to Connecticut than Defendant is to pay counsel to travel to Norway is baseless, as it is the claimant who is generally

required to "bear any reasonable burdens of inconvenience that the action presents." See Fed. Deposit Ins. Co., 1990 WL 155727, at *1 (citing Mill-Run Tours, Inc. v.Khashoggi, 124 F.R.D. 547 (S.D.N.Y. 1989)). Moreover, whatever convenience there may be to counsel taking depositions in Connecticut pales in comparison to the hardship that would be suffered by the Third-Party witnesses by traveling from Norway to Connecticut for their depositions; thus, because "the convenience of counsel is less compelling than any hardship to the witnesses" (see Devlin v. Transp. Communications Int'l Union, 2000 WL 28173 at *4), this factor favors conducting the depositions in Norway. Finally, contrary to Defendant's contentions, litigation efficiency would be better served by conducting the subject depositions in Norway instead of Connecticut because corporate documents are more easily accessible to corporate representatives at their place of business, the subject depositions can be completed during one trip, and any disputes that may arise during depositions can be brought to the Court's attention by telephone.

Defendant cites the case of Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547 (S.D.N.Y. 1989) for the proposition that the court should consider cost, convenience and litigation efficiency (the so-called "Mill-Run factors") in deciding the location of depositions. (Def.'s Opp. Br. at 11). In Mill-Run, the court suspended the general rule presumption and considered the above factors in determining the location of depositions because the defendants were reported to live in many Middle-Eastern and European countries, and therefore plaintiff had little choice but to notice their depositions in New York. The court also noted that there were very serious questions about the defendants' representations regarding their residence. Here, by contrast, the subject deponents unquestionably reside in only one locale--Norway. Thus, Defendant had the practical option of noticing their depositions at their residences in Norway, and there is no reason here to depart from the presumption favoring depositions where

defendants reside. See Fed. Deposit Ins. Co., 1990 WL 155727 at *2. (ruling that "…Defendants in the instant case all reside in the same country and city; defendants have noted additionally that a number of non-party witnesses also live in Buenos Aires, Argentina. Plaintiff had pragmatic choices before it when choosing a forum and a deposition site and presents no like reasons to Mill-Run for the suspension of the general rule presumption"). In any event, as demonstrated herein, the three Mill-Run factors favor Norway as the location of the subject depositions.

In the final analysis, the circumstances of this case clearly dictate that the noticed depositions of the Third-Party and Non-Party witnesses residing in Norway be taken in Norway. It would be extremely inconvenient for each of the witnesses located in Norway to have to spend two days traveling to and from the United States for a one-day deposition, particularly when all of the depositions could be taken in Norway at the same time, saving considerable time and expense. Counsel can travel to Norway--indeed, as Judge Smith specifically noted in the Morin decision, "travel for depositions is expected of litigators." Morin, at 4. By contrast, traveling to the United States would be considerably inconvenient and disruptive to the lives and businesses of the Third-Party witnesses located in Norway. To be sure, as regards Torleiv Aaslestad specifically, he has a medical condition which prevents him from traveling from Norway to the United States (Kennedy Aff., ¶ 8).[4]

For the foregoing reasons, the Court should issue a protective order modifying the location of the noticed depositions of the Third-Party and Non-Party witnesses residing in Norway.

---

[4] Because Mr. Aaslestad is a resident of Norway and Chairman of SMCO AS, which has its principal place of business in Norway (Kennedy Aff., ¶7), his deposition, if required (see Point II, infra), should be conducted in Norway.

1332773.1           7

## II

### A PROTECTIVE ORDER STAYING ALL DISCOVERY OF SMCO AS PENDING A RULING ON SMCO AS's MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION IS WARRANTED

**A.  SMCO AS Has Not Waived Its Objections to Defendant's Discovery Demands, as It Promptly Moved for a Protective Order After Defendant Indicated That She No Longer Agreed to Dismiss SMCO AS**

It is undisputed that Defendant agreed to dismiss SMCO AS from this case (Lundin Decl., ¶4).  Therefore, SMCO AS was not required to respond to Defendant's discovery requests.  Immediately after Defendant made it known that she no longer agreed to dismiss SMCO AS, SMCO AS moved to be dismissed for lack of personal jurisdiction and brought this motion for a protective order to stay discovery of it pending the Court's decision with regard to its motion to dismiss.

