UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------ X
                                                   :
SCANDINAVIAN MARINE CLAIMS OFFICE,                 :
INC.                                               :
                                                   :
                              Plaintiff,           :
                                                   :    Civil Case No.
              v.                                   :    3:02 CV 678 (RNC)
                                                   :
SIRI OSTENSEN,                                     :
                                                   :
                              Defendant,           :
                                                   :    Magistrate Judge Donna F. Martinez
                                                   :
              v.                                   :    SEPTEMBER 16, 2005
                                                   :
SCANDINAVIAN MARINE CLAIMS OFFICE,                 :
INC., SCANDINAVIAN UNDERWRITERS                     :
AGENCY, SCUA AMERICAS, INC., S.M.C.O.,             :
A.S., AND NORWEGIAN HULL CLUB,                     :    DECLARATION OF
                                                   :    MARK R. ZANCOLLI
       Counterclaim and Third-Party Defendants.    :
                                                   :
                                                   :
------------------------------------------------------------ X

Pursuant to 28 U.S.C. § 1746, Mark R. Zancolli hereby declares:

1.      I am an associate with the law firm of Carter Ledyard & Milburn LLP and,

together with Levett Rockwood P.C., am counsel for Plaintiff Scandinavian Marine

Claims Office, Inc. ("SMCO") and for certain of the Counterclaim and Third-Party

Defendants.  I submit this declaration in response to Defendant's opposition and in

further support of the motion for a protective order, pursuant to Fed. R. Civ. P. 26(c), to

modify the location of various depositions noticed by Defendant Siri Ostensen

("Ostensen") on June 27, 2005 (the "Notices," attached as Exhibit 1 to the Affidavit of

Donald J. Kennedy, sworn to on August 1, 2005 ("Kennedy Aff.")) and to stay all

discovery of SMCO AS pending a ruling on its motion to dismiss for lack of personal jurisdiction.

2.    I make this declaration based on personal knowledge or a review of the files maintained in Carter Ledyard's offices.

3.    Attached hereto as Exhibit 1 is a copy Magistrate Judge Thomas P. Smith's August 2, 2005 decision in the case of <u>Ronald P. Morin, Sr. v. Nationwide Federal Credit Union,</u> Civil Action No. 3:03CV277 (CFD) (TPS) (D.Conn.).

4.    Attached hereto as Exhibit 2 is a copy of the Memorandum of Law in Support of SMCO AS's Motion to Dismiss the Claims Against It for Lack of Personal Jurisdiction, which was filed and served on or about June 29, 2005.

5.    Attached hereto as Exhibit 3 is a copy of the Reply Memorandum of Law in Further Support of SMCO AS's Motion to Dismiss the Claims Against It for Lack of Personal Jurisdiction, which was filed and served on or about September 9, 2005.

6.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2005

Mark R. Zancolli

# Exhibit 1

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT


RONALD P. MORIN, SR., et. al.,

    -Plaintiffs,

    v.                      No.   3:03CV277(CFD)(TPS)

NATIONWIDE FEDERAL CREDIT
UNION, et. al.,

    -Defendants.


### RULING ON DEFENDANTS' MOTION FOR PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the defendants, Nationwide Federal Credit Union, et. al. (collectively "NFCU"), move this court for a protective order with respect to the deposition of Michael Weisenburger by the plaintiffs, Ronald P. Morin, Sr., et. al. **(Dkt. # 49)**.   The plaintiffs seek to depose Mr. Weisenburger in West Hartford, Connecticut, whereas the defendants move for a protective order requiring any deposition of Mr. Weisenburger to be conducted in Columbus, Ohio. For the foregoing reasons, the defendants' Motion for Protective Order is **GRANTED.**

On May 4, 2005, the plaintiffs served a Re-Notice of Deposition to depose Michael Weisenburger, Vice President of Lending for NFCU, at the offices of plaintiffs' counsel in West Hartford, Connecticut on May 13, 2005.  (Defs.' Mot. Prot. Order

Ex. A at 1). Counsel for the defendant had previously informed plaintiffs' counsel that "the deposition must take place in Ohio, NFCU's principal place of business" in a letter dated May 10, 2005. (Blanchard Aff., 5/17/05, Ex. A). NFCU filed the instant Motion for Protective Order on May 17, 2005.

Rule 26(c) requires that the movant establish "good cause" to obtain a protective order. Fed. R. Civ. P. 26(c). NFCU contends that "'good cause' is satisfied by the presumption that the deposition of an Ohio representative of an Ohio corporation should proceed in Ohio, not Connecticut." (Defs. Mem. Supp. Mot. at 2). The court agrees.

"The deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business, especially when . . . the corporation is the defendant." Salter v. Upjohn Co., 593 F.2d 649, 651 (5th Cir. 1979); see also Dagen v. CFC Group Holdings, Ltd., No. 00-CV5682, 2003 U.S. Dist. LEXIS 13859, at *6 (S.D.N.Y. Aug. 11, 2003). "This presumption is based on the concept that *it is the plaintiff who brings the lawsuit and who exercises the first choice as to the forum.*" Tailift USA, Inc. v. Tailift Co., Ltd., No. CIV.A.03-0196-M, 2004 WL 722244, at *1 (N.D. Tex. Mar. 26, 2004) (emphasis added) (citing Payton v. Sears, Roebuck & Co., 148 F.R.D. 667, 669 (N.D. Ga. 1993)). "*This presumption satisfies the Rule 26(c) requirement of good cause.*" Id. (emphasis added) (citing Chris-Craft Indus. Prod., Inc. v.

-2-

Kuraray Co., Ltd., 184 F.R.D. 605, 607 (N.D. Ill. 1999) ("[t]he
purposes underlying the general rule that the depositions should
proceed at the corporation's principal place of business create a
presumption that the corporation has good cause for a protective
order.")).

