UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------------------- X
                     :

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC. | : |
| Plaintiff, | : |
| v. | : Civil Case No. |
| | : 3:02 CV 678 (RNC) |
| SIRI OSTENSEN, | : |
| Defendant, | : |
| | : Magistrate Judge Donna F. Martinez |
| v. | : |
| | : SEPTEMBER 29, 2005 |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, | : |
| | : DECLARATION OF |
| | : MARK R. ZANCOLLI |
| Counterclaim and Third-Party Defendants. | : |

-------------------------------------------------------------- X

Pursuant to 28 U.S.C. § 1746, Mark R. Zancolli hereby declares:

1.     I am an associate with the law firm of Carter Ledyard & Milburn LLP and, together with Levett Rockwood P.C., am counsel for Plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO") and for certain of the Counterclaim and Third-Party Defendants. I submit this declaration in opposition to Defendant's Motion to Compel Discovery Responses, dated June 24, 2005, as amended by Defendant's counsel's letter to Magistrate Judge Martinez dated September 27, 2005.

2.     I make this declaration based on personal knowledge or a review of the files maintained in Carter Ledyard's offices.

1336039.1

3.     Attached hereto as Exhibit 1 is a copy of Defendant's counsel's September 27, 2005 letter to Magistrate Judge Martinez.

4.     Attached hereto as Exhibit 2 is a copy of my August 16, 2005 letter to Defendant's counsel.

5.     Attached hereto as Exhibit 3 is a copy of a June 27, 2001 letter from Tom Ostensen to The Board of SMCO Inc., bearing Bates Nos. SM 002796-002798.

6.     Attached hereto as Exhibit 4 is a copy of my August 17, 2005 letter to Defendant's counsel.

7.     Attached hereto as Exhibit 5 is a copy of Defendant's counsel's September 13, 2005 letter to me.

8.     Attached hereto as Exhibit 6 is a copy of my September 15, 2005 letter to Defendant's counsel.

9.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2005

_____
Mark R. Zancolli

1336039.1

2

# Exhibit 1

# SCHLAM STONE & DOLAN LLP

PETER R. SCHLAM
HARVEY M. STONE
RICHARD H. DOLAN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JOHN J.D. McFERRIN-CLANCY
JEFFREY M. EILENDER

**26 BROADWAY**
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

JOHN M. LUNDIN

September 27, 2005

**FEDERAL EXPRESS**

Honorable Donna F. Martinez
United States District Court for the District of Connecticut
450 Main Street
Hartford, Connecticut 06103

     Re:   *Scandinavian Marine Claims Office Inc. v. Siri Ostensen*, 3:02 CV 678 (RNC)

Dear Judge Martinez:

        This firm, along with the firm of Levin & Glasser, is counsel for Defendant/Third-Party Plaintiff Siri Ostensen in this action. On June 24, 2005, Mrs. Ostensen filed a motion to compel discovery responses from Plaintiff and the Third-Party Defendants. In that motion, we stated that "[t]o the extent SMCO and the Related Other Companies produce evidence sought by this motion during its pendency, Mrs. Ostensen's counsel will so inform the Court." This letter provides that promised update.

        In response to Mrs. Ostensen's motion to compel, Plaintiff and some of the Third-Party Defendants have produced additional documents. The following disputes remain unresolved, however.[a] **First**, while SMCO has produced some documents relating to the Non-Qualified Plan, it has taken the position that Mrs. "Ostensen is not entitled to discovery regarding the Non-Qualified Plan in this lawsuit." **Second**, Third-Party Defendant Norwegian Hull Club continues to refuse to provide discovery (with limited exceptions) of documents dated before the date it changed its name from Bergen Hull Club to Norwegian Hull Club. **Third**, SMCO inexplicably continues to refuse to respond to our repeated requests for the production of the document it provided to Your Honor at the parties' mediation in March.[b] **Fourth**, over a month ago, Plaintiff stated that it was "agreeable in principle" to producing "detailed information regarding what expenses" of SMCO "were paid and which entities paid those expenses," along

---

[a] Two issues raised in Mrs. Ostensen's motion to compel—whether SMCO A.S. has to participate in discovery and the location of depositions of party-employee witnesses—are now being addressed in connection with Plaintiff and Third-Party Defendants' pending motion for protective order.

