UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

- against -

SIRI OSTENSEN,

*Defendant,*

- against -

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC) (DFM)

**DECLARATION OF JOHN M. LUNDIN**

October 13, 2005

Pursuant to 28 U.S.C. § 1746, JOHN M. LUNDIN hereby declares:

1. I am an associate of the firm of Schlam Stone & Dolan LLP, counsel for Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen ("Mrs. Ostensen") in this action. I submit this declaration in opposition to the motion by Plaintiff/Third-Party Defendant Scandinavian Marine Claims Office, Inc. ("SMCO") for summary judgment on its claims against Mrs. Ostensen.

2. The matters stated herein are based upon my personal knowledge or a review of my files.

**Documents**

3. Attached hereto as Exhibit 1 is a true and complete copy of the SMCO A.S. Board Meeting Minutes dated May 23, 2000.

4. Attached hereto as Exhibit 2 is a true and complete copy of the NHC 2001

Annual Report.

      5.      Attached hereto as Exhibit 3 is a true and complete copy of Plaintiff Scandinavian Marine Claims Office, Inc.'s Response to Defendant Siri Ostensen's First Interrogatories

      6.      Attached hereto as Exhibit 4 is a true and complete copy of the SMCO Board Meeting Minutes dated September 5, 1990.

      7.      Attached hereto as Exhibit 5 is a true and complete copy of the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. as Amended and Restated Effective January 1, 2002.

      8.      Attached hereto as Exhibit 6 is a true and complete copy of the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. as Amended and Restated Effective as of January 1, 1989.

      9.      Attached hereto as Exhibit 7 is a true and complete copy of the Fax from John Wiik of Bergen Hull Club to Tom Ostensen of MDG dated August 29, 1990.

      10.      Attached hereto as Exhibit 8 is a true and complete copy of the Employee Information for Tom Ostensen as of January 01, 2000.

      11.      Attached hereto as Exhibit 9 is a true and complete copy of the Amendment dated October 15, 1998.

      12.      Attached hereto as Exhibit 10 is a true and complete copy of the Non-Qualified Plan.

      13.      Attached hereto as Exhibit 11 is a true and complete copy of the Report to the Board of Directors of SMCO.

      14.      Attached hereto as Exhibit 12 is a true and complete copy of the Benefit

Statement as of December 31, 2000.

15. Attached hereto as Exhibit 13 is a true and complete copy of the Letter from Siri Ostensen to SMCO Pension Plan Administrator dated November 24, 2003.

16. Attached hereto as Exhibit 14 is a true and complete copy of the Letter from Richard Corwin of Trimar Defense Services to Siri Ostensen dated May 27, 2004.

17. Attached hereto as Exhibit 15 is a true and complete copy of the Letter from Siri Ostensen to Eric Soos of Oppenheimer & Co. dated June 28, 2004.

18. Attached hereto as Exhibit 16 is a true and complete copy of the Letter from Tom Ostensen of SMCO to Havar Poulsson, Jan Lunde and Knut Lund of the SMCO Board of Directors dated October 7, 1992.

19. Attached hereto as Exhibit 17 is a true and complete copy of the SMCO Board Meeting Minutes of October 19, 1992.

20. Attached hereto as Exhibit 18 is a true and complete copy of the Letter from Ostensen to Havar Poulsson, SMCO Director dated September 19, 1994.

21. Attached hereto as Exhibit 19 is a true and complete copy of the Board Meeting Packet dated November 8, 1995.

22. Attached hereto as Exhibit 20 is a true and complete copy of the SMCO Board Meeting Minutes of November 8, 1995.

23. Attached hereto as Exhibit 21 is a true and complete copy of Tom Ostensen's Form W-2 for the year 1993.

24. Attached hereto as Exhibit 22 is a true and complete copy of Tom Ostensen's Form W-2 for the year 1994.

25. Attached hereto as Exhibit 23 is a true and complete copy of Tom

Ostensen's Form W-2 for the year 1995.

26. Attached hereto as Exhibit 24 is a true and complete copy of the SMCO Financial Statements December 31, 1995.

27. Attached hereto as Exhibit 25 is a true and complete copy of the SMCO Financial Statements dated December 31, 1996.

28. Attached hereto as Exhibit 26 is a true and complete copy of the SMCO Financial Statements dated December 31, 1997.

29. Attached hereto as Exhibit 27 is a true and complete copy of the SMCO Financial Statements dated December 31, 1998.

30. Attached hereto as Exhibit 28 is a true and complete copy of the SMCO Financial Statements dated December 31, 1999.

31. Attached hereto as Exhibit 29 is a true and complete copy of the SMCO Financial Statements for the Six Months Ended June 30, 2000.

