# EXHIBIT 3

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------------------X

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

          Plaintiff,

v.

SIRI OSTENSEN,

          Defendant,

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,

          Counterclaim and Third-Party Defendants.

---------------------------------------------------------------X

Civil Case No.
3:02 CV 678 (RNC)

Magistrate Judge Donna F. Martinez

## PLAINTIFF SCANDINAVIAN MARINE CLAIMS OFFICE, INC.'S RESPONSE TO DEFENDANT SIRI OSTENSEN'S FIRST INTERROGATORIES TO SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

Plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO"), by its attorneys Carter Ledyard & Milburn LLP and Levett Rockwood P.C., responds as follows to Defendant Siri Ostensen's First Interrogatories to Scandinavian Marine Claims Office, Inc.

### GENERAL OBJECTIONS

1.    SMCO reserves all objections at any hearing or trial or on any motion to the use or admissibility of any information, material or documents identified or disclosed.

1306750.1

The identification or disclosure of any information, material or documents does not constitute an admission by SMCO that such information, material or documents are relevant to the action or admissible in evidence.

2.  Inadvertent reliance on or disclosure of any information, material or documents subject to the attorney-client privilege, prepared in anticipation of litigation or for trial, or otherwise protected or immune from discovery shall not constitute a waiver of any privilege or of any other ground for objecting to discovery of such information, material or documents or their subject matter, or of SMCO's rights to object to the use of such information, material or documents during this or any later proceeding.

3.  SMCO reserves the right to modify, supplement or amend any response hereto.

4.  The Interrogatories, as recorded herein, have been quoted in substantially the same form as found in Defendant's First Interrogatories to Scandinavian Marine Claims Office, Inc., dated March 31, 2005.

5.  SMCO objects to the Interrogatories to the extent that they seek to impose obligations on SMCO beyond those imposed under the Federal Rules of Civil Procedure and the Local Rules, including but not limited to Local Civil Rule 33.3 of the Southern District of New York.

6.  Objection to Definitions: SMCO objects to the definitions in paragraphs 2,3,5,6,7,8 and 9.

## SPECIFIC OBJECTIONS

1.  SMCO objects to this Interrogatory to the extent it is unduly burdensome, oppressive and/or harassing, taking into account the needs of the case and the issues

1306750.1

presented, and/or seeks documents that are obtainable from some other source that is more convenient, less burdensome or less expensive.

2. SMCO objects to this Interrogatory on the ground that it seeks information that is not relevant to the subject matter of this litigation or reasonably calculated to lead to the discovery of admissible evidence.

3. SMCO objects to this Interrogatory on the ground that it is overly broad.

4. SMCO objects to this Interrogatory on the ground that it is unduly vague, ambiguous and unanswerable as propounded.

5. SMCO objects to this Interrogatory on the ground that it seeks the discovery of trade secrets or other confidential, sensitive or proprietary information, and SMCO will not respond to this Interrogatory unless and until an appropriate confidentiality order is agreed to by the parties and approved by the Court.

6. SMCO objects to this Interrogatory to the extent the discovery sought is unreasonably cumulative or duplicative.

7. SMCO objects to this Interrogatory on the ground that the information requested is more appropriately discovered through depositions.

8. SMCO objects to this Interrogatory on the ground that it seeks documents that are protected from discovery by the attorney-client privilege, the work product doctrine and/or other applicable privilege.

# RESPONSES TO INTERROGATORIES

1. **Interrogatory No. 1:**

   Identify all persons who have, or who have had, an ownership interest in SMCO any time from January, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in SMCO, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each entity at the end of each calendar or fiscal year.

**Response to Interrogatory No. 1:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof:

(a) The ownership interest in SMCO from January 1, 1990 to January 1, 2001 was:

   i) Scandinavian Marine Claims Office AS
      Address from January 1990 to March 1997:
      c/o Wikborg, Rein & Co.
      Kronprinsesse Märthas plass 1
      P.O. Box 1513 Vika
      NO - 0117 Oslo, Norway

      Address from April 1997:
      Olav Kyrres gt 11
      P.O. Box 75 Sentrum
      NO – 5803 Bergen, Norway

   ii) The ownership interest was 100%

(b) The ownership interest of <u>Scandinavian Marine Claims Office AS</u> from January 1, 1990 to January 1, 2001 were:

<u>January 1, 1990</u>

| | | |
|---|---|---|
| Bergen Hull Club | 34 shares | 16.7% |
| Unitas | 68 shares | 33.3% |
| Christiansands Skibsassuranceforening | 34 shares | 16.7% |
| CEFOR - Central Union | 68 shares | 33.3% |

