EXHIBIT 37

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>SIRI OSTENSEN,<br><br>*Defendant,*<br><br>- *against* -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., ~~S.M.C.O., A.S.~~, AND NORWEGIAN HULL CLUB,<br><br>*Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S FIRST REQUEST FOR DOCUMENTS TO PLAINTIFF AND THIRD-PARTY DEFENDANTS** |
| MARGARET KILLIP,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB,<br><br>*Defendants and Third-Party Plaintiffs,*<br><br>- *against* -<br><br>TOM OSTENSEN,<br><br>*Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC)<br><br>**THIRD-PARTY DEFENDANT'S FIRST REQUEST FOR DOCUMENTS TO DEFENDANTS AND THIRD-PARTY PLAINTIFFS** |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, request, pursuant to Federal Rules of Civil Procedure 26 and 34, that Scandinavian Marine Claims Office, Inc., Scandinavian Underwriters Agency, SCUA Americas, Inc., SMCO., A.S., SCUA Holdings, B.V. and Norwegian Hull Club, produce the following documents at the offices of Mrs. Ostensen's counsel, Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 no later than May 2, 2005.

## DEFINITIONS

1.    The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.    "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.    "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.    "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

2

6.    "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

7.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    No request shall be construed to create a limitation upon any other request.

3.    Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

3

4.    Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5.    Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6.    The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.    In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8.    With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9.    This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10.    Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests the following documents:

1.      Documents sufficient to show the organization of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at all times from January 1, 1990 to the present, including, but not limited to, organization charts for each entity.

2.      Documents sufficient to show the ownership of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. including, but not limited to, the names of all persons or entities having an ownership interest in those parties at any time from January 1, 1990 to the present, when that interest was acquired and the percentage ownership of each entity at the end of each calendar or fiscal year.

3.      All documents relating to or concerning the business plans or strategic planning for NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at all times from January 1, 1990 to the present.

4.      All documents relating to or concerning the ownership of SMCO including, but not limited to, the names of all persons or entities having an ownership interest in SMCO at any time from January 1, 1990 to the present, when that interest was acquired and the percentage ownership of each entity at the end of each calendar or fiscal year.

5.      Documents sufficient to identify each address or location from which NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. and each affiliate of those entities has operated at any time from January 1, 1990 to the present.

6.      Documents sufficient to identify the members of the board of directors or other similar governing body of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO

5

A.S. at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

7.     Documents sufficient to identify the officers or managers of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

8.     All documents relating to or concerning the selection of the members of the board of directors or other similar governing body, officers or managers of SMCO including, but not limited to, the role of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. in such selection.

9.     The minutes of all meetings of the board of directors or other similar governing body of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. from January 1, 1990 to the present.

10.     All documents relating to or concerning payments or guarantees of the debts of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any of their employees, directors, or officers, including but not limited to their ability to issue or to honor such a guarantee.

11.     All documents relating to or concerning the payment or guarantee by NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. of the debt of any other entity or individual.

12.     All documents relating to or concerning the communications from the board of directors or other similar governing body, officers or managers of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. to the board of directors or other similar governing body, officers or managers of SMCO regarding the business of SMCO.

13.    All financial statements, whether audited or unaudited, of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. from January 1, 1990 to the present.

14.    Documents sufficient to identify all accountants or auditors who have performed work for NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present.

15.    All communications between NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. and any accountant or auditor engaged by any of them.

16.    All tax returns for NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. from January 1, 1990 to the present from January 1, 1990 to the present.

17.    All documents submitted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S. to a lender or creditor (whether actual or prospective) pursuant to or as part of an application or request for a loan, credit or financing of any kind.

18.    All documents relating to or concerning the finances of SMCO from January 1, 1990 to the present.

19.    All communications relating to or concerning the capitalization or financial status of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S, including but not limited to their solvency or insolvency.

20.    All documents relating to or concerning the transfer of funds or other assets between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present, regardless of whether such transfer was carried out.

21.    Documents sufficient to identify every asset, including real property, chattel, securities, or pledges of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S., or any of their affiliates.

7

22.    All bank statements, checks, drafts, wire transfer requests, vouchers, agreements, or other documents concerning the financial dealings between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. at any time from January 1, 1990 to the present.

23.    Documents sufficient to identify all legal counsel who have provided legal advice to NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. regarding any transaction, litigation or other proceeding involving SMCO at any time from January 1, 1990 to the present, including, but not limited to, the identification of the entities who sought, received and paid for such advice.

24.    Documents sufficient to all legal expenses for SMCO from January 1, 1990 to the present including, but not limited to, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill.

25.    All documents relating to or concerning any transactions between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any affiliates of those entities, including but not limited to agreements, contracts, invoices, bills, purchase orders and/or work orders, estimates, bank statements, wire transfer requests, vouchers, checks, drafts, promissory notes, loans, security agreements, liens, and attachments at any time from January 1, 1990 to the present.

