# EXHIBIT 41

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| |
|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., |
| *Plaintiff,* |
| - *against* - |
| SIRI OSTENSEN, |
| *Defendant,* |
| - *against* - |
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, |
| *Counterclaim and Third-Party Defendants.* |

Civil Action No. 3:02CV678 (RNC)

**DEFENDANT'S FIRST INTERROGATORIES TO S.M.C.O., A.S.**

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Third-Party Defendant S.M.C.O., A.S. answer the following Interrogatories no later than May 2, 2005.

### DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.    "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.    "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.    "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6.    "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

7.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

9.     "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1.     The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.     Answer each interrogatory separately and under oath.  If any answer is based upon information and belief rather than personal knowledge, such answer shall state that it is made on that basis.

3.     If you believe that any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specify each reason for your belief or your inability to answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

4.     In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

5.     No request shall be construed to create a limitation upon any other request.

6.     The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.     If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the

privilege or exclusionary principle, and (b) give a summary statement of the date, author, recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

8.     These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

9.     Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

### INTERROGATORIES

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that S.M.C.O., A.S. respond to the following interrogatories:

1.     Identify all persons who have, or who have had, an ownership interest in S.M.C.O., A.S. any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in S.M.C.O., A.S., when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

2.     Identify S.M.C.O., A.S.'s ownership interest in NHC, SCUA, SCUAA, SCUA Holdings and SMCO any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of S.M.C.O., A.S. in each entity at the end of each calendar or fiscal year.

3.     Identify each address or location from which S.M.C.O., A.S. and each affiliate of S.M.C.O., A.S. has operated at any time from January 1, 1990 to the present.

4.    Identify the members of the board of directors or other similar governing body of S.M.C.O., A.S. at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5.    Identify the officers or managers of S.M.C.O., A.S. at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

6.    Identify all accountants or auditors who have performed work for S.M.C.O., A.S. at any time from January 1, 1990 to the present.

7.    Identify all legal counsel who have provided legal advice to S.M.C.O., A.S. at any time from January 1, 1990 to the present.

8.    List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

9.    Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

10.    List all assets and obligations of S.M.C.O., A.S., including real property, chattel, securities, or pledges.

11.    Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12.    Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

5

13.    Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

14.    Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

15.    Identify when S.M.C.O., A.S. first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the S.M.C.O., A.S. employees who first learned of the Non-Qualified Plan.

16.    Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

Dated: New York, New York
       March 31, 2005

_____
Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN, LLP**
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

7

# EXHIBIT 42

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF CONNECTICUT

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC.,

*Plaintiff,*

*- against -*

SIRI OSTENSEN,

*Defendant,*

*- against -*

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., S.M.C.O., A.S., AND
NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

Civil Action No. 3:02CV678 (RNC)

**DEFENDANT'S FIRST
INTERROGATORIES TO NORWEGIAN
HULL CLUB**

MARGARET KILLIP,

*Plaintiff,*

*- against -*

SCANDINAVIAN MARINE CLAIMS
OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA
AMERICAS, INC., SCUA HOLDINGS, B.V.,
AND NORWEGIAN HULL CLUB,

*Defendants and Third-Party Plaintiffs,*

*- against -*

TOM OSTENSEN,

*Third-Party Defendant.*

Civil Action No. 3:02CV678 (RNC)

**DEFENDANT'S FIRST
INTERROGATORIES TO NORWEGIAN
HULL CLUB**

Defendant Siri Ostensen in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, requests, pursuant to Federal Rules of Civil Procedure 26 and 33, that Third-Party Defendant/Third-Party Plaintiff Norwegian Hull Club answer the following Interrogatories no later than May 2, 2005.

## DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.      "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

6.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

2

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

      7.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

      8.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

      9.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

      1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

      2.    Answer each interrogatory separately and under oath.  If any answer is based upon information and belief rather than personal knowledge, such answer shall state that it is made on that basis.

      3.    If you believe that any of these interrogatories cannot be answered in full, then answer to the fullest extent possible, specify each reason for your belief or your inability to

3

answer the remainder of the interrogatory, and state whatever information or knowledge you have concerning the unanswered portion.

4.     In answering these interrogatories, furnish such information as is available to you regardless of whether it is not based on personal knowledge or records of you, your agents and representatives or others.

