EXHIBIT 45

AO 88 (Rev. 1/94) Subpoena in a Civil Case

# Issued by the
# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.,
                        *Plaintiff,*

**SUBPOENA IN A CIVIL CASE**

v.

CASE NUMBER:   3:02CV678 (RNC)
United States District Court for the District of Connecticut

SIRI OSTENSEN,
                        *Defendant,*

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA AMERICAS, INC.,
S.M.C.O., A.S., AND NORWEGIAN HULL CLUB
                        *Counterclaim and Third-Party Defendants.*

TO:    The Benefit Practice
       250 East Hartsdale Avenue, Suite 38
       Hartsdale, New York 10530

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedule A (attached hereto)

☒

| PLACE | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 | 10:00 A.M.<br>June 3, 2005 |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorneys for Defendant/Third Party Plaintiff Siri Ostensen | May 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

John M. Lundin, Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 (212) 344-5400

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a

person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, of commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.    "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.    "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.    "Notes" means the promissory notes referred to in the Complaint.

6.    "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.    "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

8.    "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

9.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

10.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

11.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    No request shall be construed to create a limitation upon any other request.

3.    Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

4.    Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form. If it is not possible to produce such documents in printed

2

form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

5.     Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

6.     The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

7.     In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

8.     With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

9.     This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

10.     Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

1.     All documents relating to or concerning the Qualified Pension Plan.

2.     All documents relating to or concerning payments made to Siri Ostensen pursuant to the Qualified Pension Plan, including, but not limited to, the computation of such payments.

3.     All documents relating to or concerning the Notes including, but not limited to, all documents computing or estimating obligations due under the Notes and payments received by SMCO relating to the Notes (whether directly or as part of the settlement of claims relating to the Notes or the Non-Qualified Plan).

4.     All documents relating to or concerning the Non-Qualified Plan, including, but not limited to, all documents computing or estimating obligations due to any recipient under the plan and payments made to any recipient under the plan (whether directly or as part of the settlement of claims relating to the Notes or the plan).

5.     All documents relating to or concerning the salary and benefits, including vacation pay and reimbursable expenses, received by Tom Ostensen from SMCO during the period 1995 to the end of his employment, including, but not limited to, any severance pay.

6.     All documents relating to or concerning any of investigation of Tom Ostensen conducted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S including, but not limited to, the investigation by Arthur Andersen.

7.     All documents relating to or concerning any of investigation regarding, or evaluation of, the Non-Qualified Plan conducted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S including, but not limited to, the investigation by Arthur Andersen.

# EXHIBIT 46

AO 88 (Rev. 1/94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., | **SUBPOENA IN A CIVIL CASE** |
| *Plaintiff,* | |
| v. | CASE NUMBER:   3:02CV678 (RNC) |
| | United States District Court for the District of Connecticut |

SIRI OSTENSEN,

                *Defendant,*

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN
UNDERWRITERS AGENCY, SCUA AMERICAS, INC.,
S.M.C.O., A.S., AND NORWEGIAN HULL CLUB
          *Counterclaim and Third-Party Defendants.*

TO:    Oppenheimer & Co.
        200 Park Avenue
        New York, New York 10166

☐     YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐     YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a videotaped deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

    YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):  See Schedule A (attached hereto)

☒

| PLACE | DATE AND TIME |
|---|---|
| Schlam Stone & Dolan LLP, 26 Broadway, 19th Floor, New York, New York 10004 | 10:00 A.M. June 3, 2005 |

☐     YOU ARE COMMANDED to produce and permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE | DATE |
|---|---|
| Attorneys for Defendant/Third-Party Plaintiff Siri Ostensen | May 16, 2005 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER

John M. Lundin, Schlam Stone & Dolan LLP, 26 Broadway, New York, New York 10004 (212) 344-5400

(See Rule 45, Federal Rules of Civil Procedure Parts C & D on Reverse)

AO 88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
            DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

### Rule 45, Federal Rules of Civil Procedure, Parts C & D

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(2)(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection is made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a

person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## SCHEDULE A

## DEFINITIONS

1.    The definitions applicable to discovery requests of Local Civil Rule 26(c) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    "Complaint" means the Complaint filed in Civil Action No. 3:02CV678 (RNC) on May 22, 2003.

