UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| SCANDINAVIAN MARINE CLAIMS OFFICE, INC., <br><br> *Plaintiff*, <br><br> - against - <br><br> SIRI OSTENSEN, <br><br> *Defendant*, <br><br> - against - <br><br> SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB, <br><br> *Counterclaim and Third-Party Defendants.* | Civil Action No. 3:02CV678 (RNC) (DFM) <br><br> October 13, 2005 |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL DISCOVERY RESPONSES**

Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN, LLP**
26 Broadway
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT  06883
(203) 221-3008 (Telephone)
(203)221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

Defendant Siri Ostensen ("Mrs. Ostensen"), in her individual capacity and as the executrix of the estate of her husband, Tom Ostensen, by her undersigned counsel, submits this reply memorandum of law in support of her motion to compel Plaintiff/Third-Party Defendant Scandinavian Marine Claims Office, Inc. ("SMCO") and Third-Party Defendants SCUA Americas, Inc. ("SCUAA"), SMCO A.S., and Norwegian Hull Club ("NHC") (collectively, and without SMCO, the "Related Other Companies") fully to respond to Mrs. Ostensen's discovery demands.

## PRELIMINARY STATEMENT

The response of SMCO and the Related Other Companies to Mrs. Ostensen's motion to compel shows how completely baseless their refusal to provide discovery is. Indeed, it confirms that their repeated refusals to provide discovery has nothing to do with disputes over the proper scope of discovery under the Federal Rules of Civil Procedure and everything to do with SMCO and the Related Other Companies' efforts to stonewall discovery and to drive up the cost of litigation in hopes of using the expense of this litigation to force Mrs. Ostensen to compromise her significant claims—worth almost $2 million—in exchange for their ending this litigation and dropping their much, much smaller claim against her.

Indeed, one of the best examples of the game playing in which SMCO and the Related Other Companies are involved is their complaint that Mrs. Ostensen did not agree to take the deposition of Erik Kappelin. SMCO and the Related Other Companies have refused to produce relevant evidence, but nonetheless (1) insisted that Mrs. Ostensen depose Mr. Kappelin and (2) refused to agree beforehand to allow Mrs. Ostensen to re-depose him if—in her estimation—she needed to question him regarding documents produced after his deposition. To be sure, SMCO agreed to "consider" a request to re-depose Mr. Kappelin if documents produced after his deposition warranted it—in SMCO's view. In short, SMCO wants to be able to hide the

evidence until its only witness has been deposed and yet limit Mrs. Ostensen's ability to depose him further if need be.

The refusal by SMCO and the Related Other Companies to produce documents related to SMCO's non-qualified pension plan (the "Non-Qualified Plan") is nothing short of astonishing. The liability of SMCO and the Related Other Companies under the Non-Qualified Plan is the central issue in this action. They argue that Mrs. Ostensen is seeking discovery regarding claims that are subject to arbitration, but of course that is a red herring. Mrs. Ostensen seeks discovery regarding the Non-Qualified Plan (1) in order to obtain evidence to support her upcoming motion in **this Court** to compel the Related Other Companies to participate in an arbitration and (2) to support her claims against the Related Other Companies relating to the Non-Qualified Plan in **this Court** if her motion to compel arbitration is not granted. Indeed, SMCO and the Related Other Companies previously argued to the Court that the **only** issue regarding which there should be discovery is the question of whether the Related Other Companies should be compelled to arbitrate Mrs. Ostensen's claims against them relating to the Non-Qualified Plan. The Court denied that motion, finding that discovery was not limited to a particular topic. Now, SMCO and the Related Other Companies not only want to limit discovery topically—something the Court just ruled that it would not do—they now want to exclude the one topic to which they previously had sought to limit discovery.

Even more baseless is the argument that NHC should be exempt from producing documents dated before the date on which it changed its name from Bergen Hull Club to Norwegian Hull Club. Not surprisingly, SMCO and the Related Other Companies are unable to cite any law for the astonishing assertion that a party should be exempted from producing relevant evidence because it changed its name after most of the relevant events in a dispute

2

occurred. No such law exists. Rather, NHC must produce all relevant evidence responsive to Mrs. Ostensen's discovery demands within its possession, custody or control. The suggestion that NHC does not know what documents Mrs. Ostensen seeks from it is risible. Mrs. Ostensen has served three document demands on NHC which list, often in great detail, the evidence Mrs. Ostensen seeks. That is what she wants.

