UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------ X

SCANDINAVIAN MARINE CLAIMS OFFICE, INC.

                Plaintiff,

v.

SIRI OSTENSEN,

                Defendant,

v.

SCANDINAVIAN MARINE CLAIMS OFFICE, INC., SCANDINAVIAN UNDERWRITERS AGENCY, SCUA AMERICAS, INC., S.M.C.O., A.S., AND NORWEGIAN HULL CLUB,

           Counterclaim and Third-Party Defendants.

------------------------------------------------------ X

Civil Case No.
3:02 CV 678 (RNC)

December 9, 2005

## JOINT STATUS REPORT

Pursuant to the Court's Order dated March 17, 2005, the parties hereby submit this joint status report concerning the matters listed in Federal Rule of Civil Procedure 16(c).

(1)    On April 17, 2002, plaintiff Scandinavian Marine Claims Office, Inc. ("SMCO") filed the complaint in this action against defendants Tom Ostensen and Siri Ostensen seeking repayment of monies owing under two promissory notes signed by the defendants.

(2)    On June 20, 2002, Defendants filed their answer to the complaint and asserted counterclaims seeking, among other things, monies allegedly owed them under a qualified

pension plan and a non-qualified pension plan. The non-qualified plan contained an arbitration provision requiring all disputes to be resolved before the American Arbitration Association.

(3) On October 23, 2002, plaintiff Scandinavian Marine Claims Office, Inc. filed a motion to stay defendants' counterclaims pending arbitration. The motion was referred to Magistrate Judge Martinez.

(4) On December 24, 2002, defendants amended their answer and counterclaims to add SCUA Americas, Inc. ("SCUA"), SMCO A.S. and Norwegian Hull Club ("NHC") under theories of successor liability and piercing the corporate veil.

(5) On April 2, 2003, the parties requested an extension of the discovery deadline through October 31, 2003. The parties requested the extension because the defendants were awaiting service on Norwegian Hull Club and SMCO AS to be completed pursuant to the Hague Convention. SMCO did not engage in discovery for fear of waiving its right to arbitration. On April 11, 2003, the Court extended the deadline to complete discovery to October 31, 2003.

(6) On June 13, 2003, SMCO, SCUA and NHC filed their replies to defendants' counterclaims.

(7) On August 4, 2003, the parties filed a joint status report in which they agreed not to pursue discovery pending a decision of Plaintiff's motion to stay the case pending arbitration and Defendants agreed to dismiss the counterclaim against SMCO A.S. without prejudice.

(8) On September 5, 2003, Magistrate Judge Martinez issued her recommended ruling granting in part and denying in part SMCO's motion to stay the case pending arbitration. The ruling granted a stay with respect to defendant's counterclaims concerning the non-qualified plan and denied a stay with respect to all other claims. The Court adopted the recommended

ruling on September 29, 2003. Defendants have not yet commenced an arbitration with respect to the claims regarding the non-qualified plan.

(9) On October 17, 2003, defendants moved to stay the case on the ground that defendant Tom Ostensen passed away on October 12, 2003. The case was stayed on consent pending the appointment of an executor for the estate. Siri Ostensen needed a substantial amount of time following the death of her husband to open an estate for Mr. Ostensen, become executrix of his estate, organize his affairs, and authorize appearance of counsel for the estate in this matter.

(10) On October 12, 2004, SMCO moved to substitute Siri Ostensen, as the executrix of the estate of Tom Ostensen, for defendant Tom Ostensen in this action. The Court granted SMCO's motion on October 26, 2004.

(11) A mediation conference was held on March 3, 2005 in this case before Magistrate Judge Martinez. Counsel and the parties attended the mediation conference. The case was not settled, and a Scheduling Order dated March 17, 2005 was issued.

(12) SMCO informed the Court and counsel for Siri Ostensen in a letter dated March 29, 2005 to Magistrate Judge Martinez that it intended to move for summary judgment for the default on the two promissory notes in the face amount of $305,000 and requested a pre-filing conference. A pre-filing conference was held on May 10, 2005 via telephone. After the conference, counsel for the parties submitted letters to the Court. On June 21, 2005, the Court set September 30, 2005 as the deadline for filing dispositive motions. SMCO filed its motion for summary judgment on July 22, 2005. That motion is currently *sub judice*.

(13)  Since the Court's March 17, 2005 Scheduling Order, the parties have seriously attempted to engage in discovery per the Scheduling Order; however, there are certain discovery issues that have arisen, as indicated in the paragraphs that follow.

(14)  On or about April 15, 2005, non-parties Donald J. Kennedy and Carter Ledyard & Milburn LLP filed a motion for a protective order with regard to subpoenas, dated March 31, 2005, served on them by Siri Ostensen. That motion was withdrawn on June 20, 2005.

(15)  On or about May 27, 2005, SMCO filed a motion to clarify the Scheduling Order dated March 17, 2005 to specifically provide (a) that discovery from Counterclaim and Third-Party Defendants is limited to veil piercing discovery and (b) the September 30, 2005 discovery deadline in the Scheduling Order applies only to veil piercing discovery. Alternatively, SMCO's motion sought a protective order with respect to (1) the subpoenas Siri Ostensen served on The Benefits Practice and Oppenheimer & Co. and (2) Defendant's Second Request for Documents to Plaintiff and Third-Party Defendants. The court denied SMCO's motion on August 10, 2005.