Thus, Defendant's contention that SMCO AS's instant motion for a protective order is untimely because SMCO AS failed to object to Defendant's discovery demands is without merit because, as indicated above, it was not until just recently that Defendant made it known that she no longer agreed to dismiss SMCO AS.  Moreover, SMCO AS's failure to respond to Defendant's discovery demands until after Defendant made it known that she no longer agreed to dismiss SMCO AS should not result in a waiver of SMCO AS's right to object to Defendant's discovery demands, as there was good cause for SMCO AS not to respond to Defendant's discovery demands up to that point.  See, e.g., Fed. R. Civ. P. 33(b)(4) ("…Any ground not stated in a timely objection is waived unless the party's failure to object is excused by the court for good cause shown.") (emphasis added); Bohlin v. Brass Rail, 20 F.R.D. 224, 225-226 (S.D.N.Y. 1957) (ruling that failure to file timely objections to interrogatories did not waive privilege objections).

**B.    A Protective Order Staying All Discovery of SMCO AS Pending a Ruling on SMCO AS's Motion to Dismiss for Lack of Personal Jurisdiction is Warranted, as Defendant Has Not Established a *Prima Facie* Case for Personal Jurisdiction Over SMCO AS**

As emphasized in the Movants' Initial Brief, the Court of Appeals for the Second Circuit has refused to permit jurisdictional discovery to plaintiffs who cannot establish a *prima facie* case for personal jurisdictional over a non-resident defendant. Jazini v. Nissan Motor Co., 148 F.3d 181, 186 (2nd Cir. 1998); Sodepac, S.A. v. Choyang Park In Rem, 2002 WL 31296341 (S.D.N.Y. 2002). In Jazini, the Second Circuit confirmed the practice of federal courts with respect to jurisdictional discovery over foreign corporations:

> If [Plaintiff's] allegations were sufficient to establish a prima facie case of jurisdiction over [Defendant], and thus subject the latter to discovery - which the [Plaintiff] stated at the district court hearing would be rather extensive - it would not be difficult for a plaintiff suing a multinational foreign corporation in the federal courts of New York, to make similar conclusory non-fact-specific jurisdictional allegations and thus obtain extensive discovery on that issue. <u>This would require the federal courts to conduct substantial jurisdictional discovery over foreign corporations - a practice in which they have not hitherto engaged</u>. We decline to require that step.

Id. at 185 (emphasis added). Contrary to Defendant's contentions that SMCO A.S. is subject to personal jurisdiction in this lawsuit, for the reasons discussed in SMCO AS's Memorandum of Law and Reply Memorandum of Law in Support of Its Motion to Dismiss for Lack of Personal Jurisdiction (copies of which are attached as Exhibits 2 and 3, respectively, to the Zancolli Declaration and incorporated herein by reference), Defendant has failed to make the *prima facie* showing of personal jurisdiction over SMCO AS required by Jazini. To summarize, SMCO AS's Motion to Dismiss demonstrates the following:

- Asserting personal jurisdiction over SMCO AS in this case would not meet the requirements of the Connecticut long-arm statute or constitutional due process.

1332773.1                                    9

- Because Defendant's claims against SMCO AS do not arise out of any contract made or performed in Connecticut or any tortious conduct in Connecticut, there is no basis for jurisdiction over SMCO AS under Connecticut's long-arm statute.

- Defendant's Counterclaim contains only one breach of contract claim (i.e., the Second Cause of Action), and that claim is only against SMCO, not SMCO AS. Moreover, although Defendant contends that the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank were contracts to be performed in Connecticut under the long-arm statute, Defendant's Counterclaim does not contain any claims against SMCO AS arising from them. Accordingly, Section 33-929(f)(1) does not provide a basis for jurisdiction over SMCO AS.

- There is no basis for jurisdiction over SMCO AS under Section 33-929(f)(4) because none of Defendant's claims against SMCO AS arise out of or even allege any tortious conduct by SMCO AS in Connecticut. Instead, Defendant appears to contend that SMCO AS's alleged tortious conduct is deemed to have occurred in Connecticut because SMCO and Defendant were both located there when SMCO allegedly breached its obligation to Defendant. However, such allegations concerning where the injury is felt as opposed to where the alleged tortious conduct actually occurred are insufficient to establish jurisdiction under Section 33-929(f)(4). See American Wholesalers Underwriting, Ltd. v. American Wholesalers Ins. Group, Inc., 312 F.Supp.2d 247, 253-254 (D. Conn. 2004).