Generally, when the plaintiff seeks to depose the defendant at
a location other than the defendant's place of business and the
defendant objects, the plaintiff has the affirmative burden of
demonstrating "peculiar" circumstances which compel the court to
order the depositions to be held in an alternate location. See Six
West Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp., 203
F.R.D. 98, 107 (S.D.N.Y. 2001) (citing Fed. Deposit Ins. Co. v. La
Antillana, S.A., No. 88-CV2670, 1990 U.S. Dist. LEXIS 13246, at *3
(S.D.N.Y. Oct. 5, 1990)). In this case, the plaintiffs have failed
to meet their burden of presenting evidence of "peculiar"
circumstances in support of their re-noticing Mr. Weisenburger in
Connecticut.

It appears that the plaintiffs wish to depose Mr. Weisenburger
in Connecticut for valid but seemingly unremarkable reasons,
including the "additional expense for the plaintiffs who are not in
as good a position as the defendants to bear that expense[,]" and
convenience to "[b]oth the plaintiffs' attorney and the defendants'
attorneys who . . . are located in Connecticut." (Pl.'s Mem. Opp'n
Mot. at 4-5). However, it is the plaintiff who is generally

-3-

required to "bear any reasonable burdens of inconvenience that the action represents." Fed. Deposit Ins. Co., 1990 U.S. Dist. LEXIS 13246, at *4. Moreover, "the convenience of counsel is less compelling than any hardship to the witnesses." Devlin v. Transp. Communications Int'l Union, No. 95-CV0742, 2000 U.S. Dist. LEXIS 264, at *11 (S.D.N.Y. Jan. 13, 2000). While travel for depositions is expected of litigators, Mr. Weisenburger states in his sworn affidavit that he travels on business "very infrequently", and "being required to travel to Connecticut to be deposed would result in disrupting [his] department, causing significant burdens and hardship to not only [him]self, but [his] staff as well . . . ." (Weisenburger Aff., 6/2/05, ¶¶ 8-9). While cognizant of the fact that travel to Ohio is both costly and time-consuming, the court finds that the plaintiffs have failed to describe any peculiar reasons why the depositions should not take place at the deponent's principal place of business.

For the foregoing reasons, the court holds that the defendants' Motion for Protective Order designating Columbus, Ohio as the location for Mr. Weisenburger's deposition is **GRANTED**.

**IT IS SO ORDERED.**

Dated at Hartford, Connecticut this 2nd day of August, 2005.

THOMAS P. SMITH
UNITED STATES MAGISTRATE JUDGE

-4-

# Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
:
SCANDINAVIAN MARINE CLAIMS OFFICE,      :
INC.                                    :
                                        :
                    Plaintiff,          :
                                        :      Civil Case No.
          v.                            :      3:02 CV 678 (RNC)
                                        :
SIRI OSTENSEN,                          :
                                        :
                    Defendant,          :
                                        :      Magistrate Judge Donna F. Martinez
          v.                            :
                                        :
SCANDINAVIAN MARINE CLAIMS OFFICE,      :
INC., SCANDINAVIAN UNDERWRITERS         :
AGENCY, SCUA AMERICAS, INC., S.M.C.O.,  :
A.S., AND NORWEGIAN HULL CLUB,          :      JUNE 28, 2005
                                        :
     Counterclaim and Third-Party Defendants.  :
                                        :
                                        :
-------------------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF SMCO AS's
MOTION TO DISMISS THE CLAIMS AGAINST IT FOR
LACK OF PERSONAL JURISDICTION**

Scandinavian Marine Claims Office AS ("SMCO AS") submits this memorandum of law in

support of its motion to dismiss the defendants' third-party claims against SMCO AS, alleged in the

"Counterclaim," dated November 7, 2002.[1]  SMCO AS moves to dismiss pursuant to Federal

---

[1] The pleading in question was improperly labeled as merely a "Counterclaim," as the claims against SMCO AS are actually third-party claims, and SMCO AS is a third-party defendant.  SMCO AS will refer to the claims against it specifically as the Third-Party Claims, but will refer to the entire pleading in question as the Counterclaim, as labeled by Defendant.

Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks jurisdiction over SMCO AS because SMCO AS does not have the requisite contacts with Connecticut or the United States, the exercise of jurisdiction over SMCO AS would not comport with constitutional due process requirements, and the actions of the plaintiff, Scandinavian Marine Claims Office, Inc. ("SMCO"), cannot be imputed to SMCO AS to establish jurisdiction.

## PRELIMINARY STATEMENT

On April 17, 2002, SMCO filed a complaint against the defendants Tom Ostensen and Siri Ostensen (collectively the "Ostensens") seeking repayment of $305,000 plus interest owing under two promissory notes they signed. In their answer to the complaint, the Ostensens admitted signing the notes and admitted that the notes have not been fully repaid. See Answer, Affirmative Defenses and Counterclaim which the Ostensens filed on or about June 18, 2002. The Ostensens also asserted a counterclaim against SMCO asserting the following eight causes of action: (1) violation of the Employment Retirement Income Security Act ("ERISA"); (2) breach of an agreement between Tom Ostensen and SMCO, dated June 13, 1995, which allegedly provides Tom Ostensen with certain retirement benefits (the "Non-Qualified Plan"); (3) detrimental reliance on SMCO's alleged representations regarding Tom Ostensen's pension benefits; (4) fraud based on SMCO's alleged representations; 5) violation of the Connecticut Unfair Trade Practices Act based on SMCO's alleged representations; 6) declaratory judgment declaring SMCO liable for pension benefits allegedly due Tom Ostensen in the future; 7) violation of the Connecticut Wage and Hour Laws; and 8) intentional infliction of emotional distress.

2

On November 7, 2002, the Ostensens filed a Counterclaim against SMCO, and added SMCO

AS (the parent company of SMCO), Scua Americas, Inc. ("SCUA") and Norwegian Hull Club

("NHC") as additional third-party defendants to the Counterclaim. The Counterclaim is attached as

Exhibit 1 to the accompanying Declaration of Torleiv Aaslestad dated June 23, 2005 ("Aaslestad

Decl."). In the November Counterclaim, the Ostensens added the third-party defendants to certain of

the eight causes of action alleged in the June Counterclaim and added the following five causes of

action: 1) fraudulent transfer of assets from SMCO to SMCO AS, SCUA and NHC; 2) intentional

interference with contract by SMCO AS, SCUA and NHC; 3) successor liability against SCUA; 4)

operation of an insolvent company against SMCO AS and NHC; and 5) a veil piercing claim on an

alter ego theory against SMCO AS, SCUA and NHC.