[b] Our concern extends far beyond this one document, however. The only reason to withhold production of this one document—which has already been disclosed to us—is if it is the tip of an iceberg of documents that are being withheld from production on some basis that has not been disclosed to us.

Honorable Donna F. Martinez
September 27, 2005
Page 2 of 2 Pages

with information on legal fees paid on behalf of SMCO until December 31, 2001.  However, we
have not received a firm commitment to produce those documents—much less the documents
themselves.

      I would note, finally, that Plaintiff and the Third-Party Defendants have not
responded to Mrs. Ostensen's second and third document demands; indeed, they so far have
refused to inform us of whether they intend to make such a response.  If such a response is not
forthcoming in the next few days, Mrs. Ostensen will have no choice but to file another motion
to compel.

                                    Respectfully Submitted,

                                    John M. Lundin

Copies to:

Donald J. Kennedy, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY  10005

Madeleine F. Grossman, Esq.
Levett Rockwood, P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, CT  06880

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, CT  06883

# Exhibit 2

# CARTER LEDYARD & MILBURN LLP

*Counselors at Law*

**Mark R. Zancolli**
*Associate*
•
Direct Dial: 212-238-8735
E-mail: zancolli@clm.com

*2 Wall Street*
*New York, NY 10005-2072*

*Tel (212) 732-3200*
*Fax (212) 732-3232*

*1401 Eye Street, N.W.*
*Washington, DC 20005*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022*
*(212) 371-2720*

August 16, 2005

**Via Facsimile**
John M. Lundin, Esq.
Schlam Stone & Dolan, LLP
26 Broadway, Suite 1900
New York, New York 10004

      Re:   Scandinavian Marine Claims Office Inc. v. Ostensen,
            No. 3:02 CV 678 (RNC)

Dear John:

I am writing in response to your letter of August 15, 2005 regarding our telephone conversation last Friday with respect to Defendant's Motion to Compel.

As a preliminary matter, we note that over 6,000 documents have been produced in response to Defendant's First Request for Documents. During our conference last Friday to narrow the outstanding discovery issues in view of the pending Motion to Compel, you indicated that you had not studied everything we produced. In your Memorandum of Law in Support of Defendant's Motion to Compel Discovery Responses at page 29, you agreed to inform the Court about the additional documents that have been produced. That has not been done.

With regard to your letter, your assertion that Norwegian Hull Club ("NHC") refuses to produce documents dated prior to January 1, 2001 is inaccurate. NHC did not exist until January 1, 2001 through the merger of Unitas and Bergen Hull Club, yet it has produced documents from 1996, including (1) annual reports for itself and its predecessors which contain financial statements and detailed information about the board of directors and management from 1996 to 2004 (NW 00010 to 00184; 00668 to 00906) and (2) business plans relating to SMCO from 1996 to 2000 (NW 00362-00664).

Second, because SMCO AS has moved for a protective order to stay discovery of SMCO AS pending the determination of its Motion to Dismiss for lack of jurisdiction, it objects to producing documents or a deposition witness pending the determination of that motion. Even with the pendency of that motion, as you know, extensive documentation relating to SMCO AS has been produced by NHC, including but not limited to financial statements for 1997 to 2003 (NW 00907 to 00962), the management agreement between SMCO and SMCO AS, and various correspondence and e-mails. Further, it is doubtful whether any other relevant documents exist

1328068.1

John M. Lundin, Esq.

from SMCO AS because SMCO AS had no business in the United States other than its ownership interest in SMCO and its subsidiary, SMQI.