32. Attached hereto as Exhibit 30 is a true and complete copy of the SMCO A.S. Board Meeting Minutes dated June 21, 2001.

33. Attached hereto as Exhibit 31 is a true and complete copy of the SMCO Inc. Board Meeting Minutes of January 17, 2001.

34. Attached hereto as Exhibit 32 is a true and complete copy of the NHC Board Meeting Minutes dated February 27, 2001.

35. Attached hereto as Exhibit 33 is a true and complete copy of the NHC Board Meeting Minutes dated December 13, 2001.

36. Attached hereto as Exhibit 34 is a true and complete copy of the E-mail from Erik Kappelin to Per Gustav Blom dated January 12, 2001.

37. Attached hereto as Exhibit 35 is a true and complete copy of the E-mail from Tom Midtun to Per Gustav Blom dated February 5, 2001.

38. Attached hereto as Exhibit 36 is a true and complete copy of the Mrs. Ostensen's Counterclaim.

39. Attached hereto as Exhibit 37 is a true and complete copy of the Defendant's First Request for Documents to Plaintiff and Third-Party Defendants.

40. Attached hereto as Exhibit 38 is a true and complete copy of the Defendant's First Interrogatories to Scandinavian Marine Claims Office, Inc.

41. Attached hereto as Exhibit 39 is a true and complete copy of the Defendant's First Interrogatories to Scandinavian Underwriters Agency.

42. Attached hereto as Exhibit 40 is a true and complete copy of the Defendant's First Interrogatories to SCUA Americas, Inc.

43. Attached hereto as Exhibit 41 is a true and complete copy of the Defendant's First Interrogatories to SMCO, A.S.

44. Attached hereto as Exhibit 42 is a true and complete copy of the Defendant's First Interrogatories to Norwegian Hull Club.

45. Attached hereto as Exhibit 43 is a true and complete copy of the Subpoena in a Civil Case to Donald J. Kennedy, Esq.

46. Attached hereto as Exhibit 44 is a true and complete copy of the Subpoena in a Civil Case to Carter Ledyard & Milburn, LLP.

47. Attached hereto as Exhibit 45 is a true and complete copy of the Subpoena in a Civil Case to The Benefits Practice.

48. Attached hereto as Exhibit 46 is a true and complete copy of the Subpoena

in a Civil Case to Oppenheimer & Co.

49. Attached hereto as Exhibit 47 is a true and complete copy of the Defendant's Second Request for Documents to Plaintiff and Third-Party Defendants.

50. Attached hereto as Exhibit 48 is a true and complete copy of the Defendant's Third Request for Documents to Plaintiff and Third-Party Defendants.

51. Attached hereto as Exhibit 49 is a true and complete copy of the docket sheet in this action.

52. Attached hereto as Exhibit 50 is a true and complete copy of the Letter from Mark Zancolli of Carter Ledyard to John Lundin and Schlam Stone & Dolan dated October 3, 2005.

53. Attached hereto as Exhibit 51 is a true and complete copy of the Memorandum of Law in Opposition to Mrs. Ostensen's Motion to Compel.

**The Qualified Plan**

54. I estimate that Mrs. Ostensen's damages from underpayment of her benefits under the Qualified Plan have a net present value of approximately $101,550. I have calculated this estimate as follows:

55. Mrs. Ostensen currently receives $512.81 per month under the Qualified Plan. That payment is based on the assumption that the yearly multiplier under the plan is 2 percent rather than 2.75 percent, as was provided by the Qualified Plan during the time Mr. Ostensen was employed by SMCO. Further, that payment is based on Mr. Ostensen having credit for only ten years of employment rather than 16, which he would be entitled to if he had been credited with time he was employed by MDG, as SMCO agreed when SMCO and MDG merged.

56. Assuming that SMCO's current payment is correct using the criteria of 10 years service and a 2 percent yearly multiplier, Mrs. Ostensen's monthly benefit under the correct years of service and multiplier would be $1,128.182. I have determined this by dividing SMCO's $512.81 payment by 10 (for the number of years service) and dividing the result by 2 percent (SMCO's yearly multiplier), to achieve a base of $70.51. I then calculated her correct payment by multiplying the base by the correct multiplier (2.75 percent) and correct years of service (16), resulting in a correct monthly payment of $1,128.18 (and thus a monthly underpayment by SMCO of $615.37. Assuming that Mrs. Ostensen receives 20 years of payments, the total amount of the underpayment would be $147,689.28, with a present value, at 4 percent interest, of approximately $101,550.