<u>September 24, 1991</u>

| | | |
|---|---|---|
| Gjensidige Skibsassurandørers Komité | 1136 shares | 66.7% |
| CEFOR - Central Union | 568 shares | 33.3% |

1306750.1

<u>August 21, 1995</u>

| | | |
|---|---|---|
| Gjensidige Skibsassurandørers Komité | 1136 shares | 66.7% |
| Uni Storebrand | 284 shares | 16.7% |
| Vesta Forsikring AS | 284 | 16.7% |

<u>October, 1997</u>

| | | |
|---|---|---|
| Bergen Hull Club | 568 shares | 33.33% |
| Unitas | 568 shares | 33.33% |
| UniStorebrand | 284 shares | 16.66% |
| Vesta Forsikring AS | 284 shares | 16.66% |

<u>January, 2000</u>

| | | |
|---|---|---|
| Bergen Hull Club | 568 shares | 33.33% |
| Unitas | 568 shares | 33.33% |
| IF P&C | 568 shares | 33.33% |

<u>January, 2001</u>

| | | |
|---|---|---|
| Norwegian Hull Club | 1136 shares | 66.6% |
| IF P&C[1] | 568 shares | 33.3% |

(c) The addresses of shareholders of <u>Scandinavian Marine Claims Office AS</u> were:

Bergen Hull Club
Olav Kyrresgate 11
P.O. Box 75
N-5001
Bergen, Norway

Norwegian Hull Club
Olav Kyrresgate 11
P.O. Box 75 Sentrum
NO - 5803 Bergen, Norway

Unitas Gjensidig Assuranseforening
Radhusgaten 25
P.O. Box 1290 Vika
0111 Oslo, Norway

Christiansands Skibsassuranceforening
Østre Strandgate 3
P.O. Box 489
NO – 4664 Kristiansand S. Norway

---

[1] Gard Services AS purchased IF P&C Insurance Ltd. (publ)'s shares in Scandinavian Marine Claims Office AS effective July 1, 2000 when Gard Services AS established and commenced its operations.

1306750.1

CEFOR (The Central Union of Marine Underwriters)
P.O. Box 2550 Solli
NO – 0202 Oslo, Norway

Gjensidige Skibsassurandørers Komité
Kronprinsesse Märthas Plass 1
Postboks 1513 Vika
0117 Oslo, Norway

Uni-Storebrand Skadeforsikring AS
Oslo

Vesta Forsikring AS
5020 Bergen, Norway

IF P&C
c/o Gard AS
Servicebox 600
NO – 4809 Arendal, Norway

Gard AS
Servicebox 600
NO – 4809 Arendal, Norway

2. **Interrogatory No. 2:**

Identify each address or location from which SMCO and each affiliate of SMCO has operated at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 2:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, SMCO moved its office from Stamford, Connecticut to Florida in August, 2000 and ceased operations in December, 2000. The office address and location from which SMCO has operated from January 1, 1990 to December, 2000 are:

333 Ludlow Street
Stamford, CT 06912

One Landmark Square
Stamford, Connecticut 06901-2625

1730 Nasa Road 1
Suite 207
Houston, Texas 77058

1306750.1

One East Broward Boulevard
Suite 1410
Fort Lauderdale, Florida 33301

255 Alhambra Circle
Coral Gables, Florida 33134

250 Catalonia Avenue
Suite 304
Coral Gables, Florida 33134

3. **Interrogatory No. 3:**

   Identify the members of the board of directors or other similar governing body of SMCO at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

**Response to Interrogatory No. 3:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, SMCO ceased operations in December 2000, and the members of the Board of Directors of SMCO from January 1, 1990 to December, 2000 are:

| 1/90 - 6/91 | Affiliation |
| --- | --- |
| John Wiik | Bergen Hull Club |
| Hans Terje Anonsen | Vesta Forsikring |
| Lars Lindfelt | Swedish Club |
| Jan Lunde | Unitas |

1306750.1

| 6/91 - 6/94 | Affiliation |
|---|---|
| Havar Poulsson | Skuld |
| Jan Lunde | Unitas |
| Knut Lund | Storebrand |

| 11/94 - 3/97 | |
|---|---|
| Hävar Poulsson | Skuld |
| Jan Lunde | Unitas |
| Lars Lindfelt | Swedish Club |
| Kitty Kendel | Vesta Forsikring |

| 4/97 - 12/00 | Affiliation |
|---|---|
| Arne Selvik | Administrativt Forskning Fond[1] |
| Fred Benjaminsen | SCUA Rotterdam |
| Morten Hjemsaeter | Storebrand |
| Karl Hystad | Bergen Hull Club |
| Havar Poulsson | Skuld |
| Jan Lunde | Unitas (until 1998) |
| Torleiv Aaslestad | Unitas (replaces Jan Lunde) |
| Tom Midttun | Vesta Forsikring |
| Gunnar Topland | Gard P&I (a company related to IF P&C) |

[1] Administrativt forskningsfond ved Norges Handelshoyskole (Administrative Research Institute at the Norwegian School of Economic and Business Administration).