26.    All documents relating to or concerning any potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

27.    All documents relating to or concerning the Non-Qualified Plan that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

28.    All documents relating to or concerning the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

29.    All documents relating to or concerning the ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

30.    All documents relating to or concerning public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

31.    All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

32.    All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations other than the Non-Qualified Plan.

Dated: New York, New York
       March 31, 2005

_____
Jeffrey M. Eilender (Bar No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN,** LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

10

EXHIBIT 38

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., | |
| *Plaintiff,* | |
| - *against* - | |
| SIRI OSTENSEN, | Civil Action No. 3:02CV678 (RNC) |
| *Defendant,* | |
| | **DEFENDANT'S FIRST INTERROGATORIES TO SCANDINAVIAN MARINE CLAIMS OFFICE, INC.** |
| - *against* - | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, | |
| *Counterclaim and Third-Party Defendants.* | |
| MARGARET KILLIP, | |
| *Plaintiff,* | |
| - *against* - | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB, | Civil Action No. 3:02CV678 (RNC) |
| *Defendants and  Third-Party Plaintiffs,* | **DEFENDANT'S FIRST INTERROGATORIES TO SCANDINAVIAN MARINE CLAIMS OFFICE, INC.** |
| - *against* - | |
| TOM OSTENSEN, | |
| *Third-Party Defendant.* | |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Plaintiff Scandinavian Marine Claims Office answer the following Interrogatories no later than May 2, 2005.

## DEFINITIONS

1.    The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.    "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.    "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.    "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6.    "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

2

any person or entity holding himself or itself out to be affiliated with or acting on behalf of

SCUAA or any of its affiliates.

7.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SCUA Holdings or any of its affiliates.

8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SMCO or any of its affiliates.

9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate,

parent, employee, officer, director, attorney, representative, shareholder, principal, or any person

or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or

any of its affiliates.

## INSTRUCTIONS

1.    The rules of construction of Local Civil Rule 26(d) of the United States

District Court for the District of Connecticut are incorporated herein by reference.

2.    Answer each interrogatory separately and under oath.  If any answer is

based upon information and belief rather than personal knowledge, such answer shall state that it

is made on that basis.

3.    If you believe that any of these interrogatories cannot be answered in full,

then answer to the fullest extent possible, specify each reason for your belief or your inability to

3

answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

   4. In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

   5. No request shall be construed to create a limitation upon any other request.

   6. The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

   7. If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the date, author, recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

   8. These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

   9. Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

## INTERROGATORIES

   Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that SMCO respond to the following interrogatories:

4

1.    Identify all persons who have, or who have had, an ownership interest in SMCO any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in SMCO, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each entity at the end of each calendar or fiscal year.

2.    Identify each address or location from which SMCO and each affiliate of SMCO has operated at any time from January 1, 1990 to the present.

3.    Identify the members of the board of directors or other similar governing body of SMCO at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

4.    Identify the officers or managers of SMCO at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5.    Identify all accountants or auditors who have performed work for SMCO at any time from January 1, 1990 to the present.

6.    Identify all legal counsel who have provided legal advice to SMCO at any time from January 1, 1990 to the present.

7.    List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

8.    Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

5

9.      List all assets and obligations of SMCO, including real property, chattel, securities, or pledges.

10.     Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

11.     Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12.     Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

13.     Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

14.     Identify all persons involved in the negotiation and drafting of the Non-Qualified Plan, including a summary of each such person's involvement.

15.     Identify when NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. employees who first learned of the Non-Qualified Plan.

16.     Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and

6

the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO

A.S.

Dated: New York, New York
        March 31, 2005

_____
Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN, LLP**
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

EXHIBIT 39

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., | |
| *Plaintiff,* | |
| - *against* - | Civil Action No. 3:02CV678 (RNC) |
| SIRI OSTENSEN, | |
| *Defendant,* | **DEFENDANT'S FIRST INTERROGATORIES TO SCANDINAVIAN UNDERWRITERS AGENCY** |
| - *against* - | |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, | |
| *Counterclaim and Third-Party Defendants.* | |
| MARGARET KILLIP, | |
| *Plaintiff,* | |
| - *against* - | Civil Action No. 3:02CV678 (RNC) |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB, | **DEFENDANT'S FIRST INTERROGATORIES TO SCANDINAVIAN UNDERWRITERS AGENCY** |
| *Defendants and Third-Party Plaintiffs,* | |
| - *against* - | |
| TOM OSTENSEN | |
| *Third-Party Defendant.* | |

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Third-Party Defendant/Third-Party Plaintiff Scandinavian Underwriters Agency answer the following Interrogatories no later than May 2, 2005.

## DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.      "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

2

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

       7.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

       8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

       9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

       1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

       2.    Answer each interrogatory separately and under oath.  If any answer is based upon information and belief rather than personal knowledge, such answer shall state that it is made on that basis.