5.     No request shall be construed to create a limitation upon any other request.

6.     The term "any" shall be construed as necessary to bring within the scope of these requests all matters, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.     If you decline to answer any interrogatory, in whole or in part, on the ground of any evidentiary privilege or discovery exclusion, (a) state the basis for assertion of the privilege or exclusionary principle, and (b) give a summary statement of the date, author, recipient, custodian (if applicable) and subject matter of the communication in sufficient detail to permit the Court to reach a determination in the event of a motion to compel.

8.     These interrogatories shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

9.     Unless otherwise directed, the time period covered by these interrogatories is from January 1, 1990 to the present.

## INTERROGATORIES

Subject to the foregoing definitions and instructions, Mrs. Ostensen requests that NHC respond to the following interrogatories:

4

1.      Identify all persons who have, or who have had, an ownership interest in NHC any time from January 1, 1990 to the present including, but not limited to, the names and business addresses of all persons or entities having an ownership interest in NHC, when that interest was acquired (and, if applicable, divested) and the percentage ownership of each person or entity at the end of each calendar or fiscal year.

2.      Identify NHC's ownership interest in SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. any time from January 1, 1990 to the present including, but not limited to, when that interest was acquired (and, if applicable, divested) and the percentage ownership of NHC in each entity at the end of each calendar or fiscal year.

3.      Identify each address or location from which NHC and each affiliate of NHC has operated at any time from January 1, 1990 to the present.

4.      Identify the members of the board of directors or other similar governing body of NHC at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

5.      Identify the officers or managers of NHC at any time from January 1, 1990 to the present, including, but not limited to, each person's position.

6.      Identify all accountants or auditors who have performed work for NHC at any time from January 1, 1990 to the present.

7.      Identify all legal counsel who have provided legal advice to NHC at any time from January 1, 1990 to the present.

8.      List all funds or other assets transferred between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

5

9.     Identify the four persons most knowledgeable regarding the transfer of funds or other assets between or among SMCO, on the one hand, and NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., on the other, at any time from January 1, 1990 to the present.

10.     List all assets and obligations of NHC, including real property, chattel, securities, or pledges.

11.     Identify all obligations of SMCO that have been assumed by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

12.     Identify the four persons most knowledgeable regarding the assumption of SMCO's obligations by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. at any time from January 1, 1990 to the present.

13.     Identify all obligations of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that have been assumed by SMCO at any time from January 1, 1990 to the present.

14.     Identify the four persons most knowledgeable regarding the assumption of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.'s obligations by SMCO at any time from January 1, 1990 to the present.

15.     Identify when NHC first learned of the existence and terms of the Non-Qualified Plan, including, but not limited to, SMCO's obligations under the Non-Qualified Plan, including the identify of the NHC employees who first learned of the Non-Qualified Plan.

16.     Identify the five persons most knowledgeable regarding the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of that information to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

6

Dated: New York, New York
      March 31, 2005

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

# EXHIBIT 43

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

*Plaintiff,*

v.

SIRI OSTENSEN,

*Defendant,*

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,
SCANDINAVIAN UNDERWRITERS AGENCY,
SCUA AMERICAS, INC., S.M.C.O., A.S.,
AND NORWEGIAN HULL CLUB,

*Counterclaim and Third-Party Defendants.*

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:    3:02CV678 (RNC)
United States District Court District of Connecticut

TO:    Donald J. Kennedy, Esq.
Carter Ledyard & Milburn, LLP
Two Wall Street
New York, NY 10005

☐    YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒    YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 | 10:00 A.M.<br>April 28, 2005 |

☐    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

| PLACE | DATE AND TIME |
|---|---|
| | |

☐    YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorneys for Defendant/Third Party Plaintiff Siri Ostensen | March 31, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
John M. Lundin, Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 (212) 344-5400

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

# EXHIBIT 44

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.
*Plaintiff,*

v.

SIRI OSTENSEN,
*Defendant,*

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,
SCANDINAVIAN UNDERWRITERS AGENCY,
SCUA AMERICAS, INC., S.M.C.O., A.S.,
AND NORWEGIAN HULL CLUB,
*Counterclaim and Third-Party Defendants.*

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER:   3:02CV678 (RNC)
United States District Court District of Connecticut

TO:     Carter Ledyard & Milburn, LLP
Two Wall Street
New York, NY 10005

☐      YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☒      YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in the above case. **See Schedule A hereto.**

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 | 10:00 A.M. April 29, 2005 |

☒      YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  **See Schedule B hereto.**

| PLACE | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 | 10:00 A.M. April 22, 2005 |

☐      YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorneys for Defendant/Third Party Plaintiff Siri Ostensen | March 31, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
John M. Lundin, Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 (212) 344-5400

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

**(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a

person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) DUTIES IN RESPONDING TO SUBPOENA.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.      The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.      "Carter Ledyard" means Carter Ledyard & Milburn, LLP and any predecessor or affiliated law firms.