3.    "NHC" means Norwegian Hull Club and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of NHC or any of its affiliates.

4.    "Non-Qualified Plan" means the agreement dated June 13, 1995 between SMCO and Tom Ostensen.

5.    "Notes" means the promissory notes referred to in the Complaint.

6.    "Qualified Pension Plan" means the Pension Plan for Employees of Scandinavian Marine Claims Office, Inc. of which Mrs. Ostensen is a beneficiary.

7.    "SCUA" means Scandinavian Underwriters Agency and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA or any of its affiliates.

8.    "SCUAA" means SCUA Americas, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or

any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUAA or any of its affiliates.

9.    "SCUA Holdings" means SCUA Holdings, B.V. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SCUA Holdings or any of its affiliates.

10.    "SMCO" means Scandinavian Marine Claims Office, Inc. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO or any of its affiliates.

11.    "SMCO A.S." means SMCO A.S. and any agent, subsidiary, affiliate, parent, employee, officer, director, attorney, representative, shareholder, principal, or any person or entity holding himself or itself out to be affiliated with or acting on behalf of SMCO A.S. or any of its affiliates.

## INSTRUCTIONS

1.    The rules of construction of Local Civil Rule 26(d) of the United States District Court for the District of Connecticut are incorporated herein by reference.

2.    No request shall be construed to create a limitation upon any other request.

3.    Each document responsive to these requests is to be produced, along with any non-identical version thereof, including drafts.

4.    Except as discussed below with respect to audio and video files, documents stored on computers, magnetic tape or in a similar fashion shall, if possible, be printed and produced in printed form.  If it is not possible to produce such documents in printed

form, the documents should be produced on compact disk in a format that is readable and searchable using one of the Microsoft Office for Windows suite of programs. Such compact disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

      5.      Audio and video files shall be produced on compact disk or digital video disk. Such disk shall be labeled with the name(s) of the file(s) being produced and the computer program by which they were created.

      6.      The term "any" shall be construed as necessary to bring within the scope of these requests all documents, communications or subject matter that might otherwise be construed to be outside the scope of these requests.

      7.      In producing the documents requested herein, indicate the specific request(s) in response to which each document or group of documents is being produced.

      8.      With respect to each document withheld on a claim of privilege, provide a statement setting forth the information required by Local Civil Rule 37(a)(1) of the United States District Court for the District of Connecticut.

      9.      This document request shall be construed as continuing in nature and your response thereto shall be supplemented if and as additional responsive materials become available.

      10.      Unless otherwise directed, the time period covered by these requests is from January 1, 1990 to the present.

## DOCUMENTS TO BE PRODUCED

      1.      All documents relating to or concerning the Qualified Pension Plan.

2.    All documents relating to or concerning payments made to Siri Ostensen pursuant to the Qualified Pension Plan, including, but not limited to, the computation of such payments.

3.    All documents relating to or concerning the Notes including, but not limited to, all documents computing or estimating obligations due under the Notes and payments received by SMCO relating to the Notes (whether directly or as part of the settlement of claims relating to the Notes or the Non-Qualified Plan).

4.    All documents relating to or concerning the Non-Qualified Plan, including, but not limited to, all documents computing or estimating obligations due to any recipient under the plan and payments made to any recipient under the plan (whether directly or as part of the settlement of claims relating to the Notes or the plan).

5.    All documents relating to or concerning the salary and benefits, including vacation pay and reimbursable expenses, received by Tom Ostensen from SMCO during the period 1995 to the end of his employment, including, but not limited to, any severance pay.

6.    All documents relating to or concerning any of investigation of Tom Ostensen conducted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S including, but not limited to, the investigation by Arthur Andersen.

7.    All documents relating to or concerning any of investigation regarding, or evaluation of, the Non-Qualified Plan conducted by or on behalf of NHC, SCUA, SCUAA, SCUA Holdings, SMCO or SMCO A.S including, but not limited to, the investigation by Arthur Andersen.