Finally, SMCO and the Related Other Companies now want a pass on their commitment to provide Mrs. Ostensen detailed information regarding what expenses of SMCO were paid and which entities paid those expenses, along with information on legal fees paid on behalf of SMCO until December 31, 2001. Mrs. Ostensen served her initial document demands over half a year ago. The claim that SMCO and the Related Other Companies are still searching for such documents is ridiculous. They have dragged their feet in order to stall discovery for far too long. Now it is time for the Court to compel them to produce evidence so that this action can move forward.

## ARGUMENT

### I. MRS. OSTENSEN IS ENTITLED TO DISCOVERY REGARDING THE NON-QUALIFIED PLAN

There is no legal basis for the refusal of SMCO and the Related Other Companies to produce documents related to SMCO's non-qualified pension plan (the "Non-Qualified Plan"). Grasping at straws, SMCO and the Related Other Companies argue that Mrs. Ostensen must demonstrate that there are "exceptional circumstances" before she can obtain discovery regarding claims subject to arbitration. Whatever may be the law relating to discovery sought in support of an ongoing arbitration, it has absolutely nothing to do with the discovery Mrs. Ostensen seeks in this action.

**First**, Mrs. Ostensen is not seeking discovery in support of an ongoing

3

arbitration, she is seeking evidence in support of her upcoming motion in **this Court** to compel the Related Other Companies to participate in an arbitration. Unless the Related Other Companies want to stipulate that they are bound by the Non-Qualified Plan and thus by its arbitration clause, Mrs. Ostensen must prove to the Court that they are so bound. The law is clear that Mrs. Ostensen is entitled to discovery in support of a motion to compel arbitration. *See, e.g., Horizon Plastics, Inc. v. Constance*, No. 00 Civ. 6458 (RCC), 2002 WL 398668, at *5 (S.D.N.Y. Mar. 13, 2002) (ordering discovery in connection with a motion to compel a non-signatory of an agreement to participate in an arbitration); *Comptek Telecomms., Inc. v. IVD Corp.*, No. 94-CV-0827E (H), 1995 WL 780972, at *1 (W.D.N.Y. Dec. 29, 1995) (discussing the propriety of discovery with respect to a motion staying arbitration); *c.f. A/S Custodia v. Lessin Int'l, Inc.*, 503 F.2d 318, 320 (2d Cir. 1974) (holding that the issue of whether a non-signatory is bound to participate in an arbitration must be decided after "a full trial" rather than "on affidavits" if there are disputed questions of fact).

      Indeed, SMCO and the Related Other Companies previously argued to the Court that the **only** issue regarding which there should be discovery is the question of whether the Related Other Companies should be compelled to arbitrate Mrs. Ostensen's claims against them relating to the Non-Qualified Plan. (Docket No. 97.) This question does not exist in a vacuum—the issue is whether the Related Other Companies are obligated under the Non-Qualified Plan. Thus evidence relating to the Non-Qualified Plan is central to the question of which parties must participate in the arbitration.

      The Court denied SMCO and the Related Other Companies' motion, finding that discovery was not limited to a particular topic. (Docket No. 138.) Now, SMCO and the Related Other Companies not only want to limit discovery topically—something the Court just ruled that

it would not do—they now want to exclude the one topic to which they previously had sought to limit discovery. This makes absolutely no sense, except as a bald attempt to delay discovery by any means possible.

**Second**, Mrs. Ostensen also is entitled to full discovery, including discovery relating to the Non-Qualified Plan, because if she is not successful in demonstrating that the Related Other Companies should be subject to the arbitration provision in the Non-Qualified Plan, she will have to proceed against them in **this Court**. This is the only period for fact discovery set by the Court, and as it already has held, there are no topical limits on discovery. Thus, now is Mrs. Ostensen's one and only time to obtain discovery if she is forced to go to trial in this Court against the Related Other Companies.