(16)  On June 27, 2005, Defendant filed a motion to compel discovery. On December 5, 2005, that motion was granted in part and denied in part without prejudice to refiling.

(17)  On June 29, 2005, SMCO A.S. filed a motion to dismiss the Counterclaim as against it. That motion is currently *sub judice*.

(18)  On August 2, 2005, SCUA Amercias, Inc. ("SCUAA"), SMCO A.S., Norwegian Hull Club, and certain non-parties moved for a protective order to modify the location of various depositions noticed by Defendant, and SMCO A.S. moved for a protective order to stay discovery as to it pending its motion to dismiss the Counterclaim as against it. On December 2, 2005 the Court granted the motion for a protective order to modify the location of various

depositions and deferred ruling on the motion for a protective order to stay discovery as to SMCO A.S.

(19)  On August 17, 2005, SCUAA agreed to produce its Rule 30(b)(6) corporate designee, Eric Kappelin, for a deposition in New York, and counsel for Defendant agreed that Mr. Kappelin's deposition, as the corporate designee of both SMCO and SCUAA, would be conducted on September 20 and 21, 2005.  On September 13, 2005, Defendant's counsel unilaterally postponed Mr. Kappelin's deposition for the reasons stated on the record during oral argument before Magistrate Judge Donna F. Martinez on November 22, 2005.  The deposition of Siri Ostensen is currently scheduled for December 20, 2005.

(20)  On November 28, 2005, Defendant filed an uncontested motion for a 60-day extension from November 29, 2005 to January 29, 2006 of the deadline for completing discovery.  The Court granted that motion on December 6, 2005.

(21)  As discussed in paragraph 12 above, Plaintiff has moved for summary judgment. Without further discovery, Defendant is unable to determine whether she too will move for summary judgment.

(22)  No stipulations of fact have been made at this time.  The parties may be able to do so as discovery proceeds with respect to defendant's counterclaims not sent to arbitration.  The parties will seek to raise evidentiary issues by way of motions in limine to give the Court an opportunity to make rulings in advance of trial.

(23)  The parties are unable to determine whether there will be issues concerning unnecessary proof and cumulative evidence.

(24)  The parties do not believe any special procedures to address the issues listed in Federal Rule of Civil Procedure 16(c)(12) will be necessary.

(25)  The plaintiff may request an order for a separate trial pursuant to Federal Rule of Civil Procedure 42(b) with respect to particular claims in the case.

(26)  The parties do not anticipate any need for an order of the type listed in Federal Rule of Civil Procedure 16(c)(14).

(27)  The parties are unable to estimate the length of trial at this time.

(28)  The parties do not wish to raise any other matters regarding the facilitation of a just, speedy and inexpensive disposition of the action at this time.

In order to comply with the Court's request to submit a "joint" status report, defendant has agreed to the foregoing with the following caveats, and asserts that the following issues remain in dispute:

(29)  With respect to paragraphs (1) and (12), defendant does not agree that any monies are owed under the notes, or that she is in default.

(30)  With respect to paragraph (7), the Court should be advised that SMCO A.S. has not been dismissed from this action, and defendant does not intend to dismiss SMCO A.S. Further, there is a dispute as to whether SMCO A.S. should be obliged to provide discovery.

(31)  With respect to paragraph (8), defendant objects to plaintiff's characterization of defendant's "counterclaims 1-6, 9-11 against SMCO," see Recommended Ruling on Plaintiff's Motion for Stay Pending Arbitration at 14, as limited to the non-qualified plan. Further, because plaintiff reminded the Court that arbitration has not been commenced, defendant is compelled to remind the Court of the reason therefore: Because SMCO has no assets, arbitration against SMCO alone would be futile; and the issue of whether the third-party defendants should be parties to the arbitration has not been determined.

In order to comply with the Court's request to submit a "joint" status report, plaintiff has the following response to the "caveats" that defendant has added to the report:

(32)   Counsel for Defendants agreed to dismiss the counterclaim against SMCO A.S. without prejudice, and that is reflected in a prior Joint Status Report, dated December 10, 2004, that was submitted to the Court.

Dated: December 9, 2005

By: /s/ Mark Zancolli
Donald J. Kennedy, Federal Bar No. ct23620
Mark R. Zancolli, Federal Bar No. phv0498
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232

Madeleine F. Grossman, Federal Bar No. ct05987
LEVETT ROCKWOOD P.C.
33 Riverside Avenue
Post Office Box 5116
Westport, Connecticut 06880
Telephone: (203) 222-0885
Facsimile: (203) 226-8025

Attorneys for Plaintiff Scandinavian Marine Claims Office, Inc. and certain of the Counterclaim and Third-Party Defendants

Dated: December ___, 2005

John M. Lundin, Federal Bar No. phv 0185
SCHLAM STONE & DOLAN LLP
26 Broadway
New York, N.Y. 10004
Telephone: (212) 344-5400
Facsimile: (212) 344-7677

By: /s/
Sharon E. Jaffe, Federal Bar No. ct04623
LEVIN & GLASSER, P.C.
P.O. Box 1098
Weston, CT 06883
Telephone: (203) 221-3008
Facsimile: (203) 221-3010

Attorneys for defendant Siri Ostensen, individually and as the executrix of the estate of Tom Ostensen

8

6033278.1