- SMCO AS was not doing or transacting business in Connecticut or the United States, was not registered to do business in Connecticut or the United States, and had no business in the United States other than its ownership interest in SMCO and indirectly, its subsidiary, SMQI, Inc. The contacts that Defendant alleges that SMCO AS had with Connecticut -- i.e., the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank -- are not "continuous and systematic." Accordingly, SMCO AS is not subject to general jurisdiction in Connecticut.

- SMCO AS is not subject to specific jurisdiction because (1) SMCO AS did not purposely avail itself of the privilege of doing business in Connecticut and (2) Defendant's claims against SMCO AS do not arise out of or relate to SMCO AS's contacts with Connecticut. While Defendant points to the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank as the contacts between SMCO AS and Connecticut, Defendant's Counterclaim does not contain any claims against SMCO AS arising from these alleged contacts. Defendants' Counterclaim arises out of the employment relationship between Tom Ostensen and SMCO. Accordingly, SMCO AS is not subject to specific jurisdiction in this lawsuit.

- Except for ownership of U.S. subsidiaries, SMCO AS has basically no contact with the United States or Connecticut, and mere ownership of a subsidiary in the

1332773.1                                10

>  forum does not subject the parent to personal jurisdiction. See <u>Savage v. Scripto-Tokai Corp.</u>, 147 F. Supp. 2d 86, 93 (D. Conn 2001).
>
> - Defendant's contention that, from 1997 to 2000, SMCO AS's board of directors acted as SMCO's board of directors is of no consequence, as the fact that a non-resident parent has the same board of directors as its subsidiary in the forum state is insufficient to confer personal jurisdiction over the parent in the forum state. See <u>Berkman v. Ann Lewis Shops,</u> 142 F. Supp. 417, 421-422 (S.D.N.Y. 1956).

For the foregoing reasons, as set forth in greater length in SMCO AS's Motion to Dismiss, Defendant has failed to make a *prima facie* showing of personal jurisdiction over SMCO AS, and a protective order staying discovery until such time as the Court has issued a ruling on the pending motion to dismiss the Counterclaim/Third Party Complaint as against SMCO AS is warranted.[5]

---

[5] Defendant does not dispute that this Court is authorized to issue a protective order staying discovery pending a ruling on SMCO AS's Motion to Dismiss, nor does it attempt to distinguish the recent decision, cited in Movants' Initial Brief, of <u>Estate of Luis A. Nunez-Polance a/k/a Luis A. Nunez, by Michael Shapiro, Administrator v. Bosch Toyota, Inc. et al.</u>, No. 3:03 CV 2251 (WWE), Slip op. (D. Conn. July 21, 2004), which is directly on point. In that wrongful death case, the plaintiff, a resident of New York, filed a complaint against a Massachusetts corporation, which on its face was insufficient to allege jurisdiction under Connecticut's long-arm statute, Gen. Stat. Sect. 33-411 (c). Because both plaintiff and defendant were non-residents, the court held there was sufficient basis for the district court to grant the pending motion to dismiss for lack of personal jurisdiction, and issued a protective order staying discovery. <u>Id</u>.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested (1) that the motion of the Third-Party Defendants and Non-Party witnesses for a protective order be granted in its entirety, and that they be deposed in the locations where they reside, work and operate, and (2) that the motion of SMCO AS for a protective order be granted in its entirety and that all discovery of SMCO AS be stayed pending a ruling on its motion to dismiss for lack of personal jurisdiction.

Respectfully submitted,

Donald J. Kennedy
Federal Bar No. ct23620
Mark R. Zancolli
Federal Bar No. phv0498
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232


Madeleine F. Grossman
Federal Bar No. ct05987
Dorit S. Heimer
Federal Bar No. ct01219
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Scandinavian Marine Claims Office, Inc. SCUA Americas, Inc., SMCO AS and Norwegian Hull Club

## CERTIFICATION

This is to certify that a copy of the foregoing was sent by Federal Express on this the 15th day of September, 2005, to the following counsel of record:


Jeffrey M. Eilender, Esq.
Schlam Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, Connecticut 06883

Madeleine F. Grossman
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Westport, Connecticut 06880

_____
Mark R. Zancolli