SMCO AS, a Norwegian corporation, was served outside of the United States in February

2003 [doc. #48]. Counsel agreed that SMCO AS would be dismissed from the case without

prejudice [Joint Status Report dated August 1, 2003 doc. #61; Aaslestad Decl. Ex. 2]. However, the

most recent Joint Status Report, dated June 10, 2005, counsel for the Ostensens took the position that

the defendant "does not intend to dismiss SMCO AS" [Aaslestad Decl. Ex. 3].

The Ostensens assert that the Court has subject matter jurisdiction over this matter pursuant

to 28 U.S.C. § 1331 (federal question), 29 U.S.C. §§ 1001, et seq. (ERISA), 28 U.S.C. § 1332

(diversity of citizenship), Fed. R. Civ. P. 13 (joinder of additional parties on counterclaims) and 28

U.S.C. § 1367(a) (supplemental jurisdiction) (Counterclaim ¶¶ 6-7). The Ostensens assert personal

jurisdiction as to SMCO AS alleging, incorrectly, that it maintains offices in the United States, that it

"controlled" SMCO and that it now controls SCUA (Id. ¶ 4).

3

This Court, however, does not have personal jurisdiction of SMCO AS. SMCO AS is neither registered to do nor has it ever conducted business in Connecticut or in the United States. It has no offices, employees or agents for service of process in Connecticut or in the United States. It also does not own property in Connecticut or in the United States, have any bank accounts in Connecticut or in the United States, or advertise in Connecticut or in the United States. [Aaslestad Decl.]. Accordingly, SMCO AS does not have the minimum contacts with Connecticut or the United States that are required by constitutional due process.

By way of their Counterclaim, the Ostensens seek to establish jurisdiction over SMCO AS based on their conclusory allegation that SMCO AS "exercised complete domination and control over the finances, policy and business practices of SMCO so that SMCO was a mere instrumentality" of SMCO AS [Counterclaim ¶¶ 86-87, Aaslestad Decl. Ex.1]. As explained below, the naked allegation that one corporation is the "mere instrumentality" of another is insufficient to establish personal jurisdiction.

Moreover, contrary to the Ostensens' conclusory allegations, SMCO is not a "mere instrumentality" of SMCO AS. SMCO AS is a Norwegian holding company. It is the parent company of SMCO as well as a subsidiary in Florida. SMCO AS's subsidiaries control their own day-to-day operations. [Aaslestad Decl.]. SMCO, which was organized under the laws of New York, had its own officers, bank accounts, financial statements and tax returns. [Aaslestad Decl., ¶15.]

Aside from their conclusory and incorrect allegation of control, the Ostensens have provided no basis for piercing the corporate veil of SMCO and no basis on which this Court can exercise jurisdiction of SMCO AS.

4

## ARGUMENT

The plaintiff bears the burden of proof on a motion to dismiss for lack of personal jurisdiction Metropolitan Life Insurance Company v. Robertson – Ceco Corporation, 84 F. 3d 560, 566 (2d Cir. 1996), cert. denied, 519 U.S. 1006 (1996); American Wholesalers Underwriting, Ltd. v. American Wholesale Insurance Group, Inc., 312 F. Supp. 2d 247, 251 (D. Conn. 2004).

A motion to dismiss for lack of personal jurisdiction often is a test of the claimant's actual proof. Bowman v. Grolsche Bierbroywerij B.V., 474 F. Supp. 725, 728 (D. Conn. 1979). The party asserting personal jurisdiction must allege specific facts, not mere conclusions, in support of the exercise of personal jurisdiction. The district court will consider affidavits and supporting materials and will deny the motion only where the party opposing the motion can establish at least a prima facie showing sufficient to justify the exercise of personal jurisdiction. Id.; Savage v. Scripto-Tokai Corp., 147 F. Supp. 2d 86, 88 (D. Conn. 2001).

The Ostensens have not pled and cannot prove the facts necessary to meet the burden of establishing personal jurisdiction over SMCO AS. To meet that burden, the Ostensens first must show that SMCO AS is amenable to service of process; they then must show that the assertion of jurisdiction over SMCO AS comports with constitutional due process requirements. Since the Ostensens clearly cannot meet these burdens, they must resort to "piercing the veil" between SMCO, which does not contest jurisdiction, and its shareholder, SMCO AS. Under well-established law governing piercing the veil for jurisdictional purposes, however, the Ostensens cannot meet this burden either. Accordingly, the motion to dismiss should be granted.

## I.    There Is No Direct Personal Jurisdiction of SMCO AS.

The Ostensens purport to assert both federal question jurisdiction, presumably on the basis of their ERISA claims, and diversity jurisdiction. The Counterclaim, however, does not state an ERISA claim against SMCO AS. The ERISA claim is addressed to SMCO.

Even if there were an ERISA claim against SMCO AS, however, this Court would not have personal jurisdiction with respect to that claim.   SMCO AS was served in Norway. With regard to jurisdiction over any federal question claims, Fed. R. Civ. P. 4(K) governs extraterritorial service. Pursuant to Rule 4(K), service would only be sufficient to establish personal jurisdiction in this Court for federal question claims if SMCO could be subject to jurisdiction in the courts of Connecticut, the state where this district court is located (Fed. R. Civ. P. 4(k)(1)(A)); or if no state court could exercise jurisdiction but the exercise of jurisdiction is consistent with the Constitution and laws of the United States (Fed. R. Civ. P. 4 (K)(2)).[2]  In either case, the Ostensens also must prove that the exercise of personal jurisdiction would be constitutional.  Well-established law holds that the due process clauses of the Fifth and Fourteenth Amendments limit the power of a forum to assert personal jurisdiction over a nonresident. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

To assert personal jurisdiction of SMCO AS with respect to claims asserted pursuant to the Court's diversity jurisdiction, the Ostensens must have served SMCO AS in accordance with the Connecticut long arm statute and constitutional requirements.