Third, because the witnesses that you have noticed for depositions reside in Norway and are non-parties or Third-Party Defendants (except for SMCO and SCUAA), their depositions should be conducted in Norway, as explained in our August 1, 2005 Motion for a Protective Order.

Fourth, because our August 1, 2005 Motion for a Protective Order addresses not only the location of the depositions noticed by Defendant, but also other matters such as the issuance of a protective order to stay discovery of SMCO AS pending the determination of its motion to dismiss, we are not prepared to withdraw that motion. Instead, we will call to the Court's attention that the location of the depositions is the subject of a separate motion.

Fifth, subject to the objections that SMCO, NHC and SCUAA asserted in their responses to Defendant's First Request for Documents and in our June 24, 2005 letter, we have searched for and produced all nonprivileged documents that have been located in response to those requests. As respects the bullet-point categories of documents listed on pages 29 to 31 of Defendant's brief in support of its Motion to Compel, certain of those categories were not specified in Defendant's First Request for Documents (i.e., "evidence relating to or concerning the establishment of SMCO's and SCUAA's rates"), but we will nevertheless search for and produce any nonprivileged responsive documents with regard to those categories to the extent that they have not already been searched for.

Sixth, in light of the Court's ruling last week with respect to SMCO's Motion for Clarification of the Scheduling Order, SMCO, NHC and SCUAA will respond to Defendant's Second Request for Documents. I suggest we have a separate discussion later this week about that request.

Seventh, we are attempting to confirm the tentative September 20th and 21st dates for Erik Kappelin's deposition with him. He is currently on vacation.

Eighth, during our telephone conversation on Friday, you indicated that you want further detailed information regarding what expenses were paid and which entities paid those expenses. We are agreeable in principle to providing that information until one year after SMCO ceased operating or until December 31, 2001 if that information is not unduly burdensome to produce. As you know, SMCO ceased operating in December 2000 and was being "wound down" in an orderly manner after that time. Therefore, everything that occurred after December 2000 is irrelevant to Defendant's claims. I further understood you to have said that you want information regarding matters where SMCO and one or more of the so-called "Related Other Entities" were represented by the same counsel and where legal fees were paid by an entity other than SMCO. Again, we are agreeable in principle to providing that information until one year after SMCO ceased operating or until December 31, 2001 if that information is not unduly burdensome to produce. Specifically, I understood you to have said that if you are provided with a copy of SMCO's books, information regarding the entity that paid SMCO's legal bills when

John M. Lundin, Esq.

-3-

SMCO and a Related Other Entity were represented by the same counsel, and documents responsive to the last two bullet points on pages 30-31 of Defendant's brief (i.e., "evidence concerning SMCO AS's and NHC's knowledge of the Non-Qualified Plan and SMCO's and their obligations under it" and "evidence concerning SMCO AS's and NHC's acceptance of SMCO's obligations under the Non-Qualified Plan"), then you would withdraw your Motion to Compel with regard to Defendant's document requests (i.e., the branch of Defendant's Motion to Compel unrelated to the location of noticed depositions). Please confirm whether my understanding is correct in that regard and, if not, please let us know what additional information you need in order to withdraw the document-related branch of your Motion to Compel.

Operating Expenses

As you know, SMCO has produced thirteen years of financial statements. It is our understanding that SMCO paid all of its own operating expenses until it ceased operating in December 2000.

Non-Qualified Pension Plan

We have already produced documents regarding the Non-Qualified Plan, including (1) various minutes with attachments and (2) the SMCO file regarding the Non-Qualified Plan (SM01738 to 01789). We are not aware of any documents that indicate that NHC, SMCO AS or SCUAA knew the specific terms of the Non-Qualified Plan prior to the date of the agreement. Also, the Non-Qualified Plan is subject to arbitration, and we believe that Ostensen is not entitled to discovery regarding the Non-Qualified Plan in this lawsuit.