**The Non-Qualified Plan**

57. I estimate that Mrs. Ostensen's damages from the refusal of SMCO and the Related Other Companies to pay her benefits under the Non-Qualified Plan are approximately $1,665,423. I have calculated this estimate as follows:

58. From his Form W-2s for 1993 through 1995, it appears that Mr. Ostensen had Final Average Compensation of $325,554. (Exs. 21-23.) I obtained this figure by adding the total compensation for those three years, as reflected on the W-2s, and then subtracting the amounts indicated for fringe benefits, deferred compensation and group term life. I then divided by three to determine a yearly average.

59. I multiplied Mr. Ostensen's Final Average Compensation by 60 percent, to determine a total yearly entitlement of $195,332 under the Non-Qualified Plan.

60. From Mrs. Ostensen's yearly entitlement, I subtracted the $512.81 which Mrs. Ostensen received each month ($6,153.72 a year) under the Qualified Plan to determine the

final amount to which Mrs. Ostensen is entitled each year under the Non-Qualified Plan of $189,176.40.

61.   Because Mrs. Ostensen would not start receiving benefits under the Non-Qualified Plan until April 1, 2009, I determined the present value of 156 months of payments under the Non-Qualified Plan beginning on April 1, 2009 in present-day dollars using a prevailing interest rate of 4 percent. I calculated the present value of that cash flow to be $1,665,422.65.

**Discovery**

62.   I have written and spoken to counsel for SMCO and the Related Other Companies on numerous occasions in an attempt to resolve the parties' disputes over their response to Mrs. Ostensen's discovery demands. However, many disputed discovery issues remain.

63.   When Mrs. Ostensen served subpoenas on counsel for SMCO and the Related Other Companies, they moved to quash them. That motion was eventually withdrawn when the parties agreed to a compromise regarding the discovery sought by Mrs. Ostensen.

64.   Mrs. Ostensen has sought discovery regarding all of the parties' claims and defenses in this action; SMCO and the Related Other Companies moved to limit discovery to one issue. The Court denied that motion.

65.   SMCO and the Related Other Companies have refused to provide discovery on a number of topics. Mrs. Ostensen has moved to compel discovery. That motion is pending.

66.   SMCO and the Related Other Companies have not yet responded to Mrs. Ostensen's second and third document demands, which were served in May and July of 2005.

Last week, I was informed by opposing counsel that I would receive responses this week. I have not yet received any responses.

67. SMCO A.S. has refused to provide any discovery. That refusal is addressed in Mrs. Ostensen's Motion to Compel.

68. Notwithstanding clear direction from the Court to the contrary, the Related Other Companies have refused to produce party-affiliated witnesses in Connecticut for deposition. That refusal is addressed in Mrs. Ostensen's Motion to Compel.

69. On May 16, 2005, Mrs. Ostensen issued subpoenas to The Benefit Practice and Oppenheimer & Co. Neither of those subpoenas has been responded to.

70. Mrs. Ostensen has not had the opportunity to take any depositions in this action because document discovery is not complete and because the Related Other Companies have refused to produce their party-employee witnesses for deposition in the United States, as the Court previously had ordered. SMCO has offered Erik Kappelin, an SMCO employee for deposition, but there is no point in taking that deposition until SMCO and the Related Other Companies provide all document discovery, and SMCO refused to agree that it would allow Mrs. Ostensen to re-depose if—in her estimation—she needed to question him regarding documents produced after his deposition.

**Material Issues of Fact Subject to Discovery**

71. Pursuant to Federal Rule of Civil Procedure 56(f), I state that Mrs. Ostensen requires, but has not been afforded, the discovery she needs fully to respond to SMCO's current motion.

   **--Needed Discovery—The Non-Qualified Plan.**

72. SMCO and the Related Other Companies have denied Mrs. Ostensen

relevant discovery regarding her claims under or relating to the Qualified and Non-Qualified Plan. As discussed above, Mrs. Ostensen has served extensive discovery demands on SMCO, the Related Other Companies and third parties. (Exs. 37-50.) However, discovery has been stonewalled:

- SMCO and the Related Other Companies have refused to provide Mrs. Ostensen discovery regarding the Non-Qualified Plan (other than what they have produced in response to other of her document demands). (Ex. 51.) Mrs. Ostensen has moved to compel that discovery. (Ex. 49, Docket No. 110-11.)

- SMCO A.S. has refused to respond to any of Mrs. Ostensen's documents demands with respect to any facts material to Mrs. Ostensen's claims. Mrs. Ostensen has moved to compel that discovery. (*Id.*)

- NHC has, with limited exceptions, refused to provide any discovery relating to periods prior to 2001—the periods principally at issue in this action—with respect to any facts material to Mrs. Ostensen's claims. (Ex. 51 at 4.) Mrs. Ostensen has moved to compel that discovery. . (Ex. 49, Docket No. 110-11.)