4.   **Interrogatory No. 4:**

Identify the officers or managers of SMCO at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

**Response to Interrogatory No. 4:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, SMCO ceased operations in December, 2000, and the officers of SMCO from January 1, 1990 to January 1, 2001 were:

| Tom Ostensen | President: 1990 - 2000 |
|---|---|
| Robert Jones | Treasurer: 1990 - 2000 |
| Leif Chr. Husjord | Executive Vice President |
| Carl A. Cederstav | Senior Vice President |
| Manuel R. Llorca | Senior Vice President |

1306750.1

| | |
|---|---|
| Donald J. Kennedy | Secretary: Term ended April 1991 |
| Robert Jones | Secretary: Term beginning June 1991 |
| Herbert C. Phelps | Vice President |
| Michael F. Guilford | Vice President |
| Pradeep K. Nayyar | Senior Vice President |
| Renan Alamina | Vice President |
| Margaret Killip | Vice President |
| David Smith | Vice President |
| Erik Kappelin | Acting President May 22, 2000 |

5. **Interrogatory No. 5:**

   Identify all accountants or auditors who have performed work for SMCO at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 5:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, SMCO ceased operations in December, 2000, and the accountants for SMCO from January 1, 1990 to December 31, 2001 were:

Gordon, La Marco, Barron & Orbuck LLC
962 E. Putnam Avenue
Cos Cob, Connecticut 06807

Messina, Ceci, Archer & Company, Inc.
1241 East Main Street
Stamford, Connecticut 06902

Arty, Cahn, Feuer CPA
1150 Northwest 72nd Avenue
Suite 760
Miami, Florida 33126

Robert Jones
Perla Palomino

Lawrence A. Herrup, C.P.A, PA
326 Seventyfirst Street
Miami Beach, Florida 33141-3038

6. **Interrogatory No. 6:**

   Identify all legal counsel who have provided legal advice to SMCO at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 6:** Specific Objection Nos. 1-4, 7 and 8. Subject to the foregoing objections and without waiver thereof, lawyers who provided legal advice to

1306750.1

SMCO were Haight Gardner Poor & Havens, Cummings & Lockwood, Robertson & Cole, Kirlin Campbell & Keating, Roberts & Holland, Nourse & Bowles, The Law Office of Sharon M. Jones, 191 Post Road West, Westport, Connecticut, Carter Ledyard & Milburn LLP, Levitt Rockwood p.c and Coyne, Von Kuhn, Brady & Fries LLC, 999 Oronoque Lane, Stratford, Ct. 06614.

7. **Interrogatory No. 7:**

   List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 7:** Specific Objection Nos. 1-4 and 7. Loans were made to SMCO. See SMCO's Response to Defendant's First Request For Documents to Plaintiff and Third Party Defendants, Request No. 10.

8. **Interrogatory No. 8:**

   Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 8:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, the most knowledgeable person regarding funds transfer would be Robert Jones, the Treasurer of SMCO. Other knowledgeable people include Hävar Poulsson, Jan Lunde, and Arne Selvik.

9. **Interrogatory No. 9:**

   List all assets and obligations of SMCO, including real property, chattel, securities, or pledges.

**Response to Interrogatory No. 9:** Specific Objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, see SMCO's financial statements, copies of which are contained in SMCO's Response to Defendant Siri Ostensen's First Request For Documents (Bates Nos. SM 1239 to SM 1454).

10. **Interrogatory No. 10:**

    Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

1306750.1

**Response to Interrogatory No. 10:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, after January 1, 2001 the shareholder of SMCO made funds available to SMCO to meet its Qualified Pension Plan funding obligations, settle certain claims made against SMCO and have an orderly winding down process.

11. **Interrogatory No. 11:**

> Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holding or SMCO A.S. at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 11:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, upon information and belief, Robert Jones, Hävar Poulsson, Jan Lunde and Arne Selvik are the most knowledgeable persons with regard to this Interrogatory.

12. **Interrogatory No. 12:**

> Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 12:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, SMCO did not assume any obligations of third parties.

13. **Interrogatory No. 13:**

> Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

**Response to Interrogatory No. 13:** Specific Objection Nos. 2 and 7. Subject to the foregoing objections and without waiver thereof, upon information and belief, Robert Jones, Hovar Paulsson, Jan Lunde and Arne Selvik are the four most knowledgeable persons with regard to this Interrogatory.