       3.    If you believe that any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specify each reason for your belief or your inability to

answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

       4.    In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

       5.    No request shall be construed to create a limitation upon any other request.

       6.    The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

       7.    If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the date, author, recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

       8.    These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

       9.    Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

### INTERROGATORIES

       Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that SCUA respond to the following interrogatories:

4

1.      Identify all persons who have, or who have had, an ownership interest in SCUA any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in SCUA, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

2.      Identify SCUA's ownership interest in NHC, SCUAA, SCUA Holdings, SMCO and SMCO A.S. any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of SCUA in each entity at the end of each calendar or fiscal year.

3.      Identify each address or location from which SCUA and each affiliate of SCUA has operated at any time from January 1, 1990 to the present.

4.      Identify the members of the board of directors or other similar governing body of SCUA at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5.      Identify the officers or managers of SCUA at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

6.      Identify all accountants or auditors who have performed work for SCUA at any time from January 1, 1990 to the present.

7.      Identify all legal counsel who have provided legal advice to SCUA at any time from January 1, 1990 to the present.

8.      List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

5

9.     Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

10.    List all assets and obligations of SCUA, including real property, chattel, securities, or pledges.

11.    Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12.    Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

13.    Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

14.    Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

15.    Identify when SCUA first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the SCUA employees who first learned of the Non-Qualified Plan.

16.    Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

6

Dated: New York, New York
      March 31, 2005

                        Jeffrey M. Eklender (Bar. No. CT 25177)
                        John M. Lundin (Bar No. phv0185)
                        **SCHLAM STONE & DOLAN, LLP**
                        26 Broadway, Suite 1900
                        New York, NY 10004
                        (212) 344-5400 (Telephone)
                        (212) 344-7677 (Facsimile)
                        *Attorneys for Siri Ostensen*

                        Sharon E. Jaffe (Bar. No. CT. 04623)
                        **LEVIN & GLASSER, PC**
                        P.O. Box 1098
                        Weston, CT  06883
                        (203) 221-3008 (Telephone)
                        (203)221-3010 (Facsimile)
                        *Attorneys for Siri Ostensen*

# EXHIBIT 40

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>SIRI OSTENSEN,<br><br>*Defendant,*<br><br>- *against* -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,<br><br>*Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S FIRST INTERROGATORIES TO SCUA AMERICAS, INC.** |
| MARGARET KILLIP,<br><br>*Plaintiff,*<br><br>- *against* -<br><br>SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., SCUA HOLDINGS, B.V., AND NORWEGIAN HULL CLUB,<br><br>*Defendants and Third-Party Plaintiffs,*<br><br>- *against* -<br><br>TOM OSTENSEN,<br><br>*Third-Party Defendant.* | Civil Action No. 3:02CV678 (RNC)<br><br>**DEFENDANT'S FIRST INTERROGATORIES TO SCUA AMERICAS, INC.** |

Defendant Siri Ostensen in her individual capacity and as the executrix of the

estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal

Rules of Civil Procedure 26 and 33, that Third-Party Defendant/Third-Party Plaintiff SCUA

Americas, Inc. answer the following Interrogatories no later than May 2, 2005.

## **DEFINITIONS**

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c)

of the United States District Court for the District of Connecticut are incorporated herein by

reference.

2.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678

(RNC) on May 22, 2003.

3.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate,

parent, employee, officer, director, attorney, representative, shareholder, principal, or any person

or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of

its affiliates.

4.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between

SMCO and Tom Ostensen.

5.      "SCUA" means Scandinavian Underwriters Agency and any agent,

subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder,

principal, or any person or entity holding himself or itself out to be affiliated with or acting on

behalf of SCUA or any of its affiliates.

6.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary,

affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

7.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    Answer each interrogatory separately and under oath.  If any answer is based upon information and belief rather than personal knowledge, such answer shall state that it is made on that basis.

3.    If you believe that any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specify each reason for your belief or your inability to

answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

4. In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

5. No request shall be construed to create a limitation upon any other request.

6. The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7. If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the date, author, recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

8. These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

9. Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

**INTERROGATORIES**

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that SCUAA respond to the following interrogatories:

4

1.      Identify all persons who have, or who have had, an ownership interest in SCUAA any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in SCUAA, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

2.      Identify SCUAA's ownership interest in NHC, SCUA, SCUA Holdings, SMCO and SMCO A.S. any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of SCUAA in each entity at the end of each calendar or fiscal year.

3.      Identify each address or location from which SCUAA and each affiliate of SCUAA has operated at any time from January 1, 1990 to the present.

4.      Identify the members of the board of directors or other similar governing body of SCUAA at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5.      Identify the officers or managers of SCUAA at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

6.      Identify all accountants or auditors who have performed work for SCUAA at any time from January 1, 1990 to the present.

7.      Identify all legal counsel who have provided legal advice to SCUAA at any time from January 1, 1990 to the present.

8.      List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

9.    Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

10.    List all assets and obligations of SCUAA, including real property, chattel, securities, or pledges.

11.    Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12.    Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

13.    Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

14.    Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

15.    Identify when SCUAA first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the SCUAA employees who first learned of the Non-Qualified Plan.

16.    Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

6

Dated: New York, New York
       March 31, 2005

 

Jeffrey M. Eisender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*