3.      "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

4.      "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

5.      "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

6.      "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

7.      "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

1

8.     "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

9.     "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

10.     "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## DEPOSITION TOPICS

1.     The roles of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S. in the ownership, finances and management of SMCO.

2.     Financial transactions between or among NHC, SCUA, SCUAA, SCUA Holdings, SMCO and/or SMCO A.S. including, but not limited to, the payment of debts, or the guarantee of debts, of one entity by one or more of the others and the transfer of money or assets between or among those entities.

3.     The involvement of NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S. in the provision of legal counsel or accounting services to SMCO including, but not limited to, the engagement of, and/or payment for, services received by SMCO by NHC, SCUA,

2

SCUAA, SCUA Holdings and/or SMCO A.S. or the joint use and/or payment for legal or accounting services by NHC, SCUA, SCUAA, SCUA Holdings, SMCO and/or SMCO A.S.

4.      SMCO's legal expenses from January 1, 1990 to the present including, but not limited to, the identity of the firm providing the legal work, the general subject matter of the work, the amount of each bill for legal work and the person or entity that paid each such bill.

5.      Potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

6.      The Non-Qualified Plan including, but not limited to, the communication of information regarding the Non-Qualified Plan to NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.

7.      The funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, and the communication of information regarding funding for the Non-Qualified Plan to NHC, SCUA, SCUAA, SCUA Holdings and/or SMCO A.S.

8.      The ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

9.      Public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

10.     The assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations.

## SCHEDULE B

## DEFINITIONS

1.       The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.       "Carter Ledyard" means Carter Ledyard & Milburn, LLP and any predecessor or affiliated law firms.

3.       "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

4.       "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

5.       "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

6.       "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

7.       "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

1

8.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

9.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

10.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

### INSTRUCTIONS

1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    No request shall be construed to create a limitation upon any other request.

3.    Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

4.    Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk

2

shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5.    Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6.    The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.    In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8.    With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9.    This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10.    Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

1.    All documents relating to or concerning the selection of the members of the board of directors or other similar governing body, officers or managers of SMCO including, but not limited to, the role of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. in such selection.

3

2.     All documents relating to or concerning payments or guarantees of the debts of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. or any of their employees, directors, or officers, including but not limited to their ability to issue or to honor such a guarantee.

3.     All documents relating to or concerning the payment or guarantee by NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. of the debt of any other entity or individual.

4.     All documents relating to or concerning the communications from the board of directors or other similar governing body, officers or managers of NHC, SCUA, SCUAA, SCUA Holdings and SMCO A.S. to Carter Ledyard or the board of directors or other similar governing body, officers or managers of SMCO regarding the business of SMCO.

5.     Documents sufficient to identify all legal counsel who have provided legal advice to NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. regarding any transaction, litigation or other proceeding involving SMCO at any time from January 1, 1990 to the present, including, but not limited to, the identification of the entities who sought, received and paid for such advice.

6.     Documents sufficient to all legal expenses for SMCO from January 1, 1990 to the present including, but not limited to, the identity of the firm providing the legal work, the general subject matter of the work, the date and amount of each bill for legal work and the person or entity that paid each such bill.

7.     All documents relating to or concerning any potential or actual plans or discussions concerning the ceasing the expansion, acquisition, downsizing, termination or relocation of the operations of SMCO.

4

8.      All documents relating to or concerning the Non-Qualified Plan that were communicated to Carter Ledyard, NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

9.      All documents relating to or concerning the funding of the Non-Qualified Plan including, but not limited to, the promissory note referred to in the Complaint and life insurance policies on the lives of participants in the Non-Qualified Plan, that were communicated to NHC, SCUA, SCUAA, SCUA Holdings, or SMCO A.S.

10.      All documents relating to or concerning the ability of NHC, SCUA, SCUAA, SCUA Holdings, SMCO and SMCO A.S. to fulfill their obligations under the Non-Qualified Plan.

11.      All documents relating to or concerning public or private statements or claims by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. that SMCO is or was an agent of one or more of NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S., including, but not limited to, the scope of such agency.

12.      All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations under the Non-Qualified Plan.

13.      All documents relating to or concerning the assumption by NHC, SCUA, SCUAA, SCUA Holdings or SMCO A.S. of SMCO's obligations other than the Non-Qualified Plan.

5