## II.     MRS. OSTENSEN IS ENTITLED TO FULL DISCOVERY FROM NHC

Not surprisingly, SMCO and the Related Other Companies are unable to cite any law for the astonishing assertion that NHC should be exempted from producing relevant evidence because it changed its name after most of the relevant events in this dispute occurred. No such law exists. Rather, the law is clear that NHC must produce all responsive non-privileged evidence within its "possession, custody or control." Fed. R. Civ. P. 34(a).

SMCO and the Related Other Companies appear to imply that NHC should be excused from discovery because Mrs. Ostensen has not identified the specific documents she seeks. That, of course, gets things exactly backwards. Mrs. Ostensen is not in a position to know what documents NHC has. What she knows is the categories of documents she seeks. Indeed, Mrs. Ostensen has served three document demands on NHC which list, often in great detail, the evidence Mrs. Ostensen seeks. That is what she wants.

5

### III. SMCO AND THE RELATED OTHER COMPANIES SHOULD BE ORDERED TO PRODUCE ALL RESPONSIVE RELEVANT EVIDENCE NOW

Finally, SMCO and the Related Other Companies try to elide their failure to provide Mrs. Ostensen with detailed information regarding what expenses of SMCO were paid and which entities paid those expenses, along with information on legal fees paid on behalf of SMCO until December 31, 2001 by relying on their vague claim that they are "attempting" to produce the documents. Mrs. Ostensen served her initial document demands over half a year ago. The claim that SMCO and the Related Other Companies are still searching for such documents is ridiculous. In light of the fact that they do not deny that they are obligated to produce this evidence, the Court should put a stop to their foot-dragging and compel them to produce evidence so that this action can move forward.

### CONCLUSION

For the reasons set forth above, Mrs. Ostensen respectfully requests that the Court order SMCO, SMCO A.S., SCUAA and NHC fully to respond to Mrs. Ostensen's discovery demands, as set forth in Mrs. Ostensen's opening brief, as modified by her letter to the Court of September 27, 2005.

Dated: New York, New York
       October 13, 2005

                                              /s/
Jeffrey M. Eilender (Bar. No. CT 25177)
John M. Lundin (Bar No. phv0185)
**SCHLAM STONE & DOLAN**, LLP
26 Broadway, Suite 1900
New York, NY 10004
(212) 344-5400 (Telephone)
(212) 344-7677 (Facsimile)
*Attorneys for Siri Ostensen*

Sharon E. Jaffe (Bar. No. CT. 04623)
**LEVIN & GLASSER, PC**
P.O. Box 1098
Weston, CT 06883
(203) 221-3008 (Telephone)
(203) 221-3010 (Facsimile)
*Attorneys for Siri Ostensen*

7

# AFFIDAVIT OF SERVICE

STATE OF NEW YORK    )
                     ) ss.:
COUNTY OF NEW YORK   )

GRACE COLLINS, being duly sworn, deposes and states:

I am over 18 years of age, I am not a party to the within action, and I reside in Brooklyn, New York.

On October 13, 2005, I served a true and complete copy of the within **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES.** upon:

DONALD J. KENNEDY, ESQ.
CARTER LEDYARD & MILBURN, LLP
2 Wall Street
New York, NY 10005

MADELEINE F. GROSSMAN, Esq.
LEVETT ROCKWOOD, P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, CT 06880

by placing the **DEFENDANT'S REPLY MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES** in a postage paid, sealed **FEDERAL EXPRESS-NEXT DAY DELIVERY** enveloped and depositing the envelope into a **FEDERAL EXPRESS** mail depository, causing the above listed documents to be delivered **OVERNIGHT-NEXT DAY** to the above-named person(s) at the above listed address(es).

_____
GRACE COLLINS

Sworn to before me this
13TH day of October, 2005

_____
Notary Public

JOHN M. LUNDIN
Notary Public, State of New York
No. 02LU6117627
Qualified in New York County
Commission Expires 10/25/2008