> In a diversity action the federal court must apply the state standards for determining a defendant's amenability to service of process, so long as those standards are not inconsistent with constitutional due process requirements.

---

[2] Rule 4 (K)(1)(D) is not applicable, because the ERISA statutes provide only for nationwide not worldwide service and, therefore, no federal statute authorizes the service in Norway.

McPherson v. Penn Central Transportation Co., 390 F. Supp. 943, 948 (D. Conn. 1975) (citing

Arrowsmith v. United Press International, 320 F. 2d 219 (2d Cir. 1963).

Accordingly, meeting the constitutional due process requirement is a sine qua non for

establishing personal jurisdiction. For federal question jurisdiction, the due process

constitutional limitations on the exercise of personal jurisdiction arise from the Fifth Amendment

and for diversity jurisdiction from the Fourteenth Amendment. See Advisory Committee Notes

to 1993 Amendments, Rule 4(K). The due process analysis under the Fifth Amendment looks to

a party's contacts with the United States, while the Fourteenth Amendment analysis focuses on

the contacts with the forum state. See Wright & Miller, Federal Practice and Procedure: Civil 3d

§ 1068.1. Except for this difference, the due process analysis is basically the same under the

Fifth and Fourteenth Amendments. Chew v. Dietrich, 143 F. 3d 24, 28 n. 4 (2d Cir. 1998), cert.

denied 525 U.S. 948 (1998).

The due process requirements have been well-established by International Shoe Co. v.

Washington, supra, and its progeny. A forum may only exercise personal jurisdiction over a

nonresident with whom it has "certain minimum contacts . . . such that the maintenance of the

suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465

U.S. 783, 788 (1984) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940) and International

Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). The Ostensens must first show that their

claim arises out of SMCO AS's contacts with the forum; that SMCO AS purposefully availed

itself of the privilege of doing business in the forum and could foresee being "haled into court"

there. If the Ostensens satisfy these requirements, they then must show that the assertion of

jurisdiction comports with traditional notions of fair play and substantial justice. Chew v.

7

Dietrich, supra, at p. 28, quoting Chaiken v. VV Pub. Corp., 119 F. 3d. 1018, 1027 (2d Cir. 1997).

This case does not require a close analysis of the nature of the contacts between SMCO AS and Connecticut or the United States, or of whether those contacts are sufficient to establish personal jurisdiction, because there simply are no such relevant contacts. See Aalestad Decl. Except for ownership of U.S. subsidiaries, SMCO AS has basically no contact with the United States or Connecticut. And mere ownership of a subsidiary in the forum does not subject the parent to personal jurisdiction. Savage v. Scripto-Tokai Corp., 147 F. Supp. 2d 86, 93 (D. Conn 2001). This principle is well-established.

> We join other courts in finding that stock ownership in or
> affiliation with a corporation, without more, is not a sufficient
> minimum contact.

Central State, Southeast and Southwest Areas Pension Fund v. Reimer Express World Corporation, 230 F. 3d 934, 943 (7th Cir. 2000) (collecting cases), cert. denied 532 U.S. 943 (2001).

Since asserting jurisdiction in this case would not meet the constitutional test, it is not necessary to consider the specifics of the Connecticut long arm statute. In any event, that statute would not help the Ostensens. It provides that a foreign corporation is subject to suit on any cause of action arising: (1) out of any contract made or to be performed in the state; (2) out of any business solicited in the state by mail or otherwise if the corporation has repeatedly solicited business; (3) out of the production, manufacture or distribution of goods by the corporation in certain circumstances; or (4) out of tortious conduct in the state. Conn. Gen. Stat. § 33-929(f). It does not extend jurisdiction to the full extent permissible under the due process clause. Savage

8

v. Scripto-Tokai, supra, 147 F. Supp. 2d at 91. The Counterclaim does not include sufficient allegations concerning SMCO AS to justify Connecticut long arm service.

Therefore, the Ostensens cannot establish direct jurisdiction over SMCO AS. If there is jurisdiction, it must be based on somehow piercing SMCO's corporate veil to reach its shareholder, SMCO AS. As the following section of this memorandum demonstrates, the Ostensens have not provided any basis for piercing the veil.

## II.    There Is No Personal Jurisdiction of SMCO AS Under A Veil-Piercing Theory

The law on veil piercing in a jurisdictional context is distinct from and narrower than the law on veil piercing to establish liability. The leading case on piercing to assert jurisdiction is Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333 (1925). That case concerned an attempt to assert personal jurisdiction over a Maine corporation in a North Carolina court on the basis that the defendant was doing business in the state through a wholly-owned subsidiary.

The Supreme Court found that the parent owned the entire capital stock of the subsidiary, dominated it, and exerted control both commercially and financially. The court also found, however, that the subsidiary was a distinct corporate entity, which kept separate books and maintained corporate separation.

In these circumstances the Supreme Court held that it would be inappropriate to subject the parent to the jurisdiction of North Carolina because it had chosen to do business in the state through a subsidiary.

> The corporate separation, though perhaps merely formal, was real.
> It was not pure fiction.

267 U.S. at 336-37.

Thus, <u>Cannon</u> stands for the proposition that, for jurisdictional purposes, the veil between parent and subsidiary will not be pierced, so long as the corporate formalities are observed.