As you know, we have undertaken considerable efforts to search for and produce over 3,700 pages of documents since the time that you filed your Motion to Compel. We remain confident that we will be able to work with you towards resolving document-related disputes without the need for Court intervention. We are agreeable to searching for the documents that you indicated that you want during our telephone conversation last Friday, but they may not be readily available due to lack of personnel and the vacation season. Therefore, we request a further three-week extension of our time to oppose Defendant's Motion to Compel in order to provide us additional time to resolve the remaining document-related disputes. Please promptly let us know whether you agree to this extension.

Very truly yours,

Mark R. Zancolli

MRZ:mz
cc:     Sharon E. Jaffe, Esq.
        Madeleine F. Grossman, Esq.

# Exhibit 3

TO:      The Board of SMCO Inc.
         c/o John Wiik

FROM:    Tom Ostensen

                                                    June 27, 2001

RE    SMCO, Inc.
      "Momenter til møte 8. juni 2001 with Tom Østensen"

Now that I have had a chance to read the above document, which I was presented during the meeting in Bergen, I would like to state the following referring to the various points of the document:

1.    As evidenced by financial statements and reports to the Board and repeated discussions directly with Arne Selvik and other Board members, the second half of 1999 showed a significant adverse trend with respect to case load and income. As early as September, we asked for a cash contribution from the owners. The situation was addressed again at the fall Board Meeting in Lisbon. However, only advances were made, which were to be offset by accounts receivable. No "new cash" was contributed by the owners. In addition, we have since learned that a number of cases from the same owners were never sent to SMCO, but instead sent to others, thus lessening the case load even further.

      In January, Arne Selvik visited Houston and Miami with me. The purpose was ostensibly to discuss the financial position of SMCO Inc. Again, the weak position was reiterated, particularly the need for an immediate improvement of SMCO's cash flow in the event the caseload did not significantly increase.

      Furthermore, invoices submitted to the owners based on hull fee scale were renegotiated nearly every time, always to the detriment of SMCO. In hindsight, it was becoming increasingly clear during the period that the principal owner actively avoided paying the fees they themselves had agreed on.

      During this period, I personally on at least three occasions advanced funds from my personal savings to meet payroll.

      In March 2000 during the Geilo agency seminar, Arne Selvik agreed through Bergen Hull Club to provide a $ 200,000 loan from DnB, which was ultimately to be increased to $ 1,000,000. The intentions were to use the balance to repay a loan from Fleet Bank in the amount of $ 800,000, which would not be renewed by the bank in May of the same year. The $ 200,000 remitted in March/April was immediately used to cover operating expenses

      Arne Selvik was said to be working on a restructuring and capitalization of the parent company and the agencies, including SMCO. Reportedly, the object was

SM    002796

to adequately capitalize SMCO Inc., and the DnB facility would satisfy the then current obligations to Fleet Bank in hole or in part.

The facility with DnB was in place on May 22, 2000, just prior to the Board Meeting in Bergen. Our report to the Board again stated that SMCO was "urgently in need of being adequately capitalized". SMCO was at that point long overdue on rent, utilities, including phone bills, and salaries and social expenses. A drawdown of $ 270,000 from DnB was a necessity in order to avoid interruption of services.

The Board Meeting on May 23, concluded that the Stamford office was to be closed down and all employees to become redundant. As of May 25, all control over SMCO was transferred to new management, auditors were brought in to take complete control over the company with Bengt Nergaard to collect all contracts and documents etc. Bob Jones, Margaret Killip and I were, however, the only ones that could operate bank accounts, as we were the only signatories. To the extent we were requested to do so, we signed bank transfers.

It is quite amazing that the Board and the new management can now state that they were unaware of the status of SMCO since they immediately instructed auditors and in fact received a draft financial statement as of May 31, 2000.

As of May 2000, DnB became the principal operative bank for SMCO Inc. All receivables were remitted to DnB. However, DnB as a foreign bank in the US, did not have adequate retail banking facilities. Consequently, Fleet Bank remained as a retail facility. Thus, transfers had to be made from DnB to Fleet Bank in order to issue checks to pay bills etc.