- Mrs. Ostensen has sought discovery regarding the Qualified Plan (necessary to determine the amount of the Qualified Plan payment which should be deducted from her overall entitlement to 60 percent of Mr. Ostensen's Final Average Compensation). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen sought discovery regarding the "salary and benefits, including vacation pay and reimbursable expenses" received by Mr. Ostensen (necessary to determine the Mr. Ostensen's Final Average Compensation, and thus Mrs. Ostensen's entitlement under the Non-Qualified Plan). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen sought discovery regarding investigations conducted on behalf of SMCO or the Related Other Companies regarding Mr. Ostensen or the Non-Qualified Plan, including the investigation conducted by Arthur Andersen (necessary to obtain evidence of SMCO and the Related Other Companies' knowledge of, and acceptance of, their obligations to the Ostensens under the Non-Qualified Plan). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has sought discovery of all documents provided to SMCO's auditors or accountants during the period 1997 to the present (necessary to establish the

reasons SMCO changed the computation of the Ostensen's benefits under the Qualified Plan and the Non-Qualified Plan, to establish SMCO's acceptance of its obligations under the Non-Qualified Plan and that it had set aside assets to ensure that it could make all payments due under the plan, and to establish that SMCO intended the Notes and certain insurance policies to be used to pay obligations under the Non-Qualified Plan). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has sought discovery of all communications between the Ostensens and SMCO and the Related Other Companies regarding the Non-Qualified Plan (necessary to establish SMCO's acknowledgement of its obligations thereunder). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has sought discovery regarding the Notes (necessary to establish that the Notes were intended to fund the payments due to the Ostensen's under the Non-Qualified Plan). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has served a document subpoena on the Benefits Practice, which advised SMCO on its pension plans, to obtain evidence regarding the Non-Qualified Plan, including SMCO and the Related Other Companies' decision to refuse to make payments under the plan. (Ex. 45.) The Benefits Practice still has not responded to that subpoena.

- Mrs. Ostensen has not had the opportunity to take any depositions in this action. The Related Other Companies have refused to produce their party-employee witnesses for deposition in the United States, as the Court previously had ordered. (Ex. 49 Docket Nos. 110-11.) Mrs. Ostensen has moved to compel their appearance. (*Id.*) SMCO has offered Erik Kappelin, an SMCO employee for deposition, but there is no point in taking that deposition until SMCO and the Related Other Companies provide all document discovery, and SMCO refused to agree that it would allow Mrs. Ostensen to re-depose if—in her estimation—she needed to question him regarding documents produced after his deposition.

**--Needed Discovery—The Qualified Plan.**

73.     SMCO and the Related Other Companies have denied Mrs. Ostensen relevant discovery regarding her claims under or relating to the Qualified Plan. As discussed above, Mrs. Ostensen has served extensive discovery demands on SMCO, the Related Other Companies and third parties. (Exs. 37-50.) However, discovery has been stonewalled:

11

- SMCO A.S. has refused to respond to any of Mrs. Ostensen's documents demands with respect to any facts material to Mrs. Ostensen's claims. Mrs. Ostensen has moved to compel that discovery. (Ex. 49, Docket No. 110-11.)

- NHC has, with limited exceptions, refused to provide any discovery relating to periods prior to 2001—the periods principally at issue in this action—with respect to any facts material to Mrs. Ostensen's claims. (Ex. 51 at 4.) Mrs. Ostensen has moved to compel that discovery. (Ex. 49, Docket No. 110-11.)

- Mrs. Ostensen has sought discovery regarding the Qualified Plan. (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen sought discovery regarding the "salary and benefits, including vacation pay and reimbursable expenses" received by Mr. Ostensen (necessary to determine the Mr. Ostensen's Final Average Compensation, and thus Mrs. Ostensen's entitlement under the Qualified Plan). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has sought discovery of all documents provided to SMCO's auditors or accountants during the period 1997 to the present (necessary to establish the reasons SMCO changed the computation of the Ostensens' benefits under the Qualified Plan). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has served a document subpoena on the Benefits Practice, which advised SMCO on its pension plans, to establish the reasons SMCO changed the computation of the Ostensens' benefits under the Qualified Plan. (Ex. 45.) The Benefits Practice still has not responded to that subpoena.

- Mrs. Ostensen has served a document subpoena on Oppenheimer & Co., which administered the Qualified Plan, to establish the reasons SMCO changed the computation of the Ostensens' benefits under the Qualified Plan. (Ex. 46.) Oppenheimer & Co. still has not responded to that subpoena.