14. **Interrogatory No. 14:**

> Identify all persons involved in the negotiation and drafting of the Non-Qualified Plan, including a summary of each such person's involvement.

**Response to Interrogatory No. 14:** Specific objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, SMCO is not aware of any negotiations

1306750.1

in connection with the Non-Qualified Plan, and the persons involved in the drafting of the Non-Qualified plan were:

>Tom Ostensen: President of SMCO
>Deceased
>
>Kevin M. Sweeney: Actuary for SMCO
>Comprehensive Employee Plans
>
>Ernesto V. Luzzatto: Attorney for SMCO
>Hill Rivkins & Hayden
>45 Broadway - Suite 1500
>New York, New York 10006-3739

15. **Interrogatory No. 15:**

>Identify when NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identity of the NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. employees who first learned of the Non-Qualified Plan.

**Response to Interrogatory No. 15:** Specific objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, it is unknown when NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. first learned of the existence and terms of the Non-Qualified Plan.

16. **Interrogatory No. 16:**

>Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

1306750.1

**Response to Interrogatory No. 16:** Specific objection Nos. 1-4 and 7. Subject to the foregoing objections and without waiver thereof, the Non-Qualified plan by its own terms, Article V, 5.1 does not provide for funding. Robert Jones, Hävar Paulsson, Jan Lunde, Arne Selvik and Erik Kappelin are the most knowledgeable persons with regard to this Interrogatory.

Dated: May 4, 2005

                                              CARTER LEDYARD & MILBURN LLP

By: _____
                                  Donald J. Kennedy
                                  Federal Bar No. ct23620
                                  2 Wall Street
                                  New York, New York 10005
                                  Telephone: (212) 732-3200
                                  Facsimile: (212) 732-3232

                                  Madeleine F. Grossman
                                  Federal Bar No. ct05987
                                  Dorit S. Heimer
                                  Federal Bar No. ct01219
                                  LEVETT ROCKWOOD P.C.
                                  33 Riverside Avenue
                                  Post Office Box 5116
                                  Westport, Connecticut 06880
                                  Telephone: (203) 222-0885
                                  Facsimile: (203) 226-8025

1306750.1

## VERIFICATION

Erik Kappelin, being duly sworn, deposes and says that he is an officer, to wit, Acting President of Scandinavian Marine Claims Office, Inc., a corporation in the State of New York and the Plaintiff herein; that he has read the foregoing Responses to Interrogatories and knows the contents thereof; and that the same is true to his own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters he believes them to be true.

I declare under penalty of perjury that the foregoing is true and correct. Executed on May 4, 2005.

_____
ERIK KAPPELIN

1306750.1

# EXHIBIT 4

BOARD MEETING
S.M.C.O. - Oslo (Offices of Unitas)
September 5, 1990

Present:   Lars Lindfelt, Hans Terje Anonsen and John Wiik

The purpose of the meeting was two fold:

1. To make a decision regarding the issue of "integration" with Marine Defense Group.

2. Partly as a consequence of the above discussion, also to make a decision regarding the new Managing Director (President) for S.M.C.O.

Re Item 1

From the outset the discussion centered upon the question whether the underwriters are to develop the agencies to become sole shipowner oriented organizations. Cefors' representative reserved himself until he received a clarification from his organization with respect to this kind of policy. (The day after, a positive confirmation regarding this issue was received).

The Chairman submitted a schedule which showed extraordinary expenses as well as annual expenses and pros and cons regarding the integration. The schedule is attached to these minutes. Chairman expressed the view that Skuld would possibly finance some of these items.

The following were decided:

A. The Board regarded an integration as beneficial. The integration would be effected in practical terms immediately and legally as of 1/1/91.

B. The Secretary of the Board together with the Managing Director (President) were to submit a proposal regarding the optimum legal form of the integration.

C. The form of the integration will have to take into consideration that S.M.C.O. shall be immune, to the largest extent possible, from liability that MDG may have incurred during the period prior to the integration.

SM 000021

    D. The Managing Director (President) and Deputy Managing Director (Executive Vice President) to put forward a proposal to the Board regarding the structure of the organization. This proposal to be submitted to the first Board meeting.

    The Chairman of the Board was authorized to complete the practical aspects vis a vie Skuld.

<u>Re Item 2</u>

The Board decided effective immediately to appoint T. Ostensen as new Managing Director (President) for the integrated company. Leif Chr. Husjord was at the same time appointed Deputy Managing Director (Executive Vice President).

T. Ostensen's salary to be determined by the Chairman of the Board in consultation with the three other Board members.

L. C. Husjord's salary to be set by T. Ostensen.