<u>Cannon</u> remains the controlling law in this court. In <u>McPheron v. Penn Central Transportation Co.</u>, 390 F. Supp. 943 (D. Conn. 1975), the court refused to pierce a corporate veil for jurisdictional purposes citing <u>Cannon</u>. The court noted that the parent not only owned all of the subsidiary's stock but also occupied the same offices, shared officers and controlled the subsidiary's board. The Court held that "these facts alone are not sufficient; there is no evidence of confusion of books, records or accounts nor any other similar indication that the formalities of separate corporate existence were ignored by either parent or subsidiary." 390 F. Supp. at 956. <u>See also Savage v. Scripto-Tokai</u>, 147 F. Supp. 2d 86, 93 (D. Conn. 2001) (parent is not subject to jurisdiction on basis of subsidiary's presence in forum, even when separation between parent and subsidiary is merely formal as long as it is real.)

The issues involved in piercing a corporate veil for jurisdictional purposes are not the same as those considered when piercing to establish liability. The jurisdictional consideration raises constitutional due process issues. As the court noted in <u>McPheron</u>, <u>supra</u>, cases concerning substantive rights have no application to the question of whether the corporate entity may be ignored for purposes of jurisdiction. 390 F. Supp. at 953.

There is absolutely no basis for any claim that SMCO AS and SMCO did not observe the requirements of corporate separateness. SMCO controlled its own day to day activities, had its own officers, maintained separate books and records and filed its own tax returns. These were separate and distinct entities.

10

In this case the reasons for refusing to ignore the formal separateness of SMCO AS are particularly cogent. SMCO AS is a Norwegian company. Norwegian law does not recognize a doctrine of piercing the corporate veil, but only holds limited liability companies responsible for their own tortious acts. See Declaration of Jorgen Lund dated June 24, 2005, which accompanies this memorandum. Accordingly, SMCO AS could hardly have anticipated being "haled" into a Connecticut court in a suit by the former president of a subsidiary asserting rights to a pension from the subsidiary.

## CONCLUSION

For the foregoing reasons, the motion of SMCO AS to dismiss should be granted.

SCANDINAVIAN MARINE CLAIMS OFFICE, AS

By: _____
    Donald J. Kennedy
    Federal Bar No. ct23620
    CARTER LEDYARD & MILBURN LLP
    2 Wall Street
    New York, New York  10005
    Telephone:  (212) 732-3200
    Facsimile:  (212) 732-3232

    Madeleine F. Grossman
    Federal Bar No. ct05987
    Frank J. Silvestri, Jr.
    Federal Bar No. ct05367
    LEVETT ROCKWOOD P.C.
    33 Riverside Avenue
    Post Office Box 5116
    Westport, Connecticut  06880
    Telephone:  (203) 222-0885
    Facsimile:  (203) 226-8025

    Attorneys for Scandinavian Claim Office, AS

11

## CERTIFICATION

This is to certify that a copy of the foregoing was sent on this the 28th day of June, 2005,

to the following counsel of record:


Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883

Donald J. Kennedy

# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------X
                                 :

SCANDINAVIAN MARINE CLAIMS OFFICE,  :
INC.                                    :

               Plaintiff,          :

            v.                :     Civil Case No.
                                :     3:02 CV 678 (RNC)

SIRI OSTENSEN,                   :

            Defendant,       :

                                :     Magistrate Judge Donna F. Martinez
            v.                :

SCANDINAVIAN MARINE CLAIMS OFFICE,  :
INC., SCANDINAVIAN UNDERWRITERS    :
AGENCY, SCUA AMERICAS, INC., S.M.C.O.,  :    SEPTEMBER 9, 2005
A.S., AND NORWEGIAN HULL CLUB,     :

   Counterclaim and Third-Party Defendants.  :
                                :
                                :
-------------------------------------------------------------X

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF SMCO AS's MOTION TO DISMISS THE CLAIMS AGAINST IT FOR LACK OF PERSONAL JURISDICTION

Scandinavian Marine Claims Office AS ("SMCO AS") submits this reply memorandum of law in response to Defendant's opposition and in further support of its motion to dismiss Defendant's third-party claims against SMCO AS, alleged in the "Counterclaim," dated November 7, 2002.  SMCO    AS    moves    to    dismiss    pursuant    to    Federal

Rule of Civil Procedure 12(b)(2) on the grounds that this Court lacks jurisdiction over SMCO AS because SMCO AS does not have the requisite contacts with Connecticut or the United States, the exercise of jurisdiction over SMCO AS would not comport with constitutional due process requirements, and the actions of the plaintiff, Scandinavian Marine Claims Office, Inc. ("SMCO"), cannot be imputed to SMCO AS to establish jurisdiction.

## PRELIMINARY STATEMENT

Defendant's opposition to this motion fails to make the requisite prima facie showing that is necessary to justify the exercise of personal jurisdiction over SMCO AS in Connecticut. As set forth in Point I, supra, Defendant does not dispute that for jurisdictional purposes, the veil between a parent and a subsidiary will not be pierced as long as the corporate formalities are observed. As such, because the record demonstrates that SMCO AS and SMCO observed the corporate formalities, the corporate veil between them should not be pierced for the purpose of vesting this Court with personal jurisdiction over SMCO AS.

Moreover, there is no direct personal jurisdiction over SMCO AS, as Defendant has failed to demonstrate that the Court's exercise of personal jurisdiction over SMCO AS meets either the requirements of the Connecticut long-arm statute or constitutional due process. As demonstrated in Point II, supra, because Defendant's claims against SMCO AS do not arise out of any contract made or performed in Connecticut or any tortious conduct in Connecticut, there is no basis for jurisdiction over SMCO AS under Connecticut's long-arm statute. Moreover, the contacts that Defendant alleges that SMCO AS had with Connecticut -- i.e., a Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank -- are insufficient to satisfy the due process requirement for personal jurisdiction over SMCO AS and

2

in no way indicate that SMCO AS and SMCO acted as anything other than separate corporate entities within the parent-subsidiary relationship between them.

Finally, as emphasized in Point III, <u>supra,</u> Defendant's contentions concerning SMCO AS's refusal to provide discovery has no bearing on this motion, as it is well-settled that a claimant, such as Defendant, who cannot establish a <u>prima facie</u> case for exercising personal jurisdiction over a non-resident is not permitted to take jurisdictional discovery. In any event, considerable documentation regarding SMCO AS has already been produced to Defendant during discovery, and none of those materials support the exercise of personal jurisdiction over SMCO AS in Connecticut or the United States.