I feel this should clarify the issue raised in Point 1 of the above-mentioned document.

2.      We strongly disagree with the sums proposed. The assumptions, which the calculations are based on, were dictated to Kevin Sweeney and are completely inconsistent with prior figures, for instance, those used in determining Carl Cederstav's Non Qualified benefits, which at the time were approved by the company's Board.

3.      Please see Point 1 above where the issue has been discussed at length.

4.      None of the mortgage loans have been disputed. They will all be honored in the final settlement.
Also, please remember that they are all used as funding for the Non Qualified Pension Plan as approved by the Board.

2

SM   002797

5.    Time employed in MDG: This was based on a recommendation made by Kevin Sweeney and presented to the board in Kobe in 1998. Our understanding from the meeting was that his recommendation was approved.

6.    I have earlier answered this in a letter to Arne Selvik dated 12/3/2000. . However, I certainly resent the implication that I have used company funds to cover my own expenses. Quite to the contrary, I have at times covered the company's obligations by advancing personal funds to cover payroll.

7.    As I have stated earlier, vacation pay was to be paid at the last day of employment.
This has not been done in violation of State and Federal laws. as well as Norwegian law.

Any amounts due SMQI fall far below any compensation owed by SMQI for salary and vacation pay for the period July 1 – November 10, 2000, not to mention any bad faith claims I may have due to the handling of negotiation of my then prospective acquisition of SMQI.

As far as the Non Qualified Pension Plan is concerned, I have proposed a "drop hands" settlement. This in spite of the fact that I would be the looser as far as funds, which I am entitled to, are concerned. However, this has dragged on too long, and it is time for everyone concerned to conclude the matter without adding further time and legal expenses.

3

SM    002798

# Exhibit 4

# CARTER LEDYARD & MILBURN LLP

### *Counselors at Law*

**Mark R. Zancolli**
*Associate*
•
*Direct Dial: 212-238-8735*
*E-mail: zancolli@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*1401 Eye Street, N.W.*
*Washington, DC 20005*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022*
*(212) 371-2720*

August 17, 2005

**Via Facsimile**
John M. Lundin, Esq.
Schlam Stone & Dolan, LLP
26 Broadway, Suite 1900
New York, New York 10004

　　　　　　Re:　Scandinavian Marine Claims Office Inc. v. Ostensen,
　　　　　　　　No. 3:02 CV 678 (RNC)

Dear John:

　　　　Please allow this letter to confirm the dates of September 20 and 21, 2005 for Mr. Kappelin's deposition.

　　　　　　　　　　　Very truly yours,

　　　　　　　　　　　Mark R. Zancolli

MRZ:mz
cc:　　Sharon E. Jaffe, Esq.
　　　　Madeleine F. Grossman, Esq.

1328558.1

# Exhibit 5

# SCHLAM STONE & DOLAN LLP

**26 BROADWAY**
NEW YORK, N.Y. 10004
————
(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

PETER R. SCHLAM
HARVEY M. STONE
RICHARD H. DOLAN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JOHN J.D. McFERRIN-CLANCY
JEFFREY M. EILENDER

JOHN M. LUNDIN

September 13, 2005

**BY FACSIMILE**

Mark Zancolli, Esq.
Carter Ledyard & Milburn LLP
2 Wall Street
New York, NY 10005

Re: *Scandinavian Marine Claims Office Inc. v. Siri Ostensen*, 3:02 CV 678 (RNC)

Dear Mark:

I am writing in response to your letter of September 12, 2005 regarding Mr. Kappelin's deposition.