- Mrs. Ostensen has not had the opportunity to take any depositions in this action. The Related Other Companies have refused to produce their party-employee witnesses for deposition in the United States, as the Court previously had ordered. (Ex. 49 Docket No. 110-11.) Mrs. Ostensen has moved to compel their appearance. (*Id.*) SMCO has offered Erik Kappelin, an SMCO employee for deposition, but there is no point in taking that deposition until SMCO and the Related Other Companies provide all document discovery, and SMCO refused to agree that it would allow Mrs. Ostensen to re-depose if—in her estimation—she needed to question him regarding documents produced after his deposition.

**--Needed Discovery—Vacation Pay.**

SMCO and the Related Other Companies have denied Mrs. Ostensen relevant discovery regarding her claims under or relating to unpaid vacation pay. As discussed above, Mrs. Ostensen has served extensive discovery demands on SMCO, the Related Other Companies and third parties. (Exs. 37-50.) However, discovery has been stonewalled:

- SMCO A.S. has refused to respond to any of Mrs. Ostensen's documents demands with respect to any facts material to Mrs. Ostensen's claims. Mrs. Ostensen has moved to compel that discovery. (Ex. 49, Docket No. 110-11.)

- NHC has, with limited exceptions, refused to provide any discovery relating to periods prior to 2001—the periods principally at issue in this action—with respect to any facts material to Mrs. Ostensen's claims. (Ex. 51 at 4.) Mrs. Ostensen has moved to compel that discovery. (Ex. 49, Docket No. 110-11.)

- Mrs. Ostensen sought discovery regarding the "salary and benefits, including vacation pay and reimbursable expenses" received by Mr. Ostensen (necessary to establish the amount Mr. Ostensen was underpaid). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has sought discovery of all documents provided to SMCO's auditors or accountants during the period 1997 to the present (necessary to establish the amount Mr. Ostensen was underpaid). (Ex. 47.) SMCO and the Related Other Companies have not yet responded to those demands, notwithstanding that they were served in May 2005. (Ex. 50.)

- Mrs. Ostensen has not had the opportunity to take any depositions in this action. The Related Other Companies have refused to produce their party-employee witnesses for deposition in the United States, as the Court previously had ordered. (Ex. 49 Docket No. 110-11.) Mrs. Ostensen has moved to compel their appearance. (*Id.*) SMCO has offered Erik Kappelin, an SMCO employee for deposition, but there is no point in taking that deposition until SMCO and the Related Other Companies provide all document discovery, and SMCO refused to agree that it would allow Mrs. Ostensen to re-depose if—in her estimation—she needed to question him regarding documents produced after his deposition.

**--Needed Discovery—Liability of the Related Other Companies.**

SMCO and the Related Other Companies have denied Mrs. Ostensen relevant discovery regarding the liability of the Related Other Companies to Mrs. Ostensen. As discussed

13

above, Mrs. Ostensen has served extensive discovery demands on SMCO, the Related Other Companies and third parties. (Exs. 37-50.) However, discovery has been stonewalled:

- SMCO A.S. has refused to respond to any of Mrs. Ostensen's documents demands with respect to any facts material to Mrs. Ostensen's claims. Mrs. Ostensen has moved to compel that discovery. (Ex. 49 Docket No. 110-11.)

- NHC has, with limited exceptions, refused to provide any discovery relating to periods prior to 2001—the periods principally at issue in this action—with respect to any facts material to Mrs. Ostensen's claims. (Ex. 51 at 4.) Mrs. Ostensen has moved to compel that discovery. (Ex. 49, Docket No. 110-11.)

- SMCO and the Related Other Companies have promised to provide discovery regarding the payments SMCO made (and chose, at the direction of SMCO A.S. and NHC, not to make) in the final years of its existence, but have not yet produced such discovery. (Ex. 51 at 5.)

- Mrs. Ostensen has not had the opportunity to take any depositions in this action. The Related Other Companies have refused to produce their party-employee witnesses for deposition in the United States, as the Court previously had ordered. (Ex. 49 Docket No. 110-11.) Mrs. Ostensen has moved to compel their appearance. (*Id.*) SMCO has offered Erik Kappelin, an SMCO employee for deposition, but there is no point in taking that deposition until SMCO and the Related Other Companies provide all document discovery, and SMCO refused to agree that it would allow Mrs. Ostensen to re-depose if—in her estimation—she needed to question him regarding documents produced after his deposition.

    74.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 13, 2005

_____
JOHN M LUNDIN