For the foregoing reasons, it is respectfully requested that the Court grant SMCO AS's motion to dismiss.

## ARGUMENT

As emphasized in SMCO AS's initial brief, the plaintiff bears the burden of proof on a motion to dismiss for lack of personal jurisdiction. <u>Metropolitan Life Insurance Company v. Robertson – Ceco Corporation,</u> 84 F. 3d 560, 566 (2d Cir. 1996), <u>cert</u>. <u>denied,</u> 519 U.S. 1006 (1996); <u>American Wholesalers Underwriting, Ltd. v. American Wholesale Insurance Group, Inc.,</u> 312 F. Supp. 2d 247, 251 (D. Conn. 2004). In that regard, the party asserting personal jurisdiction must allege specific facts, not mere conclusions, in support of the exercise of personal jurisdiction. The district court will consider affidavits and supporting materials and will deny the motion only where the party opposing the motion can establish at least a <u>prima facie</u> showing sufficient to justify the exercise of personal jurisdiction. <u>Bowman v. Grolsche Bierbroywerij B.V.,</u> 474 F. Supp. 725, 728 (D. Conn. 1979); <u>Savage v. Scripto-Tokai Corp.,</u> 147

F. Supp. 2d 86, 88 (D. Conn. 2001). As demonstrated below, Defendant has failed to make the showing required to justify the Court's exercise of personal jurisdiction over SMCO AS.

## I.    Defendant Does Not Dispute That There Is No Personal Jurisdiction Over SMCO AS Under A Veil Piercing Theory

Defendant does not rebut SMCO AS's argument that for jurisdictional purposes, the veil between parent and subsidiary will not be pierced, as long as corporate formalities are observed. (See SMCO AS's Initial Brief, Point II). In her Opposition Brief, Defendant does not mention or attempt to distinguish the legal authorities relied upon by SMCO AS in support of this argument-- namely, Cannon Mfg. Co. v. Cudahy Co., 267 U.S. 333 (1925), McPheran v. Penn Central Transportation Co., 390 F. Supp. 943 (D. Conn. 1975), and Savage v. Scripto-Tokai, 147 F. Supp. 2d 86, 93 (D. Conn. 2001). (See SMCO AS's Initial Brief, pages 9-10). Defendant cannot dispute that SMCO observed the corporate formalities because she is on notice that SMCO observed the corporate formalities. Specifically, SMCO produced to Defendant a copy of ten years of its financial statements and more than ten years of minutes of the meetings of its Board of Directors (Zancolli Decl.,[1] ¶ 5), as well as identified the shareholders, the office location, the members of the Board of Directors and the officers and managers of SMCO over a ten-year period (Lundin Dec., Ex. 1, SMCO's Responses to Interrogatories Nos. 1-4). Such documents and information are compelling proof that SMCO observed the corporate formalities and operated as a corporate entity separate from SMCO AS within their parent-subsidiary relationship.

SMCO AS, a Norwegian corporation with an office and principal place of business in

---

[1] References in the form "Zancolli Decl., __" are to the Declaration of Mark R. Zancolli, sworn to on September 8, 2005.

Norway, owned all of the stock of SMCO. (Selvik Decl.,[2] ¶¶ 3 and 8). However, that fact alone does not warrant the exercise of jurisdiction over SMCO AS, and the fact that SMCO AS observed the corporate formalities requires that SMCO AS be dismissed. See McPheran, 390 F. Supp. at 956.

In that regard, Defendant's assertions throughout its opposition papers that Exhibit 7 to the Lundin Declaration are SMCO AS Board Minutes is patently incorrect, as the first line of those minutes clearly indicates that they are "MINUTES of a Meeting of the Board of Directors of Scandinavian Marine Claims Office, Inc...." Thus, the following assertions in Defendant's opposition papers are all incorrect, as they are based on the erroneous assumption that Exhibit 7 are SMCO AS Board Minutes:

> "Further, on June 21, 2001, the SMCO A.S. Board recommended 'to the ultimate shareholders that they provide the capital necessary to liquidate' SMCO 'based on full payment of all obligations except balances with Mr. Ostensen.' (SMCO A.S. Board Meeting Minutes dated June 21, 2001 at 3, Lundin Decl. Ex. 7 (emphasis added).)" [Def. Opp. Br. at 4]

> "...SMCO A.S. instead directed SMCO management to liquidate those assets and use them to pay other obligations--as directed by SMCO A.S.--but not SMCO's obligations to the Ostensens (SMCO A.S. Board Meeting Minutes dated June 21, 2001, Lundin Decl. Ex. 7 at 3 ..." [Def. Opp. Br. at 4]

> "...SMCO A.S. dominated SMCO and that when SMCO made decisions regarding the disposition of its assets--rendering it unable to pay its obligations to the Ostensen's under the Non-Qualified Plan-- or decisions regarding the payments of its obligations to Mr. Ostensen-- such as those under the Non-Qualified and Qualified Plans or wages and vacation pay due to Mr. Ostensen-- SMCO was acting as a mere instrumentality of SMCO A.S. (SMCO A.S. Board Meeting Minutes dated June 21, 2001 at 3, Lundin Decl. Ex. 7.)" [Def. Opp. Br. at 6]

> "Attached hereto as Exhibit 7 is a true and complete copy of the SMCO

---

[2] References in the form "Selvik Decl., ___" are to the Declaration of Arne Selvik, dated August 25, 2005.

A.S. Board Meeting Minutes dated June 21, 2001." [Lundin Decl. ¶15]

Thus, Defendant's reliance on Exhibit 7 for the proposition that SMCO AS somehow

"dominated" SMCO is sorely misplaced.[3]

## II.    There Is No Direct Personal Jurisdiction Over SMCO AS

As stated in SMCO AS's Initial Brief, well-established law holds that the due process

clauses of the Fifth and Fourteenth Amendments limit the power of a forum to assert personal

jurisdiction over a nonresident such as SMCO AS.  International Shoe Co. v. Washington, 326

U.S. 310, 316 (1945).  To assert personal jurisdiction over SMCO AS with respect to claims

asserted pursuant to the Court's diversity jurisdiction, Defendant must have served SMCO AS in

accordance with the Connecticut long arm statute and constitutional requirements.