As I previously have informed you, your assurance that you "will be willing to consider a reasonable request" by Mrs. Ostensen to bring Mr. Kappelin back for additional deposition if your clients produce additional documents does not provide us with sufficient comfort regarding our right to depose Mr. Kappelin regarding all of the relevant evidence in this action. Given our clients' competing interests, the parties likely would take differing views regarding the reasonableness of a request by us to re-depose Mr. Kappelin. We cannot put ourselves in the position of needing his deposition and not being able to get it (or having to go to the expense of moving the Court to compel it), particularly in view of Mr. Kappelin's role as 30(b)(6) witness for two parties. Finally, while both parties have requested extensions, the motion most relevant to the issue at hand is Mrs. Ostensen's motion to compel, your clients' response to which has been postponed for almost three months at your request. We had no objection to extending you that courtesy, but in turn, we would expect your clients to accept the consequences—the delay in resolving discovery issues and thus the scheduling of depositions—that inevitably flowed from those extensions.

Mark Zancolli, Esq.
September 13, 2005
Page 2 of 2

       In light of the foregoing, we will not proceed with Mr. Kappelin's deposition next week, as currently scheduled.  Rather, we will discuss scheduling with you once the Court resolves the outstanding discovery motions.

                        Sincerely,

                        John M. Lundin

Copies to:

Sharon E. Jaffe, Esq.
Levin & Glasser
3 Ledgebrook Court
Weston, CT 06883

Madeleine F. Grossman, Esq.
Levett Rockwood, P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, CT  06880

# Exhibit 6

# CARTER LEDYARD & MILBURN LLP
### *Counselors at Law*

**Mark R. Zancolli**
*Associate*
•
*Direct Dial: 212-238-8735*
*E-mail: zancolli@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*1401 Eye Street, N.W.*
*Washington, DC 20005*
*(202) 898-1515*
•
*570 Lexington Avenue*
*New York, NY 10022*
*(212) 371-2720*

September 15, 2005

**Via Facsimile**
John M. Lundin, Esq.
Schlam Stone & Dolan, LLP
26 Broadway, Suite 1900
New York, New York 10004

Re:    Scandinavian Marine Claims Office Inc. v. Ostensen,
       No. 3:02 CV 678 (RNC)

Dear John:

I refer to your letter of September 13, 2005. We object to your unilateral decision to postpone the deposition of Eric Kappelin scheduled for September 20 and 21, 2005. This deposition was scheduled by mutual agreement on August 17, 2005, and at your request Mr. Kappelin agreed to be deposed in New York.

It is SMCO's and SCUAA's position that they have fully complied with Defendant's First Request for Documents. We have agreed to look for/produce additional documents not covered by your requests. As I informed you repeatedly during telephone conferences on September 7 and 12, 2005 and by letter on September 12, 2005, if our clients produce documents after September 21, 2005 which require that Mr. Kappelin be called back for continuation of his deposition, we would consider a reasonable request by you to bring Mr. Kappelin back for his continued deposition. We believe that this is a reasonable and conventional approach for moving forward with discovery, and that the concerns stated in your letter are unsubstantiated.

As you know, you agreed to the dates for Mr. Kappelin's deposition a number of weeks ago, and at that time Mr. Kappelin allotted a significant portion of his schedule for next week for traveling north from Florida to appear for his two-day deposition. Needless to say, your arbitrary decision to cancel Mr. Kappelin's deposition on such short notice will cause him considerable inconvenience, as he has a very busy travel schedule. Please be advised that your cancellation of his deposition is being made at the risk of your waiving your right to depose him.

Very truly yours,

Mark R. Zancolli

1333137.1

John M. Lundin, Esq.

-2-

MRZ:mz
cc: Sharon E. Jaffe, Esq.
   Madeleine F. Grossman, Esq.

## <u>CERTIFICATION</u>

This is to certify that a copy of the foregoing Declaration of Mark R. Zancolli, sworn to

on September 29, 2005, was sent by Federal Express on this the 29th day of September, 2005, to

the following counsel of record:


**By Hand Delivery and Federal Express to:**
Jeffrey M. Eilender, Esq.
Schlom Stone & Dolan
26 Broadway, 19th Floor
New York, NY 10004

**By Federal Express to:**
Sharon E. Jaffe, Esq.
Levin & Glasser
PO Box 1098
Weston, CT 06883


_____
Mark R. Zancolli

1336124.1