> In a diversity action the federal court must apply the state standards
> for determining a defendant's amenability to service of process, so
> long as those standards are not inconsistent with constitutional due
> process requirements.

McPherson v. Penn Central Transportation Co., 390 F. Supp. 943, 948 (D. Conn. 1975) (citing

Arrowsmith v. United Press International, 320 F. 2d 219 (2d Cir. 1963).  As shown below,

Defendant has failed to demonstrate that the Court's exercise of personal jurisdiction over

SMCO AS meets either the requirements of the Connecticut long-arm statute or constitutional

due process.

---

[3] Indeed, this is not the first misrepresentation that Defendant has made in a court filing in this case, as Defendant's counsel, in an April 7, 2005 letter to Judge Martinez, irresponsibly asserted that Norwegian Hull Club and SCUA Americas, Inc. "looted SMCO."  Those charges were both unsubstantiated and false, as SMCO's financial statements demonstrate that money was put into the company, and no money was taken out. See SMCO financial statements, Zancolli Decl., Ex. 8.

6

A.    **Connecticut's Long-Arm Statute**

Defendant contends that SMCO AS is subject to personal jurisdiction under Conn. Gen.

Stat. §§ 33-929(f)(1) and 33-929(f)(4) (Def's Opp. Br. at 10), which provide as follows:

> (f) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state; ... or (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.

Conn. Gen. Stat. § 33-929(f)(1), (4). However, because Defendant's claims against SMCO AS

do not arise out of any contract made or performed in Connecticut or any tortious conduct in

Connecticut, there is no basis for jurisdiction over SMCO AS under Connecticut's long-arm

statute.

Defendant's Counterclaim contains only one breach of contract claim (i.e., the Second

Cause of Action), and that claim is only against SMCO, not SMCO AS. See Lundin Decl., Ex. 3

at ¶¶ 37-40. Moreover, although Defendant contends that the Management Agreement between

SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS

to Fleet Bank were contracts to be performed in Connecticut under the long-arm statute,

Defendant's Counterclaim does not contain any claims against SMCO AS arising from them.

See Lundin Decl., Ex. 3. Defendant cites the cases of Combustion Engineering, Inc. v. NEI

International Combustion, 798 F. Supp. 100 (D.Conn. 1992) and Bowman v. Grolsche

Bierbrouwerij B.V., 474 F.Supp. 725 (D.Conn. 1979) in support of its contention that contracts

entered into by SMCO AS that were allegedly to be performed in Connecticut are sufficient to

7

confer personal jurisdiction over SMCO AS in Connecticut.  However, those cases are clearly

distinguishable because in each case the cause of action arose directly out of the contract

performed in Connecticut.  That is not the case here.  Accordingly, Section 33-929(f)(1) does not

provide a basis for jurisdiction over SMCO AS.

Furthermore, there is no basis for jurisdiction over SMCO AS under Section 33-929(f)(4)

because none of Defendant's claims against SMCO AS arise out of or even allege any tortious

conduct by SMCO AS in Connecticut.  Instead, Defendant appears to contend that SMCO AS's

alleged tortious conduct is deemed to have occurred in Connecticut because SMCO and

Defendant were both located there when SMCO allegedly breached its obligation to Defendant.

(Def's Opp. Br. at 12).  However, such allegations concerning where the injury is felt as opposed

to where the alleged tortious conduct actually occurred are insufficient to establish jurisdiction

under Section 33-929(f)(4).  The statute requires tortious conduct in Connecticut.  See American

Wholesalers Underwriting, Ltd. v. American Wholesalers Ins. Group, Inc., 312 F.Supp.2d 247,

253-254 (D. Conn. 2004).  Because Defendant's Counterclaim contains no factual allegations

concerning tortious conduct by SMCO AS in Connecticut, there is no basis for asserting

jurisdiction over SMCO AS under Section 33-929(f)(4).

For the foregoing reasons, there is no basis for the Court to exercise jurisdiction over

SMCO AS under Connecticut's long-arm statute, and SMCO AS's motion to dismiss the

Counterclaim should be granted.  However, even if the Court determines that the long-arm

statute provides a basis for exercising jurisdiction over SMCO AS, SMCO AS's motion to

dismiss should be granted because exercising jurisdiction over SMCO AS would violate the due

process clause.

**B.    Due Process**

The due process clause only permits a Court to exercise personal jurisdiction over a nonresident with whom it has "certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Calder v. Jones, 465 U.S. 783, 788 (1984) (quoting Milliken v. Meyer, 311 U.S. 457, 463 (1940) and International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). "Either 'specific' jurisdiction or 'general' jurisdiction can satisfy the constitutional requirement of sufficient minimum contacts between the defendant and the forum." Milne v. Catuogno Court Reporting Services, 239 F.Supp.2d 195, 203 (D.Conn. 2002) (citation omitted). In that regard,

> Where the claim arises out of, or relates to, the defendant's contacts with the forum--i.e., specific jurisdiction--minimum contacts exist where the defendant purposely availed itself of the privilege of doing business in the forum and could foresee being haled into court there. . . . A state may assert general jurisdiction--i.e., jurisdiction irrespective of whether the claim arises from or relates to the defendant's forum contacts--only where these contacts are continuous and systematic.

Id. (citations and quotation marks omitted). In this case, there is neither general nor specific jurisdiction.

SMCO AS was not doing or transacting business in Connecticut or the United States, was not registered to do business in Connecticut or the United States, and had no business in the United States other than its ownership in SMCO and indirectly, its subsidiary, SMQI, Inc. (Selvik Decl., ¶ 4). The contacts that Defendant alleges that SMCO AS had with Connecticut -- i.e., the Management Agreement between SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS to Fleet Bank (Defendant's Opp. Brief, pages 2, 10-11) -- are

not "continuous and systematic." Accordingly, there can be little dispute that SMCO AS is not

subject to general jurisdiction in Connecticut.

Likewise, SMCO AS is not subject to specific jurisdiction because (1) SMCO AS did not

purposely avail itself of the privilege of doing business in Connecticut and (2) Defendant's

claims against SMCO AS do not arise out of or relate to SMCO AS's contacts with Connecticut.

As emphasized above, SMCO AS did not conduct or transact business in the United States,

and had no business in the United States other than its ownerhip in SMCO and indirectly its

subsidiary, SMQI.  Moreover, while Defendant points to the Management Agreement between

SMCO AS and SMCO, loans made by SMCO AS to SMCO, and comfort letters from SMCO AS

to Fleet Bank as the contacts between SMCO AS and Connecticut, Defendant's Counterclaim

does not contain any claims against SMCO AS arising from these alleged contacts.  Defendants'

Counterclaim arises out of the employment relationship between Tom Ostensen and SMCO.

Accordingly, SMCO AS is not subject to specific jurisdiction in this lawsuit.

In sum, SMCO AS's contacts with Connecticut and the United States are insufficient to

establish personal jurisdiction over SMCO AS.   Except for ownership of U.S. subsidiaries,

SMCO AS has basically no contact with the United States or Connecticut (Selvik Aff., ¶ 4), and

mere ownership of a subsidiary in the forum does not subject the parent to personal jurisdiction.

See Savage v. Scripto-Tokai Corp., 147 F. Supp. 2d 86, 93 (D. Conn 2001).  Moreover,

Defendant's contention that, from 1997 to 2000, SMCO AS's board of directors acted as

SMCO's board of directors (Defendant's Opp. Brief, page 6) is of no consequence here, as the

fact that a non-resident parent has the same board of directors as its subsidiary in the forum state

is insufficient to confer personal jurisdiction over the parent in the forum state.  See Berkman v.

ιnn Lewis Shops, 142 F. Supp. 417, 421-422 (S.D.N.Y. 1956) (ruling that there was no basis for

exercising personal jurisdiction over a Delaware corporation in Florida on the ground that it

shared the same Board of Directors as its wholly-owned Florida subisidiary, even where the

parent and subsidiary had substantially the same officers, the parent had a central buying agency

for the subsidiary, and the parent guaranteed a lease of the subsidiary).  Accordingly, since

asserting personal jurisdiction over SMCO AS in this case would not meet the requirements of

the Connecticut long-arm statute or constitutional due process, the Counterclaim should be

dismissed as against SMCO AS.

> **III.    SMCO AS Was Not Required To Respond To Defendant's Document
> Requests, Yet Documents Regarding SMCO AS Have Been Produced To
> Defendant An Do Not Support The Exercise Of Personal Jurisdiction Over
> SMCO AS**

It is undisputed that Defendant agreed to dismiss SMCO AS from this case (Lundin

Decl., Ex. 5, paragraph 7).[4]  Therefore, SMCO AS was not required to respond to Defendant's

discovery requests.  Immediately after Defendant made it known that she no longer agreed to

dismiss SMCO AS, SMCO AS moved to be dismissed and sought a protective order because the

Second Circuit has refused to permit jurisdictional discovery to plaintiffs who cannot establish a

prima facie case for exercising personal jurisdiction over a non-resident defendant.  Janzi v.

Nissan Motor Co., 148 F. 3d 181, 186 (2nd Cir. 1998).  Defendant has not established a prima

facie case for the Court's exercise of personal jurisdiction over SMCO AS, a non-resident

defendant, and should therefore be precluded from conducting jurisdictional discovery with

regard to SMCO AS.

---

[4] Scandinavian Underwriters Agency was not served with process in this case.  Therefore, it was under no obligation
to respond to discovery requests as it is not a party.

In any event, Defendant has received substantial documentation regarding SMCO AS in

ιe documents produced by NHC and SMCO. The documents that have been produced include

ιinutes of SMCO AS's Board of Directors meetings (for example, Lundin Decl., Exs. 2, 6, 11

nd 12), SMCO AS's financial statements (Bates Nos. NW 907-962), various correspondence

for example, Lundin Decl., Exs. 13, 16 and 19), and emails. None of these materials even

uggest that SMCO AS did not observe the corporate formalities or that Defendant's claims arise

ιut of SMCO AS's contacts with Connecticut.

## CONCLUSION

For the foregoing reasons, the motion of SMCO AS to dismiss should be granted.

Respectfully submitted,

SCANDINAVIAN MARINE CLAIMS OFFICE, AS

By: _____
    Donald J. Kennedy
    Federal Bar No. ct23620
    Mark R. Zancolli
    Federal Bar No. phv0498
    CARTER LEDYARD & MILBURN LLP
    2 Wall Street
    New York, New York  10005
    Telephone:  (212) 732-3200
    Facsimile:   (212) 732-3232

Madeleine F. Grossman
Federal Bar No. ct05987
Frank J. Silvestri, Jr.
Federal Bar No. ct05367
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut  06880
Telephone:  (203) 222-0885
Facsimile:  (203) 226-8025

Attorneys for Scandinavian Marine Claims
Office, AS

13

## CERTIFICATION

This is to certify that a copy of the foregoing was sent on this the 8th day of September,

)05, to the following counsel of record:


:ffrey M. Eilender, Esq.
chlom Stone & Dolan
6 Broadway, 19th Floor
Iew York, NY 10004

haron E. Jaffe, Esq.
,evin & Glasser
'O Box 1098
Veston, CT 06883


_____
Mark R. Zancolli

14

## **CERTIFICATION**

This is to certify that a copy of the foregoing Declaration of Mark R. Zancolli, sworn to

on September 15, 2005, was sent by Federal Express on this the 15th day of September, 2005, to

the following counsel of record:


Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883


Mark R. Zancolli


1333235.1